CHRISTINE Y. WONG (CA SBN 284026)
ChristineWong@mofo.com
TIMOTHY W. BLAKELY (CA SBN 242178)
TBlakely@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., et al.,<br><br>             Defendant. | Case No.   18-CR-465 MMC<br><br>**MOTION FOR BILL OF PARTICULARS**<br><br>Date: February 6, 2019<br>Time: 2:15 p.m. |

TO THE COURT AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT on Wednesday, February 6, 2019, at 2:15 p.m. or as soon thereafter as the matter may be heard at a time set by The Honorable Maxine M. Chesney in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua"), will move this Court for an Order requiring the government to provide a bill of particulars under Federal Rule of Criminal Procedure 7(f) identifying Jinhua's role in the alleged charges, including whether and how Jinhua intended its agreement with United Microelectronics Corporation ("UMC") to have the purpose of misappropriating information regarding dynamic random-access memory (DRAM) technology, specifics regarding Jinhua's alleged conduct, specifics regarding alleged trade

secrets, and whether and how Jinhua carried out any conduct in the United States in furtherance of the alleged conspiracies.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Christine Y. Wong ("Wong Decl."), the pleadings and papers filed in this matter, and on other such arguments or evidence as the Court shall deem proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

Defendant Jinhua seeks a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) so that it can understand the charges against it, avoid surprise at trial, and adequately prepare and present its defense. The government alleges a broad and conclusory scheme to commit economic espionage and theft of trade secrets by five co-defendants. The Indictment, however, fails to provide any information about: (a) how Jinhua intended its agreement with UMC (or anyone else) to have the purpose of misappropriating trade secrets from Micron, (b) how Jinhua knew that trade secrets had been misappropriated, (c) how Jinhua's alleged actions in the United States were in furtherance of the alleged crimes, or (d) specific information about the alleged "Trade Secrets." Absent such basic information, Jinhua cannot effectively prepare its defense and will be vulnerable to surprise at trial. The vague allegations will allow the government to shift its theory of the case up to and including trial. *See United States v. Ryland*, 806 F.2d 941, 942 (9th Cir.1986) ("A defendant is … entitled to … the theory of the government's case."). Thus, a bill of particulars is needed.

### II.  The Indictment

#### A.  The Indictment alleges no specific acts of wrongdoing committed by Jinhua

Jinhua has been charged in Count One of the Indictment with conspiracy to commit economic espionage, in violation of 18 U.S.C. Section 1831(a)(5), in Count Two with conspiracy to commit theft of trade secrets, in violation of 18 U.S.C. Section 1832(a)(5), and in Count Seven with economic espionage (receiving and possessing stolen trade secrets), in violation of 18 U.S.C. Sections 1831(a)(3) and (2). (Indictment, ECF No. 1). Excluding general background

information about Jinhua as company, in all the 18 pages of the Indictment, the allegations specific to Jinhua can be counted on almost one hand.

Specifically, the Indictment alleges that:

- Wang and Ho stole information "from Micron and provided it to UMC and Jinhua under the direction of Chen and others." (Indictment ¶ 12(a));
- In or around January 2016, Jinhua and its co-defendant UMC "negotiated and later entered into a technology cooperation agreement whereby, with funding from Jinhua, UMC would develop DRAM technology, transfer the technology to Jinhua, and Jinhua would mass produce DRAM." (*Id*. ¶ 20);
- On or about October 23, 2016, Jinhua and co-defendants Stephen Chen and UMC, "after having obtained Micron trade secrets and being in continuous control over them," attended a recruiting event in the Northern District of California (*Id*. ¶¶ 31, 46);
- On or about October 24, 2016, Jinhua and co-defendants Chen and UMC visited equipment-manufacturing companies in the Northern District of California (*Id*. ¶ 47);
- From in or around September 2016 through March 2017, Jinhua and UMC filed five patents and a patent application allegedly containing "information that was the same or very similar to technology described in Micron's Trade Secrets 2 and 6" (*Id*. ¶ 32); and
- In or around February 2017, co-defendant Chen, in addition to his position at UMC, assumed the position of president of Jinhua (*Id*. ¶ 34).

The Indictment describes a number of specific acts of wrongdoing allegedly committed by the individual defendants who were employed by UMC. (*See, e.g., id*. ¶¶ 23-30.) The Indictment, however, alleges no specific acts of wrongdoing committed by Jinhua, much less any in the United States. Instead, the Government relies solely on conclusory statements of wrongdoing and recitations of statutory elements.

**B.     The Indictment is insufficient as to the alleged Trade Secrets**

The eight alleged Trade Secrets identified in the Indictment are described in extraordinarily broad language.  For example, "Trade Secret 1" is described as "[t]he Micron process to manufacture and produce DRAM contained in the totality of information stolen by Wang and Ho from Micron and provided to UMC and Jinhua[.]"  (Indictment ¶ 12(a)).  By the government's own description, Trade Secret 1 includes "proprietary and non-proprietary components," without specifying what falls into which category.  (*Id*.).

Each of the remaining seven alleged trade secrets is associated with a specific document, but these documents are voluminous and may contain broad swaths of generic information.  For example, alleged Trade Secret 2 is a "233-page PDF document … contain[ing] comprehensive and very detailed information."  (*Id*. ¶ 12(b)).  Similarly, alleged Trade Secret 6 is a "302-page PDF document … contain[ing] trade secret information"; alleged Trade Secret 7 is a "360-page PDF … contain[ing] trade secret information"; and alleged Trade Secret 8 is a "260 page PDF[.]"  (*Id*. ¶¶ 12(f), (g), (h)).  Each of the alleged Trade Secrets 3, 4, and 5 is an "Excel Spreadsheet with multiple tabs" with no indication as to where the "specific details," "critical details," or "precise information" are located.  (*Id*. ¶¶ 12(c), (d), (e)).

