Randall E. Kay (State Bar No. 149369)
rekay@jonesday.com
Douglas L. Clark (State Bar No. 279408)
dlclark@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121.3134
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178

Neal J. Stephens (State Bar No. 152071)
nstephens@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Marcus S. Quintanilla (State Bar No. 205994)
mquintanilla@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104.1501
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Attorneys for Victim
MICRON TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, INC.; FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.; CHEN ZHENGKUN, a.k.a. STEPHEN CHEN; HE JIANTING, a.k.a. J.T. HO; and WANG YUNGMING, a.k.a. KENNY WANG.<br><br>Defendants. | Case No. CR 18-465 MMC<br><br>**NONPARTY MICRON TECHNOLOGY, INC.'S JOINDER TO UNITED STATES' MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Date: October 9, 2019<br>Time: 2:15 p.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7, 19th Floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE COURT SHOULD NOT ALLOW REVIEW OF MICRON'S TRADE SECRETS IN HONG KONG

Non-party and victim Micron Technology, Inc. ("Micron") joins the request of the United States for the entry of a protective order that prohibits defense counsel from reviewing Micron's trade secrets in Hong Kong. Micron prefers that any review by defense counsel only take place in the United States. However, to expedite discovery in the criminal case and accommodate the request of defense counsel that attorneys from Morrison & Foerster ("Morrison") and Latham & Watkins ("Latham") (who are barred in the United States but reside in Asia) be permitted to review these materials closer to their home offices, Micron has agreed that those attorneys can also review the trade secret materials in their law offices in Singapore and Japan as well as in Taiwan.

As the government's motion established, no review of Micron's trade secrets should be permitted inside Hong Kong based on the following facts:

- This Court is required to enter a protective order that will protect Micron's trade secrets to the fullest extent possible. 18 U.S.C. § 1835; *United States v. Hsu*, 155 F. 3d 189, 197 (3d Cir. 1998).
- Micron's trade secrets are worth up to $8 billion. *See* Indictment [Dkt. No. 1] ¶ 15.
- The Chinese government has stated that China's lack of domestic DRAM production capability is a national economic and security issue in China. *See* Indictment ¶ 2.
- The Chinese government prioritized the domestic development of DRAM technology in its Five Year Plan for years 2016-2020. *See* Indictment ¶ 19.
- In 2016, the Chinese government formed Defendant Jinhua with $5.65 billion to manufacture DRAM technology. *See* Indictment ¶¶ 5, 19.
- In 2016, Jinhua entered an agreement with UMC to develop DRAM technology even though neither company possessed the technological ability required to actually develop a DRAM product. *See* Indictment ¶¶ 2-6.

- Instead, Jinhua and UMC conspired to steal Micron's DRAM-related trade secrets by hiring employees away from Micron and having them steal Micron's trade secrets for use at Jinhua and UMC. *See* Indictment ¶¶ 3, 7-9, 18.
- Hong Kong has existed as a special administrative region inside China following the withdrawal of the British from Hong Kong in 1997.
- In 2019, the U.S. State Department and Human Rights Watch warned about increased intervention in Hong Kong by the Chinese government. *See* Exhibits K and L to the United States' Motion for Entry of Protective Order.
- Stanford University classifies Hong Kong as a high risk area for data theft and warns its employees to not take their electronic devices into Hong Kong. *See* Exhibits E and J to the United States' Motion for Entry of Protective Order.
- Defense counsel for Jinhua has already acknowledged that encryption alone cannot protect Micron's trade secrets. (*See* Aug. 7, 2019 Hrg. Tr. at 23:2-3 "[O]f course, there's no such thing as a hundred percent encryption.")

In sum, the government's motion summarizes a host of compelling reasons to not allow any review of Micron's trade secret materials to occur in Hong Kong. Defense counsel lacks any meaningful explanation to counter these points—convenience to defense counsel is not a valid basis for this Court to risk having Micron be victimized again here.

While Micron's most significant concern about the proposed protective order relates to prohibiting any review of its trade secrets in Hong Kong, Micron has two other concerns. First, Micron objects to the inclusion of "other defense counsel" in the protective order. Second, Micron objects to allowing defense experts to photocopy its trade secret materials.

II. **THE COURT MUST LIMIT THE USE OF "OTHER DEFENSE COUNSEL"**

Defendants seek to insert a provision permitting an unlimited number of unidentified "other defense counsel" to view Micron's trade secrets. Micron objects. The proposed protective order already permits Defendants' U.S.-admitted counsel of record, their staff, and two employees from each of UMC and Jinhua to review trade secret materials. Defendants offer no compelling reason why they cannot disclose the identity of any "other defense counsel" now so

Micron can assess whether permitting them access to Micron's trade secrets will pose an unreasonable risk. Micron would object to attorneys outside the Morrison and Latham firms who are not barred in the United States reviewing Micron's trade secret materials. Micron may also have reason to object to other individuals as well. Moreover, defense counsel has not agreed to any limit on the number of potential "other defense counsel." Thus, the inclusion of "other defense counsel" appears to be a potential source of abuse that generates an unnecessary risk of disclosure of Micron's trade secrets. As a result, Micron's proposed protective order eliminates the references to "other defense counsel" from Paragraph 6. (A copy of Micron's proposed protective order is attached as Exhibit A to the Declaration of Neal J. Stephens. A redlined version showing Micron's few changes against the government's proposed version is attached as Exhibit B to the Stephens Declaration).

### III. PHOTOCOPYING OF TRADE SECRET MATERIAL SHOULD BE RESTRICTED TO DEFENSE COUNSEL

Defendants also seek to allow their experts to make copies of Micron's trade secret documents. Because limiting copying and ensuring proper tracking of all existing copies is essential to maintaining the security of trade secrets, this request is unreasonable. The protective order already permits Defendants' U.S.-admitted counsel of record to make copies of Micron's trade secret materials in connection with litigating the case. This is more than sufficient. As a result, Micron's proposed protective order modifies Paragraph 7 to clarify that no one other than defense counsel can make copies of the Confidential Material.

### IV. CONCLUSION

Consistent with the requirements of § 1835, Micron respectfully requests that the Court enter Micron's proposed protective order.

Dated: September 18, 2019

Respectfully submitted,
JONES DAY

By: /s/ Neal J. Stephens
NEAL J. STEPHENS

Attorneys for Nonparty
MICRON TECHNOLOGY, INC.

# CERTIFICATE OF SERVICE

I, Trudy Carney, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Jones Day, 1750 Embarcadero Road, Palo Alto, California 94303.

On September 18, 2019, I served a copy of NONPARTY MICRON TECHNOLOGY, INC.'S JOINDER TO UNITED STATES' MOTION FOR ENTRY OF PROTECTIVE ORDER by electronic transmission.

I am familiar with the United States District Court, Northern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on September 18, 2019, in Palo Alto, California.

/s/ Trudy Carney
Trudy Carney