1  Randall E. Kay (State Bar No. 149369)
   rekay@jonesday.com
2  Douglas L. Clark (State Bar No. 279408)
   dlclark@jonesday.com
3  JONES DAY
   4655 Executive Drive, Suite 1500
4  San Diego, CA 92121.3134
   Telephone:  +1.858.314.1200
5  Facsimile:   +1.844.345.3178

6  Neal J. Stephens (State Bar No. 152071)
   nstephens@jonesday.com
7  JONES DAY
   1755 Embarcadero Road
8  Palo Alto, CA 94303
   Telephone:  +1.650.739.3939
9  Facsimile:   +1.650.739.3900

10 Marcus S. Quintanilla (State Bar No. 205994)
   mquintanilla@jonesday.com
11 JONES DAY
   555 California Street, Suite 2600
12 San Francisco, CA 94104.1501
   Telephone:  +1.415.626.3939
13 Facsimile:   +1.415.875.5700

14 Attorneys for Victim
   MICRON TECHNOLOGY, INC.

15

**FILED**

SEP 18 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**BY FAX**

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18 | UNITED STATES OF AMERICA,            | Case No. CR 18-465 MMC

19 |                    Plaintiff,         | **DECLARATION OF NEAL J. STEPHENS IN SUPPORT OF NONPARTY MICRON TECHNOLOGY, INC.'S JOINDER TO UNITED STATES' MOTION FOR ENTRY OF PROTECTIVE ORDER**

20 |          v.

21 | UNITED MICROELECTRONICS
22 | CORPORATION, INC.; FUJIAN JINHUA
   | INTEGRATED CIRCUIT CO., LTD.; CHEN    | Date:       October 9, 2019
23 | ZHENGKUN, a.k.a. STEPHEN CHEN; HE     | Time:       2:15 p.m.
   | JIANTING, a.k.a. J.T. HO; and WANG    | Judge:      Hon. Maxine M. Chesney
24 | YUNGMING, a.k.a. KENNY WANG.          | Courtroom:  7, 19th Floor

25 |                    Defendants.

26

27

28

I, Neal J. Stephens, hereby declare as follows:

1.  I am a Partner with the law firm of Jones Day, counsel of record for nonparty Micron Technology, Inc. ("Micron") in the above-captioned matter. I am a member in good standing of the State Bar of California and admitted to practice before this Court. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently regarding its contents.

2.  Attached as Exhibit A is a true and correct copy of Micron's proposed protective order.

3.  Attached as Exhibit B is a true and correct copy of a redline comparing Micron's proposed protective order to the proposed protective order filed by the United States on September 11, 2019 (Dkt. 62-2).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of September, 2019 in Palo Alto, California.

JONES DAY

By:_____/s/ Neal J. Stephens_____
        NEAL J. STEPHENS

Attorneys for Nonparty
MICRON TECHNOLOGY, INC.

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS<br>CORPORATION, et al.,<br><br>Defendants. | Case No. 18-CR-465 (MMC)<br><br>**PROTECTIVE ORDER [PROPOSED]** |

Pursuant to stipulation of the parties, and for good cause shown, the Court enters the following Protective Order under 18 U.S.C. § 1835 and Federal Rule of Criminal Procedure 16(d)(1):

1.    <u>Introduction</u>:  In accordance with Federal Rule of Criminal Procedure 16, the government and defendants may produce documents and other items containing "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary business information for inspection and copying by opposing counsel. Such production shall be governed by the provisions of this Protective Order unless superseded by a later order.

2.   Confidential Materials:  To the extent that any party believes in good faith that any materials that the party produces in discovery may constitute "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary business information, the party producing such materials shall designate the materials as Confidential Materials. The party producing Confidential Materials shall be referred to herein as the "Producing Party," and the party receiving such Confidential Materials shall be referred to herein as the "Receiving Party."

(a)   Confidential Materials shall include materials that belong to, previously belonged to, or were obtained, either directly or indirectly, from Micron Technology, Inc., and any of its affiliates, including Micron Memory Japan, Rexchip Electronics Corporation, and Micron Memory Taiwan Co., Ltd. (collectively, "Micron")—regardless of how the materials were obtained by the Producing Party—that contain, are alleged to contain, or are reasonably believed to contain "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information.

(b)   Confidential Materials shall also include materials that contain, are alleged to contain, or are reasonably believed to contain "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information, or other sensitive information that belong to, previously belonged to, or were obtained, either directly or indirectly, from United Microelectronics Corporation ("UMC"), Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua"), or other third parties.

3.   Manner of Designation and Objection:  Each party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific materials that qualify under the appropriate standards.

(a)   *Written, Tangible, or Documentary Materials*:  In the case of written, tangible, or documentary discovery materials, the Producing Party shall stamp each page of the document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that is readily distinguishable from any pre-existing confidential designation. The Receiving Party that copies any written, tangible, or documentary materials that a Producing Party makes available shall make a copy for the Producing Party to designate as Confidential.

(b)  *Electronic Materials*:  In the case of electronic discovery materials, including computer storage memory devices such as diskettes, hard drives, or other memory media, the Producing Party shall label the outside of the media with the appropriate designation. All information produced in discovery on any electronic storage media labeled as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be treated as confidential in accordance with the terms of this Protective Order. Any part may apply to the Court for modification of this subsection in the event of unwarranted or incorrect labelling of the outside of a specific device.

(c)  *Objections and Removal before Trial*:  If the Receiving Party objects to the Producing Party's designation of particular information as Confidential Material, the Receiving Party shall notify the Producing Party in writing of its objection. If the parties are unable to resolve such a dispute, the Receiving Party may seek relief from the court by way of motion. The Receiving Party shall continue to treat such information as Confidential Material pending resolution of the objection. All "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" markings are for pre-trial use only and all such markings will be removed from any documents used in trial or shown to jurors in this matter, following a meet and confer between the parties and the Court's resolution of any objections as to relevance and/or admissibility of such intended exhibits.

(d)  Within 10 business days of entry of this final Protective Order, the Producing Party may provide written clarification to the Receiving Party of the confidential designation of materials already produced.

