UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED MICROELECTRONICS CORPORATION, et al.,<br><br>    Defendants. | Case No. 18-CR-465 (MMC)<br><br>**PROTECTIVE ORDER [~~PROPOSED~~]** |

Pursuant to stipulation of the parties, and for good cause shown, the Court enters the following Protective Order under 18 U.S.C. § 1835 and Federal Rule of Criminal Procedure 16(d)(1):

1. <u>Introduction</u>: In accordance with Federal Rule of Criminal Procedure 16, the government and defendants may produce documents and other items containing "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary business information for inspection and copying by opposing counsel. Such production shall be governed by the provisions of this Protective Order unless superseded by a later order.

2. <u>Confidential Materials</u>: To the extent that any party believes in good faith that any materials that the party produces in discovery may constitute "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary business information, the party producing such materials shall designate the materials as Confidential Materials. The party producing Confidential Materials shall be referred to herein as the "Producing Party," and the party receiving such Confidential Materials shall be referred to herein as the "Receiving Party."

(a) Confidential Materials shall include materials that belong to, previously belonged to, or were obtained, either directly or indirectly, from Micron Technology, Inc., and any of its affiliates, including Micron Memory Japan, Rexchip Electronics Corporation, and Micron Memory Taiwan Co., Ltd. (collectively, "Micron")—regardless of how the materials were obtained by the Producing Party—that contain, are alleged to contain, or are reasonably believed to contain "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information.

(b) Confidential Materials shall also include materials that contain, are alleged to contain, or are reasonably believed to contain "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information, or other sensitive information that belong to, previously belonged to, or were obtained, either directly or indirectly, from United Microelectronics Corporation ("UMC"), Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua"), or other third parties.

3. <u>Manner of Designation and Objection</u>: Each party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific materials that qualify under the appropriate standards.

(a) *Written, Tangible, or Documentary Materials*: In the case of written, tangible, or documentary discovery materials, the Producing Party shall stamp each page of the document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that is readily distinguishable from any pre-existing confidential designation. The Receiving Party that copies any written, tangible, or documentary materials that a Producing Party makes available shall make a copy for the Producing Party to designate as Confidential.

(b) *Electronic Materials*: In the case of electronic discovery materials, including computer storage memory devices such as diskettes, hard drives, or other memory media, the Producing Party shall label the outside of the media with the appropriate designation. All information produced in discovery on any electronic storage media labeled as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be treated as confidential in accordance with the terms of this Protective Order. Any party may apply to the Court for modification of this subsection in the event of unwarranted or incorrect labelling of the outside of a specific device.

(c) *Objections and Removal before Trial*: If the Receiving Party objects to the Producing Party's designation of particular information as Confidential Material, the Receiving Party shall notify the Producing Party in writing of its objection. If the parties are unable to resolve such a dispute, the Receiving Party may seek relief from the court by way of motion. The Receiving Party shall continue to treat such information as Confidential Material pending resolution of the objection. All "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" markings are for pre-trial use only and all such markings will be removed from any documents used in trial or shown to jurors in this matter, following a meet and confer between the parties and the Court's resolution of any objections as to relevance and/or admissibility of such intended exhibits.

(d) Within 10 business days of entry of this final Protective Order, the Producing Party may provide written clarification to the Receiving Party of the confidential designation of materials already produced.

4. <u>Effect of Designation or Failure to Designate; Change of Designation</u>: Because this Protective Order is primarily intended to facilitate production of discovery materials and pretrial discussions, negotiations, analysis, and preparation, UMC and Jinhua may choose not to formally challenge the designation of certain materials as confidential at the pre-trial stage. Such a failure to challenge the confidential designation does not constitute a waiver by UMC or Jinhua of the right to challenge that confidential designation at a later time, nor does it constitute a waiver by UMC or Jinhua of the right to contest that all or any portion(s) of any material designated as confidential constitutes "trade secret" information (within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information, or other sensitive information). Even if UMC or Jinhua chooses not to challenge a

confidentiality designation, the parties agree that the failure to challenge a confidentiality designation does not constitute an admission that the material is a "trade secret" within the meaning of 18 U.S.C. § 1839(3) and/or confidential and proprietary business information, or other sensitive information.

