UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Maxine M. Chesney, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. CR 18-465 MMC |
| | ) | |
| UNITED MICROELECTRONICS | ) | |
| CORPORATION, INC.; FUJIAN | ) | |
| JINHUA INTEGRATED CIRCUIT CO., | ) | |
| LTD; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

San Francisco, California
Wednesday, December 18, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
                    DAVID L. ANDERSON
                    United States Attorney
                    450 Golden Gate Avenue
                    San Francisco, California  94102
            BY:  **LAURA E. VARTAIN**
                 **ASSISTANT UNITED STATES ATTORNEY**

For Defendant United Microelectronics:
                    LATHAM & WATKINS
                    505 Montgomery Street - Suite 1900
                    San Francisco, CA  94111
            BY:  **LESLIE R. CALDWELL**
                 **ATTORNEY AT LAW**

        **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By:  Ruth Levine Ekhaus, RDR, FCRR
              Official Reporter, CSR No. 12219

APPEARANCES:  (CONTINUED)

For Defendant Fujian Jinhua:

                   MORRISON & FOERSTER
                   425 Market Street
                   San Francisco, California  94105
        BY:  **CHRISTINE Y. WONG**
             **ATTORNEY AT LAW**

PROCEEDINGS

Wednesday - December 18, 2019                          9:33 a.m.

                         P R O C E E D I N G S

                            ---o0o---

          THE CLERK:  Calling Criminal Case Number 18-465,

United States of America versus United Microelectronics and

Fujian Jinhua Integrated Circuit.

          MS. VARTAIN:  Good morning, Your Honor.  Laura Vartain

for the United States.

          THE COURT:  Good.

          MS. CALDWELL:  Leslie Caldwell for UMC.

          THE COURT:  Okay.

          MS. WONG:  Christine Wong for Fujian Jinhua.

          THE COURT:  All right.  So you are getting ahead of

the custodies that will be down shortly, but we're near the

beginning.

     So we have handled certain matters that were contested.

This is a scheduling conference.  So where are we with this

particular case?

          MS. VARTAIN:  Yes, Your Honor.  As the Court knows,

the protective order has been entered, and pursuant to that the

Government has produced substantial discovery and is continuing

to do so.  I expect that most of the discovery in the

Government's possession will be produced in early January.

It's in the processing process.  And there are a few e-mail

accounts over which privilege reviews need to be done.  But we

1  are working on those.

2       And my request would be that we come back in 60 days for

3  any discovery dispute motion briefing that we need, and further

4  status.

5           THE COURT:  Okay.  Let's take the other side one at a

6  time.

7       Ms. Wong, anything?

8           MS. WONG:  Your Honor, the Government is accurate in

9  the recitation of what's going on with discovery.  One matter

10  that we have identified, and we sent a letter to the Government

11  about this, is in the course of reviewing a sample of the

12  discovery that has been produced so far, it appears that many

13  of the documents have been over-designated as confidential

14  trade secrets.  There are documents that are filings, court

15  filings in the United States, filings that relate to the Taiwan

16  proceedings, news articles, press releases.

17          THE COURT:  Things that were made public at one time,

18  you're saying.

19          MS. WONG:  Exactly, that have all been designated as

20  confidential.

21          THE COURT:  Okay.  Let me go back to Ms. Vartain for a

22  minute.

23          MS. VARTAIN:  I received a letter regarding this issue

24  yesterday.  I asked for the defense to identify, once they

25  raised this issue to me, what they thought was overly

**PROCEEDINGS**

1  designated.  As the Court may know, I'm recently -- I'm new to

2  the case.  I will review the letter.  And my hope is that we

3  have no further dispute about it and we can just resolve it

4  without the Court's intervention.

5       **THE COURT:**  All right.  Hopefully -- I'm not sure who

6  is overseeing the designations, so it may be worth talking to

7  them about it to see if they had some guideline that maybe is

8  over-inclusive.

9       Ms. Caldwell, what about from your standpoint?

10      **MS. CALDWELL:**  Yes, Your Honor.

11      Just to alert you to what may or may not be an issue

12  depending on what other discovery is provided by the

13  Government, there are two categories of materials that we think

14  should be provided that have not been to date.

