Pages 1 - 23

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Maxine M. Chesney, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. CR 18-00465 MMC |
| | ) | |
| UNITED MICROELECTRONICS | ) | |
| CORPORATION, INC.; FUJIAN | ) | |
| JINHUA INTEGRATED CIRCUIT CO., | ) | |
| LTD.; et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

San Francisco, California
Wednesday, September 9, 2020

**TRANSCRIPT OF TELEPHONIC PROCEEDINGS**

**APPEARANCES BY TELEPHONE:**

For Plaintiff:
        DAVID L. ANDERSON
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California  94102
    **BY:  LAURA E. VARTAIN**
        **ASSISTANT UNITED STATES ATTORNEY**

For Defendant United Microelectronics Corporation, Inc.:
        LATHAM & WATKINS
        505 Montgomery Street - Suite 1900
        San Francisco, CA  94111
    **BY:  LESLIE R. CALDWELL**
        **ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
        Official Reporter

1    **APPEARANCES**:   (CONTINUED)

2    For Defendant Fujian Jinhua Integrated Circuit Co., Ltd.:
                              SKADDEN, ARPS, SLATE, MEAGHER
3                                 & FLOM LLP
                              525 University Avenue - Suite 1100
4                             Palo Alto, California  94301
                    BY:    **JACK P. DICANIO, ATTORNEY AT LAW**
5
                              SKADDEN, ARPS, SLATE, MEAGHER
6                                 & FLOM LLP
                              300 South Grand Avenue
7                             Los Angeles, California  90071
                    BY:    **MATTHEW E. SLOAN, ATTORNEY AT LAW**
8
     Also Present:        **Nicholas Hunter, National Security**
9                            **Division**
                           **Steve Marzen, National Security Division**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  <u>**Wednesday - September 9, 2020**</u>                    <u>**11:01 a.m..m.**</u>

2                    <u>**P R O C E E D I N G S**</u>

3                         **---000---**

4        **THE COURT:**  Good morning, Counsel.  I understand there

5   are a lot of you on the line.  This is Judge Chesney and we're

6   holding our motion and trial setting conference, I guess,

7   telephonically in light of the COVID pandemic.

8        I want to make sure I've got people who can hear me.

9   Who's going to be appearing for the U.S. this morning?  Is it

10  Ms. Vartain?

11        **MS. VARTAIN:**  Yes.  Hi, Your Honor.  This is Laura

12  Vartain, and I will be speaking for the Government today.   My

13  colleagues Steve Marzen and Nick Hunter are also on the line

14  from the National Security Division.

15        **THE COURT:**  Okay.

16     For the defendant?

17        **MS. CALDWELL:**  Hi, Your Honor.  It's Leslie Caldwell

18  for United Microelectronics Corporation.

19        **THE COURT:**  Great.  Good morning.

20        **MS. CALDWELL:**  Good morning.

21        **THE COURT:**  Then for Fujian Jinhua?

22        **MR. DICANIO:**  Good morning, Your Honor.  This is Jack

23  DiCanio who's speaking, and also with me is my colleague Matt

24  Sloan from Skadden, Arps on behalf of Jinhua.

25        **THE COURT:**  I guess there are just a lot of other

1    people curious I guess to what we're doing this morning.

2        Frankly, I don't know what we're doing this morning so if

3    somebody wants to bring me up to date as to where we are, that

4    would be great.

5            **MS. VARTAIN:**  Sure, Your Honor.  This is Laura

6    Vartain.

7        I think as the Court noted, we are on calendar for trial

8    setting and motion practice.  In preparation for that, the

9    United States has met and conferred with the Defense counsel.

10   I think we have a slight disagreement as to the realistic trial

11   date.

12       The Government's position with respect to the trial date

13   is that August 2021 is the earliest this case can be tried

14   notwithstanding the Government's interest in trying the case

15   sooner.  This is because in light of the pandemic and in light

16   of the fact that many of the Government witnesses in this case

17   are located in Taiwan and will need to travel both for prep and

18   for the trial date itself, there is too much uncertainty around

19   when trial restrictions will lift in a sufficiently meaningful

20   way to set a trial date that can give the parties and the Court

21   certainty.

