1   STEPHANIE M. HINDS (CABN 154284)
    Acting United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   LAURA VARTAIN HORN (CABN 258485)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       Laura.Vartain@usdoj.gov

8   NICHOLAS O. HUNTER (DCBN 1022355)
    STEPHEN MARZEN (NYBN 2007094)
9   Trial Attorneys, National Security Division

10      950 Pennsylvania Ave., NW
        Washington, DC 20530
11      Tel: (202) 353-3434
        Fax: (202) 233-2146
12      Nicholas.Hunter@usdoj.gov

13  Attorneys for United States of America

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO DIVISION

17  UNITED STATES OF AMERICA,          )   Case No. 3:18-CR-00465 MMC
                                       )
18              Plaintiff,             )
         v.                            )   **PARTIAL STIPULATION TO PRE-TRIAL**
19                                     )   **DATES AND [PROPOSED] ORDER**
    UNITED MICROELECTRONICS            )
20  CORPORATION, et al.                )
                                       )   Judge: The Honorable Maxine M. Chesney
21              Defendants.            )   Courtroom: 7, 19th Floor
                                       )   Trial Date: February 14, 2022
22                                     )

23          The United States and defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua")

24  (collectively, the "Parties"), by and through their undersigned counsel, stipulate to the following and

25  respectfully request the Court to enter an order regarding pretrial dates:

26          WHEREAS, the Court held a telephone hearing last Thursday, April 1, 2021, at which it set this

27  criminal matter to be

28
    PARTIAL STIPULATION TO PRE-TRIAL DATES AND [PROPOSED] ORDER
    3:18-CR-00465 MMC                    1

1     ■   tried commencing on February 14, 2022, at 9:00 am,

2     ■   scheduled a pretrial conference on January 18, 2022, at 10:00 am; and

3     ■   ordered the Parties to meet and confer on pretrial dates;

4     WHEREAS, the Parties met and conferred and agreed on all but one pretrial date, as reflected in

5 the table on the next page;

6     AND WHEREAS, the Parties respectfully submit the one remaining pretrial issue to the Court for

7 resolution;

8     NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the

9 undersigned counsel for the United States and Jinhua, as follows:

10     1.    The United States and Jinhua stipulate and agree to the pretrial dates in the table on the

11 next page.

12 //

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARTIAL STIPULATION TO PRE-TRIAL DATES AND [PROPOSED] ORDER
3:18-CR-00465 MMC             2

| Event | Date |
|---|---|
| U.S. shall produce all Brady, Giglio, Jencks (excluding grand jury testimony), and Rule 16(a) Materials (except expert disclosures) | June 28, 2021 |
| Government Expert Disclosures (Rule 16(a)(1)(G)) | July 2, 2021 |
| Defense Expert Disclosures (Rule 16(b)(1)(C)) | August 13, 2021 |
| Government Rebuttal Expert Disclosures | September 10, 2021 |
| Dispositive and Discovery Motion Deadline (including all Rule 12(b)(3) Motions) | September 22, 2021 |
| ·     Oppositions | October 20, 2021 |
| ·     Replies | November 3, 2021 |
| ·     Hearing | November 17, 2021 |
| Government's Disclosure of grand jury testimony of witnesses intended to be called at trial | November 5, 2021 |
| Reciprocal Discovery from Defendants (pursuant to Rule 16(b)(1)(A), (B)) | November 19, 2021 |
| Government Exhibit List/Witness List for case-in-chief | December 3, 2021 |
| Motions in Limine/Daubert Motions | December 1, 2021 |
| ·     Oppositions | December 22, 2021 |
| ·     Replies | January 4, 2022 |
| ·     Hearing | January 18, 2022 |
| Pre-Trial Conference Statement pursuant to L.R. 17.1-1 (as modified by the above) as well as: | January 4, 2022 |
| ·     Joint Factual Stipulations | January 4, 2022 |
| ·     Proposed Juror Questionnaires | January 4, 2022 |
| ·     Proposed Voir Dire Questions | January 4, 2022 |
| ·     Proposed Jury Instructions | January 4, 2022 |
| ·     Proposed Verdict Forms | January 4, 2022 |
| FINAL PRE-TRIAL CONFERENCE | January 18, 2022 |
| TRIAL | February 14, 2022 |

2.      The parties have only failed to reach agreement on one Pre-Trial date: the deadline for Jinhua to file its exhibit list and witness list for its case-in-chief.

      a.   Jinhua respectfully requests that the Court set the deadline for Jinhua's Exhibit List/Witness List for:  **February 14, 2022** (the first day of trial).

      b.   The United States requests that the Court set the deadline for Jinhua's Exhibit List/Witness List for:  **January 11, 2022**.

