JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>       v.<br><br>UNITED MICROELECTRONICS CORPORATION, et al.,<br><br>                             Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO PARTIALLY EXCLUDE THE EXPERT TESTIMONY OF DR. THOMAS W. DYER; DECLARATION OF MATTHEW E. SLOAN AND ATTACHED EXHIBITS; [PROPOSED] ORDER**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 14, 2022<br><br>Hearing Date: January 18, 2022<br>Hearing Time: 10:00 a.m. |

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2022, at 10:00 a.m., or as soon thereafter as the parties may be heard, before the Honorable Maxine M. Chesney, Judge, United States District Court for the Northern District of California, in the San Francisco Division Courthouse, Courtroom 7, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua") will bring for hearing, pursuant to Federal Rules of Evidence 702 and 704, this Motion to exclude the United States' purported "DRAM expert" Dr. Thomas W. Dyer ("Dr. Dyer") from offering improper opinion testimony regarding whether certain information constitutes trade secrets that allegedly belong to Micron Technology, Inc. ("Micron"). This Motion is based on this Notice of Motion and Motion, the arguments and authorities cited below, any evidence or argument presented to the Court at the hearing, the Declaration of Matthew E. Sloan ("Sloan Decl.") and attached exhibits, and such other papers, evidence, and arguments as may be submitted to the Court.

**ISSUE TO BE DECIDED**

Defendant Jinhua seeks an Order from the Court precluding Dr. Dyer from offering an opinion regarding whether various information constitutes Micron's alleged trade secrets and whether Jinhua misappropriated Micron's trade secrets.

**ARGUMENT AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Jinhua respectfully requests that the Court exclude from evidence improper expert opinion testimony by Dr. Dyer regarding (i) whether certain information constitutes Micron's alleged trade secrets under 18 U.S.C. § 1839(3); and (ii) whether Jinhua misappropriated Micron's alleged trade secrets. Dr. Dyer's proposed testimony consists of improper legal conclusions that invade upon the province of the jury. To the extent any portions of Dr. Dyer's testimony constitute legal conclusions, they should be excluded from evidence at trial.

## II. LEGAL STANDARD

Expert opinion testimony that "embraces an ultimate issue to be decided by the trier of fact" is not *per se* objectionable. *See* Fed. R. Evid. 704(a); *Focal Point Films, LLC v. Sandhu*, Case No. 19-cv-02898-JCS, 2020 WL 5760355, at *6 (N.D. Cal. Sept. 28, 2020) (quoting *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002), *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014), *and United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)); *accord* Fed. R. Evid. 704(a). An expert witness in a criminal case, however, must not "give an opinion as to her *legal conclusion*." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citations omitted); *see Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (expert testimony consisting of legal conclusions is "utterly unhelpful" and inadmissible (citation omitted)). The rationale behind such prohibition is that "[w]hen an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (alteration in original) (first quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) and then citing Fed. R. Evid. 702(a), 704(a)). In accordance with Federal Rule of Evidence 704(a), courts in this Circuit have consistently held that an expert witness is precluded from reaching an ultimate legal conclusion or instructing the trier of fact as to what result to reach. *Diaz*, 876 F.3d at 1199; *see also id.* at 1197 (citing cases); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).[1]

Courts in this Circuit have held that the question of whether certain information or technology constitutes a trade secret is a question for the jury. "[A]n expert may not testify that certain technology constitutes a trade secret" because "such testimony invades the province of the jury."

---

[1] This approach is adopted by a number of other circuits. *See Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008) ("The court, in its role as gatekeeper, must exclude expert testimony . . . which invades the province of the jury to find facts and that of the court to make ultimate legal conclusions."); *Robertson v. Norton Co.*, 148 F.3d 905, 908 (8th Cir. 1998) ("[C]ourts must guard against 'invad[ing] the province of the jury on a question which the jury was entirely capable of answering without the benefit of . . . expert opinion.'") (alterations in original) (citation omitted); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("[A]lthough an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts.").

