JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, *et al.*,<br><br>Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF A PRIOR DISCIPLINARY ACTION AGAINST STEPHEN CHEN; DECLARATION OF MATTHEW E. SLOAN AND ATTACHED EXHIBITS; [PROPOSED] ORDER**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 14, 2022<br><br>Hearing Date: January 18, 2022<br>Hearing Time: 10:00 a.m. |
|---|---|

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2022, at 10:00 a.m., or as soon thereafter as the parties may be heard, before the Honorable Maxine M. Chesney, Judge of the United States District Court for the Northern District of California, in the San Francisco Division Courthouse, Courtroom 7, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua") will bring for hearing, pursuant to Rules 401, 402, 403 and 404(b) of the Federal Rules of Evidence, this Motion *In Limine* No. 5 to Exclude Evidence of a Prior Disciplinary Action Against Stephen Chen ("Motion").  This Motion is based on this Notice of Motion and Motion, the arguments and authorities cited below, any evidence or argument presented to the Court at the hearing, the Declaration of Matthew E. Sloan ("Sloan Decl.") and attached exhibits, and such other papers, evidence, and arguments as may be submitted to the Court.

## ISSUE TO BE DECIDED

Defendant Jinhua seeks an Order precluding the government from introducing any evidence relating to a prior disciplinary action that Micron Technology Inc. ("Micron") allegedly took against defendant Stephen Chen, as identified in the government's November 1, 2021, Crim. L.R. 16-1(c) Notice (the "Local Rule 16-1(c) Notice") and in the FBI FD-302 report of the interview of Yanbin Wang on April 21, 2021.  Among other things, this purported evidence is irrelevant, constitutes improper character evidence, and should be excluded under Federal Rule of Evidence 403 because any even arguable probative value it has is substantially outweighed by the danger of unfair prejudice, confusing the issues or misleading the jury.

## ARGUMENT AND AUTHORITIES

### I.   INTRODUCTION

The government has indicated that it intends to introduce evidence "relating to a disciplinary action" that Micron took against defendant Stephen Chen while he was still employed by Micron. (*See* Sloan Decl. Ex. A (Local Rule 16-1(c) Notice) at 7.)  The government claims that the disciplinary action is "inextricably intertwined with the facts of this case as direct evidence of Chen's motive and intent to commit the crimes with which he is charged and [is] thus evidence against

Jinhua." (*Id.*)  Alternatively, the government argues that evidence of the purported disciplinary action against Mr. Chen is admissible under Rule 404(b) of the Federal Rules of Evidence, as "evidence of motive, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident." (*Id.*)

The details of Micron's purported disciplinary action against Mr. Chen, Jinhua's President, are described in very cursory detail in an FBI FD-302 report of Micron employee Yanbin Wang. (*See* Sloan Decl. Ex. B (FBI FD-302 report of the interview with Yanbin Wang on April 21, 2021) at USD-0885748-752.)  Mr. Wang states that Micron's legal department took an action against Mr. Chen because Mr. Chen knew that certain "management members" of Micron used funds for a dinner and an after-dinner event (which Mr. Chen did not attend), and that Mr. Chen did nothing to stop this allegedly improper use of Micron's funds.  (*Id.* at USD-885750.)  According to the FBI-302, "Mr. Wang had *heard* about the matter, but did not have a detailed knowledge on the amount of funds involved." (*Id.*) (emphasis added).  Mr. Wang purportedly indicated that the matter "was handled internally by [Micron's] corporate legal [department]," (*id.*) but no documents pertaining to this alleged incident have been provided by the government besides this hearsay account by Mr. Wang.

The government's attempt to introduce evidence about this purported disciplinary action against Mr. Chen should be excluded on multiple grounds.  ***First***, the government has failed to clearly "articulate . . . the permitted purpose for which the prosecutor intends to offer the evidence and *the reasoning that supports the purpose*." Fed. R. Evid. 404(b)(3)(B) (emphasis added).  ***Second***, the purported disciplinary action against Mr. Chen is not relevant to the charges against Mr. Chen, let alone Jinhua, and is thus inadmissible under Rules 401 and 402.[1]  ***Third***, the government's attempt to introduce evidence of this purported disciplinary action, as well as evidence about the alleged underlying conduct, is prohibited by Rule 404(b), which bars the introduction of *other acts evidence* "to prove a person's character in order to show that . . . the person acted in accordance with [that] character." Fed. R. Evid. 404(b)(1). The government's contention that the disciplinary action against Mr. Chen at a prior employer (*i.e.*, Micron) was somehow "inextricably intertwined" with the

---

[1] For purposes of this Motion, "Rule" refers to a Rule in the Federal Rules of Evidence.

