JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
OSAMA ALKHAWAJA (SBN 334404)
Osama.Alkhawaja@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:      (650) 470-4500
Facsimile:      (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CO. et al.,<br><br>Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE THE EXPERT TESTIMONY OF TERRENCE DALY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW E. SLOAN; [PROPOSED ORDER]**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 14, 2022<br><br>Hearing Date: January 18, 2022<br>Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION AND MOTION

TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 18, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard at a time set by The Honorable Maxine M. Chesney in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua"), will move the Court to exclude the United States' purported "Foundry Expert" Terrence Daly from offering improper opinion testimony with respect to his Principal Opinions No. 1, No. 4, and No. 5, pursuant to Rules 401, 403, 702 and 704 of the Federal Rules of Evidence ("Motion").  This Motion is based upon the Notice of Motion and Motion, Memorandum of Points and Authorities, the Declaration of Matthew E. Sloan ("Sloan Decl.") and exhibits thereto, the pleadings and papers on file in this action, and such further arguments and matters as may be presented at the time of the hearing on this Motion.

1

## <u>TABLE OF CONTENTS</u>

2  NOTICE OF MOTION AND MOTION ...........................................................................i

3  TABLE OF CONTENTS................................................................................................ii

4  TABLE OF AUTHORITIES .........................................................................................iii

5  ISSUES TO BE DECIDED ............................................................................................ 1

6  MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

7      I.     INTRODUCTION .................................................................................. 1

8      II.    THE CHARGES AGAINST JINHUA AND ELEMENTS OF THE
9            ALLEGED OFFENSES.......................................................................... 2

    III.   ARGUMENT ......................................................................................... 2
10
         A.    Applicable Legal Standards ....................................................... 2
11
         B.    Mr. Daly's Proffered Testimony That UMC Is Not Capable of
12                Producing DRAM (Opinion No. 1) Is Not Relevant and Is Not Based
              on Facts or Reliable Principles and Methods.................................... 3
13
         C.    Mr. Daly's Proffered Testimony That Project M Injured Micron
14                (Opinion No. 4) Should Be Excluded Because It Is Not Relevant and
              Would Be Unfairly Prejudicial ......................................................... 5
15
         D.    Mr. Daly's Proffered Testimony That Project M Benefited the
16                People's Republic of China (Opinion No. 5) Should Be Excluded
              Because It Is Not Relevant and Would Be Unduly Prejudicial ....................7
17
    IV.   CONCLUSION.................................................................... 11
18

1

## TABLE OF AUTHORITIES

2

### CASES

3

Page(s)

4
*Claar v. Burlington Northern Railroad Co.*,
    29 F.3d 499 (9th Cir. 1994) ............................................................. 5

5
*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
6
    509 U.S. 579 (1993).......................................................................... 3

7
*General Electric Co. v. Joiner*,
    522 U.S. 136 (1997).......................................................................... 5

8

9
*In re Heparin Product Liability Litigation*,
    MDL No. 1953, 2011 WL 1059660 (N.D. Ohio Mar. 21, 2011) .......................... 9

10
*Jinro America Inc. v. Secure Investments, Inc.*,
11
    266 F.3d 993 (9th Cir. 2001) ...................................................... 3, 9, 10

12
*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999).......................................................................... 3

13
*Turf Center, Inc. v. United States*,
14
    325 F.2d 793 (9th Cir. 1963) ............................................................. 6

15
*United States v. Ayers*,
    924 F.2d 1468 (9th Cir. 1991) ........................................................... 6
16

17
*United States v. Liew*,
    No. CR 11-00573-1 JSW, 2013 WL 6441259 (N.D. Cal. Dec. 9, 2013) ............ 10

18

19
*United States v. Pangang Group Co.*,
    879 F. Supp. 2d 1052 (N.D. Cal. 2012) ............................................. 4

20
*United States v. Yihao Pu*,
    814 F.3d 818 (7th Cir. 2016) ............................................................. 6
21

22
*United States v. Zhang*,
    590 F. App'x 663 (9th Cir. 2014) ..................................................... 6

