# EXHIBIT G

# 訊 問 筆 錄

中華民國105年度他字第6099號妨害秘密案,於民國106年02月15日下午7時,在臺灣臺中地方法院檢察署第十五偵查庭訊問,出席職員如下:

檢察官　陳立偉　　書記官　顏淳修

到場者如下:

點呼受訊問人到庭

檢察官問姓名、年籍、住址、國民身分證統一編號

被告答

　　戎樂天　　男　53歲　民國052年09月19日生
　　　　國民身分證統一編號:H121305464號
　　　　籍設　臺南市新市區大順路50號8樓
　　　　聯絡電話:0952-234696、0975-612601

辯護人答

　　陳哲宏律師

辯護人答

　　劉承坤律師

檢察官告知被告下列事項:

一、犯罪嫌疑及所犯罪名為違反營業秘密法。
二、得保持緘默,無須違背自己之意思而為陳述。
三、得選任辯護人。如為低收入戶、中低收入戶、原住民或其他依法令得請求法律扶助者,得請求之。
四、得請求調查有利之證據。

問:106年2月14日本署檢察官指揮調查官前往聯電公司執行搜索,執行完畢後調查官是否有出示通知書請你到台南調查處接受調查?
答:是。
問:你在調查處所為供述都是照你自己自由意志陳述?

041

[105他_006099_1060215190141]

1

D-0000366

答：是。
問：調查官有無用不正方式詢問？
答：沒有。
問：調查官詢問完畢後，是否有出示本署傳票，請你至本署接受檢察官訊問？
答：有。
問：調查官在你PM2個人辦公室有扣得IPHONE手機2支，這是你個人的還是聯電公司配發？
答：大的IPHONE6是聯電公司配發，小的是我個人購買的。
問：上開IPHONE手機是否具有上網功能？
答：都有。
問：可否利用上開2支手機進入聯電公司系統？
答：只有聯電公司配發的IPHONE6有。
問：該支手機是否需要輸入帳號、密碼進入聯電公司系統？
答：只能讀取聯電公司裡的電子郵件系統，及電子郵件系統裡的附件檔案，但無法進入聯電公司系統讀取檔案。
問：該支聯電公司配發的手機裡有無存放聯電公司有關於DRAM DESIGN RULE的電子檔？
答：我如果用該支手機讀取電子郵件，如果有人用寄有關於設計規則的檔案給我，而我用該支手機讀取，就會下載到手機裡，所以我也不確定，私人手機無法進入聯電公司電子郵件系統。
問：該支私人手機是否會用來跟王永銘以及何建廷聯繫，包含一般的電話、LINE及其他通訊軟體？
答：私人手機不曾用電話聯繫過，LINE的話則是在農曆年前，有設一個主管群組叫PROJECT M，這是PM2所有主管的群組，農曆年間有事就用這個群組聯絡。
問：扣案物編號2A-2的硬碟是聯電公司所有？
答：是。
問：該硬碟裡是否會存放聯電公司的DRAM DESIGN RULE檔案？

642

2

答：扣案物編號2A-3的物品是誰所有？
答：聯電公司。
問：該隨身碟內是莫有存放聯電公司DRAM DESIGN RULE檔案？
答：沒有。
問：該隨身碟存放何種檔案，及做何種用途？
答：我很久沒有使用，我記得釋放OFFICE安裝軟體。
問：扣案物品編號2A-4行動硬碟一個，也是聯電公司配發的？
答：這是聯電公司向TECHINSIGHTS公司購買的逆向工程報告的電子檔，該電子檔裡是關於三星公司的LPDDR4 3Gb的線路設計的逆向工程報告。
問：另外扣案物品2A-5-1的記事本是誰的？
答：是我個人的。
問：該筆記本裡記載何種資料？
答：主要是開會隨手的筆記。
問：是否有記載跟DESIGN RULE有關的資料？
答：有可能。
問：扣案物編號2A-5-2筆記本是誰的？
答：我的，也是開會隨手筆記，有可能有記錄DESIGN RULE資料，但也是很零星。
問：扣案物2A-6-1、2A-6-2是何種資料？
答：那是在我桌上搜到的資料，很雜，我也不是確定，我印象中有招募了履歷表比較多。
問：扣案物品2A-7保密合約1本是誰所有，做何種用途？
答：是我在到聯電公司任職人資部門發的。
問：扣案物品2A-8 ACER筆電一臺是誰所有？
答：公司配發給我上班使用。
問：該筆電是否可以連至聯電公司系統讀取DESIGN RULE檔案？
答：可以。
問：該筆電內是否有DESIGN RULE的檔案？
答：應該有。

