JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, *et al.*,<br><br>Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* NO. 5 TO PROTECT TRADE SECRETS AT TRIAL**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 14, 2022<br><br>Hearing Date: January 18, 2022<br>Time: 10:00 a.m. |

## I. INTRODUCTION

The government's Motion *in Limine* No. 5 ("Motion" or "Mot.") seeks an order from the Court requiring that: (1) any exhibits containing alleged trade secrets not be published to the gallery and (2) any testimony taken about alleged trade secrets "be kept to a sufficient level of generality that would prevent the public from discerning the substance of the trade secrets."  (Mot. at 4:11-16.) Jinhua does not oppose the Court taking appropriate steps to protect what the government contends to be confidential information, but the government's proposal threatens to impermissibly limit Jinhua's ability to present a defense, is unworkable, and could improperly suggest to the jury that certain documents are worthy of additional protection and therefore, may in fact be, trade secrets. This would unfairly prejudice Jinhua and potentially taint the jury.

## II. ARGUMENT

### A. The Government's Motion Seeking an Order Limiting the Display of Alleged Trade Secrets Could Potentially Taint the Jury.

The statutory scheme under 18 U.S.C. §1835 anticipates the court entering orders that are "necessary and appropriate" to preserve the confidentiality of documents that the government believes to be trade secrets.  The government seeks to treat an undefined set of documents—labeled as "trade secrets" in its Motion—differently than the remainder of the documents that will be entered into evidence or otherwise used at trial.  The government's plan requests that when the parties seek to introduce an exhibit that the government contends reflects an alleged "trade secret," the exhibits should only be displayed to the parties, the jury, and the Court, but not the gallery.

Jinhua is concerned that, in treating these undefined materials differently than other evidence and exhibits, the jury could be left with the impression that these documents are worthy of more protection and that therefore they must be trade secrets.  Even more prejudicially, that message may appear to have the Court's imprimatur.  One of the key questions for the jury—whether the documents allegedly taken by former Micron employees from Micron are in fact trade secrets—

1

could therefore be predetermined by the manner in which the parties and the Court treat them during trial.[1]

Counsel for Jinhua has met and conferred with the government, and communicated that the government's proposal may be acceptable to the extent the jury is unable to see the monitors that display materials to the public, such that that the jury will be unaware that some documents are treated differently than others.  For example, the parties may be able to accomplish this if the courtroom deputy or trial technology experts running the courtroom technology have a pre-set list of documents which are not to be publicly displayed.  Jinhua is willing to further discuss this issue at the pretrial conference when the parties discuss trial logistics, trial technology and the courtroom setup.

### B. The Government's Motion Seeking an Order Limiting Testimony about Alleged Trade Secrets Infringes on Jinhua's Ability to Present Its Defense.

The government's second proposal, to limit the testimony of witnesses and the questions Jinhua can ask of these witnesses, would unfairly prejudice Jinhua.  This would abridge Jinhua's right to a fair trial because it requires the defense to curtail questions it may want to ask or testimony it may try to elicit.  In *United States v. Nosal*, CR-08-0237 EMC, 2013 WL 11327121, at *5–6 (N.D. Cal. Mar. 29, 2013), this Court denied the government's motion *in limine* seeking to limit the scope of testimony to prevent the audience from hearing testimony on any of the information contained in sensitive documents.

Moreover, the government's proposal presupposes that the defense will be able to accurately predict the testimony that will be elicited by the government during its direct examinations, as well as the scope and content of its cross examinations.  As the Court well knows, however, the nature of live testimony at trial is unpredictable and spontaneous.  An accurate prediction of how the testimony will come in at trial is impossible.  The defense should not be hamstrung by an order requiring it to

---

[1] It is worth noting that the technology that Jinhua and UMC were trying to develop in the DRAM project at issue in this case was already several "generations" old—that is, it was not cutting edge technology at the time. And that was in 2016. It is now five years later, and it is questionable whether *any* of these so-called "trade secrets" continue to have significant value now, as they are years removed from their initial development.

2

curtail its trial strategy merely to assuage Micron's concerns about the discussion of legacy technology that is now three generations old and whose key features are thus easily ascertainably by those in the industry.

## III. CONCLUSION

This Court's interpretation of 18 U.S.C. § 1835 must strike the appropriate balance between Micron's desire to protect its trade secrets and Jinhua's rights to a fair trial and to present its defense. The government's proposed protocol with respect to documents has the potential to provide the correct balance if the jury is unaware of the differing treatment of documents. The Court should deny the government's Motion to the extent it seeks to limit testimony about trade secrets. This proposal would unfairly prejudice Jinhua right to a fair trial by improperly limiting its ability to present key exculpatory evidence and constraining its cross examination of the government's witnesses.

Dated: December 22, 2021

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: */s/ Matthew E. Sloan*
MATTHEW E. SLOAN
Attorneys for Defendant
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.