JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:     (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:     (213) 687-5000
Facsimile:     (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED MICROELECTRONICS<br>CORPORATION, *et al.*,<br><br>　　　　　　　　　　　Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* NO. 6 TO ADMIT CASE AGENT AND EXCLUDE OTHER FACT WITNESSES PURSUANT TO FED. R. CRIM. P. 615; [PROPOSED] ORDER**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 14, 2022 |

## I. INTRODUCTION

In the government's Motion *in Limine* No. 6 to Admit Case Agent and Exclude Other Fact Witnesses Pursuant to Fed. R. Crim. P. 615 (the "Motion" or "Mot."), ECF No. 241, the government seeks an order (1) excluding all fact witnesses from trial until after they testify but (2) permitting FBI Special Agent Cynthia Ho to be present during trial notwithstanding that she is also on the government's witness list. While Jinhua recognizes that this Circuit generally permits one case agent to be exempt from any exclusionary order under Rule 615(2) so that he or she can assist the government during trial,[1] Jinhua requests that the Court issue an order requiring Special Agent Ho to testify before any excluded witness so as to prevent Agent Ho from benefitting from hearing all the other witnesses' testimony before taking the stand.

## II. ARGUMENT AND AUTHORITIES

Rule 615 of the Federal Rules of Evidence provides as follows:

> At a party's request, the court must order witnesses excluded **so that they cannot hear other witnesses' testimony**. Or the court may do so on its own. But this rule does not authorize excluding: (a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present.

Fed. R. Evid. 615 (emphasis added). Excluding witnesses "serves both to reduce the danger that a witness's testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witness's testimony will be based on her own recollections." *United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir. 1994); *Taylor v. United States*, 388 F.2d 786, 788 (9th Cir. 1967) ("The exclusion of witnesses from the courtroom during trial is a time-honored practice designed to prevent the shaping of testimony by hearing what other witnesses say."); *see also* Notes of Advisory Committee on Proposed Rules to Fed. R. Evid. 615 ("The efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion.").

---

[1] *See e.g., United States v. Thomas*, 835 F.2d 219, 223 (9th Cir. 1987).

The concerns underlying the purpose of Rule 615 do not vanish simply because the non-excluded witness is a case agent. In fact, the Ninth Circuit has noted that "it may be a good practice to require case agent witnesses to testify first." *United States v. Valencia-Riascos,* 696 F.3d 938, 943 (9th Cir. 2012). *See also United States v. Mitchell*, 733 F.2d 327, 329 (4th Cir. 1984) ("[B]etter practice suggests that if the [exempt] agent is to testify, he should testify as the Government's first witness, unless . . . there [are] good reasons otherwise."); *In re United States*, 584 F.2d 666, 667 (5th Cir. 1978) (holding that the agent designated under Rule 615(2) as a government representative could not be excluded; however, it was proper to order the agent to testify at an early stage of the trial).

The government has not provided any detail about the contours of Ms. Ho's testimony, so it is difficult for Jinhua to determine the effect hearing other witnesses testify would have on Special Agent Ho's testimony. The government provides a conclusory statement that she is considered by the government as an "integral part of the trial team" and that she has a "great familiarity with the case," but provides no factual details. (Mot. at 2:13-21.) In light of this uncertainty, requiring Special Agent Ho to testify first ensures that her testimony will not be shaped or tailored, even if unintentionally and in good faith, by hearing the witnesses and evidence before her, and would help ensure the integrity and accuracy of the proceedings before the Court. *See Valencia-Riascos,* 696 F.3d at 943 (noting that requiring the government to introduce its case agent first is "good practice").

Importantly, the government has not provided any good reason why Special Agent Ho could not testify first, which would eliminate Jinhua's justifiable concerns. Without good reason as to why Special Agent Ho must testify later in the case, this Court should issue an order that Special Agent Ho testify before any witnesses who must be excluded from the courtroom pursuant to Rule 615.

## **CONCLUSION**

For the reasons set forth above, Jinhua respectfully requests that the Court issue an order that Special Agent Ho should be required to testify at the beginning of the government's case, before any excluded witness. Jinhua does not otherwise oppose the government's motion.

Dated: December 22, 2021

                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

                    By:         */s/ Matthew E. Sloan*
                             Matthew E. Sloan
                           Attorneys for Defendant
                FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.