JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:   (650) 470-4500
Facsimile:    (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000

KING AND WOOD MALLESONS LLP
Yan Ge (SBN 236566)
geyan@cn.kwm.com
Aaron Todd Wolfson (admitted *Pro Hac Vice*)
Aaron.wolfson@us.kwm.com
535 Middlefield Rd, Suite 245
Menlo Park, CA 94025
Telephone 650-799-8685
Facsimile: 650-858-1226

Attorneys for Defendant
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, et al.,<br><br>Defendant. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 1 TO EXCLUDE THE EXPERT TESTIMONY OF DR. THOMAS W. DYER**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 14, 2022<br><br>Hearing Date: January 18, 2022<br>Hearing Time: 10:00 a.m. |

**INTRODUCTION**

Defendant Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua") seeks to preclude the United States from the government's "DRAM expert," Dr. Thomas Dyer from offering expert testimony on the ultimate issue of (i) whether certain information and documents constituted Micron's trade secrets under 18 U.S.C. § 1839(3) and (ii) whether Jinhua stole or misappropriated this information and documents. In a significant concession, the government has agreed that Dr. Dyer will not testify that any Micron information or documents meet the legal definition of trade secrets or that any UMC or Jinhua employees "stole" Micron's trade secrets. Opp. at 3, 5. In light of such concession, the only issue remaining is whether the government may introduce expert testimony on Jinhua's alleged "misappropriation" of Micron's trade secrets. It may not, as demonstrated in Jinhua's motion.

The United States argues that "misappropriation" is not an element of Jinhua's charged offenses. However, the government ignores precedent holding that misappropriation is required to establish theft of trade secrets under 18 U.S.C. § 1832, as well as the fact that "misappropriate" is commonly interpreted to have the same meaning as "steal" and "appropriate" in criminal trade secrets cases. Further, the government's contention that Dr. Dyer's testimony offers circumstantial evidence that Jinhua had the requisite intent to commit the charged crimes is unfounded because there is no plausible nexus between Dr. Dyer's testimony and the required intent on Jinhua's part. In addition, Dr. Dyer's opinion on misappropriation, to the extent it seeks to prove Jinhua's intent, is plainly excludable under Federal Rules of Evidence 704(b). Given that the United States has made multiple representations to this Court that it does not intend to elicit expert testimony on whether Jinhua "stole" Micron's trade secrets, it should not be permitted to offer the same testimony by simply switching the term "steal" to "misappropriate."

**ARGUMENT**

**I.   The United States Stipulates that Dr. Dyer Should Not Offer Testimony on Whether Certain Information and Documents Constitute Trade Secrets under 18 U.S.C. § 1839(3).**

The United States has agreed to stipulate that Dr. Dyer will not offer any opinions on whether certain Micron information and documents constitute trade secrets. Opp. at 1, 2, 5. Similarly, the

1

government concedes that it will not introduce testimony from Dr. Dyer that Defendants "stole" Micron's trade secrets. *Id.* at 1, 5.  The government's concession is significant because, notwithstanding its claim that Dr. Dyer's opinion on trade secrets was "confined to a single paragraph among roughly seven pages addressing the definitional *elements* of 'trade secret'" (Opp. at 3), Dr. Dyer's expert disclosures repeatedly assert that Micron's "steps, recipes, and tools" for particular Micron DRAM process, as well as certain files that UMC employees allegedly downloaded and took from Micron, were "trade secrets." *See* Mot. at 4-5; Dr. Dyer Opening Expert Disclosure at 6, 7, and 17.  Further, it is clear from Dr. Dyer's disclosures that the government intended to call him to repeat its inflammatory allegations that Kenny Wang and JT Ho "stole" Micron's information.

## II. The United States Should Be Precluded from Offering Expert Testimony on Whether Jinhua "Misappropriated" Micron's Trade Secrets Pursuant to Rule 704(b)

The United States' sole remaining argument is that Dr. Dyer should be permitted to opine on whether Jinhua "misappropriated" trade secrets, because misappropriation is not an ultimate issue in this case.  Opp. at 5.  The government claims instead that Dr. Dyer's testimony on Defendants' "'misappropriation' . . . of the stolen trade secrets is circumstantial evidence of the required intent." Opp. at 4.  This argument fails for at least three reasons.

