JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
OSAMA ALKHAWAJA (SBN 334404)
Osama.Alkhawaja@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:      (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:     (213) 687-5000
Facsimile:      (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 3:18-cr-00465-MMC |
| Plaintiff, | **DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S REPLY IN SUPPORT OF JINHUA'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE THE EXPERT TESTIMONY OF DR. ADAM M. SEGAL** |
| v. | |
| UNITED MICROELECTRONICS CORPORATION, *et al.*, | |
| Defendants. | Judge: The Honorable Maxine M. Chesney |
| | Trial Date: February 14, 2022 |
| | Hearing Date: January 18, 2022 |
| | Time: 10:00 a.m. |

**ARGUMENT AND AUTHORITIES**

## I.      INTRODUCTION

Jinhua moved the Court to exclude the proffered testimony of the government's PRC technology expert, Dr. Adam Segal, in its entirety because Dr. Segal's opinions were focused on introducing highly prejudicial evidence about China's industrial policy, including China's purported indifference towards the methods used to acquire foreign technology, and his contentions that China's alleged policies would be highly damaging to global semi-conductor companies.  (ECF No. 244) ("Motion" at 1.)  Jinhua's motion demonstrated that Dr. Segal's testimony would not assist the jury in determining the facts at issue and that its probative value, if any, was substantially outweighed by the risk of unfair prejudice or confusing the jury.  (*Id.* at 5-6.)

The government's opposition concedes that several of Jinhua's objections are well-founded and has agreed to limit Dr. Segal's testimony to "eliminate any possibility of invading the role of the jury or encouraging the jury to make improper inferences."  (ECF No. 269, at 1) ("Opp.")  In particular, the government agrees that it will not elicit any testimony from Dr. Segal that (1) Jinhua is a "foreign instrumentality"; that (2) the Chinese government "supports the misappropriation of intellectual property"; and/or that (3) the Chinese government's support for its domestic semi-conductor industry is likely to damage the innovation of the semiconductor industry as a whole. (Opp. at 3.)

However, the government still seeks to elicit Dr. Segal's testimony on the following four subjects: (1) the structure of government in the People's Republic of China ("PRC"), including the PRC's centralized economic planning and use of "five year plans"; (2) the PRC's motivation to develop an independent, domestic semiconductor industry; (3) the PRC's long history of trying to develop an independent, domestic semiconductor industry; and (4) Jinhua's ownership, investors, and funding sources, as well as the PRC's financial support for Jinhua.  (*Id.*)

The government's proposed limitations are insufficient, and Dr. Segal's testimony remains improper and should be excluded.  Instead of focusing on Jinhua's conduct, Dr. Segal's proposed testimony will continue to play to potential juror biases that Chinese companies are unfair

competitors due to their control or ownership by the Chinese government and the Chinese government's ambitions to develop its domestic technology industry.  By the government's own admission, the principal purpose of Dr. Segal's testimony is to help the jury determine "whether Jinhua is or is not a 'foreign instrumentality'" for purposes of the economic espionage statute.  (Opp. at 5) (noting that jurors need Dr. Segal's testimony to help them assess "whether Jinhua is or is not a 'foreign instrumentality'").  This is pertinent because in order to prove the economic espionage counts against Jinhua, the government needs to prove that Jinhua intended to or knew that its actions would benefit a "foreign instrumentality."  *See Ninth Circuit Manual of Model Criminal Jury Instructions, 8. Offenses Under Title 18, No. 8.141A Economic Espionage*.  The only one of Dr. Segal's opinions that is relevant to determine whether Jinhua is a "foreign instrumentality," however, is Opinion No. 4, which addresses the ownership structure of Jinhua.  Dr. Segal's Opinions No. 1 (on the structure of the Chinese government); No. 2 (regarding China's desire to develop its domestic semiconductor industry) and No. 3 (regarding the PRC's history of trying to develop a domestic semiconductor industry) are irrelevant and will not assist the jury to determine any relevant facts; thus, his proffered testimony should be excluded, pursuant to Fed. R. Evid. 702.  Moreover, even if Dr. Segal's proposed testimony had any marginal relevance, its probative value is substantially outweighed by the danger of unfair prejudice, pursuant to Fed. R. Evid. 403.   Accordingly, the great majority of Dr. Segal's proposed testimony should be excluded.

## II.   ARGUMENT

### A.   Dr. Segal Should Be Precluded From Testifying Regarding Opinions Nos. 1-3 Because They Are Irrelevant and Will Not Assist the Jury

As discussed above, the government has agreed that it will not seek to elicit any testimony from Dr. Segal that (1) Jinhua is a "foreign instrumentality"; (2) the Chinese government is "indifferent to how it acquires technology" or "supports the misappropriation of intellectual property"; or that (3) the Chinese government's support for its domestic semi-conductor industry is likely to damage the innovation of the semiconductor industry as a whole.  (Opp. at 3).  The government, however, still wants Dr. Segal to testify on the following four subjects:

2

1.   "A description of the structure of government in the People's Republic of China, noting the local and central government structures, the roles of government officials and the Chinese Communist Party, and Socialist economic structure of the country that involves centralized economic planning through 'five year plans' and allows for government-owned entities."  (Opp. at 2)

2.   "Why the People's Republic of China wants to develop an independent, domestic semiconductor industry (without reference to misappropriation of trade secrets)."  (*Id.*)

