STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Laura.Vartain@usdoj.gov
    Nicholas.Walsh@usdoj.gov

NICHOLAS O. HUNTER (DCBN 1022355)
STEPHEN MARZEN (NYBN 2007094)
Trial Attorneys, National Security Division

    950 Pennsylvania Ave., NW
    Washington, DC 20530
    Tel: (202) 353-3434
    Fax: (202) 233-2146
    Nicholas.Hunter@usdoj.gov
    Stephen.Marzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00465 MMC |
| Plaintiff, | AGREED UPON PROPOSED JURY INSTRUCTIONS |
| v. | The Honorable Maxine M. Chesney<br>Pretrial Conf: January 18, 2022, at 10:00 am |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD, | Courtroom 7, 19th Floor |
| Defendant. | |

1    The United States and Defendant Fujian Jinhua Integrated Circuit Co., Ltd., jointly respectfully

2  submit the attached agreed upon proposed jury instructions for consideration by the Court.

3    The parties note that most of these instructions are based on the Ninth Circuit Criminal Model

4  Jury Instructions.  Words removed are ~~struck through~~ and words added are underlined.

5    Filed under separate cover today is the Disputed Jury Instructions and Objections that sets out

6  the jury instructions on which the parties did not reach agreement.  The location the supporting party

7  proposes that a disputed instruction be given is noted herein by title only.

8    Both parties reserve the right to ask for additional or different instructions based on the rulings

9  made by the court and/or the evidence presented.

10

11  DATED:      January 7, 2022        Respectfully submitted,

12                                    STEPHANIE M. HINDS
                                      United States Attorney

13

14                                    _____/s/_____

15                                    LAURA VARTAIN HORN
                                      NICHOLAS WALSH

16                                    Assistant United States Attorneys

17                                    NICHOLAS O. HUNTER
                                      STEPHEN MARZEN

18                                    Trial Attorneys, National Security Division

19  DATED:      January 7, 2022        Respectfully submitted,

20                                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

21

22                                    _____/s/_____

23                                    JACK P. DICANIO
                                      MATTHEW E. SLOAN

24                                    EMILY A. REITMEIER

25                                    Attorneys for Defendant
                                      Fujian Jinhua Integrated Circuit Co. Ltd.

26

27

28

## TABLE OF CONTENTS

**PROPOSED PRELIMINARY JURY INSTRUCTIONS**........................................................... 1

    RE: DUTY OF JURY .............................................................................. 2

    RE: WHAT IS EVIDENCE...................................................................... 4

    RE: WHAT IS NOT EVIDENCE............................................................. 5

    RE: CONFIDENTIAL DOCUMENTS ..................................................... 6

    RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE................................ 7

    RE: CREDIBILITY OF WITNESSES ...................................................... 9

    RE: CORPORATE DEFENDANT............................................................ 10

    RE: CONDUCT OF THE JURY ............................................................. 11

    RE: NO TRANSCRIPT AVAILABLE TO JURY ......................................... 13

    RE: TAKING NOTES ........................................................................... 14

    RE: OUTLINE OF TRIAL .................................................................... 15

    RE: JURY TO BE GUIDED BY ENGLISH TRANSLATION ...................... 16

    RE: QUESTIONS TO WITNESSES BY JURORS DURING TRIAL ........................... 17

    RE: BENCH CONFERENCES AND RECESSES ....................................... 18

**PROPOSED JURY INSTRUCTIONS AT THE END OF THE CASE ................................ 19**

    RE: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ................................ 20

    RE: CHARGE AGAINST DEFENDANT NOT EVIDENCE - PRESUMPTION OF

        INNOCENCE - BURDEN OF PROOF .................................................. 21

    RE: REASONABLE DOUBT—DEFINED .................................................. 22

    RE: WHAT IS EVIDENCE....................................................................... 23

RE: WHAT IS NOT EVIDENCE.....................................................................24

RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE....................................................25

RE: SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE
    DEFENDANT ....................................................................27

RE: FOREIGN LANGUAGE TESTIMONY ..................................................29

RE: ON OR ABOUT—DEFINED ...................................................30

RE: OPINION EVIDENCE, EXPERT WITNESS ............................................31

RE: STIPULATIONS OF FACT .................................................32

RE:  CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE ................33

RE: CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE...........................34

