1   STEPHANIE M. HINDS (CABN 154284)
    United States Attorney

2

3   THOMAS A. COLTHURST (CABN 99493)
    Chief, Criminal Division

4   LAURA VARTAIN HORN (CABN 258485)
    NICHOLAS WALSH (CABN 314290)

5   Assistant United States Attorneys

6        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495

7        Telephone: (415) 436-7200
         Laura.Vartain@usdoj.gov

8        Nicholas.Walsh@usdoj.gov

9   NICHOLAS O. HUNTER (DCBN 1022355)
    STEPHEN MARZEN (NYBN 2007094)

10  Trial Attorneys, National Security Division

11       950 Pennsylvania Ave., NW
         Washington, DC 20530

12       Tel: (202) 353-3434
         Fax: (202) 233-2146

13       Nicholas.Hunter@usdoj.gov
         Stephen.Marzen@usdoj.gov

14
    Attorneys for United States of America

15                 UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18
    UNITED STATES OF AMERICA,            )   CASE NO. 18-CR-00465 MMC
19                                       )
              Plaintiff,                 )   DISPUTED JURY INSTRUCTIONS AND
20                                       )   OBJECTIONS
         v.                              )
21                                       )   The Honorable Maxine M. Chesney
    FUJIAN JINHUA INTEGRATED CIRCUIT     )   Pretrial Conf: January 18, 2022, at 10:00 am
22  CO., LTD,                            )   Courtroom 7, 19th Floor
                                         )
23            Defendant.                 )
                                         )
24

25

26

27

28

1    Pursuant to the Court's April 15, 2021 Amended Pretrial Order, the United States and Defendant

2    Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") hereby submits their disputed jury instructions,

3    written objections, and proposed alternative instructions.

4    When an instruction is based on the Ninth Circuit Model Jury Instructions, words removed are

5    ~~struck through~~ and words added are <u>underlined</u>.

6    Both parties reserve the right to ask for additional or different instructions based on the rulings

7    made by the court and/or the evidence presented.

8

9    DATED:        January 7, 2022              Respectfully submitted,

10                                             STEPHANIE M. HINDS
                                               United States Attorney
11

12                                             _____
                                                      /s/
13                                             LAURA VARTAIN HORN
                                               NICHOLAS WALSH
14                                             Assistant United States Attorneys

15                                             NICHOLAS O. HUNTER
                                               STEPHEN MARZEN
16                                             Trial Attorneys, National Security Division

17   DATED:        January 7, 2022              Respectfully submitted,

18                                             SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

19

20                                             _____
                                                      /s/
21                                             JACK P. DICANIO
                                               MATTHEW E. SLOAN
22                                             EMILY A. REITMEIER

23                                             Attorneys for Defendant
                                               Fujian Jinhua Integrated Circuit Co. Ltd.
24

25

26

27

28

1
2

## TABLE OF CONTENTS

3

**DISPUTED PROPOSED PRELIMINARY JURY INSTRUCTIONS** ..................................... 1

4
5
UNITED STATES' PROPOSED JURY INSTRUCTION RE: THE CHARGES—
PRESUMPTION OF INNOCENCE..................................................................... 2

6
7
DEFENDANT'S PROPOSED JURY INSTRUCTION RE: THE CHARGES—
PRESUMPTION OF INNOCENCE..................................................................... 5

8
9
DEFENDANT'S PROPOSED JURY INSTRUCTION RE: MISSING DEFENDANTS ....... 6

10
11
DEFENDANT'S PROPOSED JURY INSTRUCTION RE: GUILTY PLEA........................ 7

12
13
14
UNITED STATES' PROPOSED JURY INSTRUCTION RE: RULING ON OBJECTIONS 8

15
DEFENDANT'S PROPOSED JURY INSTRUCTION RE: RULING ON OBJECTIONS.... 9

16
17
**DISPUTED PROPOSED JURY INSTRUCTIONS AT THE END OF THE CASE ........... 10**

18
19
UNITED STATES' PROPOSED JURY INSTRUCTION RE: CREDIBILITY OF
WITNESSES.................................................................................................... 11

20
21
DEFENDANT'S PROPOSED JURY INSTRUCTION RE: CREDIBILITY OF
WITNESSES.................................................................................................... 13

22
23
24
DEFENDANT'S PROPOSED JURY INSTRUCTION RE: INTEREST IN OUTCOME.... 16

25
26
DEFENDANT'S PROPOSED JURY INSTRUCTION RE: IMPERMISSIBLE TO INFER
PARTICIPATION FROM ASSOCIATION ....................................................... 17

27
28

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES' PROPOSED JURY INSTRUCTION RE: CORPORATE ACTION (RESPONDEAT SUPERIOR) ....................................................................... 18

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: CORPORATE ACTION (RESPONDEAT SUPERIOR) ....................................................................... 21

UNITED STATES' PROPOSED JURY INSTRUCTION RE: AGENT — DEFINED........ 23

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: AGENT — DEFINED ........... 24

UNITED STATES' PROPOSED JURY INSTRUCTION RE:  JOINT VENTURE DEFINED ............................................................................................. 26

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY .................................................... 27

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: DEFENSE THEORY OF THE CASE ................................................................................................ 28

UNITED STATES' PROPOSED JURY INSTRUCTION RE: TRADE SECRETS ALLEGED IN THE INDICTMENT ............................................................ 29

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: REVERSE ENGINEERING... 32

UNITED STATES' PROPOSED JURY INSTRUCTION RE: COUNT ONE - CONSPIRACY TO COMMIT ECONOMIC ESPIONAGE ............................................. 33

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: COUNT ONE - CONSPIRACY TO COMMIT ECONOMIC ESPIONAGE .................................................... 36

UNITED STATES' PROPOSED JURY INSTRUCTION RE: COUNT TWO - CONSPIRACY TO COMMIT THEFT OF TRADE SECRETS .................................... 39

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: COUNT TWO - CONSPIRACY TO COMMIT THEFT OF TRADE SECRETS.............................................. 43

UNITED STATES' PROPOSED JURY INSTRUCTION RE: KNOWINGLY—DEFINED ................................................................................................ 47

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: KNOWINGLY—DEFINED... 49

DEFENDANT'S PROPOSED JURY INSTRUCTION RE: GOOD FAITH DEFENSE...... 50

UNITED STATES' PROPOSED JURY INSTRUCTION RE: KNOWLEDGE AND INTENT OF A CORPORATION—DEFINED ................................................. 52

**DISPUTED PROPOSED PRELIMINARY JURY INSTRUCTIONS**

**UNITED STATES' PROPOSED JURY INSTRUCTION NO.**
**RE: THE CHARGES—PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government against Fujian Jinhua Integrated Circuit, Co., Ltd. The government charges the defendant with one count of conspiracy to commit economic espionage in violation of Section 1831(a)(5) of Title 18 of the United States Code, one count of conspiracy to commit theft of trade secrets in violation of Section 1832(a)(5) of Title 18 of the United States Code, and one count of economic espionage in violation of Section 1831(a)(3) of Title 18 of the United States Code.  A trade secret is information that is actually secret because it is neither known to nor readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information, which the owner has taken reasonable measures to keep secret, and which derives independent economic value from being secret.

The three charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

**For Count One**, Conspiracy to Commit Economic Espionage, for the defendant to be found guilty, the government must prove beyond a reasonable doubt that:

1.      beginning in or about January 2016 and continuing until at least September 2018, there was an agreement between two or more persons to commit economic espionage;

2.      the defendant became a member of the conspiracy knowing of at least one of its

objects and intending to help accomplish it; and,

3.   one of the members of the conspiracy performed at least one overt act on or after January 2016 for the purpose of carrying out the conspiracy.

**For Count Two**, Conspiracy to Commit Trade Secret Theft, for the defendant to be found guilty, the government must prove beyond a reasonable doubt that:

1.   beginning in approximately October 2015 and continuing to approximately September 2018, there was an agreement between two or more persons to commit theft of any trade secret belonging to Micron Technology, Inc.;

2.   the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and,

3.   one of the members of the conspiracy performed at least one overt act on or after October 2015 for the purpose of carrying out the conspiracy.

