IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, et al.,<br><br>                    Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DECLARATION OF ANDREW C. HSU IN SUPPORT OF DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE NO. 1**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 14, 2022<br><br>Hearing Date: January 18, 2022<br>Hearing Time: 10:00 a.m. |

## DECLARATION OF ANDREW C. HSU

I, Chao-Ching Hsu (aka Andrew C. Hsu) declare and state as follows:

1. I am the Founder & Managing Partner of LexPro Attorneys-at-Law. I, along with LexPro, are counsel for Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") in certain matters relating to Taiwan. I was admitted to practice law in Taiwan in 1993. I had been a district court judge from 1999 to 2009. I was a partner with Baker & McKenzie Taipei Office from 2009 to 2014 and then found LexPro. I received my Ph.D. degree form National Chung Cheng University in Taiwan in 2005 and got a LL.M degree from University of California at Berkeley in 2007. I used to be the chairman of the Criminal Procedure Committee of Taiwan Bar Association and a member of the Criminal Procedure Act Revision Committee under Judicial Yuan. I submit this declaration in support of Jinhua's Opposition to the Government's Motion *In Limine* No. 1 to Admit Statements of Agent. This declaration is based upon my personal knowledge, and, if called to testify, I could and would do so competently as to the matters set forth herein.

2. I understated that the United States government seeks to admit into evidence various written memoranda of interviews or interrogations conducted by the Taiwan Ministry of Justice Investigation Bureau ("MJIB") and/or Taiwanese prosecutors. These can be called "Interrogation Record" or "Record of Interview," or may even be called a "Transcript."

3. Based on my 25+ years of experience in practicing Taiwanese law, these records are not verbatim transcripts of the interrogation or interview. Rather, it is a contemporaneous summary of the key questions and answers during the interview. While it usually is formatted in a question/answer or transcript-like format, these records are not a verbatim transcript and do not contain everything that was said during an interview or interrogation.

4. Additionally, I note that these "Interrogation Records" or "Interview Records", if argued by defense attorneys and/or the accused, can be excluded from evidences submitted by the prosecutors in Taiwanese courts.

5. I also note that that there is no right under Taiwanese law for witnesses in an investigation to have counsel present during an interrogation or interview. It is my experience that

even if counsel accompanies a witness to the prosecutor's office, counsel will not be able to join the witness for the interview. They have to wait for the witness outside.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 18th day of January 2022 in Taipei, Taiwan.

By: _____
Andrew C. Hsu

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

_/s/ Jack P. DiCanio_
Jack P. DiCanio