1
2
3
4
5
6
7
8
9
10
11
12

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED MICROELECTRONICS CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DECLARATION OF WENFENG SU IN SUPPORT OF DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE NO. 1**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 14, 2022<br><br>Hearing Date: January 18, 2022<br>Hearing Time: 10:00 a.m. |

## DECLARATION OF WENFENG SU

I, WENFENG SU, declare and state as follows:

1. I am an attorney at King & Wood Mallesons LLP, which is counsel of record for Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") in the above-captioned case. I am a fluent speaker of both Chinese and English. I submit this declaration in support of Jinhua's Opposition to the Government's Motion *in Limine* No. 1 to Admit Statements of Agent. This declaration is based upon my personal knowledge, and, if called to testify, I could and would do so competently as to the matters set forth herein.

2. I understand that the United States government seeks to admit into evidence various written memoranda of interviews or interrogations conducted by the Taiwan Ministry of Justice Investigation Bureau ("MJIB") and/or Taiwanese prosecutors. These can be called "Interrogation Record" or "Record of Interview," or may even be called a "Transcript."

3. I reviewed Exhibit E to the Government's Motion, which is an "Interrogation Record" of Fengming Kuo (Ray Gao) that took place on the morning of April 22, 2019, starting at 9:22 a.m.

4. I also reviewed a video of the interrogation, produced by the government in this matter at UMCD-0000190. According to the timestamp on this video, the interrogation took place on April 22, 2019, from about 9:16 am to 1:40 pm.

5. Based on my review of Exhibit E and UMCD-0000190, and the time stamps on both, I believe UMCD-0000190 to be the video recording of the interview memorialized in Exhibit E.

6. Even though Exhibit E is formatted in a transcript-like (Q&A) format, Exhibit E is not a verbatim transcript of Kuo's interrogation.

7. For example, at the very beginning of the interrogation, after informing Kuo of his legal rights, the prosecutor showed Kuo a U.S. patent application (see page 3 of 12 of the transcript) for which Kuo was listed as one of the inventors. Kuo immediately spotted that there has been a mistake and that he did not invent the patent. Rather, the patent was invented by another UMC employee with a similar but different name (Mingfeng Kuo as opposed to Fengming Kuo) and who was known to Kuo as Eric. On the video recording, Kuo laughed and half-jokingly said, "Stop messing around. I think there are lots of things that you people have not investigated thoroughly and

1

you just come to ask me." The prosecutor laughed as well and left the room with some files. She came back about 11 minutes later. While she was away, Kuo asked the typist about the case and some procedural questions. Kuo also said, with a smile, that the investigation felt to him like harassment, and he was annoyed because they kept asking him about groundless things. When the prosecutor came back into the room, she and Kuo discussed more about the two similar names. Kuo explained that Eric worked in UMC's etching department. He then wrote down "etch" in Chinese on his notebook for the prosecutor and the typist because they did not know what it meant and its Chinese characters. The prosecutor then left the room for a second time and came back after about a minute. None of this is reflected in Ex. E.

8. At other points, Kuo also sought clarifications on the questions asked. The prosecutor would then explain. Such questions and explanations are not recorded in the transcript. There was at least one instance where the prosecutor appeared to have told the typist what to put down as Kuo's response and watched him type it up, while Kuo sat silently across the table, rather than record Kuo's comments verbatim. This occurred at 0:29:21 in the video after Kuo had stated that he did not see Micron trade secrets at UMC.. After this exchange, the prosecutor told Kuo that she still had to ask him the questions even though he had not seen the trade secrets, but again, the transcript did not reflect this statement. Specifically, the prosecutor said "I'll have to ask you the questions regardless," to which Kuo responded "I don't know" then the prosecutor said, "you don't know because you've never seen it [referring to the trade secrets]."

9. There are other such instances of the transcript not accurately reflecting everything that was said in the interrogation, and I provide these only as exemplars. If asked, I could compile a more fulsome list.

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on this 17th day of January 2022 in Monterey, CA

By: _____/s/ Wenfeng Su_____
     WENFENG SU

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

>    */s/ Jack P. DiCanio*
>    Jack P. DiCanio