# EXHIBIT I

**To Declaration of Matthew E. Sloan in support of Jinhua's MIL 6 [ECF 248]**

**UNREDACTED VERSION OF DOCUMENT**

# 訊 問 筆 錄

中華民國106年度偵字第4520、4521、5612、5613、11035號、105年度他字第6099號營業秘密法等案,於民國106年06月09日上午09時04分,在臺灣臺中地方法院檢察署第一偵查庭訊問,出席職員如下:

檢察官　陳立偉　　書記官　陳一青　　通譯

到場者如下:

點呼

檢察官問姓名、年籍、住址、國民身分證統一編號

告訴代理人
　　王仁君律師

告訴代理人
　　李汝民律師

告訴代理人
　　彭建仁律師

被告答
　　王永銘　　男　42歲　民國063年10月25日生
　　　　　　　國民身分證統一編號:B121352878號
　　　　　　　籍設　臺中市南屯區文心南五路1段201號11樓之9
　　　　　　　聯絡電話:0968896393

選任辯護人
　　莊婷聿律師

被告答
　　何建廷　　男　41歲　民國064年11月05日生
　　　　　　　國民身分證統一編號:B121163317號
　　　　　　　籍設　臺中市西屯區何厝街129號
　　　　　　　現居　臺南市新市區大順六路6號
　　　　　　　聯絡電話:0906123677

辯護人答

083

1

賈俊益律師

檢察官告知被告二人下列事項：

一、犯罪嫌疑及所犯罪名為妨害秘密等。

二、得保持緘默，無須違背自己之意思而為陳述。

三、得選任辯護人。如為低收入戶、中低收入戶、原住民或其他依法令得請求法律扶助者，得請求之。如為原住民、精神或心智缺陷無法完全陳述者，得請求法律扶助機構指派律師辯護。

四、得請求調查有利之證據。

以下訊問王永銘

問：(提示106他6099號卷第57頁告證8)你之前在美光公司任職時，在讀取系統內的電子檔是否會顯示該警語？

答：沒有，我沒有看過這個警語。

以下詢問告訴代理人

問：該警語是出現何處？

王答：這應該是在打開公司有管制的檔案時會跳出來的警示。

以下訊問王永銘

問：(提示證物)調查局在你台南市善化市的聯華公司宿舍內，當時扣到的三本資料，調查局編號C-1-1、C-1-2、C-1-3，其中C1-2文件內關於美光公司的檔案部分，經美光公司陳侷菱及美光公司工程師檢視後，認為這是屬於美光公司的營業秘密，這些紙本資料，你是從美光公司電腦內列印出來的嗎？

答：經我檢視，這疊資料很多，我看前面有LG標識的紙本，是韓國廠商在我於美光公司任職時廠商給我的資料，另外其他的我是從網路上下載後列印的。

問：經檢察官核對陳侷菱於106年2月13日調查局筆錄，陳侷菱認為該份紙本資料中名稱DESIGN RULE DR25NMS，是屬於美光公司內部的營業秘密，這份資料是否你於任職期間從美光公司列印的紙本？

答：這份資料在很早之前，在我去美光公司的PQA，也就是產品

　　　保證部就過看這份資料但當時還沒有列印成紙本,我於105年4月間把美光公司電子檔帶走後,再將電子檔列印成紙本。

問:你把該資料列印成紙本的時間是在你於華電公司任職時嗎?
答:是,列印的時間不記得了。
問:這你紙本是在何處列印的?
答:在自己的家裏列印後帶到宿舍,是自己研究翻閱。
問:這份紙本是不是在105年7、8月間戎樂天有召集你及魏銘德後,你才把它列印出?
答:我之前就有列印出來。

以下詢問莊律師
問:辯護狀中提到美光公司要證明有創作權?
答:要先認定誰是著作人,接著認定著作權的歸屬及創作性,如果有參酌別人的東西,創作性就有疑議。

以下詢問莊婷聿律師
問:(提示告訴人105年10月28日書狀)對於該書狀內容,有無意見?
答:因為資料很多,無法立即看完,希望告訴人可以提供完整資料我們再表示意見,就告證21的部分,合約已到期,合約效力所對應的美光公司文件及拘束力,及是否具有著作權等問題還要再研究。

以下詢問告代王律師
問:告證21-25的文件,是否可以提供給辯護人?
答:再看告訴人意見。
問:(提示被告王永銘106年3月15日狀護狀)對於辯護狀有何意見?
答:辯護意旨認為,被告王永銘可以接觸到美光公司全部文件,而認為美光公司這些文件沒有秘密性。我們認為美光公司所有的檔案,只能由美光公司人員內部所使用,並非外界所能知悉,所以應該有符合秘密性要件,另外我們也有提供美光

