STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Laura.Vartain@usdoj.gov
    Nicholas.Walsh@usdoj.gov

NICHOLAS O. HUNTER (DCBN 1022355)
STEPHEN MARZEN (NYBN 2007094)
Trial Attorneys, National Security Division

    950 Pennsylvania Ave., NW
    Washington, DC 20530
    Tel: (202) 353-3434
    Fax: (202) 233-2146
    Nicholas.Hunter@usdoj.gov
    Stephen.Marzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00465 MMC |
|     Plaintiff, | |
|   v. | UNITED STATES' RESPONSE TO DEFENDANT'S WAIVER OF JURY TRIAL |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD, | |
|     Defendant. | |

The United States is prepared to consent to defendant Fujian Jinhua Integrated Circuit Company Limited's ("Jinhua") waiver of jury trial, and respectfully asks the Court to ensure (1) an adequate waiver by Jinhua, as discussed below; and (2) that trial will begin as currently scheduled, and will run on the previously set schedule.

The Ninth Circuit generally requires a jury trial waiver to be personally executed in writing by the defendant. *See United States v. Laney*, 881 F.3d 1100, 1107-08 (9th Cir. 2018) ("[W]e hold that the proper practice under Rule 23(a) is for the defendant to personally execute the written waiver; a written stipulation signed by defense counsel alone…will not raise a presumption of validity. Nevertheless, the absence of a defendant's signature will not constitute reversible error if the record otherwise shows that the defendant's waiver was voluntary, knowing, and intelligent."). Here, a written waiver by a representative of Jinhua with decision-making authority, or an in-person colloquy is necessary to satisfy Rule 23(a). *See United States v. Saadya*, 750 F.2d 1419, 1420 (9th Cir. 1985).

The United States previously agreed to the short continuation requested by the defendant on the basis that its corporate representatives needed more time to secure visas, despite the inconvenience to the United States' witness schedules. Travel for the United States' international witnesses is set, as is travel for many domestic witnesses. Therefore, the United States respectfully asks that the Court also maintain the current schedule. The last-minute waiver is yet another unexpected change to the longstanding plan to try this case by jury and on the schedule set last year. The United States is concerned about additional, last-minute proposed changes and would like to ensure that, as to the schedule, it remain as set to the maximum extent possible.

//
//
//
//
//
//
//

RESPONSE TO JURY TRIAL WAIVER
18-CR-00465 MMC                                    1

Further, should the Court approve the waiver, the United States respectfully requests the Court's guidance as to whether to proceed by Opening Statement or Opening Trial Brief.

Dated: February 15, 2022

STEPHANIE M. HINDS
United States Attorney

 /s/
LAURA VARTAIN HORN
NICHOLAS WALSH
Assistant United States Attorneys
NICHOLAS O. HUNTER
STEPHEN MARZEN
Trial Attorneys, National Security Division