JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, *et al.*,<br><br>Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE MATERIALLY DIFFERENT FROM THE FACTS ALLEGED IN THE INDICTMENT**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 28, 2022 |

## I. INTRODUCTION

The motion of Fujian Jinhua Integrated Circuit Co. Ltd. ("Jinhua") rests on a settled, simple constitutional argument under the Grand Jury Clause of the Fifth Amendment. The government's constructive amendment of the Indictment—by offering voluminous evidence, substantially different in kind and in time period, from the Indictment's specific allegations—would "destroy[ Jinhua's] substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Stirone v. United States*, 361 U.S. 212, 217 (1960). "[W]hen conduct necessary to satisfy an element of the offense is charged in the indictment and the government's proof at trial includes uncharged conduct that would satisfy the same element," the Court must be "assur[ed]" that the defendant was convicted "based solely on the conduct actually charged in the indictment." *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014).

In response, the government does not mention the Grand Jury Clause. United States' Opp. to Mot. to Exclude Evidence Materially Different From the Facts Alleged in the Indictment (ECF 394) ("Opp."). It relies instead on factually inapposite cases construing the Federal Rules of Evidence. Because evidence rules do not trump the Constitution, the government's failure to address Jinhua's constitutional argument should be viewed as the concession that it is.

The Indictment alleges at length facts beginning in about October 2015 and concluding in about February 2017 when Taiwanese law enforcement executed search warrants at UMC. These facts present a single, distinct theory of the case—that JT Ho and Kenny Wang stole Micron trade secrets, and were hired to work at UMC by Stephen Chen, where they used such trade secrets to develop DRAM technology pursuant to a technology cooperation with Jinhua. No specific unlawful acts are alleged against Jinhua. Jinhua was not alleged ever to have been in possession of Micron's trade secrets. Under the Indictment, therefore, Jinhua can be convicted only if it is found to have conspired with the named co-conspirators or if their conduct is imputed to Jinhua.

At trial, the government has sought to introduce new, materially different facts occurring from March 2017 through September 2018—a period as to which Indictment is silent. These facts are in service of the government's new theory of liability—that Jinhua unlawfully received and

1

possessed Micron's trade secret upon transfers by UMC of its DRAM technology. These facts are not of the sort that a grand jury might view as duplicative and redundant to the examples alleged; they were unknown to the grand jury, because they were obtained only late last year from UMC under its cooperation agreement with the government. If the government wished to add these facts to its case, its recourse was to obtain a superseding indictment from the grand jury. Because it did not, the Court should exclude the government's evidence post-dating February 2017, including evidence relating to transfers of technology to Jinhua in March 2017 and September 2018, as unconstitutionally violating Jinhua's right under the Grand Jury Clause.

## II.  ARGUMENT

The government's opposition ignores the Grand Jury Clause. It is predicated instead on cases deciding whether uncharged acts are "other acts" under Fed. R. Evid. 404(b). Under these cases, specific uncharged acts submitted as "proof on the full scope of the conspiracy," *United States v. Rizk*, 660 F.3d 1125, 1131-32 (9th Cir. 2011), are not "other acts" so long as each is 'inextricably intertwined' with the conspiracy, which requires that "***each occurred within the temporal scope of the conspiracy and comprised the conspiracy***," *United States v. Montgomery*, 384 F.3d 1050, 1061-62 (9th Cir. 2004) (emphasis added). These cases often involve conspiracies comprised of individual, substantively-identical acts too numerous to identify separately in the indictment. *See*, *e.g.*, *Montgomery*, 384 F.3d at 1061-62 (summary chart showing 1,006 fraudulent transactions more generally alleged in the indictment was properly admitted); *Rizk*, 660 F.3d 1125 (9th Cir. 2011) (where indictment listed nine of defendant's fraudulent appraisals, "***among others***," summary chart showing 96 such appraisals was properly admitted); *Id.* at 1128-29.[1]

---

[1] The government also cites two cases as holding that "an indictment is usually sufficient if it sets forth the elements of the offenses charged." Opp. at 1 n.1 (quoting *United States v. Fernandez*, 388 F.3d 1199, 1200 (9th Cir. 2004); *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)). The portion of those cases relied upon by the government, however, concern notice, not amendment. Moreover, these holdings were limited to the sufficiency of allegations of the "*de minimus*" interstate nexus requirements under RICO and the Hobbs Act, and the "motive and intent" requirement of RICO. As *Woodruff* held regarding the indictment's more substantive allegations: "The indictment in this case charged the defendant with obstructing commerce by robbing three jewelry stores and attempting to rob a fourth; it identified the location and the date of each of the charged activities. It thus served its intended functions." 50 F.3d at 677.

