# Jinfu Zheng Declaration And Exhibit A
(Chinese)

| | |
|---|---|
| 1 | JACK P. DICANIO (SBN 138782) |
|   | Jack.DiCanio@skadden.com |
| 2 | LANCE A. ETCHEVERRY (SBN 199916) |
|   | Lance.Etcheverry@skadden.com |
| 3 | EMILY REITMEIER (SBN 305512) |
|   | Emily.Reitmeier@skadden.com |
| 4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|   | 525 University Avenue |
| 5 | Palo Alto, California 94301 |
|   | Telephone:   (650) 470-4500 |
| 6 | Facsimile:    (650) 470-4570 |
| 7 | MATTHEW E. SLOAN (SBN 165165) |
|   | Matthew.Sloan@skadden.com |
| 8 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|   | 300 South Grand Avenue, Suite 3400 |
| 9 | Los Angeles, California 90071-3144 |
|   | Telephone:   (213) 687-5000 |
| 10 | Facsimile:    (213) 687-5600 |

*被告律师*
福建省晋华集成电路有限公司

美国加利福尼亚州北区

联邦地区法院

旧金山分庭

| | |
|---|---|
| 美利坚合众国， | 案件号：3:18-cr-00465-MMC |
| 　　　　　　　　原告， | 郑进福关于被告根据《中华人民共和国国际刑事司法协助法》提交的申请的声明 |
| 　　诉 | |
| 福建省晋华集成电路有限公司等， | 法官：尊敬的 Maxine M. Chesney |
| 　　　　　　　　被告。 | 庭审日期：2022 年 2 月 28 日 |

DECLARATION OF JINFU ZHENG REGARDING DEFENDANT'S APPLICATION UNDER ICJAL    CASE NO.: 3:18-cr-00465-MMC

我，郑进福，声明并作出以下陈述：

1. 我英语说得不流利，因此我以我的母语中文普通话作出此声明。

2. 我已年满二十一（21）岁。我是中华人民共和国（"中国"）公民。我个人了解并完全有能力为本文所述事项作证。

3. 我是被告福建省晋华集成电路有限公司（"晋华"）的副总经理。我负责监督包括本案在内的晋华的法律事务。我理解晋华律师与法院就晋华根据《中华人民共和国国际刑事司法协助法》（"《刑协法》"）申请向境外提供证据一事进行过讨论，我就此事项提交此声明。《刑协法》第 4 条规定："非经中华人民共和国主管机关同意……中华人民共和国境内的机构、组织和个人不得向外国提供证据材料和本法规定的协助。"如我在此前声明中所述，为提供与本诉讼庭审相关的证据文件和证人证言，晋华已依据《刑协法》提交了申请。

4. 《刑协法》于 2018 年 10 月 26 日生效。迄今为止，尚未颁布实施细则就申请人为合规应当遵循的具体步骤提供指导。在与多个中央、省级及当地政府机构沟通之后，晋华于 2021 年 3 月向晋华的股东之一，福建省电子信息（集团）有限责任公司（"福建电子信息集团"）提交了第一份书面《刑协法》申请，并请求福建电子信息集团将晋华的申请递交给司法部位于中国福建省的下级机构，即福建省司法厅（"省司法厅"）。

5. 此后，福建电子信息集团起草并向省司法厅转报了相关申请（附有晋华的申请）。据我了解，省司法厅随后向中国司法部（"司法部"）呈报了一份申请，并附上晋华的申请材料。根据我的进一步了解，司法部会与其他政府部门和机构（《刑协法》项下的"主管机关"）协调，共同审查申请。[1]

6. 在晋华的《刑协法》申请中，晋华请求批准向境外传送文件证据以及安排证人出庭作证。我已将晋华 2021 年 3 月的申请作为附件 A 附在本声明中。

---

[1] 《刑协法》第 5 条规定："……中华人民共和国司法部等对外联系机关负责提出、接收和转递刑事司法协助请求，处理其他与国际刑事司法协助相关的事务……"

