# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, *et al.*,<br><br>Defendants. | CASE NO.: 3:18-CR-00465-MMC<br><br>**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE GOVERNMENT OF THE PEOPLE'S REPUBLIC OF CHINA**<br><br>Judge: The Honorable Maxine M. Chesney |

TO THE MINISTRY OF JUSTICE OF THE PEOPLE'S REPUBLIC OF CHINA:

The United States District Court for the Northern District of California presents its compliments to the Ministry of Justice of the People's Republic of China (the "Ministry") and requests international judicial assistance to permit Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") in the above-captioned criminal matter to obtain remote witness testimony to be used in the proceeding before this Court in the above-captioned matter. This Court respectfully requests that the Ministry recognize this Letter of Request, issued based on this Court's inherent power and arrange for its execution in the interest of comity. This Letter of Request is also consistent with the diplomatic note served on the United States Department of State by the Embassy of the People's Republic of China in Washington, D.C. on June 7, 2022, which stated that the People's Republic of China was open to receiving both MLAA requests and letters rogatory for the remote testimony of witnesses on behalf of Jinhua. Trial in this matter commenced on February 28, 2022.

This Court requests the assistance described herein as necessary in the interests of justice. This Letter of Request is made pursuant to the authority granted under 28 U.S.C. § 1781(b)(2), which provides reciprocal assistance to the Court of the People's Republic of China if future circumstances so require. The particulars of this Letter of Request are as follows:

| | |
|---|---|
| **1. Sender:** | The Honorable Maxine M. Chesney<br>United States District Court for the Northern District of California<br>San Francisco Courthouse<br>Courtroom 7 – 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |
| **2. Authority of the Requested State:** | Ministry of Justice of the People's Republic of China<br>International Legal Cooperation Center<br>Ministry of Justice of China<br>33, Pinganli Xidajie<br>Xicheng District<br>Beijing 100035<br>People's Republic of China |
| **3. Person to Whom the Executed Request Is To Be Returned:** | Jack P. DiCanio<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>525 University Avenue<br>Palo Alto, California 94301<br><br>An officer of the Court on behalf of:<br><br>The Honorable Maxine M. Chesney<br>United States District Court for the Northern District of California<br>San Francisco Courthouse<br>Courtroom 7 – 19th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |
| **4. Response Date:** | The requesting authority respectfully requests that Ministry respond to the below document as soon as possible, and would be grateful if the Ministry would be kind enough to respond by August 1, 2022. |
| **5. Requesting Judicial Authority:** | The Honorable Maxine M. Chesney<br>United States District Court for the Northern District of California<br>San Francisco Courthouse<br>Courtroom 7 – 19th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |
| **6. Name of the Case and Identifying Number:** | *United States of America v. United Microelectronics Corporation, et. al.*, Case No.: 3:18-cr-00465-MMC |

**Parties and Their Representatives:**

| | |
|---|---|
| United States of America | Stephanie M. Hinds, Esq. |

|  | United States Attorney for the Northern District of California |
|---|---|
|  | Thomas A. Colthurst, Esq.<br>Chief, Criminal Division, for the Northern District of California |
|  | Laura Vartain Horn, Esq.<br>Nicholas Walsh, Esq.<br>Assistant United States Attorneys |
|  | Nicholas O. Hunter, Esq.<br>Stephen Marzen, Esq.<br>Trial Attorneys, National Security Division of the United States Department of Justice |
| Fujian Jinhua Integrated Circuit Co., Ltd. | Jack P. DiCanio<br>Emily Reitmeier<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>525 University Avenue<br>Palo Alto, California 94301<br>Telephone:   (650) 470-4500<br>Facsimile:    (650) 470-4570<br><br>Matthew E. Sloan<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071-3144<br>Telephone:   (213) 687-5000<br>Facsimile:    (213) 687-5600 |

**Nature and Purpose of the Proceedings:**

On September 27, 2018, this case commenced upon the return of a sealed indictment against United Microelectronics Corporation ("UMC"); Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua"); Chen Zhengkun, a.k.a Stephen Chen; He Jianting, a.k.a. J.T. Ho; and Wang Yungming, a.k.a. Kenny Wang.  (The indictment was unsealed on or about October 30, 2018).  The United States alleged that the defendants violated various criminal statutes related to the misappropriation of trade secrets.  The charges stemmed from allegations that the defendants conspired to steal trade secrets related to DRAM semiconductor chips belonging to Micron Technology, Inc.

For its part in the alleged conspiracy, Jinhua was charged with violating: (1) 18 U.S.C. § 1831(a)(5), conspiracy to commit economic espionage; (2) 18 U.S.C. § 1832(a)(5), conspiracy to commit theft of trade secrets; and (3) 18 U.S.C. §§ 1831(a)(3) and 2, economic espionage (receiving and possessing stolen trade secrets).  The maximum penalties for each violation of § 1831 is: (1) A

fine not more than the greater of $10,000,000 or 3 times the value of the stolen trade secret to the organization, including the expenses for research and design and other costs of reproducing the trade secret that the organization has thereby avoided; (2) Restitution; (3) Asset Forfeiture; and (4) a $400 special assessment. The maximum penalty for the violation of § 1832 is: (1) A fine not more than the greater of $5,000,000 or 3 times the value of the stolen trade secret to the organization, including the expenses for research and design and other costs of reproducing the trade secret that the organization has thereby avoided; (2) Restitution; (3) Asset Forfeiture; and (4) a $400 special assessment. Infringement upon trade secrets is illegal under the Anti-Unfair Competition Law of the People's Republic of China.

