# DECLARATION OF JINFU ZHENG

JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
LANCE A. ETCHEVERRY (SBN 199916)
Lance.Etcheverry@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:      (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:     (213) 687-5000
Facsimile:      (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., *et al.*,<br><br>            Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DECLARATION OF JINFU ZHENG REGARDING LIVE WITNESS TESTIMONY OF DEFENDANT'S WITNESSES YOU ZHENFU AND WU JUNSHENG**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 28, 2022 |

I, Jinfu Zheng, declare and state as follows:

1. I do not speak English fluently and therefore make this declaration in my native language of mandarin Chinese.

2. I am over twenty-one (21) years of age. I am a citizen of the People's Republic of China ("PRC"). This declaration is based on my personal knowledge, information found from publicly available sources, and Jinhua's local counsel. If called upon, I am fully competent to testify to the matters set forth herein.

3. I am the Vice President of Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua"). I am responsible for overseeing Jinhua's legal affairs, including this case.

4. I have been told about the various diplomatic notes sent by the United States and Chinese governments regarding permission for Jinhua's witnesses to testify remotely at trial in this matter. I understand that the PRC government has not yet given formal approval through this diplomatic process for witnesses to testify at trial.

5. In light of that, I do not believe Jinhua witnesses should travel to the United States until formal approval is granted through the diplomatic process or until there is further assurances by the local branch of the Ministry of Justice, the Fujian Provincial Justice Department (hereinafter referred to as "provincial Justice Department") that Jinhua's witnesses have permission to travel to the United States to testify. I understand both of these processes are underway.

6. First, it is my understanding that due to the Covid-19 situation, travel restrictions, health condition and family matters of the witnesses, Jinhua's witnesses prefer remote testimony. (*See* ECF Nos. 407, 459 & 491.） To this end, I understand that Jinhua has filed a motion for letters rogatory and it has been granted by the Court.

7. Second, around 10 days ago, Jinhua asked the provincial Justice Department to confirm that Jinhua's witnesses could either (a) appear in person in the United States and testify live at trial or (b) testify remotely in other countries or regions close to mainland China. To date, Jinhua has not received a reply.

8. Because Jinhua has not received a reply, I am afraid the witnesses may be viewed as violating PRC law if they provide live testimony at trial without further affirmative consent of the provincial Justice Department. While Jinhua believed that it had prior approval to give testimony in this matter, the Diplomatic Note sent by the PRC shows that, for Jinhua witnesses to provide remote testimony, either the United States government must submit a request under the Mutual Legal Assistance Agreement ("MLAA") *or* the United States court should agree to issue letters rogatory. (*See* ECF No. 490.) What is unclear to me is whether the PRC government is taking the view that such requirements also apply when Jinhua witnesses appear *in person* at trial in the United States. To that end, we have asked the provincial Justice Department in writing to confirm that a MLAA or letters rogatory request is *not* required for Jinhua witnesses to testify in person, but have not yet heard back. Jinhua's witnesses run a risk of violating PRC law, including the International Criminal Judicial Assistance Law (the "ICJAL"), if they travel to the United States to testify without further clarification. I am also afraid the company could be deemed to have violated PRC law, including the ICJAL, if Jinhua's employees testify in person at trial in the United States without further authorization.

9. I also understand the Court had questions about what approval Jinhua previously received to provide testimony in this matter and whether it was specific to testimony in the United States. In March 2021, Jinhua submitted an application for approval under ICJAL in order to provide documents and witness testimony in connection with the trial of this action. The application did not specify where testimony would be taken or the method of taking the testimony (*e.g.*, live or remote). As indicated in my Declaration dated April 15, 2022, we believed that the approval Jinhua ultimately received permitted its witnesses to testify live outside of mainland China or remotely within mainland China. (ECF No. 454-1, ¶7.)

10. Based upon the recent diplomatic notes between the US and China, we are not sure whether the process requested by the Chinese government, *i.e.*, MLAA or Letters Rogatory, was intended to apply only to remote testimony in mainland China or to live testimony outside of mainland China, including in the United States. Given this uncertainty and our desire to fully

comply with Chinese law, Jinhua and the witnesses are uncomfortable traveling to the US or anywhere outside of mainland China to testify until they receive clarification from the Chinese government.

4

DECLARATION OF JINFU ZHENG RE LIVE WITNESS TESTIMONY OF
WITNESSES YOU ZHENFU AND WU JUNSHENG                   CASE NO.: 3:18-CR-00465-MMC

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 17th day of June 2022 in Jinjiang City, Fujian Province, China.

By: _____
          Jinfu Zheng

5

Declaration Of Jinfu Zheng Re Live Witness Testimony of
Witnesses You Zhenfu and Wu Junsheng                                    Case No.: 3:18-cr-00465-MMC

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

/s/ *Jack P. DiCanio*
Jack P. DiCanio



6

DECLARATION OF JINFU ZHENG RE LIVE WITNESS TESTIMONY OF
WITNESSES YOU ZHENFU AND WU JUNSHENG                    CASE NO.: 3:18-CR-00465-MMC

| | |
|---|---|
| 1 | JACK P. DICANIO (SBN 138782) |
|   | Jack.DiCanio@skadden.com |
| 2 | LANCE A. ETCHEVERRY (SBN 199916) |
|   | Lance.Etcheverry@skadden.com |
| 3 | EMILY REITMEIER (SBN 305512) |
|   | Emily.Reitmeier@skadden.com |
| 4 | 世达律师事务所 |
|   | 大学街第 525 号 |
| 5 | 帕罗奥图，加利福尼亚州，94301 |
|   | 电话: (650) 470-4500 |
| 6 | 传真: (650) 470-4570 |
| 7 | MATTHEW E. SLOAN (SBN 165165) |
|   | Matthew.Sloan@skadden.com |
| 8 | 世达律师事务所 |
|   | 南大街第 300 号，3400 室 |
| 9 | 洛杉矶，加利福尼亚州，90071-3144 |
|   | 电话: (213) 687-5000 |
| 10 | 传真: (213) 687-5600 |
| 11 | *被告律师* |
|    | 福建省晋华集成电路有限公司 |