**III.    A Bill of Particulars Is Necessary in This Case**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]"  Fed. R. Crim. P. 7(c)(1).  An indictment is only sufficient "if it … contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend[.]"  *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Federal Rule of Criminal Procedure 7(f) authorizes the Court to order a bill of particulars in order to "apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy."  *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *see also Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965), *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) *cert. denied sub nom.*, *Giese v. United States*, 444 U.S. 979 (1979).  A bill of particulars is necessary where an indictment is ambiguous such that a defendant needs clarification in order to prepare for a

4

defense.[1]  *Id.*   The Indictment here is insufficient, containing only broad and conclusory allegations about Jinhua, none of which can apprise Jinhua of the specific wrongdoing it is alleged to have committed or the specific charges against it.

At the heart of the government's allegations against Jinhua is the technology cooperation agreement between Jinhua and UMC.  (Indictment ¶ 20.)  But the government fails to state how Jinhua, by entering into an agreement pursuant to which UMC was the party responsible for developing DRAM technology, (*Id*.,) knew or should have known that UMC would be involved in the alleged theft of trade secrets, much less whether Jinhua agreed to the theft of trade secrets in the first place.  Neither does the indictment state what specific misappropriated information Jinhua knowingly received and possessed.  Moreover, there is no specific information about how any alleged conduct by Jinhua in the United States was in furtherance of the alleged wrongdoing, aside from the conclusory assertion that Jinhua "ha[d] obtained Micron trade secrets and [was] in continuous control over them" during a trip to the United States in October 2016.  (*Id*. ¶ 46.) Without such critical facts being identified, Jinhua is forced to speculate as to its role in the alleged crimes, its alleged wrongful acts, and even the date on which the government believes Jinhua joined the alleged conspiracies.  *See*, *e.g.*, *Russell v. United States*, 369 U.S. 749, 764 (1962) ("guilt depends so crucially upon … specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute").

The broadly-defined trade secrets also make the defendant's task of adequately preparing for trial impossible.  "[A] prosecution under [the EEA] must establish a particular piece of information that a person has stolen or misappropriated."  142 Cong. Rec. S12201-03, 1996 WL 559474, at *S12213 (daily ed. Oct. 2, 1996)  The prosecution in the present case failed to do so, and we ask the Court to exercise its discretion to require the government to adequately define

---

[1] In deciding whether a bill of particulars is necessary, courts consider not only the charges in the indictment but also "all other disclosures made by the government."  *Long*, 706 F.2d at 1054.  The government has produced an initial set of discovery materials.  *See* Wong Decl., ¶ 3.  Nonetheless, no amount of discovery can cure the fundamental ambiguities in the indictment described herein.

5

each alleged Trade Secret. *See United States v. Liew*, No. CR 11-00573-1 JSW, 2013 WL 2605126, at *8 (N.D. Cal. June 11, 2013) (directing the prosecution to "provide a bill of particulars that sets forth its theory of what Defendants' [sic] reasonably believed the trade secret to be, e.g., whether the United States will argue that Defendants reasonably believed the entire … process … was a trade secret or whether it will argue the Defendants reasonably believed a subset of the process was a trade secret.").

Specifically, Jinhua requests that the Court order the government to provide the following information:

1. The date(s) on which Jinhua joined the alleged conspiracy to commit economic espionage and the alleged conspiracy to commit theft of trade secrets;
2. The precise words or conduct by which Jinhua agreed to join the alleged conspiracies;
3. Specific information, including the nature, date, time, and place of any overt act, demonstrating that Jinhua intended its agreement with UMC or anyone else to have the purpose of misappropriating information regarding DRAM technology from Micron or anyone else;
4. Specific information, including the nature, date, time, and place of any overt act, demonstrating Jinhua's implementation of the alleged criminal agreement;
5. Specific information, including the nature, date, time and place of any overt act, demonstrating that Jinhua knew or should have known that UMC had used information misappropriated from Micron to develop the DRAM technology;
6. The alleged misappropriated information that was received or possessed by Jinhua;
7. Specific information about how any conduct by Jinhua in the United States was in furtherance of the alleged conspiracies;
8. The specifications, process parameters, and portions of the documents referred in Indictment paragraph 12(b)-(h) that are alleged Trade Secrets;
9. Specific physical, electronic, legal, and policy measures that Micron took to keep alleged Trade Secrets secret;

10. The government's theory of what Jinhua knew or should have known were trade secret(s), and whether Jinhua knew or should have known the entire DRAM design and manufacturing process, including all alleged Trade Secrets 1 through 8, were trade secrets or whether Jinhua only knew or should have known a subset of the process was a trade secret; and

11. Specific identification of: (1) the "ways and means"; 2) "proprietary and non-proprietary components"; and (3) the "compil[ation] and combin[ation] by Micron [that] form substantial portions of the DRAM design and manufacturing process" as described in Indictment paragraph 12(a).

### IV. Conclusion

For the foregoing reasons, the Court should enter an Order pursuant to Federal Rule of Criminal Procedure 7(f) requiring the government to provide sufficient information about specific conduct by Jinhua in furtherance of the alleged conspiracies and the substantive charge of economic espionage.

Dated: January 23, 2019

CHRISTINE Y. WONG
TIMOTHY W. BLAKELY
MORRISON & FOERSTER LLP

By: /s/ Christine Y. Wong
CHRISTINE Y. WONG

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.