4.  Effect of Designation or Failure to Designate; Change of Designation:  Because this Protective Order is primarily intended to facilitate production of discovery materials and pretrial discussions, negotiations, analysis, and preparation, UMC and Jinhua may choose not to formally challenge the designation of certain materials as confidential at the pre-trial stage. Such a failure to challenge the confidential designation does not constitute a waiver by UMC or Jinhua of the right to challenge that confidential designation at a later time, nor does it constitute a waiver by UMC or Jinhua of the right to contest that all or any portion(s) of any material designated as confidential constitutes "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information, or other sensitive information. Even if UMC or Jinhua chooses not to challenge a

-3-

1  confidentiality designation, the parties agree that the failure to challenge a confidentiality designation does
2  not constitute an admission that the material is a "trade secret" within the meaning of 18 U.S.C. § 1839(3)
3  and/or confidential and proprietary business information, or other sensitive information.

4  Further, the Producing Party reserves the right to change the designation after production by
5  notifying the Receiving Party in writing of the change. The Producing Party may re-designate when it
6  believes that materials are directly derivative of materials containing, or alleged to contain, "trade
7  secret" information (within the meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary
8  business information. Any re-designated materials must be treated in accordance with the terms of this
9  Protective Order.

10  5.  Limitations on Use: The Receiving Party shall use all Confidential Materials exclusively
11  in connection with the above-captioned case (including pre-trial investigation, trial preparation, trial, and,
12  if necessary, post-trial proceedings, sentencing, and appeal), and not for the economic benefits of any
13  individual, entity, or party for any purpose. Nothing herein shall prevent a party from using materials
14  designated as Confidential Materials as exhibits to pleadings or otherwise, or from referring to, quoting,
15  or reciting from any information contained in such materials in connection with pleadings or motions filed
16  in the above-captioned case, provided that such materials be filed under seal or submitted to the Court for
17  in camera inspection. If the parties seek to file such materials under seal, the parties shall follow the
18  procedures set forth in Northern District of California Criminal Local Rule 56-1. For purposes of any pre-
19  trial filings, the parties stipulate that materials marked Confidential pursuant to Section 2 are properly so
20  designated. This stipulation applies solely for the purpose of use of Confidential Materials as exhibits to
21  filings to the Court. The parties further agree that materials marked as Confidential pursuant to Section 2
22  must be filed under seal, and the party appending Confidential Materials to its filing is responsible for
23  moving the Court to seal the Confidential Materials. A party moving for sealing of Confidential Materials
24  in relation to a pre-trial filing does not waive its ability to later challenge whether the materials are properly
25  deemed confidential for purposes of trial. The procedures for the use of Confidential Materials at trial or
26  pre- or post-trial hearings will be resolved at or before the time of trial or the hearing.

27  ///
28  ///

6. Limitations on Disclosure:

(a) *Confidential Materials*: Except as set forth in sections 6(b) and 6(c) regarding disclosure to potential witnesses and experts, Confidential Materials produced by the government shall be disclosed to no one other than U.S. admitted defense counsel of record in this matter ("Defense Counsel") in the above-captioned case, the staff supporting Defense Counsel (such as interpreters, translators, paralegal assistants, secretarial, stenographic, and clerical employees) who are working on this case under the direction of Defense Counsel and to whom it is necessary that the Confidential Material be disclosed for purposes of the defense of this case, and a maximum of two employees from each of UMC and Jinhua as Defense Counsel reasonably deems necessary to review the materials in connection with the preparation of the defense in this case. With respect to the two employees of UMC and Jinhua, Defense Counsel shall provide the government with the employees' names, employers, and job titles at least 10 business days before Confidential Materials produced by the government are shown to such persons, and said persons must sign Exhibit A in accordance with section 6(b). If an objection has been lodged during such period, no Confidential Materials may be disclosed until any and all objections to the disclosure are resolved by the Court.

All employees of UMC or Jinhua reviewing Confidential Materials produced by the government may do so only in the presence of Defense Counsel and are not allowed to photograph, copy, take notes of, or retain any Confidential Materials produced by the government.

The review of Confidential Materials produced by the government shall not occur at any facility or place owned or controlled by UMC, Jinhua, or the Chinese government.

Except as set forth in sections 6(b) and 6(c) regarding disclosure to potential witnesses and experts, Confidential Materials produced by the defense shall be disclosed only to government attorneys, agents, and staff (including personnel from the United States Attorney's Office for the Northern District of California, the United States Department of Justice, the Federal Bureau of Investigation, and interpreters and translators contracted with the government) as the government deems reasonably necessary to review the materials in connection with the prosecution of this case.

(b) *Disclosure of Confidential Materials to Potential Percipient Witnesses*: Potential percipient witnesses (other than those who are described in paragraph 6(a)) may be shown Confidential

Materials only in the presence of counsel for the party contemplating calling such witness, only if the witness has signed the attached "Acknowledgment of Protective Order" (Exhibit A), and only if counsel for a party reasonably believes that showing the potential percipient witness the confidential materials is necessary for preparation of the case. With respect to the percipient witnesses, Defense Counsel shall provide the government with the witnesses' names, employers, and job titles at least 10 business days before Confidential Materials produced by the government are shown to such witnesses. If an objection has been lodged during such period, no Confidential Materials may be disclosed until any and all objections to the disclosure are resolved by the Court. Potential witnesses may not photograph, copy, take notes of, or retain Confidential Materials disclosed to them. The review of Confidential Materials shall not occur at a facility or place owned or controlled by UMC, Jinhua, or the Chinese government. Nothing in this paragraph shall limit the government's ability to share or disclose Confidential Material described in paragraph 2(a) with employees, officers, directors, or attorneys for Micron.