Further, the Producing Party reserves the right to change the designation after production by notifying the Receiving Party in writing of the change. The Producing Party may re-designate when it believes that materials are directly derivative of materials containing, or alleged to contain, "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) and/or confidential and proprietary business information. Any re-designated materials must be treated in accordance with the terms of this Protective Order.

5. <u>Limitations on Use</u>: The Receiving Party shall use all Confidential Materials exclusively in connection with the above-captioned case (including pre-trial investigation, trial preparation, trial, and, if necessary, post-trial proceedings, sentencing, and appeal), and not for the economic benefits of any individual, entity, or party for any purpose. Nothing herein shall prevent a party from using materials designated as Confidential Materials as exhibits to pleadings or otherwise, or from referring to, quoting, or reciting from any information contained in such materials in connection with pleadings or motions filed in the above-captioned case, provided that such materials be filed under seal or submitted to the Court for in camera inspection. If the parties seek to file such materials under seal, the parties shall follow the procedures set forth in Northern District of California Criminal Local Rule 56-1. For purposes of any pre-trial filings, the parties stipulate that materials marked Confidential pursuant to Section 2 are properly so designated. This stipulation applies solely for the purpose of use of Confidential Materials as exhibits to filings to the Court. The parties further agree that materials marked as Confidential pursuant to Section 2 must be filed under seal, and the party appending Confidential Materials to its filing is responsible for moving the Court to seal the Confidential Materials. A party moving for sealing of Confidential Materials in relation to a pre-trial filing does not waive its ability to later challenge whether the materials are properly deemed confidential for purposes of trial. The procedures for the use of Confidential Materials at trial or pre- or post-trial hearings will be resolved at or before the time of trial or the hearing.

6. Limitations on Disclosure:

(a) *Confidential Materials*: Except as set forth in sections 6(b) and 6(c) regarding disclosure to potential witnesses and experts, Confidential Materials produced by the government shall be disclosed to no one other than U.S. admitted defense counsel of record in this matter ("Defense Counsel") in the above-captioned case, other defense counsel, the staff supporting Defense Counsel (such as interpreters, translators, paralegal assistants, secretarial, stenographic, and clerical employees) who are working on this case under the direction of Defense Counsel and to whom it is necessary that the Confidential Material be disclosed for purposes of the defense of this case, and a maximum of two employees from each of UMC and Jinhua as Defense Counsel reasonably deems necessary to review the materials in connection with the preparation of the defense in this case. With respect to the two employees of UMC and Jinhua and other defense counsel, Defense Counsel shall provide the government with the employees' and/or other defense counsels' names, employers, and job titles at least 10 business days before Confidential Materials produced by the government are shown to such persons, and said persons must sign Exhibit A in accordance with section 6(b). If an objection has been lodged during such period, no Confidential Materials may be disclosed until any and all objections to the disclosure are resolved by the Court.

All employees of UMC or Jinhua reviewing Confidential Materials produced by the government may do so only in the presence of Defense Counsel and are not allowed to photograph, copy, take notes of, or retain any Confidential Materials produced by the government. Other defense counsel permitted to view Confidential Materials may do so only on systems owned and maintained by Defense Counsel and otherwise in accordance with this Order. Other defense counsel may not photograph, copy, take notes of, or retain Confidential Materials disclosed to them.

The review of Confidential Materials produced by the government shall not occur at any facility or place owned or controlled by UMC, Jinhua, or the Chinese government.

Except as set forth in sections 6(b) and 6(c) regarding disclosure to potential witnesses and experts, Confidential Materials produced by the defense shall be disclosed only to government attorneys, agents, and staff (including personnel from the United States Attorney's Office for the Northern District of California, the United States Department of Justice, the Federal Bureau of Investigation, and interpreters

and translators contracted with the government) as the government deems reasonably necessary to review the materials in connection with the prosecution of this case.