15      One is grand jury material.  I understand that the

16  Government doesn't have a legal obligation to produce grand

17  jury material at this stage, but we do think that there are --

18  and, again, I won't get into the details of it right now, but

19  we do think there is an attorney/client privilege issue, and

20  that some provisions of the indictment are based on privileged

21  information, that it should not have been in the Government's

22  possession.  We have not gotten grand jury material.  So we, at

23  minimum, need to see the material presented to the grand jury

24  on two particular paragraphs in the indictment.

25      This is obviously not a case where there is any risk of

1  any danger to any witnesses who may have testified in the grand

2  jury.  That's one category.

3     The other category is:  This case was essentially driven

4  and originated by the victim company, Micron, both here and in

5  Taiwan.  Micron was -- filed a criminal complaint in Taiwan and

6  also initiated the Government's interest in this case here in

7  the U.S..

8     Micron has provided a lot of information to the

9  Government.  We have some of that.  We believe that Micron has

10  a lot of other information that may or may not have been

11  provided.  We'll see.  We're not asking the Court for relief at

12  this point, but we'll see what the Government produces.

13     But just for -- as an example, Micron provided to the

14  Government, and the Government has produced to us, what

15  purports to be a declaration from one of the individual

16  defendants in the case named Kenny Wong.  We are aware that

17  there are multiple versions of that declaration that have very

18  significant factual differences.  We only have one version and,

19  in our view, that would be operating material.

20     So we are going to request that -- and we have requested

21  in our discovery letter that materials in the possession of

22  Micron also be produced, whether they were given to the

23  Government or not.

24     Again, we're not seeking relief at this point, but that is

25  something that we hope that the Government will be giving us.

1      **THE COURT:**  So you have a legal issue of some sort,

2   possibly regarding Micron materials that haven't been

3   produced --

4      **MS. CALDWELL:**  Right.

5      **THE COURT:**  -- to the Government, given that Micron is

6   a non-governmental entity.  I understand that you're working

7   together.

8      **MS. CALDWELL:**  Yes, we are working together and

9   hopefully we'll work this out.  But I'll just note again, we're

10  not, obviously, seeking relief at this point.

11     But just to note, again, that in a very similar fact

12  situation in the Western District of Washington in the *Hua Wei*

13  case, *U.S. v Hua Wei*, the victim company, which was T-Mobile in

14  that case, essentially produced materials to the defense in a

15  similar situation where they were essentially the reason why

16  the case was being brought.

17     **THE COURT:**  No, I understand that you're still trying

18  to work this out with the Government.

19     **MS. CALDWELL:**  Yes.

20     **THE COURT:**  What I will say is that I understand that

21  the Government and Micron are working together --

22     **MS. CALDWELL:**  Yes.

23     **THE COURT:**  -- so whatever legal effect that has or

24  doesn't have, that was the only thing that was mentioned.

25     **MS. CALDWELL:**  Correct.

1    THE COURT:  Then this other idea, if we can go back to

2  that for a moment with the grand jury and attorney/client

3  privileged material --

4    MS. CALDWELL:  Right.

5    THE COURT:  -- are you saying that there was

6  attorney/client privileged material that was submitted to the

7  grand jury or --

8    MS. CALDWELL:  Your Honor, without going into the

9  details now, because this is obviously something we would

10  litigate under seal, a former attorney for UMC provided

11  material to Micron, which in turn provided the material to the

12  Government.  And we believe that material was privileged and

13  should not have been provided.

14    So it would be the basis of a motion, but we need to see

15  what was actually presented to the grand jury.  There were two

16  paragraphs in the indictment that we believe were based solely

17  on that individual's information which should not have been in

18  the hands of the Government.

19    THE COURT:  What do you think the legal effect of that

20  is?

21    MS. CALDWELL:  I think the legal effect of that is

22  that those paragraphs in the indictment will have to be

23  redacted.  And there may also be other implications because

24  that material was also used in other ways in the investigation.

25  But, again, that would be the subject of litigation if we get

1    to that point.

2         THE COURT:  All right.  Well, okay.  Some discovery,

3    though, has been produced?

4         MS. CALDWELL:  Correct.

5         THE COURT:  Did any of it make its way to Hong Kong?

6         MS. CALDWELL:  Some of it has made its way to Hong

7    Kong.

8         THE COURT:  As far as you know, nothing untoward has

9    happened in connection with it?