22       And so the Government's position is that in light of that

23   uncertainty, August 2021 is really the earliest that this case

24   can be tried to provide the requisite certainty for all of the

25   parties and for the Court.

1          And I'll certainly let the defendants speak to their

2     differing positions, but so that the Court can understand what

3     I think the next step is, in light of this disagreement, we

4     have not and are not prepared to propose other dates to the

5     Court because those dates seem to be triggered off of whatever

6     date the Court determines is appropriate for the trial in this

7     case.

8          **THE COURT:**  Okay.  Before I hear from either of the

9     defendants' counsel, I just realized I do want to make sure

10    that our courtroom clerk is on the line.

11         Ms. Geiger, are you there?  Uh-oh.

12                        (Pause in proceedings.)

13         **THE COURT:**  Uh-oh.  Did I lose anybody?  Let me just

14    do a quick roll call.  Ms. Vartain, you're there?

15         **MS. VARTAIN:**  Yes.

16         **THE COURT:**  Ms. Caldwell?

17         **MS. CALDWELL:**  Yes, Your Honor.

18         **THE COURT:**  Let's see, Mr. DiCanio?

19         **MR. DICANIO:**  I am, Your Honor.

20         **THE COURT:**  That's enough people for that moment.  But

21    let me try again.  Ms. Geiger, did we lose you?

22                        (Pause in proceedings.)

23         **THE COURT:**  Yes, we did.

24         Okay.  She initiated the call and I just didn't think -- I

25    usually do ask whether she's on the line.

1      Let me make sure we have our court reporter.  Ms. Bryce,

2   are you there?

3          **THE REPORTER:**  Yes, Your Honor.  I'm here.  I'm

4   totally here.

5          **THE COURT:**  Okay.  So I guess we're just missing

6   Ms. Geiger and someone from my chambers staff just checked to

7   see if she can be brought back into the call.

8      What I'd like her to do is, once somebody takes a breath,

9   if she wants she lets us know.  I wonder if that's her.

10         **THE CLERK:**  Your Honor, I got kicked off the

11  conference call.  I am back on.

12         **THE COURT:**  Very good.  Thank you.  Well, we're just

13  going along.  I realized I hadn't asked at the outset.  I

14  figured that you initiated the call, then it's good that I

15  inquired.

16     Okay.  So let's get back, then.  The Government thinks

17  that the case can't be tried essentially for another year, a

18  little under a year.  Who wants to take up the first position

19  with respect to either defendant?

20         **MR. DICANIO:**  Your Honor, this is Jack DiCanio for

21  Jinhua.

22     Ms. Caldwell, is it okay if I take the first shot?

23         **MS. CALDWELL:**  Sure.

24         **MR. DICANIO:**  Your Honor, thank you so much for your

25  time this morning.

1        I do agree with the Government that there's an awful lot

2   of uncertainty in light of COVID and it's obviously all of us

3   who are setting trials during this period of time so it's hard

4   to know what's going to happen and when trials will really

5   start in earnest.  So I don't want you to think, Your Honor,

6   that I'm not mindful of the points she's making.  We are and

7   certainly understand all of that.

8        I think the counterbalance of that, Your Honor, though,

9   is, you know, this case has been pending for sometime now and I

10  think that it's the right time to at least set a trial date so

11  that the parties can be working in earnest towards, you know,

12  the trial of this matter, getting motions on calendar, getting

13  things decided, and moving forward.

14       If you were to ask me as to when I think the appropriate

15  time would be, it's not much different than the Government.  We

16  see us being ready sometime in June.  June 2021 would be the

17  right time to do it.

18       As in all of my other cases, Your Honor, what seems to be

19  happening is that, you know, courts are setting trial dates.