3.      Jinhua respectfully requests that the Court not require Jinhua to provide its witness and exhibit list to the government until the first day of trial in order to avoid having to disclose its defense strategy before the government even commences its case-in-chief.  Because disclosing Jinhua's witness

1    list, and particularly its exhibit list, will signal to the government how Jinhua plans to defend the case and

2    what it would seek to prove in its case-in-chief, requiring Jinhua to do so would interfere with Jinhua's

3    right to an effective defense.  Courts in the Ninth Circuit and around the country have long recognized

4    that defendants should not be required to disclose their "theory of the case" to the government.  *United*

5    *States v. Tomison,* 969 F.Supp 587, 593 (E.D. Cal. 1997) (permitting defendant to file request for Rule 17

6    subpoena in camera in order "to protect his trial strategy"); *see also, e.g.*, *United States v. Gomez, No. 19-*

7    *MJ-4160 JHR*, 2019 U.S. Dist. LEXIS 208621, at **5–6 (D.N.M. Dec. 4, 2019) (same); *United States v.*

8    *Potts*, No. CR H-16-0147-01, 2017 WL 1314193, at *3, n.2  (S.D. Tex. Apr. 6, 2017) (same); *United*

9    *States v. Johnson*, No. CR 94-0048 SBA, 2008 WL 62281, at *2 (N.D. Cal. Jan. 4, 2008) (same); *United*

10   *States v. Beckford*, 964 F.Supp. 1010, 1030 (E.D. Va. 1997).  As the Ninth Circuit so succinctly opined in

11   *United States v. Hernandez-Meza*, absent express rules to the contrary (which do not exist here), a

12   defendant is "entitled to remain silent as to what defense he will present, and the government must

13   anticipate any issue he might raise."  720 F.3d 760, 764 (9th Cir. 2013) (vacating conviction based, in part,

14   on district court's abuse of discretion in allowing the government to re-open case to address defense theory

15   that prosecutor allegedly failed to anticipate).

16           4.       Compelling Jinhua to disclose its witness and exhibit list by January 11, 2022 (five weeks

17   in advance of trial) as the government requests would unfairly prejudice Jinhua, particularly given the

18   circumstances here.  The government has alleged that Jinhua engaged in a broad-ranging conspiracy to

19   steal or copy Micron's trade secrets.  But the discovery produced by the government is completely devoid

20   of any evidence supporting that allegation.  In fact, the discovery has provided Jinhua with affirmative

21   evidence disproving both the existence of any conspiracy, as well as other key elements of the charged

22   offenses.  The early identification of that evidence would enable the government to reimagine and

23   restructure the presentation of its case-in-chief in an effort to somehow address that evidence.  But the

24   burden of proof rests solely on the government, as it is a well-established due process right of all

25   defendants in a criminal trial to remain completely silent with no obligation to present any evidence in

26   their defense.  An order requiring such an early identification of defense witnesses and exhibits in this

27   case would therefore compromise defendant's due process rights.

28

1

2          5.      The United States requests that the Court order the defense to provide its witness and

3    exhibit lists, for three reasons. *First*, this Court has power to order both Parties to disclose their witness

4    and exhibit lists in order to conduct a fair and efficient trial. Corporate defendants such as Jinhua have no

5    Fifth Amendment right against self-incrimination. *Braswell v. United States*, 487 U.S. 99, 102-19 (1988).

6    An amendment to Criminal Rule 16 proposed by the U.S. Supreme Court to Congress in 1974 would have

7    required disclosure of witness lists "by both the defense and prosecution" to (among other things)

8    "minimiz[e] the undesirable effect of surprise at trial, and by otherwise contributing to an accurate

9    determination of the issue of guilt or innocence." H.R. REP. NO. 247, 94th Cong., 1st Sess. 13 (May 29,

10   1975) (quoting Advisory Committee Note). That amendment was not adopted because "Congress was

11   concerned that a mandatory disclosure rule would discourage government witnesses from testifying and

12   lead to witness intimidation." *United States v. W.R. Grace*, 526 F.3d 499, 512 (9th Cir. 2008) (*en banc*).