*HighMark Digit., Inc. v. Casablanca Design Ctrs., Inc.*, Case No. CV 18-06105 SJO (JPR), 2020 WL 2114940, at *7 (C.D. Cal. Mar. 26, 2020) (citation omitted); *see also Masimo Corp. v. Sotera Wireless, Inc. (In re Sotera Wireless, Inc.)*, 591 B.R. 453, 458 (S.D. Cal. 2018) ("The issue of whether information constitutes a trade secret is a question of fact." (citation omitted)), *aff'd*, 794 F. App'x 625 (9th Cir. 2020) ("The issue of whether information constitutes a trade secret is a question of fact."). The *HighMark Digital* court relied on *CDA of America Inc. v. Midland Life Insurance Co.*, No. 01-CV-837, 2006 WL 5349266, at *5 (S.D. Ohio Mar. 27, 2006), in which the court excluded expert testimony on "the issue of whether or not [an] insurance conservation program constituted a 'trade secret,' as that would, as a matter of law, encroach upon the province of the jury in breach of Federal Rule of Evidence 704." 2006 WL 5349266, at *6. Applying this rule, the *HighMark Digital* court concluded that an expert "may not present the legal conclusion that HighMark's source code and HOP files constitute trade secrets." *HighMark Digit.*, 2020 WL 2114940, at *7-8; *see also Patriarch, Inc. v. Dynomite Distrib., Inc.*, No. CV 06-4960 CAS (RCx), 2007 WL 4800400, at *3 (C.D. Cal. Feb. 14, 2007) (expert testimony "regarding legal conclusions, such as whether plaintiff's customer and supplier lists were trade secrets . . . invades the province of the jury").[2]

      This Court has also precluded expert witnesses from opining that one party misappropriated another party's trade secrets which is "the ultimate issue of law presented" as that would also "improperly invad[e] the province of the jury." *Proofpoint, Inc. v. Vade Secure, Inc.*, Case No. 19-cv-04238-MMC, 2021 WL 2383574, at *1-2 (N.D. Cal. June 10, 2021) (alteration in original)

---

[2] District courts in other circuits have followed a similar approach. *See Joe N. Pratt Ins. v. Doane*, Civil Action No. V-07-07, 2009 WL 5220646, at *5 (S.D. Tex. Dec. 30, 2009) ("This Court, like other courts, finds that expert legal conclusions about whether information consists of 'trade secrets' are unhelpful to the fact finder."); *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 250 (N.D.N.Y. 2004) (expert opinions concerning whether certain information constituted trade secret address "is a matter solely for the jury to decide," thus are "plainly excludable" and "inadmissible") (citation omitted); *Bausch & Lomb, Inc. v. Alcon Lab'ys, Inc.*, 79 F. Supp. 2d 252, 259 (W.D.N.Y. 2000) (proposed testimony about what constitutes a trade secret and misappropriation of a trade secret is not proper expert opinion testimony under Rule 704 and "clearly inadmissible"); *SL Montevideo Tech., Inc. v. Eaton Aerospace, LLC.*, No. CIV 03 3302RHKFLN, 2005 WL 1923811, at *7-8 (D. Minn. Aug. 11, 2005) (expert witnesses may not testify that the information constitutes trade secrets or that the information was improperly disclosed, but may testify as to their knowledge of that information).

(quoting *Glenwood Sys., LLC v. Thirugnanam*, No. CV 10-8910 CAS (AJWx), 2012 WL 1865453, at *8 (C.D. Cal. May 21, 2012)).

### III. ARGUMENT

The United States submitted two letters on expert disclosures containing Dr. Dyer's initial and rebuttal disclosures. On July 2, 2021, the United States submitted the first expert disclosure. (Declaration of Matthew E. Sloan (the "Sloan Decl.") ¶ 2; *id.* at Ex. A (the "Opening Expert Disclosure").) On October 15, 2021, the United States submitted the second expert disclosure. (Sloan Decl. ¶ 3; *id.* at Ex. B (the "Rebuttal Expert Disclosure").) In both, the United States indicates its intent to solicit expert testimony from Dr. Dyer that would form improper legal conclusions as to whether various documents and information constitute Micron's trade secrets. The proposed opinions from Dr. Dyer should be excluded because they are not a proper subject of expert testimony and would be unhelpful to a trier of fact. *See Hangarter*, 373 F.3d at 1016.

The proposed expert testimony of Dr. Dyer contains a myriad of assertions that certain documents and information constitute Micron's alleged trade secrets. Such testimony is akin to the expert testimony expressly rejected by the *HighMark Digital* court. *See HighMark Digit.*, 2020 WL 2114940, at * 8 (granting motion to exclude to the extent the expert witness "seeks to opine that HighMark's HOP files and the source code are trade secrets"). Here, the United States' expert disclosures seek to introduce the following expert testimony from Dr. Dyer which reflect improper legal conclusions:

- "The steps, recipes, and tools for a particular Micron DRAM process are a trade secret considered in combination. Each, however, is separately a **Micron trade secret**. For example, Dr. Dyer will testify that each of the following is **independently a Micron trade secret** (or meets the elements of the definition if 'trade secret') . . . ." (Sloan Decl. Ex. A (the "Opening Expert Disclosure") at 6 (emphasis added).)