2

allegations that Mr. Chen and Jinhua conspired with UMC to steal Micron's trade secrets defies logic and is mistaken, as are the government's claims that such evidence is admissible under Rule 404(b) as evidence of motive, intent, preparation, plan, knowledge or absence of mistake.  (Sloan Decl. Ex. A (Local Rule 16-1(c) Notice) at 7.)  **Fourth**, even if *for the sake of argument*, the purported disciplinary evidence did have any marginal relevance, any such probative value would be substantially outweighed by the danger of "unfair prejudice, confusing the issues [or] misleading the jury" and should thus be excluded pursuant to Rule 403's balancing test.  Fed. R. Evid. 403.  Accordingly, the government should be prevented from introducing any such evidence regarding this purported disciplinary action.  Jinhua's Motion should be granted.

## II.  ARGUMENT

### A.  The Government has Failed To Satisfy the Notice Requirements of Rule 404(b)(3) and Local Rule 16-1(c)(3).

In criminal cases, a prosecutor must provide a defendant with "reasonable notice" of the evidence of "other crime[s], wrong[s], or act[s]" it seeks to introduce at trial.  Fed. R. Evid. 404(b)(1), (3)(A).  This notice must include "the permitted *purpose* for which the prosecutor intends to offer the evidence and the *reasoning* that supports the purpose."  Fed. R. Evid. 404(b)(3)(B) (emphases added).  Similarly, Northern District of California Criminal Local Rule 16-1(c)(3) requires the government to disclose "[a] summary of any evidence of other crimes, wrongs or acts which the government intends to offer under F[ed]. R. Evid. 404(b) . . . which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence."  Crim. L.R. 16-1(c)(3); *see also United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994) (explaining that, without adequate notice by the prosecution, the trial court cannot "make the focused determination of relevance mandated" by Rule 404(b)).

Here, the government has failed to satisfy its burden under Rule 404(b)(3) and Criminal Local Rule 16-1(c)(3).  The government has not provided sufficient notice of what evidence it intends to offer at trial, the purpose of the evidence, or the reasoning that supports the purpose.  First, the statement of Mr. Wang, as set forth in the FBI FD-302 is not admissible, because it is hearsay and not subject to any hearsay exception or exclusion.  Thus, it is unclear what "evidence" the

3

government is intending to admit.  Live testimony by Mr. Wang?  Documents which have not yet been produced or disclosed to Jinhua?  Testimony by another witness?  This lacks the specificity required by the rules.[2]  Second, the government's notice provides only a cursory explanation of the purpose for which it intends to offer the evidence and fails to provide sufficient information as to the *reasoning* that supports the purpose.

Courts in the Ninth Circuit generally require far more information to satisfy Rule 404(b)(3)'s notice requirement.  For example, in *United States v. Buck*, No. 2:19-CR-00595-CAS-1, 2021 WL 1127163 (C.D. Cal. Mar. 24, 2021), the court held that a Rule 404(b)(3) notice was sufficient, when it provided the following level of detail:

> [T]hat defendant had a motive of distributing drugs as part of "party and play" sessions; that he had the knowledge of how to prepare and administer an injection of methamphetamine and knew the effects of those injections; that he had a common plan or scheme of recruiting men and distributing drugs to them in the same or similar ritualistic fashion; and that he had a modus operandi of distributing drugs to vulnerable men experiencing homelessness or addiction, who were typically young and African American.