23

### STATUTES

24
18 U.S.C. § 1831 .......................................................................... 2, 6, 8

25
18 U.S.C. § 1832 .............................................................................. 6

26

27

28

iii

**RULES**

Fed. R. Evid. 401 ................................................................................................ 1, 3, 4, 6

Fed. R. Evid. 402 ........................................................................................................ 1

Fed. R. Evid. 403 ........................................................................................... 1, 2, 3, 7, 9

Fed. R. Evid. 702 ........................................................................................ 1, 2, 3, 4, 5, 6

Fed. R. Evid. 704 ................................................................................................... 1, 7, 8

## ISSUES TO BE DECIDED

Jinhua seeks an Order from the Court precluding the government's "Foundry Expert," Terrence Daly, from offering certain opinions at trial, namely his opinions that "modern logic foundries" like "UMC do not make stand-alone DRAM products"; "Project M injured Micron"; and "Project M benefited JHICC and the People's Republic of China."  As set forth below, these opinions should be excluded pursuant to Rules 401, 402, 403, 702 and 704 of the Federal Rules of Evidence.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Jinhua brings this Motion to exclude certain opinion testimony proffered by the government's purported foundry expert, Terrence Daly.  In his expert report, Mr. Daly expresses five principal opinions: (1) "modern logic foundries" like "UMC do not make stand-alone DRAM products"; (2) for a foundry to independently "develop stand-alone DRAM, the required resources – in money, engineers, and time – vastly exceed those committed by UMC and Fujian Jinhua Integrated Circuit Co., Ltd. (JHICC) in those companies' joint technology development program, Project M"; (3) "although the resources committed to Project M were not sufficient independently to develop DRAM technology, they were consistent with the adoption of DRAM technology from a third party"; (4) "Project M injured Micron"; and (5) "Project M benefited JHICC and the People's Republic of China."  *See* Report of Terrence Daly ("Daly Report"), Sloan Decl., Ex. A, at 2.

Jinhua respectfully moves the court for an order precluding Mr. Daly from offering testimony relating to opinions Nos. 1, 4, and 5, above, on the following grounds.  *First*, Mr. Daly's opinion that "modern logic foundries" like "UMC do not make stand-alone DRAM products" (opinion No. 1) should be excluded pursuant to Rule 401 because whether UMC could make stand-alone DRAM products is not relevant to any facts at issue in the case, and does not establish any elements of the offenses charged against Jinhua, or provide any other probative information.  Moreover, this opinion is not based on reliable principles and methods, and is therefore inadmissible under Rule 702.

*Second*, Mr. Daly's opinions that "Project M injured Micron," and "Project M benefited JHICC and the People's Republic of China" (opinions Nos. 4 and 5, above), should be excluded

1 because they are not directly relevant to establishing the elements of the offenses charged against

2 Jinhua.  Furthermore, this testimony is transparently designed to appeal to the potential biases of the

3 jury by suggesting that Jinhua's actions will harm American competitors – like the complainant here,

4 Micron Technology, Inc. ("Micron") – and that Jinhua is part of an improper scheme by the Chinese

5 government to steal American trade secrets and drive U.S. DRAM companies out of business.  This

6 is precisely the type of unfairly prejudicial evidence that Rule 403 of the Federal Rules of Evidence

7 is designed to exclude, because it seeks to encourage the jury to reach a verdict based on improper

8 biases and concerns, as well as generalized facts about the alleged behavior of others, rather than on

9 the basis of evidence related to the specific conduct of Jinhua.  Mr. Daly's testimony should be thus

10 excluded because its probative value, if any, is substantially overweighed by the risk of unfair

11 prejudice, pursuant to Rule 403.[1]

12 **II.   THE CHARGES AGAINST JINHUA AND ELEMENTS OF THE ALLEGED**
13 **OFFENSES**

14      The Indictment charges Jinhua with three offenses.  Count One alleges that Jinhua conspired

15 with United Microelectronics Corporation ("UMC") and the individual defendant to commit

16 economic espionage in violation of 18 U.S.C. § 1831(a)(5).  (ECF 1 at 8-13).  Count Two alleges

17 that Jinhua conspired with the same defendants to commit theft of trade secrets in violation of 18

18 U.S.C. § 1832(a)(5).  (*Id.* at 14).  And Count Seven alleges that Jinhua and the other defendants

19 knowingly received and possessed stolen Micron trade secrets in violation of 18 U.S.C. § 1831(a)(3).