3

D-0000368

問：扣案物品2A-9座位表1張是誰所有？
答：是調查官請秘書印出來的，我本人沒有。
問：上開物品從形式上判斷與本案無關，所以檢察官命調查官發還上開資料，是否瞭解？
答：瞭解。
問：因為本案事證繁雜，你接受詢問的時間甚久，是否有需要安排你休息？
答：不用，我希望能夠儘快結束偵訊。
問：另外，你有自願同意讓調查官回到你住處執行搜索？
答：是。
問：你是出於自由意志決定，還是調查官以強制力逼迫你答應？
答：調查官有拿搜索票給我看，包含我的汽車，汽車是我太太在開，所以要回到我家裡，回我家時，調查官有問說可否順便到我家看一下，我說沒有問題。
問：在你家有查扣1支HTC手機，是否是你所有？
答：是，該支手機已經被我淘汰，只能上我家裡WIFI的網路，裡面沒有SIM卡。
問：裡面是否有跟DESIGN RULE有關的電磁紀錄？
答：不會有。
問：何建廷於今日檢察官偵訊時供稱，106年2月7日本署檢察官前往聯電公司進行第一次搜索時，他有接到你告知，你說有檢察官要來，說有沒有東西自己要小心的，何建廷就從位子上把東西拿起來，想說要去哪裡放，之後將相關物品交付給助理工程師黃書涵，有無此事？
答：當天發生的經過，是我在座位上有接到人資處打來的電話，說有調查隊要過去查王永銘，我就離開我辦公室走到王永銘座位，我記得我是問他說「你這邊還有無從前公司帶來的資料」王永銘回答「沒有紙本，但電腦裡有」，我印象中我很生氣說「為何還有，為何還沒刪除」，然後我又回到我辦公室，在這期間我就看到王永銘低頭在他電腦上打電腦，因為

044

4

何建廷座位跟王永銘很靠近，距離大概不到1公尺，所以我不確定我有無親口告訴他，至於何建廷把東西交給這段，我是第2天黃書涵委任律師跟我講我才知道。

問：當下你有無下達指示要求王永銘刪除他電腦內前公司的資料？

答：我是很驚訝回答說「為何還有」。

問：你既然明知調查官所要搜索的對象為王永銘，你卻向其告知使其有機會進行證據的湮滅、隱匿等行為，你的目的是？

答：這是當時一個很直覺得反應，其實主管、人資都有一再強調不能把其他公司的任何軟硬體帶到公司來，所以要搜查時，我也不知道要搜查什麼東西，是告什麼事由，我是很直覺反應問王永銘有無前公司的東西。

問：你既然稱不知調查官以何種案由進行搜索，為何又會直覺反應問王永銘有無前公司的東西？

答：我覺得因為我們是一再強調這個事情，我第一個想到的就是是否有前公司的東西。

問：倘若你信賴聯電公司裡面的種種措施，可以避免從其他公司任職的員工會有攜帶前公司的文件或檔案，在那當下應不會有如此反應，是否如此？

答：其實是不能信賴，所以才會再三提醒。

問：除了目前已知的王永銘、何建廷有將內有美光公司檔案的電腦設備及文件交付給貴公司助理工程師黃書涵外，當天是否尚有其他人將相關物品予以藏匿，例如李甫哲有沒有？

答：我不知道李甫哲有無做這樣的事，其他人有無做我不曉得。

問：你身為主管，理應被知檢察機關調查，竟在搜索前先行通知檢察官搜索對象，足見你主觀上應該知道王永銘或何建廷的位子存有其任職前公司的相關資料，檢察官這樣認定你有何意見？

答：我真的不知道，當時王永銘說有我很驚訝。

問：據事後黃書涵所交付的物品，何建廷當時請黃書涵保管的文

045

5

D-0000370

件裡,甚至包含上面記載爾必達公司營運計畫書1本,一望即知非貴公司之文件,你身為PM2部門主管,為何會不知道此事?