First, separately from whether the required intent is an "ultimate issue" in this case, the Federal Rules of Evidence explicitly forbid expert witnesses in a criminal case from "stat[ing] an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."  Fed. R. Evid. 704(b); *United States v. Campos*, 217 F.3d 707, 711-12 (9th Cir. 2000) (expert testimony properly excluded under Rule 704(b) despite contention that the expert "would testify only to [defendant]'s physiological responses … and not reach an ultimate issue").  Accordingly, to the extent Dr. Dyer intends to offer an opinion on Jinhua's intent, such testimony is plainly excludable, regardless of whether it is styled as "circumstantial evidence" or non-ultimate issue testimony.

Second, the United States fails to establish a plausible connection between the alleged misappropriation and the suspected "intent to benefit a foreign government or instrumentality . . . and to injure Micron and benefit itself."  Opp. at 4.  Indeed, the government fails to proffer a scintilla

2

of evidence suggesting Jinhua's "use of stolen trade secrets" somehow indicates its *intent* to benefit a foreign government or to injure Micron for its own benefit.

Third, the United State argues that "'[m]isappropriation' is not a loaded legal term in a criminal trade-secret case" and is "not an element of the charged offense," and therefore is "a non-issue." Opp. at 1, 5.  Not so.  Jinhua is charged with economic espionage for receiving and possessing stolen trade secrets under 18 U.S.C. § 1831(a)(3), and conspiracy to commit economic espionage and theft of trade secrets pursuant to 18 U.S.C. §§ 1831(a)(5), 1832(a)(5); the definitions of both primary crimes covers someone who knowingly "*steals*, or without authorization *appropriates*, takes, carries away, or conceals . . ." a trade secret or trade secret information.  18 U.S.C. §§ 1831(a)(1), 1832(a)(1) (emphasis added).  Notably, the term "misappropriation" is commonly used in criminal cases involving similarly charged crimes.  *See United States v. Nosal*, 676 F.3d 854, 857, n.3 (9th Cir. 2012) (noting that "Congress . . . in the federal trade secrets statutes—18 U.S.C. § 1832 . . . *used the common law terms for misappropriation*, including "with intent to convert," "*steals*," "*appropriates*" and "takes" and that the government charged the defendant with offenses under 18 U.S.C. §§ 1832(a)(1), (a)(2)); *United States v. Suibin Zhang*, No. CR-05-00812 RMW, 2012 WL 1932843, at *5 (N.D. Cal. May 29, 2012) (following *Nosal* and concluding that "under § 1832, the elements the government must have proven to establish [the defendant]'s guilt are . . . (4) that [defendant] *stole or misappropriated the trade secret[s]*.") (emphasis added).  Accordingly, contrary to the government's contention, the term "misappropriation" is every bit as "loaded" in a criminal trade secrets case as it is in a civil case.  It is simply untenable for the United States on the one hand to agree to refrain from soliciting expert testimony on whether Defendants "stole" Micron's trade secrets, while on the other hand proclaiming that its expert should be allowed to testify to whether Defendants "misappropriated" the same trade secrets.

3

**JINHUA'S REPLY IN SUPPORT OF MOT. *IN LIMINE* NO. 1 TO EXCLUDE THE EXPERT TESTIMONY OF DR. THOMAS W. DRYER**   **CASE NO. 3:18-cr-00465-MMC**

# CONCLUSION

For the foregoing reasons, Jinhua respectfully requests that the Court grant Jinhua's Motion and issue an order prohibiting the government's expert witnesses from testifying at trial about whether (1) any Micron documents or information constitute trade secrets, pursuant to 18 U.S.C. 1839(3); and/or whether (2) Jinhua "misappropriated" Micron's trade secrets.

Dated:  January 4, 2022                             Respectfully submitted,

SKADDEN ARPS SLATE MEAGHER & FLOM LLP


By:___ */s/ Matthew Eric Sloan*_____
         Matthew Eric Sloan

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Jack Patrick DiCanio
Matthew Eric Sloan
Emily Anne Reitmeier
525 University Avenue
Palo Alto, CA 94301
Telephone: 650-470-4500
Facsimile: 650-470-4570

KING AND WOOD MALLESONS LLP
Yan Ge
Aaron Todd Wolfson
535 Middlefield Rd
Suite 245
Menlo Park, CA 94025
Telephone 650-799-8685
Facsimile: 650-858-1226

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.