3.   "The People's Republic of China's long history of trying to develop an independent, domestic semiconductor industry (without reference to misappropriation of trade secrets)."  (*Id.*)

4.   "A discussion specifically focused on Jinhua's ownership, investors, and funding sources, as well as objective indications of support specifically for Jinhua from People's Republic of China government officials, entities, and programs."  (*Id.*)

The government contends that this testimony is necessary to "provid[e] context to the jury" so that it can determine whether Jinhua is a "foreign instrumentality" for purposes of the economic espionage counts.  *See Manual of Model Criminal Jury Instructions, 8. Offenses Under Title 18, No. 8.141A Economic Espionage* (providing that government must prove that the defendant intended or knew that his actions would benefit any "foreign instrumentality.")[1]  The government asserts that "the jury would be adrift in assessing the evidence introduced by other witnesses in the case about whether Jinhua is or is not" a "foreign instrumentality'" without this testimony by Dr. Segal.  (Opp. at 5).

The only one of these four subjects that is relevant to the determination of whether Jinhua is a foreign instrumentality, however, is Opinion No. 4, which focuses on Jinhua's ownership structure and its financial support from Chinese government officials.  The remaining three subjects, by contrast, have little or no relevance.  As such, Dr. Segal's testimony on these subjects should be excluded because his proposed opinions would not "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a); *Samuels v. Holland American Line-USA Inc.*,

---

[1]  Pursuant to Section 1839 of Title 18, "the term 'foreign instrumentality' means any agency, bureau, ministry, component, institution, association, or any legal, commercial, or business organization, corporation, firm, or entity that is substantially owned, controlled, sponsored, commanded, managed, or dominated by a foreign government."  18 U.S.C. § 1839(1).

656 F.3d 948, 952-53 (9th Cir. 2011) (affirming exclusion of unreliable expert testimony); *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) ("relevance means that the evidence will assist the trier of fact to understand or determine a fact in issue.")

Dr. Segal's Opinion No. 1 regarding the structure of the Chinese government is the only other opinion (besides Opinion No. 4) that even arguably has any relevance.  To the extent that Dr. Segal intends to limit his testimony to explaining the existence of state-owned enterprises in China, that may have some marginal relevance.  By contrast, his opinions about local and central government structures, the roles of government officials and the Chinese Communist Party, and China's "five year plans," have no relevance at all, either to whether Jinhua is a foreign instrumentality, or to the central issues in the case – namely whether Jinhua allegedly conspired with UMC to misappropriate or knowingly obtain Micron's alleged trade secrets, as alleged in the indictment.

Dr. Segal's Opinions Nos. 3 and 4, which deal with China's policy and history of trying to develop an independent semiconductor industry, are even less relevant and should similarly be excluded, both because they will not assist the jury and because they are not relevant to any matters for the jury's consideration.  *See* Fed. R. Evid. 402 ( "Irrelevant evidence is not admissible").  China's "long history of trying to develop an independent, domestic semiconductor industry" and the reasons why it allegedly wants to do so are simply irrelevant to whether the government can prove beyond a reasonable doubt that Jinhua conspired with UMC to misappropriate or knowingly obtain Micron's alleged trade secrets.  Introduction of such testimony, moreover, runs the risk that the jury may improperly conclude from such testimony that Jinhua must have tried to steal Micron's trade secrets in order to further China's industrial policy in violation of Rule 404(b).  Fed. R. Evid. 404(b)(1)("Evidence of any other . . . act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.")

**B.      Dr. Segal's Proposed Testimony Regarding Opinions Nos. 1-3 Should Also Be Excluded Because The Probative Value, If Any, of Such Testimony Would Be Substantially Outweighed by The Danger of Unfair Prejudice**

Even if, for *the sake of argument*, Dr. Segal's Opinions Nos. 1 through 3 had any relevance, the probative value of this testimony would be substantially outweighed by its prejudicial effect and

1  should be excluded under Rule 403.  As Jinhua established in its moving papers, by providing an

2  extensive discussion of Chinese industrial policy and its alleged focus on developing a domestic

3  semiconductor industry, Dr. Segal's testimony would have the potential effect of appealing to

4  potential juror bias against Chinese state-owned companies, which has been fanned at times by media

5  reports about the alleged competitive practices of some Chinese companies.  Although the

6  government has indicated that Dr. Segal will not overtly allege that the Chinese government tried to

7  misappropriate trade secrets, his testimony about Chinese industrial policy may – whether by design

8  or not – cause some jurors to speculate and base their findings on pre-conceived notions or biases.

9  Similarly, his proposed discussion about the PRC's "Socialist economic structure," "centralized

10  economic planning," and "five year plans" (Opp. at 2) would appear to serve little purpose other than

11  to arouse potential juror bias.  This is just the type of unduly prejudicial information that Rule 403 is

12  designed to exclude.  Given that Dr. Segal's testimony would have little if any probative value, the

13  Court should exclude his Opinions with the minor exceptions noted above.

14  **III.**    **CONCLUSION**

15      For the foregoing reasons, the Court should issue an Order precluding Dr. Segal from

16  testifying at trial about Opinions Nos. 1-3.

17  DATED: January 4, 2022

18                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

19

20

21  By:  _____/s/ Matthew E. Sloan_____
                    Matthew E. Sloan

22                    Attorneys for Defendant
            FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

23

24

25

26

27

28