RE: TRADE SECRET—DEFINED .................................................36

RE: OWNER - DEFINED ...................................................38

RE: COUNT SEVEN - ECONOMIC ESPIONAGE........................................40

RE: COUNT SEVEN - AIDING AND ABETTING ......................................41

RE: POSSESSION—DEFINED.....................................................43

RE: FOREIGN INSTRUMENTALITY AND FOREIGN AGENT—DEFINED ..........44

RE: DUTY TO DELIBERATE .......................................................45

RE: CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY .....................46

RE: USE OF NOTES.......................................................47

RE: JURY CONSIDERATION OF PUNISHMENT .....................................48

RE: VERDICT FORM.......................................................49

RE: COMMUNICATION WITH COURT .......................................50

**PROPOSED PRELIMINARY JURY INSTRUCTIONS**

**AGREED UPON PROPOSED JURY INSTRUCTION NO.**
**RE: DUTY OF JURY**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Source: Ninth Circuit Model Criminal Jury Instruction 1.1

2

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _____**
**THE CHARGES—PRESUMPTION OF INNOCENCE**

or

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_**
**THE CHARGES—PRESUMPTION OF INNOCENCE**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.


**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_**
**MISSING DEFENDANTS**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.


**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_**
**GUILTY PLEA**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received in evidence; and,

(3)     any facts to which the parties agree.

Source: Ninth Circuit Model Criminal Jury Instruction 1.3.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source: Ninth Circuit Model Criminal Jury Instruction 1.4.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: CONFIDENTIAL DOCUMENTS**

At the bottom of some exhibits, you may see some letters and numbers (e.g., UMCDOJ-00000001.) These are called "bates numbers" and are added to documents for purposes of litigation to help the lawyers in this case identify documents by a unique number/letter combination.

Some of these documents may also have the words "Confidential," "Confidential pursuant to Protective Order," or similar language at the bottom of the document, even in line with the bates number.   These are designations added by the party producing the documents in litigation which ask that the parties be limited in how they share the documents.

These stamps should have no bearing on your deliberations in this case. Simply because a document has a "Confidential" bates-stamp does not make it confidential, and should have no bearing on whether you determine a document is actually "confidential" or a trade secret.

However, some documents may also contain a "Confidential" label (or some other similar label) that was not placed on a document for the purposes of this litigation.  In those instances, you may consider the fact that someone added a "Confidential" label to the document, along with other evidence about the treatment and handling of the document, in your determination of whether a document is actually "confidential."

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_\_
RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Ninth Circuit Model Criminal Jury Instruction 1.5.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __
RE: RULING ON OBJECTIONS**

or

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____
RE: RULING ON OBJECTIONS**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**RE: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Source: Ninth Circuit Model Criminal Jury Instruction 1.7.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: CORPORATE DEFENDANT**

The fact that the defendant is a corporation should not affect your verdict. Under the law a corporation is considered a person and all persons are equal before the law. A corporation is entitled to the same fair and conscientious consideration by you as any other person.

Under the law, a corporation can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

[I will give you instructions after trial to help you determine who is an [employee] and agent of a corporation.]

Source: Ninth Circuit Model Criminal Jury Instruction 3.16; Ninth Circuit Model Civil Jury Instruction 4.2.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[,

although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Model Criminal Jury Instruction 1.8.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Source: Ninth Circuit Model Criminal Jury Instruction 1.9.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Model Criminal Jury Instruction 1.10.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Ninth Circuit Model Criminal Jury Instruction 1.11.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: JURY TO BE GUIDED BY ENGLISH TRANSLATION**

Languages other than English, ~~such as Chinese,~~ will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. When written or recorded evidence is presented in another language, there will be ~~an official court~~ translation of the document or recording.

The evidence you are to consider and on which you must base your decision is only the English-language translation or interpretation provided through the ~~official court~~ translators. Although some of you may know ~~the non-English language used~~ Chinese, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Source: Ninth Circuit Model Criminal Jury Instruction 1.12.

16

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. *[Specific reasons for not allowing jurors to ask questions may be explained.]* If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Source: Ninth Circuit Model Criminal Jury Instruction 1.14.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_
RE: BENCH CONFERENCES AND RECESSES**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Source: Ninth Circuit Model Criminal Jury Instruction 1.16.