**For Count Seven**, Economic Espionage, for the defendant to be found guilty, the government must prove beyond a reasonable doubt that:

1.   the defendant intended or knew that its actions would benefit any foreign government, foreign instrumentality, or foreign agent; and,

2.   the defendant knowingly received, bought, or possessed any trade secret belonging to Micron Technology, Inc., knowing the same to have been stolen, appropriated, obtained, or converted without authorization, in violation of 18 U.S.C. Section 1831(a)(3).

The defendant may be found guilty of economic espionage in violation of Section 1831(a)(3) of Title 18 of the United States Code even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.

Source: Ninth Circuit Model Criminal Jury Instructions 1.2; 8.20; 8.141A; and 8.141B.

3

**Defendant's Objection:** Jinhua does not believe the jury should be pre-instructed on the elements of the offenses. Courts traditionally instruct the juries on the law that governs the claims at the close of evidence. This allows the court to tailor its instructions to the evidence presented during the course of the trial and to the issues to be decided. *See Jensen v. Santa Clara County,* 32 Fed. Appx. 203, 206 (9th Cir. 2002) ("A district court must formulate jury instructions so that they fairly and adequately cover issues presented, correctly state the law, and are not misleading.") (*citing Phillips v. United States Internal Revenue Serv.*, 73 F.3d 939, 941 (9th Cir. 1996)). There is no reason for multiple sets of instructions on the substantive counts in this case.

The offenses charged in the indictment all require the jury to determine whether multiple elements comprising each offense exist, and many of the terms contained in those elements, including, for instance "trade secret," are the subject of their own, multi-factor, definitions. General instructions attempting to summarize at a high-level, conspiracy, economic espionage, and trade secret law out of context of the specific facts of the case are likely to confuse the jury rather than assist them. The Court will be better equipped to provide instructions after the framework of legal and factual issues involved in this action have been laid out at trial and the controlling issues for the jury to resolve are defined, and the jury will be better prepared to receive and understand such instructions at that time. Therefore, pre-instruction of the substantive charges is not necessary or appropriate in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____**
**RE: THE CHARGES—PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government against <u>Fujian Jinhua</u> <u>Integrated Circuit, Co., Ltd. The government charges the defendant with one count of conspiracy</u> <u>to commit economic espionage in violation of Section 1831(a)(5) of Title 18 of the United States</u> <u>Code, one count of conspiracy to commit theft of trade secrets in violation of Section 1832(a)(5)</u> <u>of Title 18 of the United States Code, and one count of economic espionage in violation of</u> <u>Section 1831(a)(3) of Title 18 of the United States Code.</u>

The three charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

<u>As I will instruct you at the end of the case, each offense charged in the indictment</u> <u>contains one or more different elements. Unless the government proves beyond a reasonable</u> <u>doubt that Jinhua has committed each and every element of the count you are considering, you</u> <u>must find it not guilty.</u>

~~[In order to help you follow the evidence, I will now give you a brief summary of the~~ ~~elements of the crime[s] that the government must prove to make its case: [~~*supply brief statement* *of elements of crime[s]*~~].]~~

Source: Ninth Circuit Model Criminal Jury Instructions 1.2; 8.20; 8.141A; and 8.141B; Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions: Criminal § 12.10 (modified).

**United States' Objection:** The United States has proposed Ninth Circuit Model Instruction 1.2, which suggests that the crimes and their elements be spelled out in advance of the jury hearing evidence.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.___
RE: MISSING DEFENDANTS**

The government has also charged other individuals—Chen Zhengkun (Stephen Chen), J.T. Ho and Wang Yungming (Kenny Wang)—and alleged that these individuals conspired with Jinhua to steal trade secrets.

For reasons that do not concern you, the cases against codefendants Chen Zhengkun (Stephen Chen), J.T. Ho and Wang Yungming (Kenny Wang) are not before you. Do not speculate why. This fact should not influence your verdict with reference to Jinhua, and you must base your verdict solely on the evidence against Jinhua.

Source: Ninth Circuit Model Jury Instruction 2.15, as modified, with underlined introductory paragraph added.

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instruction 2.15 is intended to be used when a co-defendant flees or pleads guilty *in the middle of trial*, not in circumstances where co-defendants flee or plead guilty *before* trial. *See* Ninth Circuit Model Jury Instructions Section 2 ("Instructions in the Course of Trial"). Giving the instruction is therefore not the standard practice in criminal trials and should not be done here.

Moreover, the defendant's wording of the above proposed instruction is designed to give the jury information that it should not be given regarding who else has been charged and, in conjunction with the next proposed instruction, who has pleaded guilty. *See, e.g.,* Ninth Circuit Model Jury Instruction 2.15 cmt. ("No reference should ordinarily be made in this situation to a plea of guilty by the codefendant.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.__**
**RE: GUILTY PLEA**

UMC pleaded guilty to a crime, specifically possession of trade secrets, in violation of 18 U.S.C. § 1832(a)(3). You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Jinhua from the fact that UMC pled guilty. UMC's decision to plead guilty was a personal decision about its own guilt. It may not be used by you in any way as evidence against or unfavorable Jinhua. Thus, the fact that UMC pleaded guilty should not influence your verdict with reference to Jinhua, and you must base your verdict solely on the evidence against Jinhua.

Source: Sand Modern Jury Instructions 7-10; Ninth Circuit Model Jury Instruction 2.15 (last sentence).

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instruction 2.15 is intended to be used when a co-defendant flees or pleads guilty *in the middle of trial*, not in circumstances where co-defendants flee or plead guilty *before* trial. *See* Ninth Circuit Model Jury Instructions Section 2 ("Instructions in the Course of Trial"). Giving the instruction is therefore not the standard practice in criminal trials and should not be done here. Further, the guilty pleas should not be evidence or raised at trial. *See, e.g.,* Ninth Circuit Model Jury Instruction 2.15 cmt. ("No reference should ordinarily be made in this situation to a plea of guilty by the codefendant.").

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _
RE: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source: Ninth Circuit Model Criminal Jury Instruction 1.6.

**Defendant's Objection:** The government's proposed instruction follows the Ninth Circuit Model.   Jinhua agrees with the use of this language, but proposes that additional language be added from the Sand Modern Jury Instructions, which makes clear that the jury should not show any prejudice to a party or its counsel because the attorney made objections or asked for rulings as a matter of law.  Jinhua respectfully submits that such an instruction is prudent and appropriate.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_
RE: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been. It is the duty of an attorney to object when testimony or evidence is offered which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law. All of those questions of law must be decided by the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked the court for a ruling on the law.

My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all of the evidence. However, sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source: Ninth Circuit Model Criminal Jury Instruction 1.6; underlined addition from Sand, Modern Federal Jury Instructions 2-8.

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instruction 1.6 is sufficient.

**DISPUTED PROPOSED JURY INSTRUCTIONS AT THE END OF THE CASE**

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**RE: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Model Criminal Jury Instruction 3.9.

**Defendant's Objection:** The government's proposed instruction follows the Ninth Circuit Model.  Jinhua generally agrees with the use of the Model Instruction, but proposes that the Court add additional language from the Sand Modern Jury Instructions as highlighted in the Defendant's Proposed Instruction, below. The additional language stresses the importance of instructing the jurors that they, and not the judge or the attorneys, are to determine the credibility of witnesses. The proposed language is understandable, in plain English, and provides a general overview of the considerations for credibility, which is explained in more detail in connection with the Ninth Circuit Model Criminal Instruction 3.9.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____**
**RE: CREDIBILITY OF WITNESSES**

It must be clear to you by now that the Government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

<u>In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.</u>

~~In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.~~

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Model Criminal Jury Instruction 3.9 (as modified); underlined portion from Sand Modern Jury Instructions 7-1.

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instruction 3.9 is sufficient.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.**
**RE: INTEREST IN OUTCOME**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Source: Sand Modern Jury Instructions 7-3.

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instruction 3.9 regarding credibility of witnesses is sufficient and covers this topic.

16

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.**
**RE: IMPERMISSIBLE TO INFER PARTICIPATION FROM ASSOCIATION**

<u>You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.</u>

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit <u>the acts alleged in the indictment.</u>

Source: First paragraph from Sand Modern Jury Instructions, 6-4; second paragraph excerpted from Ninth Circuit Model Criminal Jury Instruction 5.1.