公司相關政策及規定，美光公司也按照員工的職務規定他可以接觸到哪些資訊，此部可以證明美光公司有採取合理的保密措施，這些文件也有標識美光公司機密的文字，從外觀上可以很清楚看出這是美光公司營業秘密，至於被告所稱可以接觸到職務以外的檔案，我們要釐清他所稱的檔案是什麼，如果他的行為已違反公司規定取得，不能以此推定美光公司沒有採取保密規定，另外美光公司禁止員工把機密資訊攜出或提供給公司以外的人或是做其他使用。至於剛才辯護人提的，著作權的問題，本件告訴人有台灣美光公司以及美國美光公司，台灣美光公司是被美光公司授權使用這些營業秘密，台灣美光公司或是美國美光公司都可以主張。

問：就告訴狀所稱著作權的部分，就美國美光公司有無專屬授權給台灣美光公司，或者只是單純授權台灣美光公司可以使用？

答：不是專屬授權，只是單純授權台灣美光公司可以使用，就著作權部分是美國母公司所有。

以下訊問王永銘

問：(提示林秀貞、林宏益調查局筆錄)你在離職前夕進入美光公司系統，將930個檔案複製到隨身碟，這930個檔案有包括你在職離前分別向美光公司的林秀貞、林宏益所得的探針以及alg library等資料嗎？

答：沒有包含。向他們二人問的資料，這和我在美光公司pqa部門是有關的，林宏益指稱美光公司併購瑞晶公司後，這些資料製成整合部沒有辦法取得，這個說法是錯的，因為這個資料是以前爾必達公司留下來的，沒有他們提供，我也有這個資料，因為我在美光公司時也是林秀貞、林宏益的上司。林秀貞提到probe card部分，這個資料是我之前部門指導他去做的，這份資料我原本就知悉。

問：(提示105年4月18日王永銘向聯電公司簽署之聲明書即調查局扣押物2B-7)你後來在聯電公司任職後，除了在簽署文件

4

，表示沒有取得前手公司機密，聯電公司有無採取何措施防止你使用美光公司資料？

答：聯電公司有明文規定，若我們持有他廠的資料會勒令免職，我也因此因本案遭聯電公司終止勞動契約。

問：若聯電公司有採取措施，為何聯電公司配發給你的公務筆電內會有美光公司的電子檔？

答：這部分我要跟美光公司道歉，我離職沒有把資料刪除，這些資料僅是我自己個人研究使用，限縮在我個人電腦，是公司配給我個人使用的電腦，我也沒有把這些資料讓聯電任何人知悉。

問：聯電公司配發的筆電可以連上公司內網？

答：公司配發的筆電本來就可以連上公司內網，但是其他人無法讀取我個人資料。

問：你到聯電公司有上過關於營業秘密的教育課程？

答：我進聯電公司時人資部門有上過課，課程內容太久了我記不得，有叫我簽署一些如剛才檢察官提示的聲明書等資料。

問：聯電公司的資安部門，會定時檢視配發給你們的筆電內，有無其他公司的資料或是有安裝其他公司軟體？

答：我不清楚。

以下訊問何建廷

問：(提示告證8)你在美光公司任職時，是否曾看過如告證8的警語？

答：有，在進入某些網頁，會出現這樣的訊息。

問：(提示106年5月25日自勘驗電腦所拍攝之影像)美光公司的陳侃菱工程師106年5月15日檢察官勘驗時，有指出有一台在你聯電公司內所扣得之ASUS筆電內，檔案名稱為1bg DDR3 SDRM的檔案，為美光公司所有，為何這個檔案會出現在你聯電公司筆電內？

答：我想這應該是產品說明書，這個產品是7、8年前的產品，若是產品說明，一般人從網路上就可以下載到的。

087

5

問：陳侶菱在106年5月25日檢察官勘驗時，有指出當初你交給黃書涵保管，上面有貼紙，為編號15資料夾內，文件編號ECD-DPB-1111(提示原物)，認為這是美光公司營業秘密檔案，這個資料你是何時列印出來的？

答：這應該是我在力晶公司期間就列印下來的，後來我從美光公司離職後把它帶走的。

問：帶走後，為何繼續拿到聯電公司辦公室？

答：只是習慣。

問：你是否有注意到該文件上有打印英文機密的浮水印？

答：我沒有特別注意，這份資料是西元2006年的資料，其實都是舊了，我只是習慣把資料長期帶在身上。

問：(提示扣押物2B-3)你到聯電公司任職後，除了簽署該聲明書外，聯電公司有無採取你用到前公司的營業秘密？

答：我記得新人報到二天要上課的，有關於不能把前公司的機密資訊用到現在的公司，也不能把現在工作的資料帶出去給別人之類的課。另外，公司內部的網路是鎖住的，不能連上外部。