The government's other Ninth Circuit cases involve brief, harmless testimony needed to contextualize the conspiracy. In *United States v. Lillard*, 354 F.3d 850 (9th Cir. 2003), the disputed evidence—theft of cocaine—***was specifically alleged in the indictment***. *Id.* at 854. Defendant's argument was that such theft was irrelevant and prejudicial to the charged crime of conspiracy to transport cocaine. *Id.* at 854–855; *see also United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (testimony describing initial meeting with conspirators "provided necessary context for the [same witness's] testimony about the charged conduct."); *United States v. Bonanno*, 467 F.2d 14, 17 (9th Cir. 1972) (where defendants were indicted for extortionate debt-collection practices, testimony that a coconspirator had described the same practices used against two uncharged victims "show[ed] some material facts relating to the conspiracy charged" and in any event was non-prejudicial).

None of the government's cases hold that the government can introduce evidence constructively amending the indictment merely because a conspiracy is alleged.[2] Even on plain error review of an unpreserved objection, the Ninth Circuit has reversed a conspiracy conviction for the "constitutional error" of admitting at trial a "distinct set of facts" from those alleged in the indictment. *United States v. Choy*, 309 F.3d 602, 608 (9th Cir. 2002) (citing *Stirone*, 361 U.S. at 217–18).[3] *See also United States v. Zingaro*, 858 F.2d 94, 101, 102 (2d Cir. 1988) (where indictment charged defendant with conspiracy of extortion based on specific acts occurring at social clubs in Yonkers, New York, evidence of a similar act occurring outside Yonkers constituted an unconstitutional constructive amendment, despite the indictment's "saving language" alleging that the Yonkers acts were only "a part," or "a further part," or "among the means" of defendant's conspiratorial acts).

---

[2] Only one of the government's Ninth Circuit cases, *Montgomery*, even addresses constructive amendments—and the government does not cite that portion of the opinion. In *Montgomery*, the defendant did not object to any amendment of the indictment, but rather that two paragraphs of the indictment were in apparent tension with each other. The Court held that such "disconnect . . . constituted at most a non-fatal variance." *Id.* at 1061.

[3] *Choy* found a "fatal variance" rather than a constructive amendment. The distinction is that constructive amendments typically involve a new "complex" set of facts and "always requires reversal," whereas "variances" involve "but one set of facts with a single divergence" and are reversible only upon a showing of prejudice. *United States v. Adamson*, 291 F.3d 606, 615-16 (9th Cir. 2002).

3

Reply In Support Of Motion To Exclude Evidence Materially
Different From The Facts Alleged In The Indictment

CASE NO.: 3:18-cr-00465-MMC

Notably, caselaw subsequent to *Rizk* does not adopt the Government's novel interpretation of that opinion as sanctioning the admissibility of any and all uncharged acts so long as they are within the "scope of the conspiracy." In *United States v. Yagi*, 12-cr-0483 EMC, 2013 WL 10570994 (N.D. Cal. Oct. 17, 2013), the court quoted *Rizk* for the proposition that "the government is entitled to present evidence of the full scope of the alleged conspiracy." *Id.* at *9 (citing *Rizk*, 660 F.3d at 1131). But the court proceeded to explain that, notwithstanding the alleged conspiracy, evidence "outside the temporal scope of the conspiracy" could not be admitted as proof of the conspiracy. *Id.*

In sum, for the reasons previously explained by Jinhua, the government seeks to amend the Indictment by introducing materially different facts from a different timeframe supporting a different legal theory than alleged by the Indictment and presented to the grand jury. Rather than convict Jinhua based on the alleged theft of trade secrets by Jinhua's alleged agents or conspirators, the government apparently seeks to convict Jinhua based on its later receipt and possession of trade secrets. *See Stirone*, 361 U.S. at 218–19 (holding that when the government chooses to charge a defendant based on specific factual allegations, it cannot introduce a separate factual predicate for convicting the defendant); *see also Ward*, 747 F.3d at 1192 (9th Cir. 2014). And, even if the government could introduce materially different facts, the cases cited by the government in opposition do not establish that it can introduce materially different facts from events occurring outside the timeframe of the Indictment. Therefore, the Court should exclude any evidence post-dating February 2017, including Jinhua's receipt of technology allegedly containing trade secrets.

### III.  CONCLUSION

For the reasons set forth above, as well as the reasons in Jinhua's motion, the Court should exclude any evidence post-dating February 2017, including evidence of Jinhua's receipt of technology allegedly containing trade secrets in March 2017 and September 2018.

Dated: March 16, 2022

4

Reply In Support Of Motion To Exclude Evidence Materially Different From The Facts Alleged In The Indictment    CASE NO.: 3:18-cr-00465-MMC

|   |   |
|---|---|
| 1 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP |
| 2 |   |
| 3 | By:  _____*/s/ Jack P. DiCanio*_____ |
| 4 | JACK P. DICANIO |
|   | Attorney for Defendant |
| 5 | FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD. |

5

Reply In Support Of Motion To Exclude Evidence Materially Different From The Facts Alleged In The Indictment

CASE NO.: 3:18-cr-00465-MMC