《刑协法》第 6 条规定："国家监察委员会、最高人民法院、最高人民检察院、公安部、国家安全部等部门是开展国际刑事司法协助的主管机关，按照职责分工，审核向外国提出的刑事司法协助请求，审查处理对外联系机关转递的外国提出的刑事司法协助请求，承担其他与国际刑事司法协助相关的工作……"

7. 福建电子信息集团的法律事务部总监助理林润昕后续口头通知我,省司法厅通知她晋华的申请已获批准。根据我本人以及晋华的中国律师的理解,该批准允许晋华安排证人在美国作证及在中国境内远程作证。在我过往 30 多年的职业经验中,我经常和不同的中央、省级和地方政府机关打交道。以口头方式而非书面文件形式传达与国内法合规问题相关的批准意见,这种做法并不少见。由于晋华及其证人受到相关中国法律的约束,除非晋华和晋华的中国律师对于我们可以依赖该口头批准一事确信无疑,否则晋华将不会同意安排证人在美国或者中国作证。

我理解加利福尼亚州法律以及美国法律中关于伪证罪的处罚，我声明上述内容真实无误。

于 2022 年 4 月 15 日在中国福建省晋江市签署。

By: 

郑进福

# EXHIBIT A

# 福建省晋华集成电路有限公司文件

晋华综〔2021〕14号　　　　　　　　　签发人：吴坤荣

## 福建省晋华集成电路有限公司关于依据《中华人民共和国国际刑事司法协助法》第四条第三款请求向境外第三方机构及美国法院提供在美刑事案件中抗辩所需证据的请示

福建省电子信息（集团）有限责任公司：

美国司法部于当地时间2018年11月1日，宣布对联华电子股份有限公司、福建省晋华集成电路有限公司（以下简称"我公司"）以及几名个人提起涉嫌窃取商业机密、经济间谍、共谋窃取商业秘密和共谋从事经济间谍活动的刑事诉讼，案件编号为3:18-cr-00465（以下简称"案件"）。截至目前，我公司及相关员工已经正式收到起诉书。

为充分维护自身合法权益和名誉，我公司已聘请境外第三方

—1—

—2—

机构（如外国律师事务所）对我公司所涉案件给予法律等方面的协助，并积极组织抗辩，依法维护在海外的权益和名誉。

我公司现根据《中华人民共和国国际刑事司法协助法》的规定，特准备附件，烦请贵集团转递至司法部国际合作局。

专此请示。

附件：关于依据《中华人民共和国国际刑事司法协助法》第四条第三款请求向境外第三方机构及美国法院提供在美刑事案件中抗辩所需证据的请示



福建省晋华集成电路有限公司

2021年3月1日

（联系人：郑进福　联系电话：138█████）

附件

# 关于依据《中华人民共和国国际刑事司法协助法》第四条第三款请求向境外第三方机构及美国法院提供在美刑事案件中抗辩所需证据的请示

美国司法部于当地时间 2018 年 11 月 1 日，宣布对联华电子股份有限公司、福建省晋华集成电路有限公司（以下简称"我公司"）以及几名个人提起涉嫌窃取商业机密、经济间谍、共谋窃取商业秘密和共谋从事经济间谍活动的刑事诉讼，案件编号为 3:18-cr-00465（以下简称"案件"）。我公司及相关员工已经正式收到起诉书。

为充分维护自身合法权益和名誉，我公司已聘请境外第三方机构（如外国律师事务所）对我公司所涉案件给予法律等方面的协助，并积极组织抗辩。境外第三方机构拟提供的协助工作包括了解案件事实，审阅相关证据材料，提出诉讼策略，代表我公司在案件中进行抗辩，对了解案件的我公司员工、专家进行访谈、沟通，并在我公司及相关员工为积极抗辩而作证时提供协助。为了让境外第三方机构全面了解案件事实，做好准备工作，我公司及相关员工需要向境外第三方机构提供相应的证据材料和信息，并组织员工、专家与之进行充分沟通。我公司及相关员工在收集和整理文件过程中，将严格遵守《保守国家秘密法》、《网络安全法》等相关法律法规的规定，并根据相关的法律法规要求妥善处理保密信息。