On February 28, 2022, the trial of Defendant Jinhua commenced. Following five weeks of testimony, on April 4, 2022, the government rested. Jinhua then presented testimony from one witness for three days. At that point, on April 6, 2022, trial was adjourned and continued to a future date. As Jinhua is incorporated and based in the People's Republic of China, the remaining witnesses necessary for it to present its defense are all located in the PRC. But due to a combination of COVID-19-related complications and health issues, none of those witnesses have been able to travel to the United States for trial.

**Request for Assistance**

The only feasible way to allow Jinhua to present its defense is for its witnesses to be allowed to testify remotely. Although the United States has protested vigorously, due to the gravity of the charges against Jinhua, the uniqueness of the COVID-19 pandemic, and the need to allow Jinhua to present a defense, the Court is inclined to break from usual course and allow Jinhua to present its witnesses' testimony remotely. Jinhua's witnesses are willing to testify remotely, but the Court is aware that, on October 26, 2018, the People's Republic of China enacted the International Criminal Judicial Assistance Law, which, in part, only allows the provision of such testimony upon the approval of the PRC government.

The Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request to the Ministry of Justice of the People's Republic of China to make the following persons available to give evidence. The evidence will be taken in the

form of an oral examination of the witnesses, with questions potentially asked by counsel for Jinhua, the United States government, and/or the judge.

| Name | Address | Gender | Occupation |
|---|---|---|---|
| Lu Wensheng | No. 88, Lianhua Avenue, Jinjiang City, Quanzhou City, Fujian Province, China | Male | Chairman of Board of Directors, Jinhua |
| Wu Kunrong | No. 88, Lianhua Avenue, Jinjiang City, Quanzhou City, Fujian Province, China | Male | Engineer and Vice President, Jinhua |
| Professor Jiang Ying | No. 45, Zengguang Road, Haidian District, Beijing, China | Female | Professor, China University of Labor Relations |
| You Zhenfu | No. 88, Lianhua Avenue, Jinjiang City, Quanzhou City, Fujian Province, China | Male | Director of Human Resources, Jinhua |
| Wu Junsheng | No. 88, Lianhua Avenue, Jinjiang City, Quanzhou City, Fujian Province, China | Male | Director of Finance, Jinhua |

**Questions To Be Addressed in Remote Testimony**

| Lu Wensheng | 1. The witness's background and relationship to Jinhua.<br>2. Jinhua's formation.<br>3. The relationship between Jinhua and UMC, and the scope of the agreement between Jinhua and UMC.<br>4. How the agreement between Jinhua and UMC was implemented.<br>5. The attendance of various Jinhua and/or UMC employees at events in the United States.<br>6. The raids of UMC and the response by Jinhua and UMC.<br>7. How Jinhua's Board of Directors operated.<br>8. Chen Zhengkun's (Stephen Chen) relationship with Jinhua. |
|---|---|

| | | |
|---|---|---|
| | | 9. Jinhua's Talent Retention Bonus Program and Jinhua's relationship with He Jianting (JT Ho).<br>10. The aftermath of the allegations against Jinhua. |
| | Wu Kunrong | 1. The witness's background and relationship to Jinhua.<br>2. The agreement between Jinhua and UMC, including the timeline, planned strategy, and cost for development of the subject technology.<br>3. The witness's attendance at events in the United States.<br>4. Chen Zhengkun's (Stephen Chen) relationship with Jinhua.<br>5. He Jianting (JT Ho), Li Fuzhe (Neil Lee), and Guo Fengming's (Ray Kuo) relationships with Jinhua.<br>6. The implementation of the agreement between Jinhua and UMC.<br>7. The response to the raids of UMC.<br>8. The transfer of technology from UMC to Jinhua. |
| | Professor Jiang Ying | 1. The witness's background and work on the case.<br>2. The operative law governing purported labor contracts between Jinhua and He Jianting (JT Ho), Li Fuzhe (Neil Lee), and Guo Fengming (Ray Kuo), and the legal effect of those contracts. |
| | You Zhenfu | 1. The witness's background and relationship to UMC and Jinhua.<br>2. The recruitment of employees to work on UMC's DRAM development.<br>3. The implementation of the Talent Retention Bonus Program and JT Ho, Neil Lee, and Ray Kuo's relationships with UMC and Jinhua.<br>4. The witness's attendance with UMC and Jinhua employees at events in the United States. |
| | Wu Junsheng | 1. The witness's background and relationship to Jinhua.<br>2. The Talent Retention Bonus Program and He Jianting (JT Ho), Li Fuzhe (Neil Lee), and Guo Fengming's (Ray Kuo) relationship to Jinhua.<br>3. Jinhua and UMC's agreement concerning the procurement of tools.<br>4. Chen Zhengkun's (Stephen Chen) relationship to Jinhua.<br>5. Jinhua's payments to UMC. |

**Reciprocity**

The United States District Court for the Northern District of California is willing to provide similar assistance to the judicial authorities of the PRC.

**Reimbursement for Costs**

The fees and costs incurred by the Ministry of Justice of the People's Republic of China in executing this Request will be borne by Defendant Jinhua.

Date: _____        _____
                                   The Honorable Maxine M. Chesney
                                   United States District Court for the
                                   Northern District of California
                                   San Francisco Courthouse
                                   Courtroom 7 – 19th Floor
                                   450 Golden Gate Avenue,
                                   San Francisco, CA 94102