美国加利福尼亚州北区

联邦地区法院

旧金山分庭

| | |
|---|---|
| 美利坚合众国， | 案件号：3:18-cr-00465-MMC |
| 　　　　　　　　原告， | 郑进福关于被告证人尤振富和吴俊生的现场证人证言的声明 |
| 　　诉 | 法官：尊敬的 Maxine M. Chesney |
| 福建省晋华集成电路有限公司 等， | 庭审日期：2022 年 2 月 28 日 |
| 　　　　　　　　被告。 | |

郑进福关于被告证人尤振富和吴俊生的现场证人证言的声明　　　　　　　　案件号：3:18-cr-00465-MMC

本人，郑进福，声明并作出以下陈述：

1. 我英语说得不流利，因此以我的母语中文普通话作出此声明。

2. 我已年满二十一（21）岁。 我是中华人民共和国（"中国"）公民。本声明基于我的个人所知、公开信息以及晋华的本地律师所提供的信息。如被传唤，我完全有能力为本文所述事项作证。

3. 我是被告福建省晋华集成电路有限公司（"晋华"）的副总经理，负责管理包括本案在内的晋华的法律事务。

4. 我已被告知美国和中国政府就允许晋华证人在本案庭审中作证事宜发出了多封外交照会。我理解，中方尚未通过上述外交渠道就晋华证人的作证事宜作出正式批准。

5. 有鉴于此，在通过外交渠道获得正式批准之前，或者在司法部下属福建省司法厅（下称"省司法厅"）进一步确认晋华的证人获得批准可前往美国作证之前，我认为晋华的证人不应该前往美国。我理解这两个程序目前都在进行中。

6. 首先，我理解出于新冠疫情、旅行限制、证人的健康及家庭事务等原因，晋华证人需要远程作证（*参见* ECF 第 407 号, 第 459 号以及第 491 号文件）。为此，我理解晋华已经提出了申请调查委托书的动议，该动议已被法院批准。

7. 其次，在大约 10 天前，晋华向省司法厅提出征询，以确认其证人是否可以(a)前往美国出庭并现场作证，或(b)在中国大陆附近的其他国家或地区远程作证。截至目前，晋华尚未收到答复。

8. 因为晋华尚未收到答复，如果证人未经省司法厅进一步同意就在庭审中现场作证，我担心他们可能被视为违反中国法律。虽然此前晋华理解已经获得了关于此事的批准，但中国政府的照会表明，晋华证人若想远程作证，美方必须提出基于《中华人民共和国政府和美利坚合众国政府关于刑事司法协助的协定》（"《中美刑事司法协助协定》"）的请求，*或者*美国法院应该同意出具调查委托书。（*参见* ECF 第 490 号文件）。我不清楚该等要求是否也适用于晋华证人在美国*本人*出庭作证的情形。为此，晋华已向省司法厅提出书面征询，以确认晋华证人本人出庭作证是否不需要《中美刑事司法协助协定》请求或调查委托书，但目前尚未收到回复。 如果在未得到进一步确认的情况下前往美国作证，晋华的证人存在违反包括《中华人民共和国国际刑事司法协助法》（"《刑协法》"）在

内的中国法律的风险。 我还担心，如果我公司的员工在没有获得进一步授权的情况下在美国的庭审中本人出庭作证，晋华可能被视为违反了包括《刑协法》在内的中国法律，

9. 我还了解到，法院对晋华此前所获得的在本案中提供证言的批准是何种批准、以及该批准是否限定于在美国作证存在疑问。2021 年 3 月，为能提供与本案庭审有关的文件和证人证言，晋华提交了一份申请寻求《刑协法》下的批准。该申请没有具体说明将在哪里作证或者作证的方式（如现场作证或远程作证）。 正如我在 2022 年 4 月 15 日的声明中所指出的，我们认为晋华最终获得的批准允许其证人在中国境外现场作证或在中国大陆远程作证。（ECF 第 454-1 号文件，第 7 段）。

10. 根据最近中美之间的外交照会，我们不确定中方所要求的程序，*即*《中美刑事司法协助协定》请求或调查委托书，是否只适用于在中国大陆远程作证或也适用于在中国大陆以外（包括美国）现场作证。鉴于这种不确定性和晋华希望完全遵守中国法规的愿望，在收到中国政府的澄清之前，晋华和其证人可能不太合适前往美国或中国以外的任何地方作证。

　　我理解加利福尼亚州法律以及美国法律中关于伪证罪的处罚，我声明上述内容真实无误。

于 2022 年 6 月 17 日在中国福建省晋江市签署。

By: _____

郑进福

## 签名认证

根据《民事地方规则》第 5-1(i)条，我证明本文件的任何其他签署人均已同意提交本文件，如有伪证，我将接受处罚。

/s/ Jack P. DiCanio
Jack P. DiCanio