(c) *Disclosure of Confidential Material to Experts*: A Receiving Party may disclose Confidential Materials received from a Producing Party to expert witnesses or consultants (collectively, "expert" or "experts") provided that (i) such expert is not a current or former officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities, nor anticipated at the time of retention to become an officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities; and (ii) such expert is not involved in competitive decision making—as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)—for UMC, Jinhua, Micron or a competitor of the party to whom the documents being produced belong. When a party retains an expert or experts to assist in reviewing Confidential Materials received from a Producing Party, the expert shall execute an "Acknowledgment for Experts" (Exhibit B), signed under oath. The Acknowledgement shall be kept on file with counsel for the party and provided to counsel for an opposing party at the conclusion of litigation (upon request), or at such time as the identity of an expert is otherwise required to be disclosed to an opposing party, whichever is earlier. The opposing parties will not otherwise be provided with a copy of the Acknowledgement signed by the expert(s), and the identity of the expert(s) need not be disclosed to the opposing parties except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure, the local rules of this district, or court order. Notwithstanding the above, if

a defendant wishes to disclose Confidential Materials to an expert who is a non-U.S. national, the defendant must notify the government of that expert's or consultant's identity, so that the government may object in writing within 10 days if good cause exists for the objection. If an objection has been lodged during such period, no Confidential Materials may be disclosed to the expert until any and all objections to the disclosure are resolved by the Court.

(i)     No expert shall disclose Confidential Materials to any individual associated with or employed by UMC or Jinhua or to any other witness or potential witness in this matter unless counsel is present and the conditions of sections 6(a) and 6(b) are met.

(ii)     The parties shall maintain a log of any Confidential Material received from a Producing Party and provided to experts, for the purposes of ensuring the complete return and/or destruction of Confidential Materials at the conclusion of the above-captioned case.

(d)     *Notification and Objections*:  At least 10 business days before disclosing any Confidential Materials received from a Producing Party to any person other than a person described in paragraphs 6(a), 6(b), or 6(c), the Receiving Party seeking such disclosure shall notify the Producing Party, and the Producing Party may object in writing to the proposed disclosure if good cause exists for the objection. If the parties are unable to resolve any such objection, the party seeking disclosure may seek relief from the court by way of motion. The particular Confidential Material subject to the objection may not be disclosed until the objection to the disclosure is resolved by the Court.

7.     <u>Maintaining Confidential Materials</u>:

(a)     *Generally*: The Receiving Party and anyone to whom the Receiving Party provides Confidential Materials shall maintain any Confidential Materials produced pursuant to this Protective Order in a manner reasonably intended to preserve and maintain the confidentiality of the materials. Specifically, the Receiving Party shall maintain Confidential Materials in secure areas or on secure networks along with a copy of this Protective Order. If stored electronically on networks not owned by the U.S. government, the materials shall be password-protected and the network folders in which they are stored shall be walled off from any individuals not directly assisting in the above-captioned case.

(b)     *Transporting or Transmitting Confidential Materials outside the Country*:  Absent prior court approval or stipulation of the parties, Confidential Materials received from a Producing Party

1 | may not be transported or transmitted outside of the United States, with the exception that they may be
2 | transported to Taiwan and Defense Counsel's offices in Japan and Singapore. The Receiving Party
3 | transporting any Confidential Materials to Taiwan or Defense Counsel's offices in Japan or Singapore
4 | must keep the materials or media secure while traveling and must return to the United States with all
5 | copies of such materials, and may not transmit them electronically to or through any country other than
6 | the United States. Any transportation of Confidential Materials obtained from a Producing Party to Taiwan
7 | or Defense Counsel's offices in Japan or Singapore must utilize encryption of the transported information,
8 | and such information shall remain encrypted while stored outside of the United States. Electronic copies
9 | of Confidential Materials outside the United States that are not transported back to the United States shall
10 | be permanently deleted from storage media upon the completion of review of the Confidential Materials.

11 |       Upon Defense Counsel providing the government notice (pursuant to section 6(a) of this
12 | Protective Order) that they intend to review Confidential Materials with employees of UMC or Jinhua in
13 | the United States—and absent any sustained objection by the government to such disclosure—the
14 | government will, within 10 days, provide safe passage letters for those employees that certify that no
15 | legal action will be taken against them while in the United States, and that the United States Attorney for
16 | the Northern District of California and the United States Department of Justice will not cause or request
17 | them to be arrested on behalf of the United States (e.g., for purposes of extradition) while in the United
18 | States. Defense counsel will provide the names of the witnesses requesting safe passage; the government
19 | is not required to issue a blanket safe passage letter.

20 |       (c)   *Copying*:  No one other than Defense Counsel may make copies of Confidential
21 | Materials, whether electronic, written, tangible, or documentary materials, and Defense Counsel shall only
22 | copy Confidential Materials as necessary in connection with litigating the above-captioned case (including
23 | pre-trial investigation, trial preparation, trial, and, if necessary, post-trial proceedings, sentencing and
24 | appeal).

25 |       8.   Personal Identifying Information:  Given the time and expense that would be required to
26 | do so, no party is obligated to review every Confidential Material produced or received in this case in
27 | order to redact all personal identifying information (such as date of birth, social security numbers,
28 | addresses, phone numbers, etc.) or other sensitive information (such as bank account numbers). If a party

discovers such information during their review of the materials, they are prohibited from knowingly providing access to or otherwise disclosing the contents of that information to anyone not involved in the litigation of the above-captioned case. If either party discovers that personal identifying information has been inadvertently disclosed, they shall notify the other party in writing, use their best efforts to retrieve the personal identifying information, and request that the person to whom the personal identifying information was disclosed not use or disseminate the information in any way.

9. <u>Unauthorized Disclosure of Confidential Material</u>: If a Receiving Party learns that it has disclosed, inadvertently or otherwise, Confidential Materials obtained from a Producing Party to a person in a circumstance not authorized under this Protective Order or any unauthorized access to Confidential Materials otherwise occurs, the Receiving Party must immediately (a) notify the Producing Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the "Acknowledgment of Protective Order" that is attached to this order as Exhibit A. Nevertheless, a Receiving Party shall have no obligation under this paragraph with respect to any Confidential Materials: (a) which become at a later date lawfully available to the general public through no fault of the Receiving Party; or (b) which the Receiving Party can demonstrate were in its lawful possession before receipt from the Producing Party; or (c) which are disclosed to the Receiving Party by a third party who has the lawful right to disclose such information.