(b) *Disclosure of Confidential Materials to Potential Percipient Witnesses*: Potential percipient witnesses (other than those who are described in paragraph 6(a)) may be shown Confidential Materials received from a Producing Party only in the presence of counsel for the party contemplating calling such witness, only if the witness has signed the attached "Acknowledgment of Protective Order" (Exhibit A), and only if counsel for a party reasonably believes that showing the potential percipient witness the confidential materials is necessary for preparation of the case. With respect to the potential percipient witnesses, Defense Counsel shall provide the government with the witnesses' names, employers, and job titles at least 10 business days before Confidential Materials produced by the government are shown to such witnesses. If an objection has been lodged during such period, no Confidential Materials may be disclosed until any and all objections to the disclosure are resolved by the Court. Potential percipient witnesses may not photograph, copy, take notes of, or retain Confidential Materials received from a Producing Party and disclosed to them. The review of Confidential Materials shall not occur at a facility or place owned or controlled by UMC, Jinhua, or the Chinese government. Nothing in this paragraph shall limit the government's ability to share or disclose Confidential Material described in paragraph 2(a) with employees, officers, directors, or attorneys for Micron.

(c) *Disclosure of Confidential Material to Experts*: A Receiving Party may disclose Confidential Materials received from a Producing Party to expert witnesses or consultants (collectively, "expert" or "experts") provided that (i) such expert is not a current or former officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities, nor anticipated at the time of retention to become an officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities; and (ii) such expert is not involved in competitive decision making—as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)—for UMC, Jinhua, Micron or a competitor of the party to whom the documents being produced belong. When a party retains an expert or experts to assist in reviewing Confidential Materials received from a Producing Party, the expert shall execute an "Acknowledgment for Experts" (Exhibit B), signed under oath. The Acknowledgement shall be kept on file with counsel for the party and provided to counsel for an opposing party at the conclusion of litigation

(upon request), or at such time as the identity of an expert is otherwise required to be disclosed to an opposing party, whichever is earlier. The opposing parties will not otherwise be provided with a copy of the Acknowledgement signed by the expert(s), and the identity of the expert(s) need not be disclosed to the opposing parties except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure, the local rules of this district, or court order. Notwithstanding the above, if a defendant wishes to disclose Confidential Materials to an expert who is a non-U.S. national, the defendant must notify the government of that expert's or consultant's identity, so that the government may object in writing within 10 days if good cause exists for the objection. If an objection has been lodged during such period, no Confidential Materials may be disclosed to the expert until any and all objections to the disclosure are resolved by the Court.

(i) No expert shall disclose Confidential Materials to any individual associated with or employed by UMC or Jinhua or to any other witness or potential witness in this matter unless counsel is present and the conditions of sections 6(a) and 6(b) are met.

(ii) Experts may be provided with copies of Confidential Materials received from a Producing Party but may not photograph or make any copies of the Confidential Materials.

(iii) The parties shall maintain a log of any Confidential Material received from a Producing Party and provided to experts, for the purposes of ensuring the complete return and/or destruction of Confidential Materials at the conclusion of the above-captioned case.

(d) *Notification and Objections*: At least 10 business days before disclosing any Confidential Materials received from a Producing Party to any person other than a person described in paragraphs 6(a), 6(b), or 6(c), the Receiving Party seeking such disclosure shall notify the Producing Party, and the Producing Party may object in writing to the proposed disclosure if good cause exists for the objection. If the parties are unable to resolve any such objection, the party seeking disclosure may seek relief from the court by way of motion. The particular Confidential Material subject to the objection may not be disclosed until the objection to the disclosure is resolved by the Court.

7. Maintaining Confidential Materials:

(a) *Generally*: The Receiving Party and anyone to whom the Receiving Party provides Confidential Materials shall maintain any Confidential Materials produced pursuant to this Protective

Order in a manner reasonably intended to preserve and maintain the confidentiality of the materials. Specifically, the Receiving Party shall maintain Confidential Materials in secure areas or on secure networks along with a copy of this Protective Order. If stored electronically on networks not owned by the U.S. government, the materials shall be password-protected and the network folders in which they are stored shall be walled off from any individuals not directly assisting in the above-captioned case.

(b) *Transporting or Transmitting Confidential Materials outside the Country*: Absent prior court approval or stipulation of the parties, Confidential Materials received from a Producing Party may not be transported or transmitted outside of the United States, with the exception that they may be transported to Hong Kong, Taiwan, Japan, and Singapore. The Receiving Party transporting any Confidential Materials to Hong Kong, Taiwan, Japan, or Singapore must keep the materials or media secure while traveling and must return to the United States with all copies of such materials, and may not transmit them electronically to or through any country other than the United States. Any transportation of Confidential Materials obtained from a Producing Party to Hong Kong, Taiwan, Japan, or Singapore must utilize encryption of the transported information, and such information shall remain encrypted while stored outside of the United States. Electronic copies of Confidential Materials outside the United States that are not transported back to the United States shall be permanently deleted from storage media upon the completion of review of the Confidential Materials.