10        MS. CALDWELL:  Absolutely not.

11        THE COURT:  All right.  So where are we at this point?

12   Should I go ahead and set another status date?

13        MS. CALDWELL:  Yes, Your Honor.

14        MS. WONG:  Yes, Your Honor, although we would request

15   30 days instead of 60 days, given that there is still discovery

16   outstanding.  I think 30 days would allow us to report back on

17   what the status is of how much discovery --

18        THE COURT:  Let me make a suggestion in that regard

19   then.  If you're wanting to just sort of keep the Court

20   involved in case there is some dispute that might be resolved,

21   other than just between or amongst yourselves, I could set

22   30 days.  If you determine at that time everything is going

23   along smoothly, you could provide a stipulation to put the

24   matter over for another 30 so that you don't have to come in,

25   you know, and take your time and finances, whatever.

1    That would be one idea, kind of as a tickler, and if we

2  don't need it, we don't need it.

3    What about from the Government's standpoint?

4    **MS. VARTAIN:**  I don't have any objection to coming

5  back in 30 days.  I think 60 is more practical because the

6  discovery is voluminous.  It has now crashed the Government's

7  system a few times as we tried to get it out the door this

8  week.  And I would like to have an opportunity to discuss with

9  defense counsel the topics they have raised to the Court and

10  see if we can reach agreement on those areas.

11    I think it's more likely that we would have more

12  productive conversations in 60 days, but I'm not going to

13  object to coming back in 30 days.

14    **THE COURT:**  Any objection, Ms. Caldwell?

15    **MS. CALDWELL:**  No, we're fine with either, Your Honor.

16    **THE COURT:**  Here is another idea.  Okay?

17    I say 60 days, so you don't have to file something to put

18  it over, you know, with the idea that everything will be going

19  along smoothly.  But, if any of the parties to this particular

20  case feels that it would be appropriate to come in at 30, that

21  everybody will agree and then you'll ask me to put it at 30.

22    In other words, if anybody thinks you should come in at

23  30, that you don't have a fight over "No, we don't have to,"

24  "Yes, we do," kind of things.

25    **MS. VARTAIN:**  That would be the Government's

1   preference, Your Honor.

2          **THE COURT:**  So pick a date in 60 days approximately.

3   Do you want to talk for a minute amongst yourselves?

4                          (Conferring.)

5          **THE COURT:**  You're in February if you're doing it at

6   60.  I don't know if you need to look at a calendar, your own

7   personal ones; otherwise, we can just pick something middle-ish

8   February, the 12th or the 19th.

9          **MS. CALDWELL:**  February 12th or 19th?

10          **MS. WONG:**  I'm actually not here on the 19th.

11          **MS. VARTAIN:**  February 12th sounds like a good day

12   then.  All right.

13          **THE COURT:**  So the matter will stand over to

14   February 12th.  That will be back at the regular time, 2:15.

15      Let's see.  I think I would have to be excluding time.

16          **MS. VARTAIN:**  Yes, Your Honor, for effective

17   preparation due to the production of discovery.

18          **THE COURT:**  Sounds like -- is everybody in accord on

19   that?

20          **MS. CALDWELL:**  Yes, Your Honor.

21          **MS. WONG:**  Yes, Your Honor.

22          **THE COURT:**  All right.  I will exclude time from the

23   running of the speedy trial clock to February 12th, 2020 for

24   effective preparation of counsel, which is obviously in both

25   defendants' best interest, and outweighs any other interest

1    they or the public otherwise might have.  Thank you.

2         MS. CALDWELL:  Thank you, Your Honor.

3         MS. WONG:  Thank you.

4         MS. VARTAIN:  Thank you, Your Honor.

5              (Proceedings adjourned at 9:43 a.m.)

6                        ---o0o---

7              CERTIFICATE OF REPORTER

8         I certify that the foregoing is a correct transcript

9    from the record of proceedings in the above-entitled matter.

10

11   DATE:   Monday, December 30, 2019

12

13

14

15   _____

16        Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219
             Official Reporter, U.S. District Court

17

18

19

20

21

22

23

24

25