20  They're seeing how things develop over the course of time and

21  either moving them if they need to or keeping them if there's a

22  feeling that it could continue to go forward.  But I think

23  that's the best we can do in light of the uncertainty of all of

24  this.

25       We think that it would be good to get this set.  We think

1  that June would be the right time to set it, but it's close

2  enough between June and August for whatever works with the

3  Court's calendar to make that work.

4      And then I agree with Ms. Vartain that once we get some

5  guidance from Your Honor about the trial date, what I would

6  propose is that the parties sit down, we'll put together a

7  reasonable motion and other deadlines, and then we would submit

8  that hopefully by stipulation to the Court for your review.

9          **THE COURT:**  Okay.  Let's turn to Ms. Caldwell then.

10     Thank you, Mr. Dicanio.

11         **MS. CALDWELL:**  Your Honor, I don't have anything to

12  add to what Mr. DiCanio said.

13         **THE COURT:**  Okay.  I would say that there isn't much

14  difference between June and August; and if you made it the end

15  of June and early August, you'd have a month apart essentially

16  and that's not worth arguing about, or even two months really.

17     The case has been pending quite a while, a couple years as

18  far as I can tell, so we should do something.

19     I am concerned about COVID and what's going to happen.  I

20  think this year, no matter what the court says about kind of

21  moving the date forward in which trials will happen and doing

22  it incrementally, ultimately we're going to end up at the same

23  place than if we just kind of guessed at the beginning and

24  picked some date far off because things just don't look that

25  good.

1          This is a criminal case so it will have priority, but we

2    want to make sure that we can get jurors.   I mean, I don't

3    think anybody wants to have a trial other than what I'll just

4    call a real one so maybe the later rather than the sooner is

5    better.

6          I do have an absolute command performance to go to a

7    wedding in late July and it's in, of all places, Halifax,

8    Nova Scotia, where the bride is from, and that's going to be a

9    long trip to get to it and get back so I may want to add a

10   couple of days to that trip once I'm already back there, not

11   just show up and leave.   But this is a family member that I

12   have to attend the wedding.

13         So I'm thinking -- I don't know which is better really,

14   before then or after, and I don't know if it makes too much

15   difference.   I wasn't really looking forward to flying anywhere

16   even in July of next year but if I have to, I have to.

17         How long do you estimate the trial will take if you have

18   any idea whatsoever?   And assuming everybody's in it just, you

19   know, for argument's sake.

20         **MS. VARTAIN:**   Sure, Your Honor.

21         And as the Court knows, it's hard to predict without a

22   sense of stipulations.   I know chain of custody is going to be

23   a significantly litigated issue in this case, and so I'm going

24   to give the Court my most reasonable expectation assuming

25   minimal stipulations, and that would be a Government

case-in-chief of three to four weeks given how this Court

generally conducts its trial schedule.

**THE COURT:**  Whoa.  Okay.

For the reporter, that was Ms. Vartain.

Now, the three to four weeks, that's just for your case.

Now, if any large chunk of that is built into chain of custody,

isn't that something that would get hashed out before in some

way?  We don't want to be arguing, you know, and taking big

breaks from the jury on what are essentially legal questions,

it would seem to me, unless you're just saying as a factual

matter there's some concern in that respect but not to the

point that it would be a legal one.

**MS. VARTAIN:**  That's right, Your Honor.  I'm

predicting that -- I'm forecasting that I think the Defense

will raise several of these issues, and I would hope that we

have certainty about it in advance of trial, but I'm building

in a trial date I would say sort of at the three-week level if

we had settled all of those types of issues in advance, which I

would hope that we could, and the four-week estimate was the

outside prediction in the case that we didn't settle those

sufficiently in advance.

**THE COURT:**  Well, yeah.  I mean, it isn't like you

have to settle them, you know, by some kind of accord with the

other side.  I mean, these are things that really should be

brought up either on motions to suppress or otherwise -- or

1    *motions in limine*, preferably motions to suppress in some way

2    if there's no decent, you know, foundation for the particular

3    evidence that somebody wants to put in just to get it cleared

4    up.