13   Jinhua's cases say at most that defendants shouldn't be required to reveal their theory of the case in the

14   context of Criminal Rule 17 subpoenas. But it doesn't follow from that assertion that this Court lacks

15   power to order the Parties mutually to disclose their witness and exhibit lists – with Jinhua's revealed only

16   about a month before trial.  In fact, the Court presiding over the trial in *United States v. Holmes* ordered

17   an individual defendant to file a witness and exhibit list well in advance of trial, which trial will begin

18   later this summer. *See United States v. Holmes*, 18-00258 EJD (Dkts 484, 650) (orders setting defense

19   witness and exhibit list disclosure, which ordered defendant Holmes to file a witness and exhibit list in

20   September 2020 for trial set in March 20201; the trial has since been continued to July 2021).

21          *Second*, Jinhua has consistently maintained – as recently as last week – that the trial will last many

22   weeks longer than the United States projects the trial to run, which suggests that it intends to present a

23   case-in-chief, and perhaps a lengthy one. Litigating admission of exhibits prior to the beginning of the

24   case ensures a more seamless presentation of the evidence before the jury.

25          *Third*, Jinhua previously stipulated and agreed in the original pretrial schedule to disclose the

26   exhibits and witnesses for its case-in-chief about a month before trial (Dkt. #138 at 2). Accordingly, the

27   United States requests that the Court order Jinhua to disclose the exhibit list and witness lists for its case-

28

1  in-chief on **January 11, 2022**, which is the same number of calendar days (34) and work days (25) before

2  trial as in the original pretrial schedule (Dkt. #138).

3        6.      If helpful to the Court, the Parties are available to address the one outstanding issue and

4  address any other questions the Court may have in a telephone hearing.

5        WHEREFORE, the United States and Jinhua respectfully request that the Court

6  enter this Stipulation and the [Proposed] Order below setting pretrial dates. The parties further request

7  the Court to rule on whether and when Jinhua shall file its exhibit and witness list.

8        SO STIPULATED AND AGREED.

9    Dated: April 9, 2021            Respectfully Submitted,

10                           STEPHANIE M. HINDS
                         Acting United States Attorney

11

12                           /s/ Laura Vartain Horn
                         LAURA VARTAIN HORN

13                           Assistant United States Attorneys

14                           NICHOLAS O. HUNTER
                         STEVEN MARZEN

15                           Trial Attorneys, National Security Division

16                           /s/ Matthew E. Sloan

17                           JACK P. DICANIO
                         MATTHEW E. SLOAN

18                           Attorney for Defendant
                         Fujian Jinhua Integrated Circuit Co. Ltd.

19

20

21

22

23

24

25

26

27

28

PARTIAL STIPULATION TO PRE-TRIAL DATES AND [PROPOSED] ORDER
3:18-CR-00465 MMC          6

## [PROPOSED] ORDER

Good cause appearing, the pretrial dates below are HEREBY SO ORDERED:

| Event | Date |
|---|---|
| U.S. shall produce all Brady, Giglio, Jencks (excluding grand jury testimony), and Rule 16(a) Materials (except expert disclosures) | June 28, 2021 |
| Government Expert Disclosures (Rule 16(a)(1)(G)) | July 2, 2021 |
| Defense Expert Disclosures (Rule 16(b)(1)(C)) | August 13, 2021 |
| Government Rebuttal Expert Disclosures | September 10, 2021 |
| Dispositive and Discovery Motion Deadline (including all Rule 12(b)(3) Motions) | September 22, 2021 |
| ·     Oppositions | October 20, 2021 |
| ·     Replies | November 3, 2021 |
| ·     Hearing | November 17, 2021 |
| Government's Disclosure of grand jury testimony of witnesses intended to be called at trial | November 5, 2021 |
| Reciprocal Discovery from Defendants (pursuant to Rule 16(b)(1)(A), (B)) | November 19, 2021 |
| Government Exhibit List/Witness List for case-in-chief | December 3, 2021 |
| Motions in Limine/Daubert Motions | December 1, 2021 |
| ·     Oppositions | December 22, 2021 |
| ·     Replies | January 4, 2022 |
| ·     Hearing | January 18, 2022 |
| Defense Exhibit List/Witness List for case-in-chief | January 11, 2022 |
| Pre-Trial Conference Statement pursuant to L.R. 17.1-1 (as modified by the above) as well as: | January 4, 2022 |
| ·     Joint Factual Stipulations | January 4, 2022 |
| ·     Proposed Juror Questionnaires | January 4, 2022 |
| ·     Proposed Voir Dire Questions | January 4, 2022 |
| ·     Proposed Jury Instructions | January 4, 2022 |
| ·     Proposed Verdict Forms | January 4, 2022 |
| FINAL PRE-TRIAL CONFERENCE | January 18, 2022 |
| TRIAL | February 14, 2022 |

**IT IS SO ORDERED.**

Dated:   April 13, 2021

_____
MAXINE M. CHESNEY
United States Senior District Judge

PARTIAL STIPULATION TO PRE-TRIAL DATES AND [PROPOSED] ORDER
3:18-CR-00465 MMC                    7