- "Dr. Dyer will offer similar testimony with regard to Micron's 20nm (100 series) and 1x nm (110 series) DRAM, which constitute independent sets of **trade-secret information**." (*Id*. at 7 (emphasis added).)

- "Dr. Dyer will testify that (1) the combination of process steps and the sequence of those steps; (2) the combination of recipes associated with individual steps; and (3) the combination of tools used to perform the steps are each **highly valuable trade secrets**." (*Id*. at 17 (emphasis added).)

4

- "Depending on his opinions regarding the measures taken to protect Trade Secrets 1-8, Dr. Dyer may testify that each of Trade Secrets 1-8 (along with any sub parts identified in the government's forthcoming bill of particulars) **are Trade Secrets** under 18 U.S.C. § 1839(3)." (*Id.* at 19 (emphasis added).)

- "Dr. Dyer performed detailed comparisons of the **Micron trade secrets** and process flows to the Project-M process flow as it existed in December 2015, December 2016, and September 2018." (*Id.* at 21 (emphasis added).)

- "As described in his July 2, 2021 disclosure, Dr. Dyer's opinion is that there is substantial evidence that the Project M team copied or otherwise used Micron's DRAM process information and **trade secrets** in developing the process for Project M." (Sloan Decl. Ex. B (the "Rebuttal Expert Disclosure) at C-1 (emphasis added).)

- "Dr. Dyer has continued build out spreadsheets that allow for a side-by-side comparison of the processes described in Micron's **trade secrets** (primarily for the 90 series and 110 series products) and the Project-M process." (*Id.*)

To be clear, an expert is at times permitted to testify as to the factors underlying whether certain information or technology constitutes a trade secret. However, this is not what the United States has proposed to do in its expert disclosures. *See HighMark Digit.*, 2020 WL 2114940, at *8 (the expert "may testify to the factors underlying whether technology constitutes a trade secret" and "may . . . provide opinions [regarding] . . . the value of [the] conversion software and . . . HOP files, as this testimony is relevant to the trier of fact's trade secret determination"); *see also id.* (citing *GSI Tech., Inc. v. United Memories, Inc.*, Case No. 5:13-cv-01081-PSG, 2015 WL 12942201, at *4 (N.D. Cal. Oct. 14, 2015) (permitting expert testimony on whether the technology at issue had "independent economic value or whether the party undertook reasonable efforts to maintain their secrecy")). Rather, throughout the expert disclosures, Dr. Dyer offers outright legal conclusions (like those addressed above) that certain information constitutes Micron trade secrets without touching on the underlying legal factors or elements, thereby improperly substituting his own opinions for those of the jury. Because these portions of Dr. Dyer's proposed testimony opine on the ultimate legal conclusion as to what constitutes Micron trade secrets, they are merely "regurgitat[ing]" the Government's claims, and should consequently be excluded. *See HighMark Digit.*, 2020 WL 2114940, at *8 (conclusion in expert report inadmissible under Fed. R. Evid. 702(a) as it "is an uncritical regurgitation of HighMark's claims").

For the same reasons, to the extent Dr. Dyer intends to testify that Jinhua misappropriated or stole Micron's trade secrets, such testimony should be excluded. (*See* Sloan Decl. Ex. A (the "Opening Expert Disclosure") at 3 ("Dr. Dyer formed opinions about whether and how Project-M members used the stolen Micron information to advance the project ...."); *id*. at 25 ("Dr. Dyer will testify . . . Micron employees would be familiar with Micron's process technology, and better able to copy, reference, or otherwise misappropriate the information to the advantage of Project M.").) This Court has expressly precluded an expert witness "from opining that any of the defendants misappropriated plaintiffs' trade secrets" where "the ultimate issue of law presented . . . is whether defendants misappropriated plaintiffs' trade secrets." *Proofpoint*, 2021 WL 2383574, at *1-2 (citing *Glenwood Sys. v. Thirugnanam*, No. CV 10-8910 CAS (AJWx), 2012 WL 1865453, at *8 (C.D. Cal. May 21, 2012) (expert's anticipated testimony "opin[ing] about whether defendants misappropriated plaintiff's trade secrets" must "be excluded as improperly invading the province of the jury")).

## IV.   CONCLUSION

For the foregoing reasons, Jinahua respectfully requests that the Court preclude Dr. Dyer from testifying about his improper legal conclusions as to whether certain information and documents constitute Micron's alleged trade secrets and whether Jinhua misappropriated Micron's trade secrets.

Dated: December 1, 2021

                                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                      By:   */s/ Jack P. DiCanio*
                                                JACK P. DICANIO
                                             Attorneys for Defendant
                                      FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.