*Buck*, 2021 WL 1127163, at *13.  The government's Rule 404(b)(3) notice in that case thus provided information about both the purpose for admitting the evidence and the reasoning that supported that purpose ("a motive of distributing drugs," "knowledge," "a common plan or scheme," and a "modus operandi").  *Id.*  Here, by contrast, all the government has provided is a conclusory statement that the action is (1) evidence of "Chen's motive and intent to commit the crimes with which he is charged" and/or (2) "evidence of motive, intent, preparation plan, knowledge, absence of mistake, and/or lack of accident."  (Sloan Decl. Ex. A (Local Rule 16-1(c) Notice) at 7.)  The first statement provides no detail about the reasoning as to why or how an incident relating to individuals potentially misusing company funds relates to a motive or intent to commit conspiracy to steal trade secrets or conspiracy to commit economic espionage.  And the second statement simply parrots the language of Rule

---

[2] In addition, to the extent that the government seeks to admit Mr. Wang's statements to the government through an agent's testimony, rather than calling Mr. Wang live at trial, the introduction of his testimonial statements would violate Jinhua's confrontation clause rights under the Sixth Amendment to the U.S. Constitution.  *See Crawford v. Washington*, 541 U.S. 36, 51-52 (2004).

4

404(b)(2), without any specificity.  This is insufficient to satisfy the notice requirement under Rule 404(b)(3) or Criminal Local Rule 16-1(c)(3).

### B. The Evidence Regarding the Alleged Disciplinary Action Is Not Relevant Under Rule 401 and 402.

Evidence about the purported disciplinary action against Mr. Chen, and the alleged conduct that precipitated that action, should also be excluded because it is irrelevant to the issues here.  *See* Fed. R. Evid. 401 (providing that evidence is relevant if it "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action").  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

Alleged evidence that Mr. Chen may have been aware of certain employees at *Micron* allegedly misusing company funds with respect to entertainment expenses has no bearing on the alleged wrongful acts charged against Jinhua.  This is not a case about misuse of corporate funds.  It is about an alleged conspiracy to commit economic espionage and steal or knowingly obtain and possess Micron's trade secrets.  The government should be precluded from eliciting testimony, introducing evidence, or making argument concerning these and similar irrelevant incidents of potential work misconduct because they simply are not relevant to this case in any way.

### C. The Government's Attempt To Introduce Evidence Regarding the Alleged Disciplinary Action Is an Improper Effort To Use Evidence of Prior Acts To Prove Conduct in Conformity Therewith in Violation of Rule 404(b)(1).

The government's attempt to introduce evidence about the alleged disciplinary action against Mr. Chen and his alleged failure to stop—or at least report—his colleagues' alleged "misuse of company funds" (*see* Sloan Decl. Ex. B (FBI FD-302 report of the interview with Yanbin Wang on April 21, 2021) at USD-0885750) is also not allowed under Rule 404(b)(1)'s prohibition against using evidence of prior alleged bad acts to prove a person's bad character and to suggest that he or she acted in conformity with that bad character.  Fed. R. Evid. 404(b)(1) ("**Prohibited Uses**. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").  The government apparently intends to do just that here—i.e., to introduce evidence of the disciplinary

action to prove that Mr. Chen, and by implication Jinhua, are "bad actors" who acted in conformity with these alleged "bad" traits.

The government's contention that the evidence about the disciplinary action "does not fall under Rule 404(b)" because "it is inextricably intertwined with the facts of this case" does not pass muster. The "inextricably intertwined" doctrine permits evidence of other acts to be admitted if those other acts are part of the same course of conduct and thus inseparable from the crimes charged in the indictment. *See, e.g.*, *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) ("[E]vidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the "other" act and the evidence concerning the crime charged are inextricably intertwined.'" (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987))). The Ninth Circuit has applied the "inextricably intertwined" doctrine in two categories of cases: (1) where the other act "constitutes a part of the transaction that serves as the basis for the criminal charge," and (2) where it was necessary to admit the other act evidence "in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1178 (9th Cir. 2016) (citations omitted); *see also United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) (holding that "evidence concerning other acts that are inextricably intertwined with the charged acts may be admitted" to "put [defendant's] illegal conduct into context and to rebut his [defense]").