20 (*Id.* at 16).

21 **III.   ARGUMENT**

22      **A.   Applicable Legal Standards**

23      Under Federal Rule of Evidence 702, an expert witness may testify if:

24       (a) the expert's scientific, technical, or other specialized knowledge
       will help the trier of fact to understand the evidence or to determine a
25       fact in issue; (b) the testimony is based on sufficient facts or data; (c)

26 ────────────────

27      [1] Jinhua reserves the right to object to any other areas of testimony that the government
may seek to elicit from Mr. Daly during trial in the event this motion is not granted.  As used in
28 this Motion, "Rule" refers to the Federal Rules of Evidence.

2
JINHUA'S MOTION IN LIMINE NO. 3 TO EXCLUDE THE OPINIONS OF          CASE NO.: 3:18-cr-00465-MMC
TERRENCE DALY

1
2
the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the
facts of the case.

3   Fed. R. Evid. 702(a)-(d).

4         It is well-established that a court has a "gatekeeping function" to determine if expert

5   testimony is both relevant and reliable, including excluding expert testimony that fails to meet those

6   standards.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 147 (1999); *Daubert v. Merrell*

7   *Dow Pharms., Inc.*, 509 U.S. 579, 589, 597 & n.7 (1993).

8         Rule 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or

9   less probable than it would be without the evidence; and (b) the fact is of consequence in determining

10  the action."   The court may exclude even relevant evidence, however, "if its probative value is

11  substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

12  the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

13  evidence."  Fed. R. Evid. 403; *see also Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1006 (9th

14  Cir. 2001).

15
16
**B.**      **Mr. Daly's Proffered Testimony That UMC Is Not Capable of Producing DRAM
(Opinion No. 1) Is Not Relevant and Is Not Based on Facts or Reliable Principles
and Methods**

17        Mr. Daly's report indicates that, pursuant to opinion No. 1, he is prepared to testify "about

18  the structure, value chain, and relationships among players in the semiconductor industry in general

19  and the role, capabilities, and services of logic foundries such as GLOBALFOUNDRIES and UMC

20  in particular."  (Sloan Decl. Ex. A at 2.)  In addition, Mr. Daly indicates that he will testify that

21  foundries typically "do not design products," but instead "provide contract manufacturing services

22  for products designed by several other companies."  (*Id.* at 3.)  Mr. Daly states that he will also

23  "discuss modern foundries as dating from around the time of GLOBALFOUNDRIES' creation in

24  2010."  (*Id.*)

25        Mr. Daly's opinion that "modern logic foundries" like "UMC do not make stand-alone

26  DRAM products" should be excluded under Federal Rules of Evidence 401 and 702 because it is

27  irrelevant and will not meaningfully assist the jury or finder of fact.

28
3

Here, none of Dr. Daly's testimony regarding opinion No. 1 is related to the elements the government must prove at trial.  *See* Section II, *supra.*  This opinion is focused on the history of DRAM manufacturers, rather than on Jinhua's specific conduct.  For example, a significant portion of Mr. Daly's opinion No. 1 is dedicated to the general difference between foundries and DRAM manufactures, rather than focusing on the capabilities of UMC in particular.  (Sloan Decl. Ex. A at 3.)  These broad sweeping conclusions are not relevant to whether Jinhua conspired to misappropriate Micron's trade secrets and knowingly obtain or possess such trade secrets.  Thus, this testimony is irrelevant and should be excluded pursuant to Rules 401 and 702.