答:他們在桌上擺什麼東西我們真的不會去搜查,106年2月8日早上黃書涵委任律師到公司來找我,跟我講這個事,她說是黃書涵在從臺中回來的路上黃書涵跟她說有拿何建廷的東西,我馬上在洪律師面前打電話給法務長,我們在電話中講到要馬上把東西放到安全的地方,洪律師說黃書涵正在進公司的路上,我就到大廳跟黃書涵會合,跟她到她座位,把這箱東西移到我辦公室,法務長在電話上建議我不要看裡面有什麼東西,所以檢察官剛剛說有爾必達公司的營運計畫書,我也是剛剛才知道,至於平日員工的工作範圍有什麼東西,要有什麼管制,我認為這是我們做主管的回去要好好研究的。

問:聯電公司目前因為跟大陸晉華公司有合作案,由貴公司研發32奈米晶圓技術,待技術成熟後,再交由晉華公司進行量產,是否如此?

答:是。

問:為了此研發案,就要先制訂設計規則,這在貴公司是由魏銘德所管理的部門負責?

答:是。

問:貴公司對於DESIGN RULE是否有採取保密措施,限定特定部門才可以讀取?



答:新事業部的部門都可以讀取,至於管制的範圍、細節我不是很清楚,檔案是存在聯電公司的系統,應該沒有進行加密,只是用權限的方式做管制。

問:DESIGN RULE在所有的半導體公司裡都應該被視為是營業秘密(具有秘密性、經濟性以及保密之措施)?

答:是,我相信應該都是這麼做。

問:王永銘106年2月7日於調查官詢問時供稱,扣押物編號:C-1-2、扣押物名稱:王永銘資料)提示物中標題為「DR25nmS

6

Design Rule」資料這是美光公司業務機密（編號EES-2012000026-013號），是屬於美光公司所有，我是在105年7、8月間在戎樂天指示下，從我之前備份在Google Drive的美光公司業務機密資料中下載並列印成紙本，對於王永銘上開供述有何意見？

答：我不知道他的宿舍裡會有這份文件，我不曾指示他，我甚至不知道他有GOOGLE雲端硬碟，更不會知道他GOOGLE雲端硬碟有美光公司的資料，更不會要他把機密資料下載。

問：王永銘於106年2月7日調查官詢問時表示：「105年7、8月間戎樂天向我表示，聯電公司新事業單位正在開發F32的DRAM，因為要制定「設計規則」(英文名稱:Design Rule)，又知道我手邊有美光公司的DRAM設計規則，因此為了快速地建立設計規則，就要我想辦法提供美光公司或爾必達公司的DRAM設計規則給他參考，我就從備份在Google Drive的美光公司業務機密資料中下載爾必達公司的DRAM設計規則並列印成紙本，再部分參考這份資料後，在聯電公司的十餘張設計規則紙本上，每一張都填寫我認為可行的幾組width、space數字，而這些數字經過逆向工程後應該都可以確認是源自爾必達公司的設計規則」，對於王永銘上開供述有何意見？

答：這一段供述今天上午調查官有講給我聽，針對這一部份，調查官問了我很多問題，我回想105年7至9月這段期間，我們整個部門都在討論DESIGN RULE要怎麼進行，我在會議上可能會問大家有什麼意見，特別是有經驗的人，王永銘之前在瑞晶跟美光公司有很多年DRAM經驗，所以我有請他表達意見，後來他確實有印聯電公司DESIGN RULE幾頁，上面有手寫註記幾個數字，我有把這幾頁紙再交給魏銘德，請他再跟王永銘繼續討論。

問：王永銘用手寫註記的部分數量大概有多少？
答：我真的記不起來，頂多十幾處。

7

047

D-0000372

問：為何王永銘沒有經過任何驗證，就可以直接在聯電公司設計規則上進行數字修改，而你也認為是可行的？

答：我在跟部屬討論時，我都鼓勵大家多討論，我也鼓勵魏銘德跟王永銘或其他有意見的人討論，來共同做出決定，針對DESIGN RULE，我回憶起來我部門有一位日本人永井享浩也提供很多寶貴的意見。

問：以你在半導體業界這麼久，一般人假如沒有參考文件或資料，只單憑記憶能提供正確的設計規則參數嗎？

答：DESIGN RULE的參數是要由實驗來決定製程的能力，對這些參數做最後的決定，也可以從他對元件的瞭解、基本製程原理瞭解做一些推算，也可以根據自己過去累積的經驗對這些參數有一些適當的估計，製程參數的來源並不是讀一本書，直接對照過來的。