**PROPOSED JURY INSTRUCTIONS AT THE END OF THE CASE**

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Source: Ninth Circuit Model Criminal Jury Instruction 3.1.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___
RE: CHARGE AGAINST DEFENDANT NOT EVIDENCE - PRESUMPTION OF
INNOCENCE - BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves it guilty beyond a reasonable doubt.

In addition, the defendant does not have to testify or present any evidence to prove innocence.

The government has the burden of proving every element of the charges beyond a reasonable doubt.

Source: Ninth Circuit Model Criminal Jury Instruction 3.2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Source: Ninth Circuit Model Criminal Jury Instruction 3.5.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)      the sworn testimony of any witness;

(2)      the exhibits which are received in evidence; and,

(3)      any facts to which the parties agree.

Source: Ninth Circuit Model Criminal Jury Instruction 3.6.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Model Criminal Jury Instruction 3.7.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Ninth Circuit Model Criminal Jury Instruction 3.8.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**
**RE: CREDIBILITY OF WITNESSES**

or

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**
**RE: CREDIBILITY OF WITNESSES**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**
**INTEREST IN OUTCOME**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**
**IMPERMISSIBLE TO INFER PARTICIPATION FROM ASSOCIATION**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE**
**DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Source: Ninth Circuit Model Criminal Jury Instruction 3.11.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**RE: CORPORATE ACTION (RESPONDEAT SUPERIOR)**

or

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____**
**RE: CORPORATE ACTION (RESPONDEAT SUPERIOR)**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.


**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**RE: AGENT — DEFINED**

or

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____**
**RE: AGENT — DEFINED**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.


**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**RE:  JOINT VENTURE DEFINED**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: FOREIGN LANGUAGE TESTIMONY**

You have heard testimony of witnesses who testified in the <u>Chinese</u> language. Witnesses who do not speak English or are more proficient in another language testify through an official translator.

<u>You have also seen written or recorded evidence in another language presented with a translation of the document or recording.</u>

Although some of you may know the <u>Chinese</u> language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony <u>and the translation of any written or recorded evidence</u>. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that a translator was used.

Source: Ninth Circuit Model Criminal Jury Instruction 3.17.

29

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___
RE: ON OR ABOUT—DEFINED**

The Indictment charges that the offense alleged in <u>Counts One, Two, and Seven</u> was committed "on or about" <u>or "in or about"</u> a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in <u>Counts One, Two, and Seven</u> of the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Source: Ninth Circuit Model Criminal Jury Instruction 3.18.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from <u>witnesses</u> who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of <u>each</u> witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Model Criminal Jury Instruction 4.14.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_
RE: STIPULATIONS OF FACT**

[The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.]

Source: Ninth Circuit Model Criminal Jury Instruction 2.2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE:  CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source: Ninth Circuit Model Criminal Jury Instruction 4.16.

1

2

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

3

4

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Source: Ninth Circuit Model Criminal Jury Instruction 4.17.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: DEFENSE THEORY OF THE CASE**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. \_\_\_\_\_**
**RE: TRADE SECRETS ALLEGED IN THE INDICTMENT**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_\_
RE: TRADE SECRET—DEFINED**

The term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, programs, devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, if:

(1) the information is actually secret because it is not generally known to or readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information;

(2) the owner thereof has taken reasonable measures to keep such information secret; and

(3) the information derives independent economic value, actual or potential, from being secret.

In addition, facts and information acquired by an employee, whether by memorization or some other means, in the course of his or her employment may potentially be trade secrets, but only if they meet the definition of a trade secret set forth above. However, the personal skills, talents, or abilities that an employee develops at his place of employment are not trade secrets.

The term "trade secret" can include compilations of public information when combined or compiled in a novel way, even if a portion or every individual portion of that compilation is generally known. Combinations or compilations of public information from a variety of different sources, when combined or compiled in a novel way, can be a trade secret. In such a case, if a portion of the trade secret is generally known or even if every individual portion of the trade secret is generally known, the compilation or combination of information may still qualify as a trade secret if it meets the definition of a trade secret set forth in the preceding paragraph.

Source: Ninth Circuit Model Criminal Jury Instruction 8.141C.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____**
**RE: REVERSE ENGINEERING**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: OWNER - DEFINED**

The term "owner," with respect to a trade secret, means the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed.