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instruction 5.1 (Aiding and Abetting) and 8.20 (Conspiracy) are going to be given to the jury and already cover this topic, thus adding it again adds undue emphasis on the topic.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _____**
**RE: CORPORATE ACTION (RESPONDEAT SUPERIOR)**

The defendant is a corporation. A corporation is a legal entity, and it may be found guilty of a criminal offense. The fact that a defendant is a corporation should not affect your verdict. Under the law a corporation is considered a person and all persons are equal before the law. A corporation is entitled to the same fair and conscientious consideration by you as any other person.

Under the law, a corporation is a person, but it can only act through its agents – such as its directors, officers, employees, or others acting on its behalf. A corporation is legally bound by the acts and the statements of its agents acting on its behalf, done or made within the scope of their employment or their actual or apparent authority. In order for a corporation to be legally responsible for the acts or statements of its agents, you must find that the agent was acting within the scope of employment or with actual or apparent authority. If you conclude that any agent of a corporation, acting within the scope of employment or with actual or apparent authority, knowingly and intentionally participated in the offense charged in the indictment, then that corporation is liable for that offense.

Acts done within the scope of employment or with actual or apparent authority are acts performed on behalf of a corporation and directly related to the performance of the duties the agent has general authority to perform. Apparent authority is the authority that outsiders could reasonably assume the agent would have, judging from his position with the company, the responsibilities previously entrusted to him or his office, and the circumstances surrounding his past conduct.

To be acting within the scope of his employment or with actual or apparent authority, the agent first must have intended that his act would produce some benefit to the corporation. The agent's acts or statements need not actually have resulted in any benefit to the corporation. As long as the agent intended to benefit the corporation in some manner, the fact that he may also have acted for other reasons as well, such as for his own personal benefit, is of no consequence.

Similarly, a corporation is responsible for acts of its agents, done or made within the scope of their employment or their actual or apparent authority, even though their conduct may be contrary to their actual instructions or contrary to the corporation's stated policies.

Source: Ninth Circuit Model Criminal Jury Instruction 3.16; Ninth Circuit Model Civil Jury Instruction 4.2; *United States v. AU Optronics Corp.*, No. 09-CR-00110 SI (N.D. Cal. Mar. 1, 2012), Dkt. 829 (Final Jury Instructions) at 15-16; *New York Central & Hudson River R.R. Co. v. United States*, 212 U.S. 481, 493-94 (1909) ("A corporation is held responsible for acts not within the agent's corporate powers strictly construed, but which the agent has assumed to perform for the corporation when employing the corporate powers actually authorized, and in such cases there need be no written authority under seal or vote of the corporation in order to constitute the agency or to authorize the act."); ; *United States v. Beusch*, 596 F.2d 871, 877-78 (9th Cir. 1979) (affirming jury instruction: "A corporation may be responsible for the acts of its agents done or made within the scope of its authority, even though the agent's conduct may be contrary to the corporation's actual instruction or contrary to the corporation's stated policies."); *United States v. Hilton Hotels Corp.*, 467 F.2d 1000, 1004 (9th Cir. 1972) ("Congress may constitutionally impose criminal liability upon a business entity for acts or omissions of its agents within the scope of their employment. Such liability may attach without proof that the conduct was within the agent's actual authority, and even though it may have been contrary to express instructions."); *accord United States v. Mongol Nation*, 370 F. Supp. 3d 1090, 1128-29 (C.D. Cal. 2019) (same).

**Defendant's Objection:** Jinhua objects to the government's proposed instruction because it fails to fully describe the legal standards and will likely confuse the jury. Jinhua's alternative instruction, set forth below, is a more accurate and straightforward statement of the law. For instance, the government's proposed instruction states "If you conclude that any agent of a corporation, acting within the scope of employment or with actual or apparent authority, knowingly and intentionally participated in the offense charged in the indictment, then that corporation is liable for that offense." But that does not fairly state the law. The government's burden is to *show* an agent of Jinhua completed each of the requisite *elements* of each offense— not just "participated in the offense." Moreover, this instruction, as written, has the tendency to mislead the jury. In this case, *when* someone was an agent is important. The government's proposed instruction does not specify that the individual needs to be an agent for Jinhua at the time of the action constituting an element of the offense for it to be imputed to Jinhua.

Additionally, the instruction fails to note that the jury may consider the existence of policies or instructions preventing the acts at issue in determining whether the agent was acting for the benefit of the corporation. *See United States v. Beusch*, 596 F.2d 871, 878 (9th Cir. 1979) (stating that "the existence of such instructions and policies may be considered in determining whether the employee in fact acted to benefit the corporation").

Jinhua's proposed instruction is taken form the several sister circuits' model criminal jury instruction which specifically address corporate *criminal* liability. These well-reasoned instructions accurately state the basis for criminal liability of a corporation for the acts of its

agents, and should be used in this case instead, rather than relying on civil concepts of agency law for contractual and tort liability.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: CORPORATE ACTION (RESPONDEAT SUPERIOR)**

Defendant Jinhua is a corporation. A corporation is a legal entity that may act only through individuals who are called its agents. A corporation may be held criminally responsible for criminal conduct committed by its agents. The agents of a corporation are its officers, directors, employees, and other persons who are authorized by the corporation to act for it.

For a corporation to be held responsible for its agent's actions, both the corporation and the agent must consent to the agency relationship—they must both indicate an agreement that the agent is acting for the corporation and is subject to the corporation's control. Prior to the start of agency relationship, a corporation cannot be held liable for the actions of an individual who later becomes an agent of the corporation. Likewise, once the agency relationship terminates, the corporation can no longer be held responsible for the actions of its former agent.

Even when an agency relationship has been proven, a corporation may be held criminally responsible for criminal conduct committed by its agent only if the agent was acting within the scope of his authority and for the benefit of the corporation. An agent acting outside the scope of the agent's duties may not bind the corporation.   In deciding whether an agent's act was within the scope of his authority, you should consider such factors as where and when the acts took place, and their foreseeability.

A corporation is not liable for the acts of its agent if that person performed an act which the corporation, in good faith, had forbidden them to perform. A corporate defendant is also not responsible for acts which it tries to prevent. However, a corporate defendant, like an individual defendant, may not avoid criminal responsibility by meaningless or purely self-serving pronouncements.

You must give to a corporate defendant the same impartial consideration of the evidence that you would give to an individual defendant. You may find a corporate defendant guilty or not guilty of the offense charged under the same instructions that apply to an individual.

Source: Third Circuit Model Criminal Jury Instructions 7.06 (modified); See Also Eight Circuit Model Criminal Jury Instructions 5.03 (modified); Fourth Circuit Model Criminal Jury

Instructions VII.G (modified); Seventh Circuit Model Criminal Jury Instructions 5.03 (modified); Restatement (Third) Agency § 1.01 (2006); *Jones v. Royal Administration Services, Inc.*, 887 F.3d 443, 448 (9th Cir. 2018).

**United States' Objection:** The United States and Defendant agree that the common law of the United States defines both (a) a corporation's criminal responsibility and (b) the agents for whom the corporation is responsible.  The United States objects to Defendant's proposed instruction for four reasons.

*First*, an agent's authority is not limited to "the scope of his authority and for the benefit of the corporation," as Defendant proposes. Instead, as proposed in the United States' instruction, an agent's authority includes apparent as well as actual authority and the corporation is vicariously criminally liable even if it instructed the agent not to engage in the criminal act. The cases cited in support of the United States' instruction are the law in this Circuit. Even Jinhua's out-of-circuit model instructions impose vicarious criminal liability based on apparent authority and notwithstanding contrary instructions. *See* Third Circuit Model Criminal Instruction 7.06 (corporation liable for agent's act "related directly to general duties"); Fourth Circuit (D.S. Car.) Model Criminal Jury Instructions VII.G ("A corporation may be held criminally responsible for criminal conduct . . . even if such conduct was against corporate policy or express instructions. [¶] The term 'scope of employment' is defined to include all those acts falling within the employee's or agent's general line of work, when they are motivated, at least in part, by an intent to benefit the corporation.."); Seventh Circuit Model Criminal Jury Instructions 5.03 cmt. ("The majority view is that unless the criminal statute explicitly provides otherwise, a corporation is vicariously criminally liable for the crimes committed by its agents acting within the scope of their employment—that is, within their actual or apparent authority and on behalf of the corporation."): Eighth Circuit Model Criminal Jury Instruction 5.03 ("[T]he fact that the agent's act was illegal, contrary to his employer's instructions or against the corporation's policies will not relieve the corporation of responsibility for it.").