問：公司有沒有說，如果有使用到前公司的資料會違反勞動契約，若有會解僱？

答：我記得我填寫的聲明書應該有寫，但是我沒有背起。

問：你當初在自己宿舍的隨身碟內，留有在美光公司的電子檔，你的用途？

答：那是我長期工作的累積，我當時認於法律的認知以為只要不再後公司使用，我不知道這是違法的。

問：你交付給黃書涵的KINGSTON隨身硬，也存有美光公司的電子檔原因？

答：也是我個人研究使用。

問：你當初在聯電公司有借得一個可以讀取隨身碟的公用筆電，目的是為了讀隨身碟嗎？

答：聯電公司雖然禁止讀取USB，但是工作上還是會有需要用到

D-0000487

讀取USB，當初申請該可讀取USB接口的筆電，目的是為了要讀取客戶資料或是廠商給我們的資料。

問：(提示調查局扣押物2B-3)這份勞動合約上面未押日期，是何時簽署的？

答：這是我們的主管要給我工作上的獎勵，印象中是105年11月簽的。

問：依據該勞動合約，你是可以到福建省晉華公司工作的，但主要工作地點在台南？

答：我並沒有到大陸地區工作。

問：你在聯電公司任職，為何還需要再簽署這份合約？

答：我的理解是長官要給我們額外的報酬的，老闆要給我們加薪，我們就樂意接受。

以下訊問王永銘

問：(提示調查局扣押物2B-3)你是否有簽署如這樣的合約？

答：我沒有。

以下訊問何建廷

問：你們公司什麼人可以簽署這樣的合同？

答：我不清楚，我只知道有不少人，優秀的人都可以有，但是規畫到什麼程度我不清楚。

問：這份合約生效了嗎？

答：應該生效了。

以下訊問辯護人

問：意見？

莊答：事實的部分，被告王永銘承認有在美光公司下載該等檔案，存取到隨身碟，再上傳到雲端，是承認的。但就這樣行為是否該當著作權法的重製，及違反營業秘密是否認的。

王永銘補充：美光公司是禁止使用隨身碟，但是我有申請USB的使用。

以下訊問王永銘

問：你於離職前夕大量下載檔案，應該超出權限範圍？

089

7

辯護人答：我們認為下載時是有權限的，但是離職後沒有刪除，這部分被告承認事實，希望尋求和解。
以下訊問辯護人？
問：有何意見？
賈律師答：就刑法第359條部分不承認，他是有權限可以下載的，這些資料的持有，是被告個人的工作習慣而留下來個人使用的，這和把美光公司的營業秘密用到聯電公司是兩回事。何建廷的可責性是他沒有刪除他之前在美光公司取得的電子檔，另外根據何建廷向我的陳述，其實在聯電公司應該用不到在美光公司的營業秘密內容。
以下詢問王律師
問：關於被告等有意願調解，告訴人的意見？
王律師答：乘看整個過程中被告坦誠的程度及配合偵查態度而論。
以下訊問辯護人
問：何建廷的部分有意願和解？
辯護人答：有意願，王永銘所留的資料都是很久以前留存的，我們也希望尋求美光公司的和解。
以下訊問王律師
問：意見？
答：王永銘在詢問林宏益時是在他提出辭呈休假期間，因此指這些資料與他職務相關是可疑的，另外美光公司已併購爾必達及瑞晶，所以這些資料都是屬於美光公司的機密資料或是著作，剛剛王永銘所說，探針是他指導，但不論如何這些資料都是屬於美光公司所有，若是他已知的，何需詢問別人。被告何建廷抗辯這些資料是年代久遠，就營業秘密而言，這樣的資料只要能夠減少成本，減少錯誤，就符合營業秘密法的價值性，被告抗辯是個人研究，而非用在聯電公司使用，但他確實在聯電公司有參考美光公司的文件，就有該當營業秘密法的使用行為。從被告的供述，其實是有把美光公司的機

8

D-0000489

密交給聯電公司的其他員工，也就是聯電公司的員工會參考美光公司的營業秘密，也會構成無故使用。另外被告把資料轉存到USB，已超出他工作需要，就構成無故取得。

諭知請回。

中華民國106年06月09日上午10時48分

本筆錄給閱無訛後，簽名於后

受訊問人 何建廷　戎永銘

辯護人　賈俊益律師

　　　　　蘇州亨吾律所

告訴代理人

　　　　　王之杰律師

書記官　陳一書

　　　　　彭建仁律師

檢察官　陳志信

　　　　　李沁民律師

091

9

D-0000490

D-0000491