按照目前案件审理的日程安排，本案预计将在 2021 年内举行庭审，在此之前我公司需要向法院提交抗辩所需的证据材料及安排证人出庭作证，抗辩工作的准备时间十分紧张。根据已开展的内部调查和抗辩准备工作，我公司需要提交的证据材料主要涉及相关合作技术开发项目的前期商业谈判情况、项目过程中我公司与合作方及第三方供应商的沟通往来、以及一些个人员工的劳动合同情况等。

《中华人民共和国国际刑事司法协助法》第四条第三款规定，"非经中华人民共和国主管机关同意，外国机构、组织和个人不得在中华人民共和国境内进行本法规定的刑事诉讼活动，中华人民共和国境内的机构、组织和个人不得向外国提供证据材料和本法规定的协助。"

根据上述法律规定，特请贵部批准我公司及相关员工向境外第三方机构及美国法院提供抗辩所需的相关证据材料，以及根据抗辩需要提交证人证言和出庭作证，从而取得最佳抗辩效果，最大程度地维护我公司的合法权益。在此过程中，我公司及相关员工保证遵守国家相关的法律法规，坚决维护我公司的合法权益。

专此请示。




福建省晋华集成电路有限公司

2021 年 3 月 1 日

---

福建省晋华集成电路有限公司　　　　　　　2021 年 3 月 1 日印发

—4—

# Jinfu Zheng Declaration And Exhibit A
## (English)

| | |
|---|---|
| 1 | JACK P. DICANIO (SBN 138782) |
|   | Jack.DiCanio@skadden.com |
| 2 | LANCE A. ETCHEVERRY (SBN 199916) |
|   | Lance.Etcheverry@skadden.com |
| 3 | EMILY REITMEIER (SBN 305512) |
|   | Emily.Reitmeier@skadden.com |
| 4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|   | 525 University Avenue |
| 5 | Palo Alto, California 94301 |
|   | Telephone:     (650) 470-4500 |
| 6 | Facsimile:     (650) 470-4570 |
| 7 | MATTHEW E. SLOAN (SBN 165165) |
|   | Matthew.Sloan@skadden.com |
| 8 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|   | 300 South Grand Avenue, Suite 3400 |
| 9 | Los Angeles, California 90071-3144 |
|   | Telephone:    (213) 687-5000 |
| 10 | Facsimile:     (213) 687-5600 |

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 3:18-cr-00465-MMC |
| Plaintiff, | **DECLARATION OF JINFU ZHENG REGARDING DEFENDANT'S APPLICATION UNDER THE INTERNATIONAL CRIMINAL JUDICIAL ASSISTANCE LAW OF THE PEOPLE'S REPUBLIC OF CHINA** |
| v. | |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., et al., | |
| Defendants. | Judge: The Honorable Maxine M. Chesney |
| | Trial Date: February 28, 2022 |

I, Jinfu Zheng, declare and state as follows:

1. I do not speak English fluently and therefore make this declaration in my native language of mandarin Chinese.

2. I am over twenty-one (21) years of age. I am a citizen of the People's Republic of China ("PRC" or "China"). I have personal knowledge of and am fully competent to testify to the matters set forth herein.

3. I am the Vice President of Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua"). I am responsible for overseeing Jinhua's legal affairs, including this case. I offer this Declaration regarding discussions I understand counsel for Jinhua has had with the Court with respect to Jinhua's application to provide evidence abroad under the International Criminal Judicial Assistance Law of the People's Republic of China ("ICJAL"). Article 4 of ICJAL provides that ". . . institutions, organizations and individuals within the territory of the People's Republic of China shall not provide evidence materials and assistance provided in this Law to foreign countries, without the consent of the competent authority of the People's Republic of China." As stated in my previous declarations, Jinhua submitted applications for approval under ICJAL in order to provide documents and witness testimony in connection with the trial of this action.