10. <u>Disclosure to the Court</u>: Any court filings containing materials designated as Confidential Materials or a description thereof shall be made under seal. In addition, the Confidential Materials or descriptions thereof shall be clearly identified in such sealed filing. The portions of any transcripts of proceedings in which Confidential Materials or a description thereof is discussed shall be sealed and access to those transcripts shall be restricted to individuals authorized under this Protective Order.

11. <u>Return of Confidential Materials</u>: At the conclusion of the above-captioned case, the Receiving Party and any experts to whom Confidential Materials received from a Producing Party were provided shall return such materials and any and all copies thereof to the Producing Party. In addition, the Receiving Party and any expert that received Confidential Materials from a Producing Party shall take

1  adequate steps to ensure that any and all electronic copies of Confidential Materials are deleted and
2  permanently erased, to the extent allowed by law, from any computer or computer system on which such
3  materials were stored, with the exception that Defense Counsel and attorneys for the government may
4  keep correspondence, pleadings, expert reports, and other information involving attorney work product
5  that might include Confidential Materials received from a Producing Party. Within 60 days of the
6  conclusion of the above-captioned case, experts that received Confidential Materials shall certify that they
7  have permanently deleted all Confidential Materials in their possession.

8      12.    Export Control: Disclosure of Confidential Material shall be subject to all applicable laws
9  and regulations relating to the export of technical data contained in such Confidential Material, including
10  the release of such technical data to a non-U.S. national in the United States or elsewhere.

11      13.    Prosecution Bar:  Absent written consent from the Producing Party, any individual who
12  receives access to Confidential Material shall not be involved in the prosecution of patents or patent
13  applications (including, without limitation, originally filed applications, provisionals, non-provisionals,
14  continuations, divisionals or continuations-in-part) involving DRAM technology, before any non-U.S. or
15  domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For
16  purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or
17  otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used
18  in this paragraph does not include representing a party challenging a patent before a US domestic or non-
19  U.S. agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*
20  reexamination). This Prosecution Bar shall begin when access to Confidential Material is first received by
21  the affected individual and shall end two (2) years after final termination of this action.

22      14.    Protection for Non-Party's Confidential Materials.

23         (a)    In the event that the government or a defendant is required, by a valid discovery
24  request outside the above-captioned criminal case, to produce a Non-Party's Confidential
25  Materials in its possession, and either the government or defendant is subject to an agreement with the
26  Non-Party not to produce the Non-Party's Confidential Materials outside the criminal case, then the
27  government or defendant shall:

28             1.    promptly notify in writing the Requesting Party and the Non-Party that

1  some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2             2.      promptly provide the Non-Party with a copy of the Stipulated Protective

3  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the

4  information requested; and

5             3.      make the information requested available for inspection by the Non-Party.

6        (b)     If the Non-Party fails to object or seek a protective order from this court within 14

7  days of receiving the notice and accompanying information, the party may produce the Non-Party's

8  Confidential Materials responsive to the discovery request made outside the above-captioned criminal

9  case. If the Non-Party timely seeks a protective order, the party shall not produce any Confidential

10 Materials in its possession or control that is subject to the confidentiality agreement with the Non-Party

11 before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

12 burden and expense of seeking protection in this court of its Confidential Materials. Nothing in these

13 provisions should be construed as prohibiting a Non-Party from seeking additional protections.

14      15.    <u>Inadvertent production of privileged or otherwise protected material</u>:  Pursuant to Rule

15 502(d) of the Federal Rules of Evidence, the inadvertent disclosure of documents, ESI, testimony,

16 information and/or things that are protected from disclosure under the attorney-client privilege, work

17 product doctrine, and/or any other applicable privilege, protection or immunity ("Privileged Material")

18 shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege for

19 the inadvertently produced document or specific material or information disclosed covering the same or

20 a similar or related subject matter. The government and defendants agree that: (1) absent exceptional

21 circumstances, a statement by a party that a production of Privileged Material was inadvertent shall be

22 dispositive; (2) they are all taking reasonable steps to prevent disclosure of Privileged Material; and (3) a

23 party shall be deemed to have taken prompt steps to rectify the inadvertent production of Privileged

24 Material if it notifies the Receiving Party within 14 calendar days of learning of the inadvertent

25 production. If a Producing Party makes a written request for the return, pursuant to this Paragraph, of

26 any Privileged Material then in the custody of a Receiving Party , the Receiving Party shall either

27 sequester the Privileged Material and all copies thereof, destroy such materials or return the Privileged

28 Material within 10 business days, and the Receiving Party will also make no use of the information

contained in the Privileged Material or further disseminate the Privileged Material regardless of whether the Receiving Party disputes the claim of privilege.

16. <u>Translations</u>: Translations of any Confidential Materials, regardless of which party prepares or produces the translation, and regardless of the language from or to which the Confidential Material is translated, shall automatically inherit the same confidential designation of the item from which it was translated. Accordingly, any translations shall be subject to the same restrictions on dissemination as the original document of which the translation is made.

17. <u>Violations</u>: Violations of this Protective Order shall be punishable by contempt of court or any other legally available sanction that the court deems appropriate. All parties to whom Confidential Materials are disclosed in accordance with this Protective Order consent to this Court's jurisdiction for purposes of enforcing this order.

18. <u>Further Relief</u>: Nothing in this Protective Order shall be construed as restricting any party from seeking such further relief as may be available under the Federal Rules of Criminal Procedure or other applicable law. Specifically, the parties contemplate the entry of an additional order to govern the use of any Confidential Materials at trial.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2019

UNITED STATES DISTRICT JUDGE
Maxine M. Chesney

-12-

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I hereby acknowledge that I have received a copy of the Protective Order issued in *United States v. United Microelectronics Corporation, et al.,* Case No. 18-CR-465 (MMC), and that I have read and understand it, and I agree to be bound by all of its terms. If English is not my primary language, the Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order and punishing any violations thereof.