Upon Defense Counsel providing the government notice (pursuant to section 6(a) of this Protective Order) that they intend to review Confidential Materials with employees of UMC or Jinhua in the United States—and absent any sustained objection by the government to such disclosure—the government will, within 10 days, provide safe passage letters for those employees that certify that no legal action will be taken against them while in the United States, and that the United States Attorney for the Northern District of California and the United States Department of Justice will not cause or request them to be arrested on behalf of the United States (e.g., for purposes of extradition) while in the United States. Defense counsel will provide the names of the witnesses requesting safe passage; the government is not required to issue a blanket safe passage letter.

8. Personal Identifying Information: Given the time and expense that would be required to do so, no party is obligated to review every Confidential Material produced or received in this case in

order to redact all personal identifying information (such as date of birth, social security numbers, addresses, phone numbers, etc.) or other sensitive information (such as bank account numbers). If a party discovers such information during their review of the materials, they are prohibited from knowingly providing access to or otherwise disclosing the contents of that information to anyone not involved in the litigation of the above-captioned case. If either party discovers that personal identifying information has been inadvertently disclosed, they shall notify the other party in writing, use their best efforts to retrieve the personal identifying information, and request that the person to whom the personal identifying information was disclosed not use or disseminate the information in any way.

9. <u>Unauthorized Disclosure of Confidential Material</u>: If a Receiving Party learns that it has disclosed, inadvertently or otherwise, Confidential Materials obtained from a Producing Party to a person in a circumstance not authorized under this Protective Order or any unauthorized access to Confidential Materials otherwise occurs, the Receiving Party must immediately (a) notify the Producing Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the "Acknowledgment of Protective Order" that is attached to this order as Exhibit A. Nevertheless, a Receiving Party shall have no obligation under this paragraph with respect to any Confidential Materials: (a) which become at a later date lawfully available to the general public through no fault of the Receiving Party; or (b) which the Receiving Party can demonstrate were in its lawful possession before receipt from the Producing Party; or (c) which are disclosed to the Receiving Party by a third party who has the lawful right to disclose such information.

10. <u>Disclosure to the Court</u>: Any court filings containing materials designated as Confidential Materials or a description thereof shall be made under seal. In addition, the Confidential Materials or descriptions thereof shall be clearly identified in such sealed filing. The portions of any transcripts of proceedings in which Confidential Materials or a description thereof is discussed shall be sealed and access to those transcripts shall be restricted to individuals authorized under this Protective Order.

11. <u>Return of Confidential Materials</u>: At the conclusion of the above-captioned case, the Receiving Party and any experts to whom Confidential Materials received from a Producing Party were

provided shall return such materials and any and all copies thereof to the Producing Party. In addition, the Receiving Party and any expert that received Confidential Materials from a Producing Party shall take adequate steps to ensure that any and all electronic copies of Confidential Materials are deleted and permanently erased, to the extent allowed by law, from any computer or computer system on which such materials were stored, with the exception that Defense Counsel and attorneys for the government may keep correspondence, pleadings, expert reports, and other information involving attorney work product that might include Confidential Materials received from a Producing Party. Within 60 days of the conclusion of the above-captioned case, experts that received Confidential Materials shall certify that they have permanently deleted all Confidential Materials in their possession.

12. Export Control: Disclosure of Confidential Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Confidential Material, including the release of such technical data to a non-U.S. national in the United States or elsewhere.

13. Prosecution Bar: Absent written consent from the Producing Party, any individual who receives access to Confidential Material shall not be involved in the prosecution of patents or patent applications (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisionals or continuations-in-part) involving DRAM technology, before any non-U.S. or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a US domestic or non-U.S. agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to Confidential Material is first received by the affected individual and shall end two (2) years after final termination of this action.

14. Protection for Non-Party's Confidential Materials.

(a) In the event that the government or a defendant is required, by a valid discovery request outside the above-captioned criminal case, to produce a Non-Party's Confidential Materials in its possession, and either the government or defendant is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Materials outside the criminal case, then the government or

defendant shall:

  1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  3. make the information requested available for inspection by the Non-Party.