5         What about the defendants who haven't appeared yet?  Where

6    are they in all of this?  Aren't they somewhere --

7              **MS. VARTAIN:**  Your Honor, I think it's unlikely that

8    those defendants will appear for trial.  No indication that

9    they would.

10        As the Court likely recalls, the United States recently

11   sought warrants due to their failure to appear in magistrate

12   court on the summonses that were originally issued in the case,

13   and so my best prediction is that this case will be tried with

14   one or both of the corporate defendants who have announced

15   themselves on this call today.

16             **THE COURT:**  Okay.  All right.  So the other people are

17   not going to be tried *in absentia*, so to speak, since they

18   haven't really showed up at all yet.

19        Okay.  Well, let's see about your estimate.  First of

20   all -- and I'll just go back to Mr. DiCanio -- do you have any

21   estimate if Fujian Jinhua is part of this trial how much time

22   would be added by reason of your client's, you know, appearance

23   in the trial?

24             **MR. DICANIO:**  Yeah.  Sure, Your Honor.

25        So maybe a little bit of a soft estimate in the sense that

1    we're still new to the case and we are still waiting for some

2    discovery to come from the Government.  There's some, I think,

3    in the process of being delivered to us, others that is

4    expected to come to us in the next several weeks so it's --

5          **THE COURT:**  Okay.

6          **MR. DICANIO:**  -- always hard to kind of land on that.

7       But if you were to ask me kind of cold where I am today, I

8    would have thought a one- to two-month estimate for the entire

9    trial would be reasonable.

10         **THE COURT:**  Okay.

11         **MR. DICANIO:**  And I do see counsel's point about, you

12   know, if there are stipulations and other things that could

13   streamline it, that could change; but I would think we would

14   fall, as a whole trial, somewhere between a month or two.

15         **THE COURT:**  Okay.  And, Ms. Caldwell, where are you

16   with this particular estimate?

17         **MS. CALDWELL:**  I think that's probably correct,

18   Your Honor.  I think the case is going to be slowed down by the

19   fact that many, if not most, of the witnesses will need

20   translators and so I think that that's probably an accurate

21   estimate.

22         **THE COURT:**  Okay.  You know, now that you bring that

23   up, I think that you're right about that.  One of my colleagues

24   recently had a case where there were I think -- I don't know if

25   everybody was using a Korean interpreter, whatever -- it just

1  doubles the time.  You know, even with simultaneous

2  translating, it really does just slow things down so much.

3      All right.  Everybody would need to keep some awareness of

4  jury ability to really stay focused on all this and/or

5  interested on anything that gets to be too long of a trial.

6      A month to two months is a pretty broad estimate.

7  Ms. Vartain was using what she, I guess, understands is my

8  usual trial schedule.  For anyone, including her in case she's

9  not right, I would probably go with the jury from 9:00 to

10  12:00 and 1:00 to 4:00; but on Fridays we're doing civil

11  motions and case management conferences so -- although on a

12  Friday afternoon I might be able to do something with counsel.

13  There won't be testimony in all likelihood.  You know, in all

14  likelihood, there won't be testimony taken on a Friday so you

15  end up with really four-day trial weeks getting about five

16  hours in.

17      And I would ordinarily have counsel come ahead of the jury

18  hopefully not more than a half hour earlier in case there are

19  any things that we want to get out of the way just so that we

20  don't hold the jury up.  If we do, then after a while they

21  won't show up on time.

22      So that gives you some idea of what we would do.  Given

23  the length of the estimate, I'm just looking and thinking what

24  is better.  I mean, if we do June, in the middle of it I'm

25  going to have to, you know, decamp to The Maritimes and so

1    maybe it should be in the August period going forward instead

2    of taking a chunk out in the middle and not knowing where we'll

3    be at that particular point in the case.