Here, Jinhua has been charged with Conspiracy to Commit Economic Espionage (Count 1), Conspiracy to Commit Theft of Trade Secrets (Count 2) and Receiving and Possessing Stolen Trade Secrets (Count 7). (Indictment ¶¶ 16-49 (Count 1) (ECF No. 1); *id.* ¶¶ 50-53 (Count 2); *id.* ¶¶ 62-63 (Count 7).) The fact that Mr. Chen may have been aware of certain employees at *Micron* allegedly misusing company funds with respect to entertainment expenses, has no bearing on these charges against *Jinhua*. It clearly is not "part of the transaction that serves as the basis for the criminal charge" and it is not required to "offer a coherent and comprehensible story regarding the commission of the crime." *Loftis*, 843 F.3d at 1178 (citations omitted). Thus, the evidence is not admissible under the "inextricably intertwined" doctrine.

The government's claim that evidence of the disciplinary action against Mr. Chen is admissible under Rule 404(b)(2), which allows other acts evidence to be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2), fares no better.  The test for admitting such evidence under Rule 404(b) is whether: "1) it tends to prove a material fact; 2) the prior act is not too remote in time; 3) the evidence is sufficient to support a finding that the defendant committed the act; and 4) where knowledge and intent are at issue, the act is similar to that charged." *United States v. Hanson*, 936 F.3d 876, 882 (9th Cir. 2019) (quoting *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996)).

Alleged evidence that Mr. Chen may have been aware of certain employees at *Micron* allegedly misusing company funds with respect to entertainment expenses has no bearing on Mr. Chen's state of mind with respect to the alleged wrongful acts charged here, however.  The knowledge and intent of Mr. Chen in the prior disciplinary action is not the same as the knowledge and intent required to prove the claims against Jinhua.  The charges against Jinhua require an intentional or knowing state of mind, not simply a failure to act, which appears to be, at best, the state of mind that Mr. Chen had in the prior action.  Moreover, introduction of evidence of the prior action does not prove a material fact, there is no information about the timing of this event to determine whether it is remote in time, and the evidence, at best, is vague and insufficient to support a finding that Mr. Chen actually committed the act at issue.  Thus, the evidence of the prior disciplinary action against Mr. Chen is not admissible under Rule 402(b)(2).

### D. The Evidence Regarding the Alleged Disciplinary Action Is Unfairly Prejudicial Under Rule 403.

The government's evidence of the alleged disciplinary action against Mr. Chen should also be excluded under Rule 403's balancing test because its probative value, if any, would be substantially outweighed by the danger of unfair prejudice or misleading the jury. *See United States v. Montgomery*, 150 F.3d 983, 1000-01 (9th Cir. 1998); Fed. R. Evid. 403.  "'Unfair prejudice,' within the meaning of the rule, occurs when the evidence has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citation omitted).

1  Here, even if the government were able to demonstrate that the evidence of the alleged
2  disciplinary action against Mr. Chen had some marginal relevance, that minimal probative value
3  would be significantly outweighed by a danger of unfair prejudice or misleading the jury. *See* Fed.
4  R. Evid. 403.  Most obviously, this evidence would invite the jury to reach a decision based on
5  concerns that because of Mr. Chen's alleged prior conduct, Mr. Chen—and by extension, Jinhua—
6  were bad actors and acted in conformity with those character traits in connection with the economic
7  espionage and trade secret theft allegations at issue here.  This is precisely the type of unfairly
8  prejudicial evidence that Rule 403 is designed to preclude.  *See, e.g.*, *IV Sols., Inc. v. United*
9  *Healthcare Servs., Inc.*, No. CV 12-4887 GAF (MRWx), 2014 WL 5817224, at *2-3 (C.D. Cal.
10 Nov. 10, 2014) (finding evidence of prior investigations by the Executive Officer of the California
11 Board of Pharmacy in a contract action would be prejudicial under Rule 403).

## III.   CONCLUSION

For the reasons set forth above, this Court should grant Jinhua's Motion precluding the government from introducing any evidence about the prior disciplinary action purportedly taken against Stephen Chen (as set forth in the government's Local Rule 16-1(c) Notice) or the alleged conduct that precipitated that disciplinary action.

Dated: December 1, 2021

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


                    By:    */s/ Jack P. DiCanio*
                              Jack P. DiCanio
                           Attorneys for Defendant
                    FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.