In *United States v. Pangang Group Co.*, 879 F. Supp. 2d 1052 (N.D. Cal. 2012), this Court held that similar opinions "about the structure of corporations in the PRC, in general, which are not directed to the . . . Defendants specifically" were irrelevant and sustained defendant's objection to these opinions.  *Id.* at 1057.  Similar to the charges against Jinhua here, the government in that case alleged that the defendant Pangang Group, a Chinese state-owned enterprise, conspired to commit economic espionage and theft of trade secrets, as well as attempted to commit economic espionage.  *Id.* at 1056.  The defendants objected to an expert declaration submitted by the government in opposition to defendant's motion to quash for improper service.  This declaration set forth general opinions about Chinese corporate structure in an attempt to show why service on a related entity in the U.S. was sufficient.  *Id.* at 1057.  Defendant objected to this declaration as irrelevant, and this Court agreed, finding that because the testimony was not specific to the Pangang Group, the testimony was irrelevant under Federal Rule of Evidence 401.  *Id.*  Similarly, here, Mr. Daly's generalized statements about the state of the DRAM manufacturing industry are inadmissible under Rule 401.

Mr. Daly's sweeping opinions about the limitations of modern logic foundries should also be excluded because they are not based on any reliable facts, principles or methodologies.  Rule 702 provides that an expert may "testify in the form of an opinion" if "(b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid.

702. Here, Mr. Daly is drawing broad conclusions based on the structure of the industry without relating his conclusions to the underlying facts of the case. He contends that UMC is not capable of designing a DRAM chip because it historically operated as a foundry. (Sloan Decl. Ex. A at 3-4.) This position assumes a static, unchanging nature to an industry without providing a basis for this assumption. Instead of referencing the internal UMC documents produced during discovery that have been made available to Mr. Daly (*id.* at 1), he bases his conclusions on conjecture and past behavior. His opinion lacks any consistent and tested methodology to reach his conclusions. Therefore, opinion No. 1 is inadmissible under Rule 702. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."); *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 501 (9th Cir. 1994) (affirming the exclusion of expert testimony pursuant to Rule 702 due to the lack of reliability in the methods and reasoning underlying the expert's conclusions).

### C. Mr. Daly's Proffered Testimony That Project M Injured Micron (Opinion No. 4) Should Be Excluded Because It Is Not Relevant and Would Be Unfairly Prejudicial

Mr. Daly's expert disclosure indicates that he plans to testify that "Project M injured Micron in two ways." (Sloan Decl. Ex. A at 9.) First, by allegedly stripping Micron of control over its trade secrets and second, by causing Micron to lose "market share, sales, revenue, and profits." (*Id.*).

#### 1. Whether "Project M Injured Micron" is not relevant to the case or any of the claims against Jinhua

The Indictment charges Jinhua with three offenses. *See supra* Section II. None of the charges require proving that Project M actually injured Micron, however. Rather, Jinhua's subjective state of mind is what matters. In order to prove that Jinhua conspired to commit trade secrets theft (Count Two), the government must prove only that Jinhua reached an agreement with UMC and the individual defendants with the objective of misappropriating or wrongfully obtaining Micron's purported trade secrets and that it "*knew*" or "*intended*" that its alleged theft of Micron's purported

5

1  trade secrets would injure any owner of that trade secret.  Ninth Circuit Criminal Jury Instructions

2  No. 8.141B (Theft of Trade Secrets).[2]

3       Notably, however, the Ninth Circuit has held that "18 U.S.C. § 1832 does not require proof

4  of actual injury; it requires knowledge that a theft 'will' injure."  *United States v. Zhang*, 590 F.

5  App'x 663, 666 (9th Cir. 2014); *see also United States v. Yihao Pu*, 814 F.3d 818, 828 (7th Cir. 2016)

6  ("The statute of conviction, 18 U.S.C. § 1832, does not explicitly require an economic loss to the

7  victim.").  Thus, the key element that the government must prove is that Jinhua and its decision

8  makers *intended* to harm Micron or *knew* that its actions would harm Micron.  It does not have to

9  introduce any evidence that Project M actually harmed Micron.  *Id*.  Mr. Daly's proposed testimony

10 on the potential harm that Jinhua's conduct would have on Micron is thus irrelevant, and should be

11 excluded pursuant to Rules 401 and 702 because it will not assist the trier of fact to determine whether

12 the government has met its burden.