問：為何你會覺得王永銘手寫的參數可行，進而請魏銘德跟王永銘討論？



答：我並沒有覺得可行，所以我才請魏銘德跟王永銘進行討論

問：魏銘德證稱，105年間，他、你王永銘在會議室討論設計規則時，魏銘德有說過他們部門的DESIGN RULE設計規則不佳，你是否有聽魏銘德說過此事？

答：我們開會討論很頻繁，我對這句話沒有印象。

問：就你所知，後來魏銘德有找王永銘討論後，設計規則就因此定稿了嗎？

答：沒有，設計規則其實到今天還沒有定稿。

問：貴公司的設計規則到現在是幾版？

答：我不知道。

問：你是否知道當時王永銘以手寫修改的參數裡，包含離子植入數據？

答：我不知道。

問：王永銘於106年2月7日調查官詢問時，又稱：「我之後是在戎樂天的辦公室當面交給他，當時並沒有其他人在場，印象

8

D-0000373

中是交給戎樂天十幾張聯電公司設計規則紙本；設計規則本來應該是屬於新事業單位的PI2（經理為魏銘德）負責業務，但戎樂天畢竟是我的直屬主管，他這麼要求我，我也就照辦了，PI2的經理魏銘德可以證實我前述說法屬實，因為魏明德拿到設計規則後（應該是戎樂天轉交給他的，因為跟我最早拿給戎樂天的是同一份），就直接來問我其他參數要怎麼決定（因為原本美光的設計規則裡就沒有寫其餘參數，所以這部分我也就沒有寫給戎樂天），所以我判斷是戎樂天跟他說是我提供這份設計規則的，而且魏銘德的部屬吳國豪及另一人（我忘記姓名了）之後也都有來問我參數怎麼設，我都是同樣回覆「沒有那你就寫聯電的」，之後就由他們自行處理了」，對於王永銘此部分供述有何意見？

答：很有可能王永銘有在我辦公室交付設計規則紙本給我，是否是十幾頁我沒有印象，這件事情就是我剛剛陳述的，基本上是聯電公司的設計規則，上面有手寫幾個項目，我就把這幾張紙交給魏銘德，請他再跟王永銘繼續討論，在這之後的事情我就不知道了。

問：王永銘於106年2月7日調查官詢問時又稱；「當時戎樂天表示時間很趕，希望我能儘快提供給他，並表示由於聯電公司的F32 DRAM還沒有成品，無法得知這份設計規則是否正確，但美光公司或爾必達公司一直都有F32 DRAM的產品產出，相關的數值經過多次驗證，已經十分穩定，所以他希望我如果手邊有美光公司或爾必達公司的設計規則，交互比對之後，將聯電公司與美光公司或爾必達公司設計規則不同的部分挑出，並標上美光公司或爾必達公司的這些已經穩定的數值，讓聯電公司可以加速完善F32 DRAM的設計規則，不用再多花時間除錯及調整。我記不得戎樂天提出要求之後，我多久才將修改過的設計規則交給他，我只記得，我將爾必達公司的設計規則下載下來後，大概經過2至3天的調整後就交給戎樂天」，對王永銘上開供述有何意見？

043

9

答：時間很趕是我們主管經常在提醒的，就如我前述，我有問王永銘以他在美光公司的經驗，對我們的設計規則有什麼樣的意見，我不會要求他去閱讀美光公司或爾必達公司的設計規則，來修改我們的設計規則，至於王永銘說爾必達公司已經穩定的數值，這是我跟王永銘的觀念溝通，我跟他說設計規則是一個不斷演化的過程，就像我們現在初版都還沒真正定稿，而爾必達公司對於32或25奈米量產經驗已經比較多，所以他們的設計規則應該是比較穩定，王永銘來聯電公司報到後，我知道他在美光公司有參與25奈米的量產，所以我可能就是在這時請他表達他25奈米的經驗，對於我們現在要制訂的設計規則應該有幫助。

問：同前檢察官質疑，只憑王永銘所謂的經驗，在沒有參照其他公司的設計規則找出真正可行的參數值，有可能直接在聯電公司的設計規則上進行修改，並且交付給你嗎？

答：其實我們做這行就是靠累積的知識跟經驗，像我的專長是在整合跟元件，所以討論到整合上的問題，我也可以憑我的經驗進行討論。

問：你當時為何不會想說王永銘可能提供的數值反而無助於聯電公司設計規則的制訂？

答：是有這個可能，有益還是有害，是要等製程開發比較完整後才會比較清楚，設計規則裡可能有幾千個數字，在開發過程中慢慢將這些數字定案下來，以聯電公司的設計規則版本，現在的版本就只能給特定的客戶，現在就是日本ULTRA MEMORY及臺灣的晶豪公司設計，大家一起來把數字最佳化。