Source: 18 U.S.C. § 1839(4); Ninth Circuit Model Criminal Jury Instruction 8.141C; *United States v. Liew*, 11-CR-00573 JSW Dkt. 792 (Final Jury Instructions) (February 25, 2014), instructions affirmed on appeal, *United States v. Liew*, 856 F.3d 585 (9th Cir. 2017).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**COUNT ONE - CONSPIRACY TO COMMIT ECONOMIC ESPIONAGE**

or

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**
**COUNT ONE - CONSPIRACY TO COMMIT ECONOMIC ESPIONAGE**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**COUNT TWO - CONSPIRACY TO COMMIT THEFT OF TRADE SECRETS**

or

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**COUNT TWO - CONSPIRACY TO COMMIT THEFT OF TRADE SECRETS**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: COUNT SEVEN - ECONOMIC ESPIONAGE**

The defendant is charged in Count Seven of the indictment with economic espionage in violation of Section 1831(a)(3) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended or knew that its actions would benefit any foreign government, foreign instrumentality, or foreign agent; and,

Second, the defendant knowingly received, bought, or possessed one or more of the trade secrets charged in the Indictment belonging to Micron Technology, Inc., knowing that the trade secret, or those trade secrets, had been stolen, appropriated, obtained, or converted without authorization, in violation of 18 U.S.C. Section 1831(a)(3).

Source: Ninth Circuit Model Criminal Jury Instruction 8.141A.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: COUNT SEVEN - AIDING AND ABETTING**

<u>The defendant is also charged in Count Seven of the Indictment with aiding and abetting a violation of 18 U.S.C. Section 1831(a)(3), economic espionage.</u> A defendant may be found guilty of violating <u>18 U.S.C. Section 1831(a)(3)</u>, even if a defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, someone committed a violation of <u>18 U.S.C. Section 1831(a)(3), economic espionage</u>;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of the crime;

Third, the defendant acted with the intent to facilitate violation of <u>18 U.S.C. Section 1831(a)(3), economic espionage</u>; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit a violation of <u>18 U.S.C. Section 1831(a)(3).</u>

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime ~~[and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].~~

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Source: Ninth Circuit Model Criminal Jury Instruction 5.1; *United States v. Liew*, 11-CR-00573 JSW Dkt. 792 (Final Jury Instructions) (February 25, 2014), instructions affirmed on appeal, *United States v. Liew*, 856 F.3d 585 (9th Cir. 2017).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**RE: KNOWINGLY—DEFINED**

or

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**
**RE: KNOWINGLY—DEFINED**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**DEFENDANT'S  PROPOSED JURY INSTRUCTION NO. ___**
**RE: GOOD FAITH DEFENSE**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO.**
**RE: KNOWLEDGE AND INTENT OF A CORPORATION—DEFINED**

*See* Disputed Jury Instructions and Objections, filed under separate cover today.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_**
**RE: POSSESSION—DEFINED**

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

Source: Ninth Circuit Model Criminal Jury Instruction 3.15.

### AGREED UPON PROPOSED JURY INSTRUCTION NO. ___
### RE: FOREIGN INSTRUMENTALITY AND FOREIGN AGENT—DEFINED

The term "foreign instrumentality," as used in these instructions, means any agency, bureau, ministry, component, institution, association, or any legal, commercial, or business organization, corporation, firm, or entity that is substantially owned, controlled, sponsored, commanded, managed, or dominated by a foreign government.

A "foreign agent" is any officer, employee, proxy, servant, delegate, or representative of a foreign government.

Source: 18 U.S.C. § 1839(1); 18 U.S.C. § 1839(2); Ninth Circuit Model Criminal Jury Instruction 8.141A; *United States v. Liew*, 11-CR-00573 JSW Dkt. 792 (Final Jury Instructions) (February 25, 2014), instructions affirmed on appeal, *United States v. Liew*, 856 F.3d 585 (9th Cir. 2017).

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Source: Ninth Circuit Model Criminal Jury Instruction 7.1.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Model Criminal Jury Instruction 7.2.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Model Criminal Jury Instruction 7.3.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Source: Ninth Circuit Model Criminal Jury Instruction 7.4.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. ___**
**RE: VERDICT FORM**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Source: Ninth Circuit Model Criminal Jury Instruction 7.5.

**AGREED UPON PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Model Criminal Jury Instruction 7.6.