*Second*, the proposed instruction imposes a temporal limit on agency liability, which is not consistent with corporation's subsequent adoption or approval (ratification) of the agent's conduct. *See* Third Circuit Model Criminal Instruction 7.06; Seventh Circuit Model Criminal Jury Instructions 5.04 ("Entity Responsibility – Entity Defendant – Agency Ratification")*;* Eighth Circuit Model Criminal Jury Instruction 5.03 ("[If you find that an act of an agent was not committed within the scope of the agent's employment or with intent to benefit the corporation, then you must consider whether the corporation later approved the act. An act is approved if, after it is performed, another agent of the corporation, having full knowledge of the act and acting within the scope of his employment and with the intent to benefit the corporation, approves the act by his words or conduct. A corporation is responsible for any act or omission approved by its agents").

*Third*, the proposed instruction requires that the agent intends his act to benefit the corporation and not the agent, which is contrary to law. *See, e.g.*, Eighth Circuit Model Criminal Jury Instruction 5.03, Committee Comments ("The agent need only intend in part to benefit the corporation. He may also intend to benefit himself."); *accord, e.g.*, Fourth Circuit (D.S.C.) Model Criminal Jury Instructions VII.G (actually D.S. Car.) (agent "motivated, at least in part, by an intent to benefit the corporation").

*Fourth*, good faith is not a defense, and the Ninth Circuit recognizes that a corporation may be liable even where is expressly prohibited the conduct. *United States v. Hilton Hotels Corp.*, 467 F.2d 1000, 1004 (9th Cir. 1972) ("Congress may constitutionally impose criminal liability upon a business entity for acts or omissions of its agents within the scope of their employment. Such liability may attach without proof that the conduct was within the agent's actual authority, and even though it may have been contrary to express instructions.").

## UNITED STATES' PROPOSED JURY INSTRUCTION NO.
## RE: AGENT — DEFINED

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

Source: Ninth Circuit Model Civil Jury Instruction 4.4 (Agent and Principal -- Definition) (verbatim).

**Defendant's Objection:** Jinhua objects to the government's proposed instruction because it fails to fully describe the legal standards and will likely confuse the jury. Jinhua's alternative instruction, set forth below, is a more accurate and straightforward statement of the law. The government's instruction omits key Ninth Circuit law which requires that both parties *intend* that an agent relationship form. *See United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) ("An agent is one who 'act[s] on the principal's behalf and subject to the principal's control.' *Restatement (Third) Agency § 1.01.* To form an agency relationship, both the principal and the agent must manifest assent to the principal's right to control the agent."). *See also* Restatement (Third) of Agency (defining agency as "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act."). The intent of the parties as to what relationship, if any, was formed, will be an issue in this case.

Additionally, Jinhua's proposed instruction again looks to a case addressing *criminal* liability. Such a standard should be used in this case instead, rather than relying on civil concepts of agency law for contractual and tort liability.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.
RE: AGENT — DEFINED**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

The parties can agree to limit the agency relationship to certain acts or areas or to limit it by duration. It is not enough that either the principal intended for an agency relationship to be formed or that the agent intended an agency relationship to be formed—both the principal and the agent have to intend for a relationship to be formed.

Source: Ninth Circuit Model Civil Jury Instruction 4.4 (Agent and Principal -- Definition); 4.5 (Agent – Scope of Authority Defined); *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) ("An agent is one who 'act[s] on the principal's behalf and subject to the principal's control.' *Restatement (Third) Agency § 1.01*. To form an agency relationship, both the principal and the agent must manifest assent to the principal's right to control the agent."); Restatement (Third) of Agency (defining agency as "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act."); *Sun Microsystems Inc. v. Hynix Semiconductor Inc.,* 622 F. Supp. 2d 890, 899 (N.D. Cal. 2009) (discussing agency as requiring "day to day" control); Sand, Modern Federal Jury Instructions – Criminal ¶ S16.18.666A1A-1.

**United States' Objection:** The United States and Defendant agree that the common law of the United States defines both (a) a corporation's criminal responsibility and (b) the agents for whom the corporation is responsible. The United States and Defendant agree that the Ninth Circuit's Civil Instructions on agency provide a basis for instructions in this criminal case.

Defendant's instructions omit the second and third bracketed sentences of Civil Instruction 4.4. The omitted sentences are accurate statements of the law, relevant to the evidence at trial, and should be included.

The United States does not object to the second paragraph of Defendant's proposed instruction and agree that it can be added at the end of the United States' proposed instruction.

Defendant's third paragraph on the corporate defendant's unilateral ability to limit the scope and duration of its criminal liability for the acts of its agents is contrary to the law. The cases and other Circuit jury instructions on which Defendants rely – which are collected in the United

States' *respondeat superior* instruction – make clear that the corporate principal is vicariously criminally liable for the agent's acts in his "general line of work" or services "generally entrusted" to him, not only those within the strict scope of the agency. Similarly, Defendant's proposed temporal limits ignore apparent authority and ratification. Authority on both propositions may be found in the cases and model jury instructions and commentary from the Third, Fourth (D.S.C.), Seventh, and Eighth Circuits. Defendant's cases and *Restatement of Agency* citations refer to agency in the contractual or tort context, which is not as broad as a corporation's vicarious criminal liability.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _____**
**RE:  JOINT VENTURE DEFINED**

A joint venture is a partnership of two or more persons engaged in a single defined

project.  An act or omission of a partner within the scope of the partnership business is the act or

omission of all partners.

Source: 46 Am. Jur. 2d Joint Ventures § 3 ("A joint venture is generally governed by the same
rules as those governing partnership, because a joint venture is a form of partnership, or is
essentially partnership for a limited purpose, or is a kind of partnership and there is generally no
essential difference between a partnership and a joint venture."); Prosser, Torts 4th Ed., Ch. 12 §
72. ("A '*joint enterprise*' rests upon an analogy to the law of partnership. It is something like a
partnership for a more limited period of time and a more limited purpose. It is an undertaking to
carry out a small number of acts or objectives which are entered into by association under such
circumstances that all have an equal voice in directing the conduct of the enterprise. The law
then considers that each is the agent or servant of the others and that the act of any within the
scope of the enterprise is to be charged vicariously against the rest."); Black's Law Dictionary
(10th ed. 2014) at 967 (joint venture defined: "A business undertaking by two or more persons
engaged in a single defined project."); Ninth Circuit Model Civil Jury Instructions  4.17 (General
Partnership — Act of Partner Is Act of All Partners) ("An act or omission of a partner within the
scope of the partnership business is the act or omission of all partners.").

**Defendant's Objection:** This instruction is not relevant and should therefore be excluded. None
of the elements of the charged offenses require a showing of a joint venture, and "joint venture" is
not used anywhere else in the instructions.

Moreover, even if the definition of a joint venture were relevant, the government's instruction
misstates the law. A joint venture is not identical to a partnership. *See Shell Oil Co. v. Prestige*,
249 F.2d 413, 415 (9th Cir. 1957) (defining the elements of a joint venture as (1) a contract between
the parties, (2) a common purpose, (3) a community of interest, (4) mutual control over the subject
matter of the enterprise or over the property engaged therein, (5) contribution by the parties of
property, money, skill, or knowledge to the common enterprise ("but their contribution need not
be equal or of the same character"), and (6) agreement to share in the profits and losses of the
enterprise ("although there is some authority to the effect that sharing of losses is not necessary.");
*Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1008 (N.D. Cal. 2018),
*aff'd*, 815 F. App'x 117 (9th Cir. 2020) (noting that "[t]he essential element of a joint venture is an
undertaking by two or more persons to carry out a single business enterprise jointly for profit . . .
A joint venture agreement may be informal or oral . . . but [i]t requires an agreement under which
the parties have (1) a joint interest in a common business, (2) an understanding that profits and
losses will be shared, and (3) a right to joint control."). Should this Court find that the definition
of joint venture is relevant to this case and such an instruction should be given, Jinhua reserves its
rights to propose an alternative instruction in line with the law set forth above.