4. The ICJAL took effect on October 26, 2018. To date, no implementing rules have been issued that provide guidance to applicants on the specific process they must follow to comply with the law. After discussion with several agencies of the local, provincial and central Chinese government, Jinhua sent its first written application under ICJAL in March 2021 to Fujian Electronics & Information (Group) Co. Ltd. ("FEIG"), one of Jinhua's shareholders, and requested that FEIG submit Jinhua's application to the Fujian Provincial Justice Department ("FJJD"), which is the local branch of the Ministry of Justice of China, located in the Fujian Province of China.

5. Next, FEIG prepared and submitted an application (attaching Jinhua's application) to FJJD. It is my understanding that FJJD then submitted an application to the Ministry of Justice of China ("MOJ") with Jinhua's application materials as attachments. It is my further

understanding that MOJ would have coordinated with several other government ministries and agencies ("competent authorities" under ICJAL) to review the application jointly.[1]

6. In Jinhua's ICJAL application, it sought approval to both transmit document evidence abroad and provide witnesses to testify before court. I have attached Jinhua's March 2021 application as Exhibit A to this declaration.

7. Lin Runxin, the assistant to the director of the legal department of FEIG, orally informed me later that the FJJD had notified her that Jinhua's application had been approved. It is my understanding, and the understanding of our local legal counsel, that this approval permits Jinhua to make witnesses available to testify both in the United States and remotely within China. In my over 30 years of professional experience, I have interacted often with various agencies of the local, provincial and central Chinese government. It is not uncommon for approvals relating to compliance with Chinese law to be communicated orally, and not in the form of a written communication. Because Jinhua and the witnesses are subject to those laws, we would not agree to make witnesses available in the United States or China unless we and our local counsel were completely comfortable that we can fully rely on that oral approval.

---

[1] Article 5 of ICJAL provides, "….The foreign relations agencies including the Ministry of Justice of the People's Republic of China are responsible for proposing, receiving and transmitting criminal judicial assistance requests, and dealing with other matters related to international criminal judicial assistance…."

Article 6 of ICJAL provides, "The State Supervision Commission, the Supreme People's Court, the Supreme People's Procuratorate, the Ministry of Public Security, the Ministry of National Security and other departments are the competent authorities for conducting international criminal judicial assistance, which are responsible to review the criminal judicial assistance requests submitted by foreign countries according to the division of responsibilities, review and handle such requests forwarded by the foreign relations agencies, and undertake work related to international criminal judicial assistance…."

1 | I declare under penalty of perjury under the laws of the California and the United States of
2 | America that the foregoing is true and correct.

4 | Executed on April 15, 2022, in Jinjiang City, Fujian Province, China.

By: _____

JINFU ZHENG

# EXHIBIT A

# FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

Jinhuazong〔2021〕No.14                              Signer: Wu Kunrong

---

## Fujian Jinhua Integrated Circuit Co., Ltd.'s Request for Approval to Provide Evidence to Foreign Third Parties and U.S. Court for Defense in the U.S. Criminal Case in Accordance with Article 4.3 of *the International Criminal Judicial Assistance Law of the People's Republic of China*

Fujian Electronics & Information (Group) Co., Ltd.,

 On November 1, 2018 local time, the U.S. Department of Justice announced criminal charges against United Microelectronics Corporation, Fujian Jinhua Integrated Circuit Co., Ltd. (hereinafter referred to as **"the Company"**), and several individuals for alleged theft of trade secrets, economic espionage, conspiracy to commit theft of trade secrets, and conspiracy to commit economic espionage, and the case number is 3:18-cr-00465 (hereinafter referred to as **"the Case"**). By now, the Company and its relevant employee have officially received the Indictment.

 In order to fully protect its lawful rights, interests and reputation, the Company has engaged foreign third parties (such as foreign law firms) to provide legal and other support in the Case, and is actively preparing defense, so as to protect the Company's rights, interests and reputation overseas in accordance with the law.

 The Company has prepared the Attachment pursuant to the requirement of *the International Criminal Judicial Assistance Law of the People's Republic of China*, and respectfully requests the Group Company to forward it to the International Cooperation Bureau of the Ministry of Justice.