_____
Name (Printed)

_____
Signature

_____
Address

_____
Address (cont'd)

_____
Name of Translator (if applicable)

_____
Signature of Translator

# **EXHIBIT B**

## **ACKNOWLEDGMENT OF PROTECTIVE ORDER BY EXPERT**

I hereby acknowledge that I have received a copy of the Protective Order issued in *United States v. United Microelectronics Corporation, et al.,* Case No. 18-CR-465 (MMC), and that I have read and understand it, and I agree to be bound by all of its terms. If English is not my primary language, the Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order and punishing any violations thereof.

I have been retained to serve as an expert in this matter and a true and correct copy of the current version of my CV is attached to this Acknowledgement. I have read the Indictment in this case, and have familiarized myself with the subject of this litigation to the degree necessary to be able to evaluate whether my role as an expert in this matter would pose any conflicts of interest. I am not: (1) a current or former officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities and do not anticipate at the time of retention to become an officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities; and (2) a person involved in competitive decision making—as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)—for UMC, Jinhua, Micron or a competitor of the owner of the Confidential Materials in question. To the extent that my role as an expert gives me access to information designated as Confidential Materials, I understand that I am prohibited from using that information in any way that is inconsistent with the Protective Order, and violation of the Protective Order would subject me to civil or criminal penalties, or both.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

1
2
                                           _____
3                                          Expert Name (Printed)
4
                                           _____
5                                          Expert Signature
6
7                                          _____
8                                                              Date
9
                                           _____
10                                                          Address
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13   UNITED STATES OF AMERICA,

14         Plaintiff,

15      v.                              Case No. 18-CR-465 (MMC)

16   UNITED MICROELECTRONICS            **PROTECTIVE ORDER [PROPOSED]**
17   CORPORATION, et al.,

18         Defendants.

19

20

21         Pursuant to stipulation of the parties, and for good cause shown, the Court enters the following

22   Protective Order under 18 U.S.C. § 1835 and Federal Rule of Criminal Procedure 16(d)(1):

23         1.    <u>Introduction</u>:  In accordance with Federal Rule of Criminal Procedure 16, the government

24   and defendants may produce documents and other items containing "trade secret" information (within the

25   meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary business information for inspection

26   and copying by opposing counsel. Such production shall be governed by the provisions of this Protective

27   Order unless superseded by a later order.

28

2. <u>Confidential Materials</u>: To the extent that any party believes in good faith that any materials that the party produces in discovery may constitute "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary business information, the party producing such materials shall designate the materials as Confidential Materials. The party producing Confidential Materials shall be referred to herein as the "Producing Party," and the party receiving such Confidential Materials shall be referred to herein as the "Receiving Party."

(a) Confidential Materials shall include materials that belong to, previously belonged to, or were obtained, either directly or indirectly, from Micron Technology, Inc., and any of its affiliates, including Micron Memory Japan, Rexchip Electronics Corporation, and Micron Memory Taiwan Co., Ltd. (collectively, "Micron")—regardless of how the materials were obtained by the Producing Party—that contain, are alleged to contain, or are reasonably believed to contain "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information.

(b) Confidential Materials shall also include materials that contain, are alleged to contain, or are reasonably believed to contain "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information, or other sensitive information that belong to, previously belonged to, or were obtained, either directly or indirectly, from United Microelectronics Corporation ("UMC"), Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua"), or other third parties.

3. <u>Manner of Designation and Objection:</u> Each party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific materials that qualify under the appropriate standards.

(a) *Written, Tangible, or Documentary Materials*: In the case of written, tangible, or documentary discovery materials, the Producing Party shall stamp each page of the document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that is readily distinguishable from any pre-existing confidential designation. The Receiving Party that copies any written, tangible, or documentary materials that a Producing Party makes available shall make a copy for the Producing Party to designate as Confidential.

(b) *Electronic Materials*: In the case of electronic discovery materials, including computer storage memory devices such as diskettes, hard drives, or other memory media, the Producing Party shall label the outside of the media with the appropriate designation. All information produced in discovery on any electronic storage media labeled as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be treated as confidential in accordance with the terms of this Protective Order. Any part may apply to the Court for modification of this subsection in the event of unwarranted or incorrect labelling of the outside of a specific device.

(c) *Objections and Removal before Trial*: If the Receiving Party objects to the Producing Party's designation of particular information as Confidential Material, the Receiving Party shall notify the Producing Party in writing of its objection. If the parties are unable to resolve such a dispute, the Receiving Party may seek relief from the court by way of motion. The Receiving Party shall continue to treat such information as Confidential Material pending resolution of the objection. All "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" markings are for pre-trial use only and all such markings will be removed from any documents used in trial or shown to jurors in this matter, following a meet and confer between the parties and the Court's resolution of any objections as to relevance and/or admissibility of such intended exhibits.

(d) Within 10 business days of entry of this final Protective Order, the Producing Party may provide written clarification to the Receiving Party of the confidential designation of materials already produced.

4. <u>Effect of Designation or Failure to Designate; Change of Designation</u>: Because this Protective Order is primarily intended to facilitate production of discovery materials and pretrial discussions, negotiations, analysis, and preparation, UMC and Jinhua may choose not to formally challenge the designation of certain materials as confidential at the pre-trial stage. Such a failure to challenge the confidential designation does not constitute a waiver by UMC or Jinhua of the right to challenge that confidential designation at a later time, nor does it constitute a waiver by UMC or Jinhua of the right to contest that all or any portion(s) of any material designated as confidential constitutes "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information, or other sensitive information. Even if UMC or Jinhua chooses not to challenge a

-3-

confidentiality designation, the parties agree that the failure to challenge a confidentiality designation does not constitute an admission that the material is a "trade secret" within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information, or other sensitive information.

Further, the Producing Party reserves the right to change the designation after production by notifying the Receiving Party in writing of the change. The Producing Party may re-designate when it believes that materials are directly derivative of materials containing, or alleged to contain, "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary business information. Any re-designated materials must be treated in accordance with the terms of this Protective Order.