 (b) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the party may produce the Non-Party's Confidential Materials responsive to the discovery request made outside the above-captioned criminal case. If the Non-Party timely seeks a protective order, the party shall not produce any Confidential Materials in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Materials. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

 15. <u>Inadvertent production of privileged or otherwise protected material</u>: Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent disclosure of documents, ESI, testimony, information and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege, protection or immunity ("Privileged Material") shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege for the inadvertently produced document or specific material or information disclosed covering the same or a similar or related subject matter. The government and defendants agree that: (1) absent exceptional circumstances, a statement by a party that a production of Privileged Material was inadvertent shall be dispositive; (2) they are all taking reasonable steps to prevent disclosure of Privileged Material; and (3) a party shall be deemed to have taken prompt steps to rectify the inadvertent production of Privileged Material if it notifies the Receiving Party within 14 calendar days of learning of the inadvertent production. If a Producing Party makes a written request for the return, pursuant to this Paragraph, of any Privileged Material then in the custody of a Receiving Party , the Receiving Party shall either sequester the Privileged

Material and all copies thereof; destroy such materials or return the Privileged Material within 10 business days, and the Receiving Party will also make no use of the information contained in the Privileged Material or further disseminate the Privileged Material regardless of whether the Receiving Party disputes the claim of privilege.

16. <u>Translations</u>: Translations of any Confidential Materials, regardless of which party prepares or produces the translation, and regardless of the language from or to which the Confidential Material is translated, shall automatically inherit the same confidential designation of the item from which it was translated. Accordingly, any translations shall be subject to the same restrictions on dissemination as the original document of which the translation is made.

17. <u>Violations</u>: Violations of this Protective Order shall be punishable by contempt of court or any other legally available sanction that the court deems appropriate. All parties to whom Confidential Materials are disclosed in accordance with this Protective Order consent to this Court's jurisdiction for purposes of enforcing this order.

18. <u>Further Relief</u>: Nothing in this Protective Order shall be construed as restricting any party from seeking such further relief as may be available under the Federal Rules of Criminal Procedure or other applicable law. Specifically, the parties contemplate the entry of an additional order to govern the use of any Confidential Materials at trial.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __November 1__, 2019

_____
UNITED STATES DISTRICT JUDGE
Maxine M. Chesney

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I hereby acknowledge that I have received a copy of the Protective Order issued in *United States v. United Microelectronics Corporation, et al.,* Case No. 18-CR-465 (MMC), and that I have read and understand it, and I agree to be bound by all of its terms. If English is not my primary language, the Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order and punishing any violations thereof.

_____
Name (Printed)

_____
Signature

_____
Address

_____
Address (cont'd)

_____
Name of Translator (if applicable)

_____
Signature of Translator

-16-
Stipulated Final Protective Order
Case No. 3:18-CR-00465-MMC

# EXHIBIT B

## ACKNOWLEDGMENT OF PROTECTIVE ORDER BY EXPERT

I hereby acknowledge that I have received a copy of the Protective Order issued in *United States v. United Microelectronics Corporation, et al.,* Case No. 18-CR-465 (MMC), and that I have read and understand it, and I agree to be bound by all of its terms. If English is not my primary language, the Protective Order and this Acknowledgment have been translated for me. I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order and punishing any violations thereof.

I have been retained to serve as an expert in this matter and a true and correct copy of the current version of my CV is attached to this Acknowledgement. I have read the Indictment in this case, and have familiarized myself with the subject of this litigation to the degree necessary to be able to evaluate whether my role as an expert in this matter would pose any conflicts of interest. I am not: (1) a current or former officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities and do not anticipate at the time of retention to become an officer, director, or employee of UMC, Jinhua, Micron, or a competitor of any of those entities; and (2) a person involved in competitive decision making—as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984)—for UMC, Jinhua, Micron or a competitor of the owner of the Confidential Materials in question. To the extent that my role as an expert gives me access to information designated as Confidential Materials, I understand that I am prohibited from using that information in any way that is inconsistent with the Protective Order, and violation of the Protective Order would subject me to civil or criminal penalties, or both.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Expert Name (Printed)

_____
Expert Signature

_____
Date

_____
Address