4         It may be safer too in terms of being able to get jurors,

5    though I don't know that there is going to be much difference

6    between June and August, for example.  I have cases set through

7    this time period so they'll just all have to either settle or

8    get pushed back.

9         And so do you want to pick a date now in August?  I

10   mean --

11            MR. DICANIO:  Your Honor, this is Jack DiCanio.

12        If you wanted to select, any of the dates in August could

13   work for us.  So whatever would be most convenient for the

14   Court.

15            THE COURT:  All right.  Why don't I just pick a date

16   out of the air and see if anybody has a conflict or difficulty

17   or anything with it.

18        So just looking at the calendar now, let me see when this

19   wedding is.  Okay.  I don't want to come back the next day and

20   start this trial.

21        Maybe the 9th, something like August 9.  How would that --

22            MS. CALDWELL:  This is Leslie Caldwell.  That would be

23   fine for UMC, Your Honor.

24            THE COURT:  Okay.

25            MR. DICANIO:  This is Jack DiCanio.  Fine for Fujian.

1            **THE COURT:**  And, Ms. Vartain?

2            **MS. VARTAIN:**  That's fine for the Government.  Thank

3     you, Your Honor.

4            **THE COURT:**  Now, I'm just thinking to myself.

5     Ordinarily we would have a pretrial conference a couple of

6     weeks before.  In a case like this maybe we want to have it a

7     little earlier than that.  However, if it gets too much

8     earlier, I'm off in, you know, Nova Scotia.  So I'm wondering

9     if I should -- let me see if I move the date at all whether

10    that works better.

11         I'm still looking here.  Oh, wait.  I'm in the wrong year.

12    Sorry.

13         Hmm.

14                      (Pause in proceedings.)

15            **THE COURT:**  Well, no, that might be okay.  You know,

16    if we had our pretrial either on the 19th -- I'm sorry.  I

17    usually have them on Tuesdays.  So either on the 20th or the

18    13th of July, something like that.  That would be before I was

19    going away, I think.  Though that's a little close.  The 20th

20    is a little close.  Maybe we would think about maybe the 13th

21    as being the date for pretrial conference.

22         It means that the dates I usually pick for kind of generic

23    calendaring purposes, such as the dispositive motion filing

24    cutoff and all, would probably be a little earlier than I would

25    ordinarily choose because of losing the two weeks off of the

```
 1   time period from the time of a hearing to the time that we
 2   would have a conference but, you know, all right.
 3       Do we want to say that and then you were thinking about --
 4   I mean, I could pick a deadline now of when you would have to
 5   file a dispositive motion just to give you an idea of is that
 6   coming up too soon or what because with the pretrial a month
 7   before your trial and you having to file various papers about a
 8   month before that, you're looking at probably filing papers
 9   sometime in June, in mid-June, and I wouldn't want to have a
10   dispositive motion heard right on top of that because you have
11   to prepare the papers.
12       So we're really looking at something in either early May
13   or late April probably as a cutoff, and that's coming up pretty
14   quickly.  So maybe we want -- of course you may have some idea
15   of what you want to do with these kinds of motions but, you
16   know, I can move things also, you know, if we have to.
17            MR. DICANIO:  Your Honor, this is Jack DiCanio.
18       I wonder if the Court maybe would allow us to get together
19   as counsel to try to put together a schedule for you that you
20   can take a look at.
21            THE COURT:  Yeah.  Let me give you one kind of hint
22   for a minute, and I'm going to check something.  I've just
23   stepped away from my desk for one second to grab something.
24                    (Pause in proceedings.)
25            THE COURT:  By the way, I don't know where all of you
```

1    are, but is it like nighttime outside where you are?  Because

2    here at the Federal Building it's pitch black.

3           **MR. DICANIO:**  Yes, Your Honor.  I woke up this

4    morning -- I thought I was on Mars when I woke up this morning

5    it's so bad.

6           **THE COURT:**  We're kind of orangy-gray with my lights

7    coming on automatically on my car but now, I mean, it looks

8    like midnight.  It's creepy.