13      To meet that burden, the government must present percipient witness testimony about

14 Jinhua's purported intent and/or knowledge.  *See Turf Ctr., Inc. v. United States*, 325 F.2d 793, 797

15 n.5 (9th Cir. 1963) ("In determining the issue as to intent the jury is entitled to consider any

16 statements made and acts done or omitted by the defendant . . . ."); s*ee, e.g.*, *United States v. Ayers*,

17 924 F.2d 1468, 1473-74 (9th Cir. 1991) (collecting examples of witness testimonies introduced to

18 prove intent).  Here, instead of calling witnesses to testify about specific facts and acts related to

19 Jinhua's intent or knowledge, or introducing documents demonstrating the same, the government

20 seeks to introduce non-party testimony by Mr. Daly in an attempt to usurp the jury's role in applying

21 ───────────────

22 [2]  In order to prove that Jinhua conspired to commit economic espionage, as alleged in Count
One, or committed a substantive charge of economic espionage, as alleged in Count Seven, the
23 government must prove, among other things, that Jinhua (1) conspired to commit or knowingly took
actions that it intended to or knew would benefit a "foreign government" or "foreign
24 instrumentality"; and (2) knowingly received, bought, or possessed a trade secret, knowing the same
to have been stolen or obtained by fraud or artifice.  *See* Ninth Circuit Model Criminal Jury
25 Instructions, Instruction 8.141A (Economic Espionage); 18 U.S.C. § 1831.  In order to prove that
Jinhua committed a theft of a trade secret, the government must prove, among other things, that
26 Jinhua (1) intended to convert a trade secret to the economic benefit of someone other than the owner
of that trade secret; and (2) knew that the offense would injure any owners of the trade secret.  *See*
27 Ninth Circuit Model Criminal Jury Instructions, Instruction 8.141B (Theft of Trade Secret); 18
U.S.C. § 1832.

1   the facts to the law and reaching the ultimate determination of whether Jinhua had the necessary

2   knowledge or intent.  This is clearly barred by Rule 704 which states that "an expert witness must

3   not state an opinion about whether the defendant did or did not have a mental state or condition that

4   constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact

5   alone."  Fed. R. Evid. 704(b).

6                    2.      <u>Testimony Related to "Whether Project M Injured Micron" Is Unduly
                             Prejudicial and Any Marginal Relevance Would Be Substantially Outweighed</u>
7                            <u>by This Unfair Prejudice</u>

8              Even if Mr. Daly's opinion No. 4 were relevant, any minimal probative value his proffered

9   testimony would have would be substantially outweighed by the danger of unfair prejudice and

10  should therefore be excluded pursuant to Rule 403.  Mr. Daly's opinion that "Project M injured

11  Micron" is transparently designed to appeal to the potential biases of the jury by suggesting that

12  Jinhua's actions will harm American competitors – like Micron – and that China is an unfair

13  competitor.  This is precisely the type of unfairly prejudicial evidence that Rule 403 is designed to

14  exclude because it seeks to encourage the jury to reach a verdict based on improper biases and

15  concerns, as well as generalized facts about the alleged behavior of others, rather than on the basis

16  of evidence related to the specific conduct of Jinhua.  As such, Daly's Principal Opinion No. 4, about

17  the alleged harm to Micron, should be excluded pursuant to Rule 403.