問：王永銘於106年2月7日於檢察官偵訊時供稱：「戎樂天是我主管，在討論中他問我手邊有無美光公司的一些規格設定，設定規範，因為他是面試我的人，他知道我從美光公司來，他希望我能夠給予一些協助，幫忙這整個聯電F32的DRAM設計規範，能夠有比較好的一個規格」，對此有何意見？

答：最後一句話我相信我有說過，我希望我部門裡的每個主管都

050

10



D-0000375

能夠提供協助，像永井祥浩也提供很多具體的協助，至於上開供述的前半段，也就是戎樂天在討論過程中問我有無美光公司規格設定，沒有此事。

問：王永銘另向檢察官供稱：「我想這樣的資料基本上能夠提供就是不正當的方法」，對此有何意見？

答：我沒有要他這樣做（就是拿前公司的去參考）。

問：王永銘於106年2月8日檢察官偵訊時供稱：「檢調人員於昨日前來產品辦公室搜索時，戎樂天有跟我與何建廷說，如果有美光相關的東西就移走」，並表示「戎樂天既然這樣告知我，他應該知道我手邊有美光公司的一些資料」，對此有何意見？

答：我真的不知道，在當下我詢問他他說有，我非常驚訝。

問：王永銘於106年2月8日又具體供稱：「106年2月7日下午2點15分左右，戎樂天叫我到他辦公室，何建廷有無跟著過來我沒有印象，但我知道何建廷當時也知道這個訊息，戎樂天告訴我電腦裡有相關的資料，就是跟美光公司有相關的資料就趕快移除掉，他指的就是我配發的筆記型電腦，我當時意識到這點，我就把手上的筆記本移走，當時也沒有想那麼多，黃書涵離我比較近，我就移去她那邊，所以手機就一併移給她」，對此有何意見？

答：如我剛剛所說，我到第二天才知道王永銘把手機跟筆電交付給黃書涵，至於前面說要把美光公司資料移掉，我沒有講那麼一大串，我記得我講的就是「你有沒有前公司的資料」，王永銘說「紙本沒有電腦上有」，就如我剛剛所說，我非常驚訝。

問：王永銘於106年2月14日於調查官詢問時供稱：「戎樂天協理在（106年）2月7日那天貴處人員前來辦公處搜索前，只告知我檢調人員要來，要我將電腦裡有關美光公司的資料移除，但我認為既然要將電腦裡有關美光公司的資料移除，那麼紙本部分也是不能留在我手上，所以我才會將行動電話、隨

11

　　　身碟及筆記本等有記載美光公司資料的物品交給黃書涵保管。我印象中，當時戎樂天是找我去他個人辦公室外頭，並當面指示我移除有關美光公司的資料，我只能確定戎樂天也有給何建廷相同的指示，但我不記得我與何建廷是同時還是分開接受戎樂天的指示，也不清楚何建廷是否有將資料交給黃書涵保管。」，對此你有何意見？

答：過程我剛剛有報告過2次，答覆同前，當時檢調單位很快就進來，我現在真的沒辦法想起來我有無跟何建廷講，但我們3個座位很接近，後面跟黃書涵的事，我是第二天才知道。

問：王永銘106年2月14日調查官詢問時又稱：「105年7、8月間（確切時間點我記不清楚），曾經在一個上午9點的早會結束後（地點在辦公室對面的會議室內），要我及魏明德留下討論魏明德提報的F32 DRAM設計規則，當時該設計規則只是尚未完成的初稿（PPT檔），且因為聯電公司過去的主要營運項目是邏輯IC代工，當時也沒有DRAM代工的相關業務基礎，因此這份初稿並未包含DRAM設計規則的必要三大類別，也就是Cell、Array及Periphery部分，戎樂天就要我協助完成這三部分的設計規則。具體而言，戎樂天當時是向我表示，請我以美光公司這部分的資料，再參酌我自己的想法後，填寫相關必要參數，交給戎樂天來審閱，所以我之後就從新事業單位的公用資料夾（資料夾名稱為NBD，即new business development）下載公版的邏輯IC的設計規則定稿（是一word檔案，未包含Cell、Array及Periphery部分），並列印為紙本後，自行新增Cell、Array及Periphery欄位，並依據美光公司的資料填上參數，再交給戎樂天，戎樂天也才因此知道我手頭上有美光公司的相關資料。至於戎樂天會認為何建廷手上也有美光公司的相關資料，我個人判斷是因為何建廷曾在相關的會議上提出一些與美光公司有關的具體數據及作法，所以戎樂天才會認為他手上有美光公司的相關資料。」，對此有何意見？