26

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____
RE: NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

Earlier, I discussed the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

Source: Sand, Modern Federal Jury Instructions (2003), Instruction 4-3.

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instructions on presumption of innocence and burden of proof (Instruction 3.2), reasonable doubt (Instruction 3.5), and witness credibility (Instruction 3.9) already address this topic.

27

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ____
RE: DEFENSE THEORY OF THE CASE**

[Jinhua intends to request an instruction on the defense theory of the case. Jinhua reserves its right to submit this request at the close of trial.]

Source: Fed. R. Crim. P. 30; *United States v. Yarbrough*, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988); *see also United States v. Sotelo-Murillo*, 887 F.2d 176, 178 (9th Cir. 1989); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions: Criminal (5th ed. 2000) § 19.01 [Theory of the Defense – Explained]; *United States v. Tsinnijinnie*, 601 F.2d 1035, 1040 (9th Cir. 1979) (defendant has a right to a theory of the defense instruction); *United States v. Nevitt*, 563 F.2d 406, 409 (9th Cir. 1977) (defendant is "entitled to instruction upon his theory of the case" if supported by the law and the evidence); *United States v. Opdahl*, 930 F.2d 1530, 1534 (11th Cir. 1991) (reversing conviction where court refused to give theory of defense instruction); *Conde v. Henry*, 198 F.3d 734, 739-40 (9th Cir. 2000) (error to deny defendant's request for instruction on simple kidnapping where such instruction was supported by the evidence); *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990) ("A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence."); *United States v. Lopez*, 885 F.2d 1428, 1434 (9th Cir. 1989) (same), overruled on other grounds, *Schmuck v. United States*, 489 U.S. 705 (1989).

**United States' Objection:** A defendant is entitled to instruct the jury on his theory of the defense if it has some foundation in evidence, is supported by law, and the given instructions do not adequately cover the defense theory. *See United States v. Whittemore*, 776 F.3d 1074, 1078 (9th Cir. 2015) (declining to give defense theory of the case where no support in the law); *see also United States v. Romm*, 455 F.3d 990, 1002 (9th Cir. 2006) (refusing to give defense theory of the case where the instructions on the elements of the crime adequately addressed the defense theory). The United States expects that the defendant will not be able to meet all three parts of the test at trial.  The United States will further address the proposed instruction based on the text of the proposed instruction, evidence, and other jury instructions at the relevant time.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO.
RE: TRADE SECRETS ALLEGED IN THE INDICTMENT**

The Indictment references the following eight alleged trade secrets:

**Alleged Trade Secret 1**:  The entire Micron Technology, Inc. process to manufacture and produce DRAM, including the ways and means in which proprietary and non-proprietary components were compiled and combined by Micron Technology, Inc. to form substantial portions of the DRAM design and manufacturing process, including Alleged Trade Secrets 2 through 8, below.

The government has further defined Alleged Trade Secret 1 as the detailed information describing Micron's process flow for creating DRAM.  The government alleges that the combination of process steps, the sequence of process steps, the combination of process recipes and parameters, the combination of process tooling, and the combination of process design rules are each separately and collectively trade secrets encompassed by Alleged Trade Secret 1.  In addition to the documents specified as Alleged Trade Secrets 2-8, the government has specified the following documents are trade secrets, whether considered individually or collectively:

- 【DR25nmS】Design rules Periphery_EES_2012000026-013_Rev (version 1).xls;
- ★★Elpida 25nm process flow_Modify.ppt;
- ★★Elpida 25nm process flow_peri.ppt;
- dram_comparison_workshop_100-110_series.pdf;
- Elpida 25nm process flow.pdf;
- Template_Tool Mapping_Fab11_Fab16 110sD Tool Risk (F16)-0831 discussion.xlsx;
- Template_Tool Mapping_Fab11_Fab16 110sD Tool Risk (F16)-0908.xlsx
- R1 F72 1GC Flow0411 no defect.xls;
- R1 F72 1GC Flow0411 no defect_1.xls;
- Rexchip 25nm Flow summary _IMP & RTP.xls;
- Rexchip 25nm Flow summary 0614 CMP.xls;
- Rexchip 25nm Flow summary 0614 Diff.xls;

- Rexchip 25nm Flow summary 0614 Photo.xls;

- Rexchip 25nm Flow summary 0614 wet.xls;

- Rexchip 25nm Flow summary 0710 TF.xls; and

  F32 2014,2015 flow compare-20150824.xlsx.

**Alleged Trade Secret 2:** A 233-page PDF document identified with digital filename "FAB16 90s Traveler-20150518" sometimes referred to as the "25nm Process Traveler document."

**Alleged Trade Secret 3:** An Excel spreadsheet with multiple tabs identified with digital filename "(ALL) IMP conditions Table_20150318" sometimes referred to as the "Implant Conditions Table."

**Alleged Trade Secret 4:** An Excel spreadsheet with multiple tabs identified with digital filename "Implant Condition for MES setting_1015" sometimes referred to as the "Implant Conditions for MES document."

**Alleged Trade Secret 5:** An Excel spreadsheet with multiple tabs identified with digital filename "[DR25nmS] Design rules Periphery_EES_2012000026-013_Rev.13" sometimes referred to as the "Design Rules document."

**Alleged Trade Secret 6:** A 302-page PDF document identified with digital filename "DRAM_100_series_(20nm)_traveler_(v00h) 150730" sometimes referred to as the "20nm Process Traveler document."

**Alleged Trade Secret 7**: A 360 page PDF identified with digital filename "dram_110_series_(1xnm)_ traveler_(z11a)-20150915.pdf" sometimes referred to as the "1xnm Process Traveler document."

**Alleged Trade Secret 8**: A 260 page PDF identified with digital filename "dram_1xnm_process_(Z11AA41200)_-_summary_flow_document" sometimes referred to as the "1xm Process Summary Flow document."

The government has alleged in the Indictment that these items are trade secrets, and I will use the phrase "Alleged Trade Secret #" for ease of reference throughout these instructions.

However, it is for you, the jury in this case, to determine whether the government has proved that these alleged trade secrets are, in fact, trade secrets or, as will be explained later in these instructions, that the defendants reasonably believed them to be trade secrets.

In addition, the Government alleges that Micron Technology, Inc., is the owner of each of the eight alleged trade secrets.  I will define the term owner for you later in these instructions.

Source: *United States v. Liew*, 11-CR-00573 JSW Dkt. 792 (Final Jury Instructions) (February 25, 2014), instructions affirmed on appeal, *United States v. Liew*, 856 F.3d 585 (9th Cir. 2017).

**Defendant's Objection:** This instruction is unnecessary. The government seeks to define what compromises the alleged trade secrets at issue so that the court can "use the phrase 'Alleged Trade Secret #' for ease of reference throughout these instructions."  But there is no portion of the proposed instructions which reference a trade secret by number. Seeking to introduce a set of defined terms which are not used in the instructions, will confuse the jury, waste time, and is unnecessary.  This instruction just repeats the government's allegations in the indictment and unnecessarily emphasizes them by repeating them in an instruction by the court.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**
**RE: REVERSE ENGINEERING**

Companies and individuals, including competitors, are permitted to determine the elements of a trade secret owned by another through their own inventiveness, creativity, and hard work. It does not constitute trade secret misappropriation to develop a similar (or even identical) product or process by independent discovery or by working backwards from publicly available materials (also known as "reverse engineering").

Source: *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 476, 481 (1974) (trade secret protection does not "offer protection against discovery by fair and honest means, such as by independent invention, accidental disclosure, or by so-called reverse engineering, that is, by starting with the known product and working backward to divine the process which aided in its development or manufacture."); *ConFold Pacific, Inc. v. Polaris Indus., Inc.,* 433 F.3d 952, 959 (7th Cir. 2006) (perfectly lawful to "steal" a firm's trade secret by reverse engineering; copying a trade secret by reverse engineering is not infringement); 142 Cong. Rec. H10460-01, 10462 (1996) ("[S]ome Members thought that this legislation might inhibit common and acceptable business practices. For example, employees who leave one company to work for another naturally take their general knowledge and experience with them and no one, no one wishes to see them penalized as a result. Similarly, reverse engineering is an entirely legitimate practice.")