The request is hereby submitted.

Attachment: Request for Approval to Provide Evidence to Foreign Third Parties and U.S. Court for Defense in the U.S. Criminal Case in Accordance with Article 4.3 of *the International Criminal Judicial Assistance Law of the People's Republic of China*

                                                Fujian Jinhua Integrated Circuit Co., Ltd.
                                              [Seal of Fujian Jinhua Integrated Circuit Co., Ltd.]

                                                                 March 1, 2021

(Contact: Zheng Jinfu  Contact Number:  138▬)

**Attachment**

# Request for Approval to Provide Evidence to Foreign Third Parties and U.S. Court for Defense in the U.S. Criminal Case in Accordance with Article 4.3 of *the International Criminal Judicial Assistance Law of the People's Republic of China*

On November 1, 2018 local time, the U.S. Department of Justice announced criminal charges against United Microelectronics Corporation, Fujian Jinhua Integrated Circuit Co., Ltd. (hereinafter referred to as "**the Company**"), and several individuals for alleged theft of trade secrets, economic espionage, conspiracy to commit theft of trade secrets, and conspiracy to commit economic espionage, and the case number is 3:18-cr-00465 (hereinafter referred to as "**the Case**"). The Company and the relevant employee have officially received the Indictment.

In order to fully protect its lawful rights, interests and reputation, the Company has engaged foreign third parties (such as foreign law firms) to provide legal and other support in the Case, and is actively preparing defenses. The foreign third parties plan to provide the following support: gathering relevant facts of the Case, reviewing relevant evidentiary materials, proposing litigation strategies, representing the Company to defend the Case, interviewing and communicating with company employees and experts who are familiar with the Case, and assisting the Company and its employees in testifying as part of its active defense. In order to allow foreign third parties to fully understand the facts of the Case and be well prepared, the Company and its employees need to provide evidentiary materials and information to foreign third parties, and to arrange employees and experts to have adequate discussions with them. During the process of collecting and processing documents, the Company and its employees will strictly comply with *the Law of the People's Republic of China on Guarding State Secrets, Cybersecurity Law*, and other relevant laws and regulations, and will properly handle confidential information pursuant to the requirements under relevant laws and regulations.

According to the current case schedule, the Case is expected to be tried within the year of 2021, and before that, the Company needs to submit document evidence needed for defense to the court and arrange witnesses to testify before the court. The preparation time for defense is very tight. Based on prior internal investigation and defense preparations, the document evidence that the Company needs to produce mainly involve the following topics: early-stage commercial negotiation related to the relevant technology cooperation project, communications between the Company and the cooperating party and third-party suppliers during the project, and the labor contracts status of certain individuals, etc.

Article 4.3 of the *International Criminal Judicial Assistance Law of the People's Republic of China* provides, "No foreign institution, organization or individual may conduct criminal proceedings prescribed by this Law within the territory of the People's Republic of China without the approval of the competent authority of the People's Republic of China, and no institution, organization or individual within the territory of the People's Republic of China may provide evidentiary materials and assistance prescribed by this Law to foreign countries."

Based on the abovementioned legal provision, the Company hereby respectfully requests the Ministry of Justice to approve the Company and its employees to provide relevant evidentiary materials for defense to foreign third parties and U.S. court, as well as to submit witness statements and testify before the court as needed by the defense, so as to achieve the best defense outcome and to protect the Company's lawful rights and interests to the fullest. During this process, the Company and its employees undertake to abide by relevant laws and regulations of the country and firmly protect the lawful rights and interests of the Company.

The request is hereby submitted.

[Translation Seal: BEIJING SPIRIT TRANSLATION CO., LTD.]

Fujian Jinhua Integrated Circuit Co., Ltd.
[Seal of Fujian Jinhua Integrated Circuit Co., Ltd.]

March 1, 2021

| Fujian Jinhua Integrated Circuit Co., Ltd. | Printed and Issued on March 1, 2021 |
|---|---|