5.    Limitations on Use: The Receiving Party shall use all Confidential Materials exclusively in connection with the above-captioned case (including pre-trial investigation, trial preparation, trial, and, if necessary, post-trial proceedings, sentencing, and appeal), and not for the economic benefits of any individual, entity, or party for any purpose. Nothing herein shall prevent a party from using materials designated as Confidential Materials as exhibits to pleadings or otherwise, or from referring to, quoting, or reciting from any information contained in such materials in connection with pleadings or motions filed in the above-captioned case, provided that such materials be filed under seal or submitted to the Court for in camera inspection. If the parties seek to file such materials under seal, the parties shall follow the procedures set forth in Northern District of California Criminal Local Rule 56-1. For purposes of any pre-trial filings, the parties stipulate that materials marked Confidential pursuant to Section 2 are properly so designated. This stipulation applies solely for the purpose of use of Confidential Materials as exhibits to filings to the Court. The parties further agree that materials marked as Confidential pursuant to Section 2 must be filed under seal, and the party appending Confidential Materials to its filing is responsible for moving the Court to seal the Confidential Materials. A party moving for sealing of Confidential Materials in relation to a pre-trial filing does not waive its ability to later challenge whether the materials are properly deemed confidential for purposes of trial. The procedures for the use of Confidential Materials at trial or pre- or post-trial hearings will be resolved at or before the time of trial or the hearing.

/ / /

/ / /

-4-

6. <u>Limitations on Disclosure</u>:

(a) *Confidential Materials*: Except as set forth in sections 6(b) and 6(c) regarding disclosure to potential witnesses and experts, Confidential Materials produced by the government shall be disclosed to no one other than U.S. admitted defense counsel of record in this matter ("Defense Counsel") in the above-captioned case, ~~other defense counsel,~~ the staff supporting Defense Counsel (such as interpreters, translators, paralegal assistants, secretarial, stenographic, and clerical employees) who are working on this case under the direction of Defense Counsel and to whom it is necessary that the Confidential Material be disclosed for purposes of the defense of this case, and a maximum of two employees from each of UMC and Jinhua as Defense Counsel reasonably deems necessary to review the materials in connection with the preparation of the defense in this case. With respect to the two employees of UMC and Jinhua ~~and other defense counsel~~, Defense Counsel shall provide the government with the employees' ~~and/or other defense counsels'~~ names, employers, and job titles at least 10 business days before Confidential Materials produced by the government are shown to such persons, and said persons must sign Exhibit A in accordance with section 6(b). If an objection has been lodged during such period, no Confidential Materials may be disclosed until any and all objections to the disclosure are resolved by the Court.

All employees of UMC or Jinhua reviewing Confidential Materials produced by the government may do so only in the presence of Defense Counsel and are not allowed to photograph, copy, take notes of, or retain any Confidential Materials produced by the government. ~~Other defense counsel permitted to view Confidential Materials may do so only on systems owned and maintained by Defense Counsel and otherwise in accordance with this Order. Other defense counsel may not photograph, copy, take notes of, or retain Confidential Materials disclosed to them.~~

The review of Confidential Materials produced by the government shall not occur at any facility or place owned or controlled by UMC, Jinhua, or the Chinese government.

Except as set forth in sections 6(b) and 6(c) regarding disclosure to potential witnesses and experts, Confidential Materials produced by the defense shall be disclosed only to government attorneys, agents, and staff (including personnel from the United States Attorney's Office for the Northern District of California, the United States Department of Justice, the Federal Bureau of Investigation, and interpreters

-5-

1　and translators contracted with the government) as the government deems reasonably necessary to review
2　the materials in connection with the prosecution of this case.

3　　　　(b)　*Disclosure of Confidential Materials to Potential Percipient Witnesses*:　Potential
4　percipient witnesses (other than those who are described in paragraph 6(a)) may be shown Confidential
5　Materials only in the presence of counsel for the party contemplating calling such witness, only if the
6　witness has signed the attached "Acknowledgment of Protective Order" (Exhibit A), and only if counsel
7　for a party reasonably believes that showing the potential percipient witness the confidential materials is
8　necessary for preparation of the case.　With respect to the percipient witnesses, Defense Counsel shall
9　provide the government with the witnesses' names, employers, and job titles at least 10 business days
10　before Confidential Materials produced by the government are shown to such witnesses.　If an objection
11　has been lodged during such period, no Confidential Materials may be disclosed until any and all
12　objections to the disclosure are resolved by the Court. Potential witnesses may not photograph, copy, take
13　notes of, or retain Confidential Materials disclosed to them.　The review of Confidential Materials shall
14　not occur at a facility or place owned or controlled by UMC, Jinhua, or the Chinese government. Nothing
15　in this paragraph shall limit the government's ability to share or disclose Confidential Material described
16　in paragraph 2(a) with employees, officers, directors, or attorneys for Micron.

17　　　　(c)　*Disclosure of Confidential Material to Experts*:　A Receiving Party may disclose
18　Confidential Materials received from a Producing Party to expert witnesses or consultants (collectively,
19　"expert" or "experts") provided that (i) such expert is not a current or former officer, director, or
20　employee of UMC, Jinhua, Micron, or a competitor of any of those entities, nor anticipated at the time
21　of retention to become an officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any
22　of those entities; and (ii) such expert is not involved in competitive decision making—as defined by U.S.
23　Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)—for UMC, Jinhua, Micron or a
24　competitor of the party to whom the documents being produced belong. When a party retains an expert
25　or experts to assist in reviewing Confidential Materials received from a Producing Party, the expert shall
26　execute an "Acknowledgment for Experts" (Exhibit B), signed under oath. The Acknowledgement shall
27　be kept on file with counsel for the party and provided to counsel for an opposing party at the conclusion
28　of litigation (upon request), or at such time as the identity of an expert is otherwise required to be

disclosed to an opposing party, whichever is earlier. The opposing parties will not otherwise be provided with a copy of the Acknowledgement signed by the expert(s), and the identity of the expert(s) need not be disclosed to the opposing parties except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure, the local rules of this district, or court order. Notwithstanding the above, if a defendant wishes to disclose Confidential Materials to an expert who is a non-U.S. national, the defendant must notify the government of that expert's or consultant's identity, so that the government may object in writing within 10 days if good cause exists for the objection. If an objection has been lodged during such period, no Confidential Materials may be disclosed to the expert until any and all objections to the disclosure are resolved by the Court.