9        Okay.  Let's just see, we've set our trial date we said

10   August 9?  Wait.  Is that what I said?

11          **MS. VARTAIN:**  Yes.

12          **MR. DICANIO:**  Yes, Your Honor.

13          **THE COURT:**  So let me see, August 9.  Ordinarily,

14   then, the dispositive motion filing cutoff would be no later

15   than May 7.  That's assuming a 35-day briefing schedule.  So I

16   was in the ballpark, as I said, early May, late April.  If

17   that's coming up too soon -- because I can't give you any more

18   slack than that, if that's coming up too soon, then we should

19   have a trial date farther off.

20          **THE CLERK:**  Your Honor, this is Tracy.

21          **THE COURT:**  Yes.

22          **THE CLERK:**  Wouldn't the dispositive motion filing

23   cutoff be April 23rd if we have the pretrial on July 13th?

24          **THE COURT:**  Oh, you're absolutely right.  Hang on a

25   minute.  It would actually be -- we're having it I think

1   actually two weeks earlier; right?

2           **THE CLERK:**  Correct.

3           **THE COURT:**  Ordinarily we have the pretrial on

4   July 27; right?  And this time --

5           **THE CLERK:**  I thought you were going to set the

6   pretrial on July 13th.

7           **THE COURT:**  Yeah.  That's two weeks earlier.

8           **THE CLERK:**  Okay.

9           **THE COURT:**  So with a July 13 pretrial, actually the

10  dispositive motion filing cutoff would be, I think you just

11  said, April 23; or if you didn't, I'm saying it.  So that's

12  coming up even faster.

13      So then the question is:  Can people live with that or

14  not?

15          **MR. DICANIO:**  So, Your Honor, this is Jack DiCanio.

16      I guess the issue from our perspective is, sure, we can,

17  but not if it's going to depend on the Government getting us,

18  you know, the remaining discovery so that we could kind of be

19  done with that piece of it and then we could plot out what

20  motions we think would be appropriate to bring, but a lot of

21  this is going to depend on the timing of that.

22      What I would suggest is we kind of allow counsel to

23  continue to dialogue on those issues, but I think we could make

24  April 23rd work.

25          **THE COURT:**  Okay.  Well, let's do this:  I'm going to

1   write your case in on a schedule so that you have a date.  If

2   it has to be changed, we'll talk about it, you know.  It's far

3   enough off that, you know, adjustments can be made if they have

4   to be.

5        But let me just make a note then.  Okay.  Hmm.

6                    (Pause in proceedings.)

7        **THE COURT:**  Okay.  So this is a jury trial, four to

8   eight weeks.

9        All right.  Well, that will just mow everything down in

10  front of it.  I'll let people know if that happens.

11       Hmm.  Two months from that date, well, that still is okay.

12  Unfortunately I've got an Eastern District case.  It's not

13  criminal but I'm hearing it because everybody in the

14  Eastern District had to recuse themselves.  They have a date

15  but it's as far past your date that I don't think that's a

16  problem.

17       Okay.  All right.  You have a trial date.  That should --

18  you know, I don't know who really wants to go to trial and who

19  doesn't here, but this should at least give everybody some idea

20  that you're not just kind of going along with nothing

21  happening.

22       And then as far as working out a schedule, just keep in

23  mind that that April 23 is kind of a nonnegotiable last day to

24  file.

25       Now, ordinarily what we do in criminal cases we often

1   have, you know, dispositive motions heard a lot sooner than

2   that.  In your case because you don't even have all your

3   discovery yet, I don't know if this is really realistic.  And

4   that's just a deadline.  I mean, it's not a mandate so people

5   can file dispositive motions sooner but, you know, we should

6   have some idea of how things are going anyway.

7        And then of course there's *motions in limine*, and that's

8   why I wanted the conference, the pretrial conference, to be

9   earlier than usual just so if there were a lot of them and if

10  there's dangling evidentiary issues and, you know.