18          **D.      Mr. Daly's Proffered Testimony That Project M Benefited the People's Republic
                      of China (Opinion No. 5) Should Be Excluded Because It Is Not Relevant and**
19                    **Would Be Unduly Prejudicial**

20             Mr. Daly's expert disclosure indicates that he is prepared to testify that "Project M helped

21  the PRC advance its four-decade-old strategic goal of establishing a domestic semiconductor

22  industry, by creating an industry competitive DRAM IDM."  (Sloan Decl. Ex. A at 11.)  Mr. Daly

23  also indicates that he will testify that "Project M would further the PRC's reputation in showing that

24  China was no longer simply an assembler of other countries' technology" and that, "over a period of

25  four decades, the PRC has tried to develop an indigenous semiconductor manufacturing industry to

26  reduce its dependence on the global supply chain, reduce chip imports, capture more of the value

27

28
                                                        7

1   chain and the associated revenue and profit, and increase jobs and technical skills in mainland

2   China." (*Id.*)

3       1.   Mr. Daly's Opinions About the Purported Benefit That Project M Would
            Have on China's Industrial Policy Is Not Relevant to Whether Jinhua Knew
4           or Intended That Project M Would Benefit the PRC or a Foreign
            Instrumentality
5

6       While the government must prove beyond a reasonable doubt that Jinhua conspired to benefit

7   a "foreign instrumentality" or " intended" or "knew" that its alleged receipt of Micron's purported

8   trade secrets "would benefit any foreign government" or "foreign instrumentality" in order to convict

9   Jinhua of conspiracy to commit economic espionage or a substantive count of economic espionage,

10  Mr. Daly's proposed testimony here as to how Project M would benefit the People's Republic of

11  China will not "help the trier of fact understand the evidence or . . . determine a fact in issue" as

12  required to satisfy Fed. R. Evid. 701(a).  That is because the key issue here is whether the government

13  can prove that Jinhua subjectively *intended* or *knew* that its conduct would benefit the Chinese

14  government or reached an agreement with that intent and knowledge.  Mr. Daly's long-winded

15  opinions on Chinese industrial policy and the money it has spent on developing its domestic

16  semiconductor industry are irrelevant to those determinations.  As with opinion No. 4, discussed

17  above, in order to prevail the government must present percipient testimony or documentary evidence

18  demonstrating that Jinhua "intended" or "knew" that its actions would benefit a foreign

19  instrumentality or government.  *See* Ninth Circuit Model Criminal Jury Instructions, Instruction

20  8.141A (Economic Espionage); 18 U.S.C. § 1831(a) (providing that government must prove that the

21  defendant *intended* or *knew* "that the offense will benefit any foreign government, foreign

22  instrumentality, or foreign agent").  The government cannot fill that void through Mr. Daly's expert

23  opinion.  *See* Fed. R. Evid. 704(b) ("[A]n expert witness must not state an opinion about whether the

24  defendant did or did not have a mental state or condition that constitutes an element of the crime

25  charged or of a defense.  Those matters are for the trier of fact alone.").

26      Mr. Daly's opinion that Project M would benefit Jinhua is similarly irrelevant.  (Sloan Decl.

27  Ex. A at 11).  Mr. Daly is apparently suggesting that given the government's contention that Jinhua

28

8

is a "foreign instrumentality," any benefit to Jinhua would necessarily benefit a "foreign instrumentality" and thus the Chinese Government.  As stated above, though, the key issue here is whether the government can prove Jinhua's knowledge and intent to benefit the Chinese government, not whether Jinhua accomplished that task.  Mr. Daly's testimony does not help establish Jinhua's knowledge and intent in any way, however.  Furthermore, while Jinhua would not contest that Project M was intended to benefit Jinhua, for that evidence to be relevant, the government must at the very least make a preliminary showing at trial that Jinhua was a foreign instrumentality.

> 2. <u>Mr. Daly's Proffered Testimony Regarding the Benefits That Project M Would Have for The People's Republic Of China Would Be Unduly Prejudicial and Any Marginal Relevance of Such Testimony Would Be Substantially Outweighed by This Unfair Prejudice</u>

Even if Mr. Daly's testimony were marginally relevant, it would be unfairly prejudicial and therefore should be excluded under Rule 403's balancing test.  The Ninth Circuit has held that expert testimony "tinged with ethnic bias and stereotyping" is unfairly prejudicial and therefore should be "excluded under Rule 403's balancing test."  *Jinro Am. Inc.*, 266 F.3d at 1006.

Here, Mr. Daly relies on such bias to form the basis of his opinions.  Mr. Daly's testimony is unfairly prejudicial and likely to mislead the jury for several reasons, including because it improperly (i) focuses on China's economic policy rather than the conduct of Jinhua; and (ii) suggests that Jinhua should be seen as part of the Chinese government's overall economic plan to develop its own semiconductor industry, reduce its dependence on foreign suppliers, and shed its reputation as an assembler of other countries' products.  Perhaps most troublingly, Mr. Daly suggests that the Chinese government has misrepresented the commercial uses of DRAM, and that Project M would provide a domestic source of supply for China's military applications "despite public representations to the contrary."  (Sloan Decl. Ex. A at 11.)

Even if Mr. Daly's broad statements on China's motivations and policymaking were relevant, they should be excluded because the probative value of such testimony is substantially outweighed by the risk of unfair prejudice.  *See* Fed. R. Evid. 403.  Courts have held that "generalized opinions about Chinese culture and business practice [that] have no link to the parties involved in this case . . .

9

1    have a serious risk of prejudicing the jury." *In re Heparin Prod. Liab. Litig.*, MDL No. 1953, 2011

2    WL 1059660, at *11 (N.D. Ohio Mar. 21, 2011). "Courts repeatedly exclude this type of testimony

3    because 'the risk of racial or ethnic stereotyping is substantial, appealing to bias, guilt by association

4    and even xenophobia.'" *Id.*; *see also Jinro Am. Inc.*, at 1008.

5           Mr. Daly's suggestion that China – and by extension Jinhua – are misrepresenting the

6    commercial uses of DRAM should also be precluded for its prejudicial effect on a jury. (Sloan Decl.

7    Ex. A at 11.) This court has excluded such inflammatory aspersions in the past. *See United States*

8    *v. Liew*, No. CR 11-00573-1 JSW, 2013 WL 6441259, at *2 (N.D. Cal. Dec. 9, 2013) (excluding

9    opinion that "'[n]ational industrial policy goals in China encourage intellectual property theft, and

10   an extraordinary number of Chinese in business and government are engaged in this practice' . . . on

11   the basis that any probative value is substantially outweighed by the potential for prejudice and to

12   confuse the issues" (first alteration in original) (citation omitted)). The Ninth Circuit's decision in

13   *Jinro* is directly on point. There, the Ninth Circuit found that:

14              Allowing an expert witness . . . to generalize that most Korean
                businesses are corrupt, are not to be trusted and will engage in
15              complicated business transactions to evade Korean currency laws is
                tantamount to ethnic or cultural stereotyping, inviting the jury to
16              assume the Korean litigant fits the stereotype. In stark terms, [the
                expert]'s syllogism reduced to this: (a) Korean businesses generally
17              are corrupt; (b) Jinro is a Korean business; (c) therefore, Jinro is
                corrupt. Our caselaw, and that of other circuits, establishes that this
18              is an impermissible syllogism.

19   *Jinro Am. Inc.*, 266 F.3d at 1007.

20          Mr. Daly appears to be attempting to establish a similar bias here: that (i) China's history and

21   strategic goal of establishing a domestic semiconductor industry is averse to US interests; and (ii)

22   that China's efforts to fund its commercial and possibly military enterprises is inherently harmful.

23   To imply there is something improper about China's industrial policy is unduly prejudicial and any

24   even marginal assistance this could provide to the jury in understanding the evidence would be

25   substantially outweighed by this unfair prejudice. Mr. Daly's testimony related to opinion No. 5

26   should therefore be excluded in its entirety.

27

28

                                        10

1

## IV.     <u>CONCLUSION</u>

2

     For the foregoing reasons, the Court should issue an Order precluding Mr. Daly from

3

testifying at trial or offering any testimony in support of Principal Opinions Nos. 1, 4 and 5 from his

4

July 2, 2021 expert disclosure.

5

DATED: December 1, 2021          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

6

                By:    _____*/s/Matthew E. Sloan*_____
                           JACK P. DICANIO

7

                           MATTHEW E. SLOAN
                           EMILY REITMEIER

8

                           OSAMA ALKHAWAJA

9

                           *Attorneys for Defendant*
               FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28