(52

1 2

答：早會結束留下來3個人談，我回憶不起來，可是我記得我們有針對F32的DESIGN RULE要改為分成三大區塊，就是CELL、ARRAY小周邊跟PERIPHERY大周邊，至於王永銘後面所稱以美光公司資料再參酌我自己的想法等語，我們不會這樣進行這件事，CELL有一種叫三乘二或二乘三，三乘二是韓系比較早開始採用，美光公司一直到20奈米還是二乘三，我們在一年前有一個大方向決定，就是CELL要採取三星、海力士架構，所以美光公司的DESIGN RULE對我們的三乘二架構沒有參考價值，因為CELL畫法完全不一樣，大周邊部分魏銘德跟我談的是根據聯電公司55奈米或65奈米的邏輯製程，邏輯製程在聯電公司是很成熟的技術，所以DESIGN RULE可以直接沿用65奈米的，至於小周邊部分，主要是要跟設計公司經過很詳細多次討論在逐步定下來，剛剛講的永井祥浩提出很多意見就是這部分，至於王永銘說他依據美光公司資料填上參數，這跟我記憶不符，我並不認為何建廷手上有美光公司資料，我於2月8日知道這件事情也很驚訝。

問：王永銘於105年2月14日調查官詢問時供稱：「我105年7、8月間依戎樂天指示提供美光公司相關數據作為聯電公司F32 DRAM設計規則的參數後，僅花費約2個月的時間，聯電公司就已將該設計規則交由晶豪科技公司完成晶片設計（即前述GDS），並且將GDS提供給光罩廠商做光罩。」對王永銘此部分供述有何意見？

答：DESIGN RULE是魏銘德他們定的，設計規則是一個演化的過程，2個月可能會有一個新版本，但不會是最後的版本，有可能是有交一個版本給晶豪公司，我不能說沒有，但這是否就是晶豪公司設計的唯一版本，我不能這樣說，但該版本也不是王永銘獨立完成，至於說依我指示提供美光公司相關數據，我已經回答很多遍，我就是有請王永銘提供意見，我現在才知道我請王永銘提供意見，他就回家下載美光公司的資料。

053

13

D-0000378

問：你戶籍地是自己的房子？
答：不是，是園區管理局的宿舍。
問：你去年跟今年是否有出國紀錄？
答：有。
問：你在大陸地區有無開設金融機構帳戶？
答：沒有，為了要組成研發團隊，一部份的人是聯電公司的人，一部份是從外面招募進來，聯電公司的薪資結構是月薪比較低，要跟外面公司相比，需要有吸引力的話，要靠獎金跟紅利，要用聯電公司底薪去吸引外面公司的人很困難，後來就設計一個制度，進來底薪高的話就沒有獎金跟紅利，我就是屬於進來底薪高的，所以沒有獎金跟紅利，所以管理階層可能因為這個差異，所以由晉華公司再給一筆人民幣的獎金。
問：有無其他證據要檢察官調查？
答：目前沒有。



以下詢問辯護人
均問：有無其他意見或陳述？
陳哲宏律師答：我這邊沒有任何證據要調查，只希望能夠讓被告早點休息。
諭知暫休庭10分鐘（時間下午8時33分）。
諭知續行開庭（時間下午8時40分）
以下訊問被告
問：有無其他意見或陳述？
答：關於聯電公司新事業部的薪資結構，像我這樣是從聯電公司內部轉過來的，底薪比較低，會有獎金跟紅利，從外部招募來的會有比較高的底薪，就沒有聯電的獎金跟紅利，所以管理階層可能因為這個差異，由晉華公司再給一筆人民幣的獎金給沒有聯電獎金跟紅利的員工。
諭知被告涉嫌營業秘密法第13條之1第1項第4款或營業秘密法第13條之2等罪，有湮滅證據嫌疑，且身為高階主管財力雄厚，命交保新台幣15萬元，限制出境，可確保後續偵審的進行，無羈押

14

之必要,對檢察官所為具保處分有不服者,受處分人自處分之日起5日內,得聲請所屬法院撤銷或變更之。

中華民國106年2月15日下午9時9分

本筆錄給閱無訛後,簽名於后

受訊問人 戎樂天

辯護人 劉家昆律師

辯護人 陳哲宏律師

書記官 顏□□

檢察官 陳立偉

055

15

D-0000381