**United States' Objection:** The United States asserts that the agreed upon instruction defining trade secrets (Ninth Circuit Model Criminal Jury Instruction 8.141C) correctly defines what constitutes a trade secret.  Further, the proposed instructions for Counts One, Two, and Seven adequately cover the elements of each crime, making this additional instruction unnecessary.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**RE: COUNT ONE - CONSPIRACY TO COMMIT ECONOMIC ESPIONAGE**

The defendant is charged in Count One of the Indictment with conspiring to commit economic espionage in violation of Section 1831(a)(5) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following three elements beyond a reasonable doubt:

**First**, beginning in or about January 2016, and ending in or about September 2018, there was an agreement between two or more persons to commit at least one object of the conspiracy as charged in the indictment, which in this case was to commit economic espionage, which I will define for you shortly;

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

**Third**, one of the members of the conspiracy performed at least one overt act after in or about January 2016 for the purpose of carrying out the conspiracy.

With regard to the first element—an agreement to commit economic espionage—the government must prove that two or more persons, including the defendant, conspired, or agreed, to commit the crime of economic espionage, that is, that two or more persons, including the defendant, conspired or agreed:

**First**, to knowingly:

steal or without authorization appropriate, take, carry away, or conceal, or obtain by fraud, obtain by artifice, or obtain by deception a trade secret;

or

without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, or convey a trade secret;

or

33

receive, buy, or possess a trade secret, knowing the same to have been stolen or appropriated without authorization, obtained without authorization, or converted without authorization; and

**Second**, they did so intending or knowing that their actions would benefit any foreign government, foreign instrumentality, or foreign agent.

I will provide you with an instruction on the definition of the term "foreign instrumentality" later in these instructions.  In this case, the government alleges that the foreign government is the government of the People's Republic of China (commonly known as China), and it alleges that the defendant Fujian Jinhua Integrated Circuit Co., Ltd. is a foreign instrumentality of the People's Republic of China.

I also will provide you with a definition of the term knowingly later in these instructions.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person

34

does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

For purposes of this Count, it is not necessary for the government to prove that one or more trade secrets was actually obtained, used, or possessed (in any of the ways I described to you).  This is because the crime of conspiracy is the conspiratorial agreement to violate the law plus an overt act taken by one of the members of the conspiracy in furtherance of the agreement.

For purposes of this Count, it also is not necessary for the government to prove that the information that the alleged conspirators intended to obtain, use, or possess (in any of the ways described above) was, in fact, a trade secret. What is required is proof beyond a reasonable doubt that the defendant and at least one other member of the conspiracy knowingly agreed to obtain, use, or possess (in any of the ways I described to you) information that they reasonably believed was a trade secret and did so intending to, or knowing that it would, benefit of a foreign government, foreign instrumentality, or foreign agent. This is because a defendant's guilt or innocence on this charge depends on what the defendant believed the circumstances to be, not what they actually were.

Source: Ninth Circuit Model Criminal Jury Instructions 8.20 and 8.141A.

**Defendant's Objection:** The verbs after "First, to knowingly…." are numerous and describe many disparate activities which will not be relevant to this case and will only serve to confuse the jury. The instruction should be modified based on the government's theory of the case and the evidence introduced at trial, rather than provide a laundry list of verbs and actions that do not apply here.

Additionally, Jinhua objects to the underlined paragraph: "For purposes of this Count, it is not necessary for the government to prove that one or more trade secrets was actually obtained, used, or possessed (in any of the ways I described to you).  This is because the crime of conspiracy is the conspiratorial agreement to violate the law plus an overt act taken by one of the members of the conspiracy in furtherance of the agreement." This paragraph is not in the Model Instructions and is confusing.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_**
**RE: COUNT ONE - CONSPIRACY TO COMMIT ECONOMIC ESPIONAGE**

The defendant is charged in Count One of the Indictment with conspiring to commit economic espionage in violation of Section 1831(a)(5) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following three elements beyond a reasonable doubt:

**First**, beginning in or about January 2016, and ending in or about September 2018, there was an agreement between two or more persons to commit at least one ~~object of the conspiracy crime~~ as charged in the indictment, which in this case was to commit economic espionage, which I will define for you shortly;

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

**Third**, one of the members of the conspiracy performed at least one overt act after in or about January 2016 for the purpose of carrying out the conspiracy.

With regard to the first element—an agreement to commit economic espionage—the government must prove that two or more persons, including the defendant, conspired, or agreed, to commit the crime of economic espionage, that is, that two or more persons, including the defendant, conspired or agreed:

**First**, to knowingly:

> ~~steal or without authorization appropriate, take, carry away, or conceal, or obtain by fraud, obtain by artifice, or obtain by deception a trade secret;~~
>
> ~~or~~
>
> ~~without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, or convey a trade secret;~~
>
> ~~or~~

receive, buy, or possess a trade secret, knowing the same to have been stolen or appropriated without authorization, obtained without authorization, or converted without authorization; and

**Second**, they did so intending or knowing that their actions would benefit any foreign government, foreign instrumentality, or foreign agent.

I will provide you with an instruction on the definition of the term "foreign instrumentality" later in these instructions.  In this case, the government alleges that the foreign government is the government of the People's Republic of China (commonly known as China), and it alleges that the defendant Fujian Jinhua Integrated Circuit Co., Ltd. is a foreign instrumentality of the People's Republic of China.

I also will provide you with a definition of the term knowingly later in these instructions.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person

does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

~~For purposes of this Count, it is not necessary for the government to prove that one or more trade secrets was actually obtained, used, or possessed (in any of the ways I described to you). This is because the crime of conspiracy is the conspiratorial agreement to violate the law plus an overt act taken by one of the members of the conspiracy in furtherance of the agreement.~~

~~For purposes of this Count, it also is not necessary for the government to prove that the information that the alleged conspirators intended to obtain, use, or possess (in any of the ways described above) was, in fact, a trade secret. What is required is proof beyond a reasonable doubt that the defendant and at least one other member of the conspiracy knowingly agreed to obtain, use, or possess (in any of the ways I described to you) information that they reasonably believed was a trade secret and did so intending to, or knowing that it would, benefit of a foreign government, foreign instrumentality, or foreign agent. This is because a defendant's guilt or innocence on this charge depends on what the defendant believed the circumstances to be, not what they actually were.~~

Source: Ninth Circuit Model Criminal Jury Instructions 8.20 and 8.141A.

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instruction 1.141A is sufficient. Deleting two of the charged theories of the case does not conform to the Indictment. The United States may decide to narrow some theories of criminal liability in the future but has not yet done so.

The comment to Ninth Circuit Model Jury Instruction 8.20 provides that the second to last paragraph is a correct statement of the law when conspiracy to commit a crime is alleged: "Nevertheless, conspiracy to commit a crime 'does not require completion of the intended underlying offense.' *United States v. Iribe*, 564 F.3d 1155, 1160–61 (9th Cir. 2009)."

Finally, the comment to Ninth Circuit Model Jury Instruction 1.141A provides that the last paragraph should be given when conspiracy to commit economic espionage is alleged.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _____**
**RE: COUNT TWO - CONSPIRACY TO COMMIT THEFT OF TRADE SECRETS**

The defendant is charged in Count Two of the Indictment with conspiring to commit theft of trade secrets in violation of 18 U.S.C. Section 1832(a)(5). This is a different conspiracy than the conspiracy charged in Count One.

In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning in or about October 2015, and ending in or about September 2018, there was an agreement between two or more persons to commit at least one object of the conspiracy as charged in the Indictment, which in this case was to commit theft of trade secrets, which I will define for you shortly;

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

**Third**, one of the members of the conspiracy performed at least one overt act after in or about October 2015 for the purpose of carrying out the conspiracy.

With regard to the first element—an agreement to commit theft of trade secrets—the government must prove that two or more persons, including the defendant, conspired, or agreed, to commit the crime of theft of trade secrets, that is, that two or more persons, including the defendant, conspired or agreed:

**First**, to knowingly:

> steal or without authorization appropriate, take, carry away, or conceal, or obtain by fraud, obtain by artifice, or obtain by deception a trade secret;
>
> or
>
> without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, or convey a trade secret;
>
> or

receive, buy, or possess a trade secret, knowing the same to have been stolen or appropriated without authorization, obtained without authorization, or converted without authorization; and that

**Second**, they did so intending to convert a trade secret to the economic benefit of someone other than the owner of that trade secret; and that

**Third**, the trade secret is related to a product or service used in or intended for use in interstate or foreign commerce; and,

**Fourth**, they did so intending or knowing that the offense would injure any owner of that trade secret.

Again, the government alleges that Micron Technology, Inc. is the owner, as I have defined that term, of each of the trade secrets alleged in the Indictment.

Interstate commerce includes the movement of goods, services, money and individuals between states. Foreign commerce includes the movement of goods, services, money and individuals between countries.  These goods can be legal or illegal.

I also will provide you with a definition of the term knowingly later in these instructions.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who

willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

For purposes of this Count, it is not necessary for the government to prove that Micron Technology, Inc.'s trade secrets were actually obtained, used, or possessed (in any of the ways I described to you). This is because the crime of conspiracy is the conspiratorial agreement to violate the law plus an overt act taken by one of the members of the conspiracy in furtherance of the agreement.

For purposes of this Count, it also is not necessary for the government to prove that the Micron Technology, Inc., information that the alleged conspirators intended to obtain, use, or possess (in any of the ways I described to you) was, in fact, a trade secret. What is required is proof beyond a reasonable doubt that the defendant and at least one other member of the conspiracy knowingly agreed to obtain, use, or possess (in any of the ways I described to you) information that they reasonably believed was a trade secret and did so intending to economically benefit someone other than Micron Technology, Inc., and intending to, or knowing that it would, injure Micron Technology, Inc. This is because a defendant's guilt or innocence on this charge depends on what the defendant believed the circumstances to be, not what they actually were.

Source: Ninth Circuit Model Criminal Jury Instructions 8.20 and 8.141B.

41

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Defendant's Objection:** The verbs after "First, to knowingly…." are numerous and describe many disparate activities which will not be relevant to this case and will only serve to confuse the jury. The instruction should be modified based on the government's theory of the case and the evidence that is actually introduced at trial, rather than provide a laundry list of verbs and actions that do not apply here.

Additionally, Jinhua objects to the underlined paragraph: "For purposes of this Count, it is not necessary for the government to prove that one or more trade secrets was actually obtained, used, or possessed (in any of the ways I described to you).  This is because the crime of conspiracy is the conspiratorial agreement to violate the law plus an overt act taken by one of the members of the conspiracy in furtherance of the agreement." This paragraph is not in the Model Instructions and is confusing.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**
**RE: COUNT TWO - CONSPIRACY TO COMMIT THEFT OF TRADE SECRETS**

The defendant is charged in Count Two of the Indictment with conspiring to commit theft of trade secrets in violation of 18 U.S.C. Section 1832(a)(5). This is a different conspiracy than the conspiracy charged in Count One.

In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning in or about October 2015, and ending in or about September 2018, there was an agreement between two or more persons to commit at least one ~~object of the conspiracy~~ crime as charged in the Indictment, which in this case was to commit theft of trade secrets, which I will define for you shortly;

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

**Third**, one of the members of the conspiracy performed at least one overt act after in or about October 2015 for the purpose of carrying out the conspiracy.

With regard to the first element—an agreement to commit theft of trade secrets—the government must prove that two or more persons, including the defendant, conspired, or agreed, to commit the crime of theft of trade secrets, that is, that two or more persons, including the defendant, conspired or agreed:

**First**, to knowingly:

> ~~steal or without authorization appropriate, take, carry away, or conceal, or obtain by fraud, obtain by artifice, or obtain by deception a trade secret;~~
>
> ~~or~~
>
> ~~without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, or convey a trade secret;~~
>
> ~~or~~

receive, buy, or possess a trade secret, knowing the same to have been stolen or appropriated without authorization, obtained without authorization, or converted without authorization; and that

**Second**, they did so intending to convert a trade secret to the economic benefit of someone other than the owner of that trade secret; and that

**Third**, the trade secret is related to a product or service used in or intended for use in interstate or foreign commerce; and,

**Fourth**, they did so intending or knowing that the offense would injure any owner of that trade secret.

Again, the government alleges that Micron Technology, Inc. is the owner, as I have defined that term, of each of the trade secrets alleged in the Indictment.

Interstate commerce includes the movement of goods, services, money and individuals between states. Foreign commerce includes the movement of goods, services, money and individuals between countries.  These goods can be legal or illegal.

I also will provide you with a definition of the term knowingly later in these instructions.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who

willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

For purposes of this Count, it is not necessary for the government to prove that Micron Technology, Inc.'s trade secrets were actually obtained, used, or possessed (in any of the ways I described to you). This is because the crime of conspiracy is the conspiratorial agreement to violate the law plus an overt act taken by one of the members of the conspiracy in furtherance of the agreement.

For purposes of this Count, it also is not necessary for the government to prove that the Micron Technology, Inc., information that the alleged conspirators intended to obtain, use, or possess (in any of the ways I described to you) was, in fact, a trade secret. What is required is proof beyond a reasonable doubt that the defendant and at least one other member of the conspiracy knowingly agreed to obtain, use, or possess (in any of the ways I described to you) information that they reasonably believed was a trade secret and did so intending to economically benefit someone other than Micron Technology, Inc., and intending to, or knowing that it would, injure Micron Technology, Inc. This is because a defendant's guilt or innocence on this charge depends on what the defendant believed the circumstances to be, not what they actually were.

Source: Ninth Circuit Model Criminal Jury Instructions 8.20 and 8.141B.

**United States' Objection:** The United States asserts that Ninth Circuit Model Jury Instruction 1.141B is sufficient. Deleting two of the charged theories of the case does not conform to the

Indictment.  The United States may decide to narrow some theories of criminal liability in the future but has not yet done so.

The comment to Ninth Circuit Model Jury Instruction 8.20 provides that the second to last paragraph is a correct statement of the law when conspiracy to commit a crime is alleged: "Nevertheless, conspiracy to commit a crime 'does not require completion of the intended underlying offense.' *United States v. Iribe*, 564 F.3d 1155, 1160–61 (9th Cir. 2009)."

Finally, the comment to Ninth Circuit Model Jury Instruction 1.141B provides that a version of the last paragraph should be given when conspiracy to commit economic espionage is alleged.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _**
**RE: KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that its acts or omissions were unlawful.  You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Source: Ninth Circuit Model Criminal Jury Instruction 5.7.

**Defendant's Objection:** The second sentence, which is bracketed in the Ninth Circuit Model Criminal Jury Instruction, should not be included in the jury instructions in this case. The notes to the Model Instruction state that "The second sentence of this instruction should not be given when an element of the offense requires the government to prove that the defendant knew that what the defendant did was unlawful." Here, there is a knowingly *mens rea* requirement, so the sentence should not be included.

Counts 1 and 2, the two conspiracy counts, include conspiracy to violate the three substantive subsections of § 1831 and § 1832. Subsection (a)(3) makes it a criminal offense when someone "knowingly . . . receives, buys, or possesses [trade secrets], knowing the same to have been stolen or appropriated, obtained, or converted without authorization." That is, to be convicted under this subsection, the government must prove that Jinhua had knowledge as to two aspects: (1) that it received, bought, or possessed a trade secret; and (2) that the trade secret it received was stolen or appropriated, obtained, or converted without authorization. Receipt of stolen property is an unlawful act. *See, e,g,* Cal. Penal Code § 496. Under § 1831 and § 1832 there is a knowingly *mens rea* requirement for this unlawful act. However, the proposed instruction, with the second sentence included, allows the jury to convict even when the defendant does not know that its act is unlawful. "Where two instructions conflict, a reviewing court cannot presume that the jury followed the correct one." *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir. 1994).

There is Ninth Circuit support for the proposition that the government's proposed instruction is improper. *United States v. Turman*, 122 F.3d 1167 (9th Cir. 1997) (abrogated on other grounds), concerned a conviction for money laundering under 18 U.S.C. § 1957. Section 1957 penalizes someone who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." Thus, in *Turman*, analogous to § 1831(a)(3) and §1832(a)(3), the government had to prove that the defendant (1) "knowingly" engaged in a financial transaction with the proceeds of unlawful activity, and (2) that he knew the transactions involved criminally derived property. *Turman*, 122 F.3d at 1169; *see also* 18 U.S.C. § 1831(a)(3) (criminalizing (1) the knowing receipt of a trade secret; and (2) the knowledge that the trade secret was stolen or appropriated, obtained, or converted without authorization); 8 U.S.C. § 1832(a)(3) (same). Nonetheless, the district court charged the jury with the instruction at issue here, that "the Government is not required to prove

the Defendant knew that his acts or omissions were unlawful." *Id*. Even though the district court also told the jury that it must find that the defendant had knowledge as to the two elements, the Ninth Circuit held that this instruction was error because this "broad, general definition of 'knowingly' might be interpreted to allow conviction even where the defendant did not know the laundered funds were illegally obtained." *Id.*

Moreover, subsection (a)(1) of both offenses makes it a criminal offense when someone "knowingly . . . steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains [trade secrets]." Stealing is an inherently unlawful act. Under subsection (a)(1) of § 1831 and § 1832, to be convicted, a defendant has to "knowingly" "steal[]" the trade secret. By applying the government's proposed instruction, the jury could convict Jinhua without a finding that it obtained them knowing they had been stolen or misappropriated. To avoid these conflicting instructions, the second sentence of the proposed instruction on knowingly should not be included. *See Stein*, 37 F.3d at 1410 .

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___
### RE: KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. ~~The government is not required to prove that the defendant knew that its acts or omissions were unlawful.~~ You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Source: Ninth Circuit Model Criminal Jury Instruction 5.7.

**United States' Objection:** The comment to Ninth Circuit Model Jury Instruction 5.7 provides, "The second sentence of this instruction should not be given when an element of the offense requires the government to prove that the defendant knew that what the defendant did was unlawful." Therefore, the second sentence should not be given for crimes involving a *mens rea* element of willfulness. *See Bryan v. United States*, 524 U.S. 184, 191-92 (1998) ("[I]n order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful'"); *see also id.* at 196 (with a willfulness element, "ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required"). There is no requirement of willfulness in any of the three charges, and so the sentence should be included. *Compare United States v. Liu*, 731 F.3d 982, 994-95 (9th Cir. 2013) (criminal copyright infringement); *United States v. Santillan*, 243 F.3d 1125, 1129 (9th Cir. 2001) (violation of Lacey Act) *United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997) (money laundering case)." None of the charged crimes require willfulness. And the statutes' requirements of knowledge that trade secrets be converted without authorization is not equivalent to a willfulness requirement. The instruction, therefore, should include the second sentence, as the United States has proposed. In contrast, the criminal copyright infringement charge in *Liu* required "voluntary, intentional violation of a known legal duty." 731 F.3d 982, 994-95 (citation omitted); violation of the Lacey Act for importing or exporting fish or wildlife requires the defendant to know that possession was "violative of any law," *Santillan*, 243 at 1129; and violation of money laundering statute, which requires proof that the defendant knew he engaged in the financial transaction with the proceeds of unlawful activity *and* that he knew that the transactions involved criminally derived property. *Turman* at 122 F.3d at 1169.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_**
**RE: GOOD FAITH DEFENSE**

The good faith of a defendant is a complete defense to each of the charges of the indictment because good faith on the part of a defendant is inconsistent with a finding that he knowingly and willfully committed any of the alleged offenses.

A person who acts, or causes another person to act, on a belief or opinion honestly held is not punishable under these statutes merely because the opinion or belief turns out to be inaccurate, incorrect or wrong. An honest mistake in judgment or an honest error in management or even carelessness does not rise to the level of criminal conduct. An honest belief or "good faith" belief is a complete defense to the charges because such an honest or "good faith" belief is inconsistent with fraudulent intent.

In determining whether or not the government has proven that a defendant acted with an intent to commit the offenses alleged in the Indictment or whether a defendant acted in good faith, you must consider all of the evidence received in this case bearing on Jinhua's state of mind.

The burden of proving good faith does not rest with Jinhua, because a defendant does not have any obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that a defendant acted with the intent to commit the offenses charged. If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted with criminal intent or in good faith, you must find Jinhua not guilty.

Source: Sand, Modern Federal Jury Instructions (2003), Instruction 8-1; *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010); *United States v. Sayakhom*, 186 F.3d 928, 940 (9th Cir. 1999).

**United States' Objection:** The instructions on Counts One, Two, and Seven adequately instruct on the requisite intent. *See United States v. Hickey*, 580 F. 3d 922, 931 (9th Cir. 2009) (no good faith instruction needed when jury properly instructed on intent to defraud). This is not a crime involving willfulness, and so a good faith belief is not a defense. The Ninth Circuit recognizes that a corporation may be liable even where is expressly prohibited the conduct. *See United States v. Hilton Hotels Corp.*, 467 F.2d 1000, 1004 (9th Cir. 1972) ("Congress may constitutionally impose criminal liability upon a business entity for acts or omissions of its agents within the scope of their employment. Such liability may attach without proof that the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

conduct was within the agent's actual authority, and even though it may have been contrary to express instructions."). *Compare* Model Instruction 9.42 (Willfully Defined). Although the Court gave a good faith in instruction in *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010), that case included money laundering crimes, which require willfulness. The same is true for *United States v. Sayakhom*, 186 F.3d 928, 940 (9th Cir. 1999) (money laundering requiring knowledge of unlawful conduct). Further, the addition of burden of proof language is cumulative.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. _____**
**RE: KNOWLEDGE AND INTENT OF A CORPORATION—DEFINED**

In this case, the defendant is a corporation.  The knowledge obtained by corporate agents, including employees, officers, and directors, is imputed to the corporation. Accordingly, if a specific agent, including an employee, officer or director, knows something, then the corporation can be said to know that same thing.

The corporation is also considered to have acquired the collective knowledge of its employees. The corporation's "knowledge" is therefore the totality of what its employees know within the scope of their employment.

Similarly, the intent of corporate agents, including employees, officers and directors, is imputed to the corporation. Accordingly, if a specific agent, including an employee, officer, or director, intends something, then the corporation can be said to intend the same thing.

Source: *United States v. Pacific Gas & Electric*, 14-CR-00175 TEH (N.D. Cal. Aug. 10, 2016) Dkt. 888 (Final Jury Instructions).

**Defendant's Objection:** For the collective knowledge doctrine to apply, the individual has to be acting "with an intent to benefit" their employer. *United States v. President & Fellows of Harvard College*, 323 F. Supp. 2d 151, 192 (D. Mass. 2004).  The government's instruction, as written, fails to incorporate this element of the doctrine and thus, is not an accurate statement of the law.

Moreover, this instruction is not aligned with the evidence that will be presented at trial and may therefore confuse the jury. While the knowledge of an individual employee can be imputed to a corporation, there is no support in the law for imputing the knowledge of a third party—who is neither an employee nor agent of the corporation—to the corporation.

As argued at length in the Motions in Limine (*see, e.g.*, Jinhua's Motion in Limine No. 6; Jinhua's Opposition to the Government's Motions in Limine Nos. 1 and 2), the government will not be able to meet its burden to show that any of the employees who purportedly brought alleged Micron trade secrets to UMC were *Jinhua* employees or agents at the time they were committing the alleged acts which form the basis of the government's allegations.   Rather, these individuals were all UMC employees, and to hold Jinhua liable for the knowledge of UMC employees would violate due process.

Moreover, there is no basis in the law for imputing the knowledge obtained by an individual *prior to* their employment at a corporation to that corporation.  Jinhua should not be imputed to

have the knowledge of the alleged bad acts of an individual who it later hires. Since this is based on the actual evidence introduced at trial, Jinhua reserves the right to argue additional factors as to why this instruction is improper at the charging conference.