(i)     No expert shall disclose Confidential Materials to any individual associated with or employed by UMC or Jinhua or to any other witness or potential witness in this matter unless counsel is present and the conditions of sections 6(a) and 6(b) are met.

(ii)    The parties shall maintain a log of any Confidential Material received from a Producing Party and provided to experts, for the purposes of ensuring the complete return and/or destruction of Confidential Materials at the conclusion of the above-captioned case.

(d)     *Notification and Objections*:  At least 10 business days before disclosing any Confidential Materials received from a Producing Party to any person other than a person described in paragraphs 6(a), 6(b), or 6(c), the Receiving Party seeking such disclosure shall notify the Producing Party, and the Producing Party may object in writing to the proposed disclosure if good cause exists for the objection. If the parties are unable to resolve any such objection, the party seeking disclosure may seek relief from the court by way of motion. The particular Confidential Material subject to the objection may not be disclosed until the objection to the disclosure is resolved by the Court.

7.     Maintaining Confidential Materials:

(a)     *Generally*: The Receiving Party and anyone to whom the Receiving Party provides Confidential Materials shall maintain any Confidential Materials produced pursuant to this Protective Order in a manner reasonably intended to preserve and maintain the confidentiality of the materials. Specifically, the Receiving Party shall maintain Confidential Materials in secure areas or on secure networks along with a copy of this Protective Order. If stored electronically on networks not owned by

the U.S. government, the materials shall be password-protected and the network folders in which they are stored shall be walled off from any individuals not directly assisting in the above-captioned case.

(b) *Transporting or Transmitting Confidential Materials outside the Country*: Absent prior court approval or stipulation of the parties, Confidential Materials received from a Producing Party may not be transported or transmitted outside of the United States, with the exception that they may be transported to Taiwan, and Defense Counsel's offices in Japan, and Singapore. The Receiving Party transporting any Confidential Materials to Taiwan, or Defense Counsel's offices in Japan, or Singapore must keep the materials or media secure while traveling and must return to the United States with all copies of such materials, and may not transmit them electronically to or through any country other than the United States. Any transportation of Confidential Materials obtained from a Producing Party to Taiwan, or Defense Counsel's offices in Japan, or Singapore must utilize encryption of the transported information, and such information shall remain encrypted while stored outside of the United States. Electronic copies of Confidential Materials outside the United States that are not transported back to the United States shall be permanently deleted from storage media upon the completion of review of the Confidential Materials.

Upon Defense Counsel providing the government notice (pursuant to section 6(a) of this Protective Order) that they intend to review Confidential Materials with employees of UMC or Jinhua in the United States—and absent any sustained objection by the government to such disclosure—the government will, within 10 days, provide safe passage letters for those employees that certify that no legal action will be taken against them while in the United States, and that the United States Attorney for the Northern District of California and the United States Department of Justice will not cause or request them to be arrested on behalf of the United States (e.g., for purposes of extradition) while in the United States. Defense counsel will provide the names of the witnesses requesting safe passage; the government is not required to issue a blanket safe passage letter.

(c) *Copying*: No one other than Defense Counsel may make copies of Confidential Materials, whether electronic, written, tangible, or documentary materials, and Defense Counsel shall only copy Confidential Materials as necessary in connection with litigating the above-captioned case (including pre-trial investigation, trial preparation, trial, and, if necessary, post-trial proceedings,

1 sentencing and appeal).

2     8.    <u>Personal Identifying Information</u>: Given the time and expense that would be required to
3 do so, no party is obligated to review every Confidential Material produced or received in this case in
4 order to redact all personal identifying information (such as date of birth, social security numbers,
5 addresses, phone numbers, etc.) or other sensitive information (such as bank account numbers). If a party
6 discovers such information during their review of the materials, they are prohibited from knowingly
7 providing access to or otherwise disclosing the contents of that information to anyone not involved in the
8 litigation of the above-captioned case. If either party discovers that personal identifying information has
9 been inadvertently disclosed, they shall notify the other party in writing, use their best efforts to retrieve
10 the personal identifying information, and request that the person to whom the personal identifying
11 information was disclosed not use or disseminate the information in any way.

12     9.    <u>Unauthorized Disclosure of Confidential Material</u>: If a Receiving Party learns that it has
13 disclosed, inadvertently or otherwise, Confidential Materials obtained from a Producing Party to a person
14 in a circumstance not authorized under this Protective Order or any unauthorized access to Confidential
15 Materials otherwise occurs, the Receiving Party must immediately (a) notify the Producing Party in
16 writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
17 Confidential Materials, (c) inform the person or persons to whom unauthorized disclosures were made of
18 all the terms of this order, and (d) request such person or persons to execute the "Acknowledgment of
19 Protective Order" that is attached to this order as Exhibit A. Nevertheless, a Receiving Party shall have
20 no obligation under this paragraph with respect to any Confidential Materials: (a) which become at a later
21 date lawfully available to the general public through no fault of the Receiving Party; or (b) which the
22 Receiving Party can demonstrate were in its lawful possession before receipt from the Producing Party;
23 or (c) which are disclosed to the Receiving Party by a third party who has the lawful right to disclose such
24 information.

25     10.    <u>Disclosure to the Court</u>: Any court filings containing materials designated as Confidential
26 Materials or a description thereof shall be made under seal. In addition, the Confidential Materials or
27 descriptions thereof shall be clearly identified in such sealed filing. The portions of any transcripts of

28

proceedings in which Confidential Materials or a description thereof is discussed shall be sealed and access to those transcripts shall be restricted to individuals authorized under this Protective Order.

11.    Return of Confidential Materials:  At the conclusion of the above-captioned case, the Receiving Party and any experts to whom Confidential Materials received from a Producing Party were provided shall return such materials and any and all copies thereof to the Producing Party. In addition, the Receiving Party and any expert that received Confidential Materials from a Producing Party shall take adequate steps to ensure that any and all electronic copies of Confidential Materials are deleted and permanently erased, to the extent allowed by law, from any computer or computer system on which such materials were stored,  with the exception that Defense Counsel and attorneys  for the government  may keep correspondence, pleadings, expert reports, and other information involving attorney work product that  might  include Confidential  Materials received from  a  Producing Party.  Within 60 days of the conclusion of the above-captioned case, experts that received Confidential Materials shall certify that they have permanently deleted all Confidential Materials in their possession.

12.    Export Control: Disclosure of Confidential Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Confidential Material, including the release of such technical data to a non-U.S. national in the United States or elsewhere.

13.    Prosecution Bar:  Absent written consent from the Producing Party, any individual who receives access to Confidential Material shall not be involved in the prosecution of patents or patent applications (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisionals or continuations-in-part) involving DRAM technology, before any non-U.S. or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a US domestic or non-U.S. agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to Confidential Material is first received by the affected individual and shall end two (2) years after final termination of this action.

14.    Protection for Non-Party's Confidential Materials.

(a)     In the event that the government or a defendant is required, by a valid discovery request outside the above-captioned criminal case, to produce a Non-Party's Confidential Materials in its possession, and either the government or defendant is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Materials outside the criminal case, then the government or defendant shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(b)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the party may produce the Non-Party's Confidential Materials responsive to the discovery request made outside the above-captioned criminal case. If the Non-Party timely seeks a protective order, the party shall not produce any Confidential Materials in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Materials. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

15.     <u>Inadvertent production of privileged or otherwise protected material</u>: Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent disclosure of documents, ESI, testimony, information and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege, protection or immunity ("Privileged Material") shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege for the inadvertently produced document or specific material or information disclosed covering the same or a similar or related subject matter. The government and defendants agree that: (1) absent exceptional circumstances, a statement by a party that a production of Privileged Material was inadvertent shall be dispositive; (2) they are all taking reasonable steps to prevent disclosure of Privileged Material; and (3) a

1 party shall be deemed to have taken prompt steps to rectify the inadvertent production of Privileged

2 Material if it notifies the Receiving Party within 14 calendar days of learning of the inadvertent

3 production. If a Producing Party makes a written request for the return, pursuant to this Paragraph, of

4 any Privileged Material then in the custody of a Receiving Party , the Receiving Party shall either

5 sequester the Privileged Material and all copies thereof; destroy such materials or return the Privileged

6 Material within 10 business days, and the Receiving Party will also make no use of the information

7 contained in the Privileged Material or further disseminate the Privileged Material regardless of whether

8 the Receiving Party disputes the claim of privilege.

9     16.   <u>Translations</u>:  Translations of any Confidential Materials, regardless of which party

10 prepares or produces the translation, and regardless of the language from or to which the Confidential

11 Material is translated, shall automatically inherit the same confidential designation of the item from which

12 it was translated. Accordingly, any translations shall be subject to the same restrictions on dissemination

13 as the original document of which the translation is made.

14     17.   <u>Violations</u>:  Violations of this Protective Order shall be punishable by contempt of court

15 or any other legally available sanction that the court deems appropriate. All parties to whom Confidential

16 Materials are disclosed in accordance with this Protective Order consent to this Court's jurisdiction for

17 purposes of enforcing this order.

18     18.   <u>Further Relief</u>:  Nothing in this Protective Order shall be construed as restricting any party

19 from seeking such further relief as may be available under the Federal Rules of Criminal Procedure or

20 other applicable law. Specifically, the parties contemplate the entry of an additional order to govern the

21 use of any Confidential Materials at trial.

22     PURSUANT TO STIPULATION, IT IS SO ORDERED.

23 Dated: _____, 2019

24

25                        UNITED STATES DISTRICT JUDGE

26                        Maxine M. Chesney

27

28                      _____

# **EXHIBIT A**

## **ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I hereby acknowledge that I have received a copy of the Protective Order issued in *United States v. United Microelectronics Corporation, et al.,* Case No. 18-CR-465 (MMC), and that I have read and understand it, and I agree to be bound by all of its terms. If English is not my primary language, the Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order and punishing any violations thereof.

_____
Name (Printed)

_____
Signature

_____
Address

_____
Address (cont'd)

_____
Name of Translator (if applicable)

_____
Signature of Translator

# EXHIBIT B

## ACKNOWLEDGMENT OF PROTECTIVE ORDER BY EXPERT

I hereby acknowledge that I have received a copy of the Protective Order issued in *United States v. United Microelectronics Corporation, et al.,* Case No. 18-CR-465 (MMC), and that I have read and understand it, and I agree to be bound by all of its terms. If English is not my primary language, the Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order and punishing any violations thereof.

I have been retained to serve as an expert in this matter and a true and correct copy of the current version of my CV is attached to this Acknowledgement. I have read the Indictment in this case, and have familiarized myself with the subject of this litigation to the degree necessary to be able to evaluate whether my role as an expert in this matter would pose any conflicts of interest. I am not: (1) a current or former officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities and do not anticipate at the time of retention to become an officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities; and (2) a person involved in competitive decision making—as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)—for UMC, Jinhua, Micron or a competitor of the owner of the Confidential Materials in question. To the extent that my role as an expert gives me access to information designated as Confidential Materials, I understand that I am prohibited from using that information in any way that is inconsistent with the Protective Order, and violation of the Protective Order would subject me to civil or criminal penalties, or both.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

1
2
_____
3            Expert Name (Printed)
4
_____
5            Expert Signature
6
7    _____
8                        Date
9    _____
10                    Address
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I, Trudy Carney, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Jones Day, 1750 Embarcadero Road, Palo Alto, California 94303.

On September 18, 2019, I served a copy of DECLARATION OF NEAL J. STEPHENS IN SUPPORT OF NONPARTY MICRON TECHNOLOGY, INC.'S JOINDER TO UNITED STATES' MOTION FOR ENTRY OF PROTECTIVE ORDER by electronic transmission.

I am familiar with the United States District Court, Northern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on September 18, 2019, in Palo Alto, California.


*/s/ Trudy Carney*
Trudy Carney