11       I'm wondering, then, should we set -- you know, ordinarily

12  when I set a trial date, I set a bunch of other things, which

13  I'm not doing.  When do you think you could get some kind of

14  proposed schedule to me just so I don't sit here saying to

15  myself "I wonder when they're going to do it"?  A couple of

16  weeks?

17       **MS. VARTAIN:**  Yeah, Your Honor.  This is Laura

18  Vartain.

19       I think a couple of weeks makes sense; and I think subject

20  to other's views, I would propose that we would have something

21  to the Court by the end of the month for the Court to review

22  and consideration.

23       **THE COURT:**  Okay.  The end of the month being

24  September 30.  So that's about three weeks off.

25       If you need that, I guess it's okay just so -- you know,

1   as long as I have some kind of a date to be looking for

2   something; and, heaven forbid, that date turns out to be

3   premature, you could give me some stipulation on good cause to

4   push it back.

5      Do we want to use September 30?

6      **MR. DICANIO:**  This is Jack DiCanio.

7      That's fine with us, Your Honor.  We probably could do it

8   sooner too.

9      **MS. CALDWELL:**  And this is Leslie Caldwell.

10     That's also fine with us.

11     **THE COURT:**  Okay.  And we can do it sooner if you

12   want.

13     So let's say the deadline for the parties to give us a

14   proposed pretrial schedule is September 30.  Build into that,

15   by the way, some date for a further status conference between

16   now and the trial.

17     And I guess, you know -- I guess people aren't really in

18   any kind of criminal settlements anymore.  In the old days they

19   used to but not under the current administration with the

20   U.S. Attorney so that will just be left to you to chat about

21   informally I guess.  I can't say any more than that because --

22   okay.

23     So then I don't know if there's anything else we can do.

24   Do you want to -- you've got me.  Is there anything else that

25   you want to talk about?

1          **MS. VARTAIN:**  Your Honor, this is just an

2   administrative point.  I would propose an exclusion of time

3   through and until the next court appearance, which I know we

4   haven't set, or at least through the filing of the proposed

5   order at the end of the month, for effective preparation due to

6   the ongoing production of discovery.

7          **THE COURT:**  Does anybody object to that?

8          **MR. DICANIO:**  No, Your Honor.

9          **THE COURT:**  Great.

10         **MS. CALDWELL:**  No, Your Honor.

11         **THE COURT:**  Thank you.

12      I'm going to exclude time from the running of the speedy

13   trial clock through September 30.  In your pretrial, proposed

14   pretrial dates, also provide for a further exclusion just, you

15   know, for effective preparation of counsel.  That's for all the

16   reasons that have already been stated on the record today, and

17   those interests are obviously in the defendants' best interests

18   and outweigh any other interest that the defendants might have

19   or the public might have in proceeding without an exclusion

20   rapidly to trial.

21      All right.  Ms. Vartain, do you have anything else?  Thank

22   you for reminding me, but do you have anything else that you

23   feel needs to be addressed?

24         **MS. VARTAIN:**  Not today.  Thank you, Your Honor.

25         **THE COURT:**  Ms. Caldwell, anything?

1          **MS. CALDWELL:**  No, Your Honor.  Thank you.

2          **THE COURT:**  Mr. DiCanio?

3          **MR. DICANIO:**  No, thank you, Your Honor.

4          **THE COURT:**  Ms. Geiger, anything that's come to your

5     mind that I ought to take up before we conclude?

6          **THE CLERK:**  No, Your Honor.

7          **THE COURT:**  All right.  Great.

8          All right.  Well, then, everybody stay well, think

9     optimistically, and I'll wait for your next filing.

10         Thanks again.  That concludes our conference.

11         **MR. DICANIO:**  Thank you, Your Honor.

12         **MS. CALDWELL:**  Thank you, Your Honor.

13         **MS. VARTAIN:**  Thank you, Your Honor.

14              (Proceedings adjourned at 11:32 a.m.)

15                        ---oOo---

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Saturday, September 19, 2020

_____

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter