JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
OSAMA ALKHAWAJA (SBN 334404)
Osama.Alkhawaja@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICROELECTRONICS CORPORATION, *et al.*,<br><br>Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S REQUEST REGARDING THE POTENTIAL EXCLUSION OF CERTAIN DEFENSE WITNESSES**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 28, 2022 |

## I. PRELIMINARY STATEMENT

At the status conference conducted on June 17, 2022, the Court indicated that it may issue an order excluding the testimony of Defendant Fujian Jinhua Integrated Circuit, Co., Ltd.'s ("Jinhua") China-based witnesses You Zhenfu (Jeff Yu) and Wu Junsheng if they do not appear in the United States to testify on or about June 21, 2022.  For the reasons set forth below, Jinhua respectfully requests that the Court withhold any ruling on the potential exclusion of those witnesses at least until August 1, 2022, so that Jinhua may continue its efforts to secure approval from the Chinese authorities for their testimony in the United States.

To that end, over the past weekend, Jinhua was informed by the local Fujian branch of the Chinese Ministry of Justice ("MOJ") that, given the position taken by the Chinese central government in the recent series of diplomatic notes, Jinhua must now obtain authorization from the Chinese central competent authority[1] through the MLAA or the letters rogatory process, before its witnesses may testify in person in the United States.  Given the United States' announcement that it does not intend to submit an MLAA request on behalf of Jinhua, should the Court grant Jinhua additional time, Jinhua plans to file a motion promptly with this Court to seek the issuance of a second letter rogatory requesting authorization for Mr. You and Mr. Wu to testify in person in this Court.  Jinhua therefore respectfully requests that the Court withhold ruling on the government's request to preclude the testimony of Messrs. You and Wu at least until August 1, 2022, the date by which the Court has requested that the Chinese authorities provide a response to the letter rogatory request relating to the remote testimony of several of Jinhua's China-based witnesses.  (*See* ECF No. 503 at 2:19-21.)

Throughout this case, Jinhua has worked diligently to make Messrs. You and Wu available to testify in the United States.  Indeed, having obtained safe passage agreements with the government, by the start of the trial, both witnesses were willing and prepared (both obtained necessary visa or

---

[1] Article 6 of the ICJAL defines competent authorities as "[t]he National Oversight Commission, the Supreme People's Court, the Supreme People's Procuratorate, the Ministry of Public Security, the Ministry of State Security and other departments are the competent authorities in charge of international criminal judicial assistance."

1

ESTA authorization) to travel to the United States to testify in the action. During the government's case-in-chief, which lasted two weeks longer than the United States had estimated, the COVID situation in China dramatically worsened, eventually preventing Messrs. You and Wu from traveling to the United States. Ultimately, because of the challenges to travel presented by the pandemic, the Court issued an order permitting the remote testimony of Messrs. You and Wu.

Messrs. You and Wu were willing and prepared to testify remotely starting on the week of May 16, 2022. Prior to the testimony starting, however, the government sent a diplomatic note to the Chinese Embassy in Washington, D.C., informing it of the remote proceeding and inviting it to raise any objections before May 16. That set off a series of diplomatic notes between the United States and China causing additional delays in obtaining the trial testimony. It also prompted Jinhua to seek and the Court to issue a letter rogatory for the remote testimony in China of Jinhua's China-based witnesses. (*See* ECF No. 503.) The letter rogatory specifically requested that the Chinese authorities respond to Jinhua's request for authorization to provide remote testimony by August 1, 2022.

Given that the already-issued letter rogatory seeks a response by August 1, 2022, and the importance of Messrs. You's and Wu's testimony in this action (*see, e.g.*, 6/17/2022 Hrg. Tr. at 22:15), Jinhua respectfully requests that the Court permit Jinhua to continue to work on securing approval from the Chinese authorities for the testimony of Messrs. You and Wu in the United States, and pause any decision relating to witness preclusion at least until August 1, 2022. As noted above, pursuant to the direction recently received from the relevant Chinese authorities, if the Court is willing to grant Jinhua's request, Jinhua will be filing a motion for the issuance of a second letter rogatory promptly, seeking authorization from the Chinese competent authority for Messrs. You and Wu to testify in this Court in person.

Jinhua's requested relief is appropriate for the following reasons, among others. *First*, Mr. You and Mr. Wu's testimony will provide critical evidence for the Court's consideration, which is material to Jinhua's defense. Among other things, these witnesses will testify about the origins, purpose and scope of the Talent and Retention Bonus Program and will testify that the participants

in the program were never intended to be dual UMC/Jinhua employees. The witnesses will further testify that He Jianting (JT Ho) never worked at or reported to anyone at Jinhua and was never considered to be a Jinhua employee. *Second*, because Mr. You's and Mr. Wu's testimony will likely take no more than two court days to complete, permitting Jinhua additional time to obtain approval for their testimony until August will cause minimal delay to the trial of this action, and if Jinhua can secure their testimony before August, 2022, perhaps no delay to the completion of the trial. *Third*, Mr. You and Mr. Wu were prepared to testify remotely from Fujian province during the week of May 16, 2022, and would have completed their testimony by now but for the diplomatic notes exchanged between China and the United States. *Fourth*, given the importance of Mr. You and Mr. Wu's anticipated testimony, failure to extend such additional time, will undermine Jinhua's right to present a full and effective defense, and deprive Jinhua of its rights under the due process clause.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court is already familiar with the factual and procedural background of this case, so Jinhua provides the following abbreviated information simply for context.

The International Criminal Judicial Assistance Law of the People's Republic of China ("ICJAL") took effect on October 26, 2018. (ECF 454-1 at 13, ¶ 4.) Article 4 of ICJAL provides that ". . . institutions, organizations and individuals within the territory of the People's Republic of China shall not provide evidence materials and assistance provided in this Law to foreign countries, without the consent of the competent authority of the People's Republic of China." (*Id.* ¶ 3.) The ICJAL governs obtaining evidence in China for use in criminal matters proceeding in a foreign country. To date, however, the Chinese government has not implemented or issued any rules that provide guidance to applicants on the specific process they must follow to comply with the law. (*Id.* ¶ 4.)

In March 2021, Jinhua sent a written application under ICJAL to Fujian Electronics & Information (Group) Co. Ltd. ("FEIG"), one of its shareholders, and requested that FEIG submit Jinhua's application to the Fujian Provincial Justice Department ("FJJD"), which is the local branch of the Chinese Ministry of Justice, located in the Fujian Province of China. (*Id.* at ¶¶ 5-6.)

Jinhua's ICJAL application sought approval to both transmit documents abroad and provide witnesses testimony. (*Id.*) The application requested approval for testimony generally, and did not distinguish whether Jinhua was contemplating live testimony to be provided in Court in the United States or remote testimony to be provided by video link. (*See generally id.*, Ex. A.) Lin Runxin, the assistant to the director of FEIG's legal department, later informed Jinhua orally that the FJJD had notified her that Jinhua's ICJAL application had been approved. (*Id.* ¶ 7.) Based on this approval, Jinhua reasonably and in good faith believed that it had authorization from the Chinese competent authority to make witnesses available to testify both in the United States and remotely within China. (*Id.*)

Based on the FJJD's authorization, and this Court's subsequent orders allowing all five of Jinhua's China-based witnesses – You Zhenfu (Jeff Yu), Wu Junsheng, Lu Wensheng, Wu Kunrong, and Professor Jiang Ying – to testify remotely from China, Jinhua was prepared for all of its witnesses to testify remotely from Fuzhou in Fujian province and Beijing, starting on May 16, 2022.

Starting on May 13, 2022, however, because of a series of diplomatic notes between the United States and the Chinese central government, there were further delays in the testimony of the witnesses. In those diplomatic notes, the Chinese competent authority indicated that any request for remote testimony must be made by the United States government using the MLAA process or by the United States courts using the letters rogatory process.

Although the diplomatic notes focused only on remote testimony, Jinhua became concerned about whether the need to proceed via the MLAA process or letters rogatory also applied to live testimony in the United States. The reason for this concern was that Jinhua interpreted the relevant Chinese regulations as only requiring the MLAA process or requests for letters rogatory when the request for evidence was made by foreign governments or foreign parties, not mainland Chinese companies. But in connection with the request for remote testimony, the Chinese competent authority indicated that it believed that the MLAA or letters rogatory process was required even though the request for the evidence was being made by a mainland Chinese company. Given that, Jinhua became unsure whether the Chinese competent authority would extend this interpretation to

4

requests to present live testimony in the United States. To that end, promptly upon learning about the diplomatic note from China that was received on or about June 7, 2022, which suggested for the first time the need to pursue the MLAA or letters rogatory process, Jinhua sought to reconfirm with the FJJD its understanding that it had approval to have its witnesses testify in the United States. On June 20, 2022, the FJJD informed Jinhua that based on the Chinese competent authority's directions in the recent diplomatic notes, the Chinese competent authority believes that Jinhua needs to obtain approval through the formal MLAA or letters rogatory process for Jinhua's witnesses to testify in person in the United States, as well as for remote testimony.

### III. ARGUMENT

    A.    The Court Should Pause on Issuing Any Order to Exclude Defense Witnesses You Zhenfu and Wu Junsheng or, In the Alternative, Order that Any Exclusion Order be Without Prejudice.

For the reasons below, Jinhua respectfully requests that the Court provide Jinhua with additional time to secure authorization from the Chinese competent authority for Messrs. You and Wu to testify live in court though submitting a formal request for a letter rogatory, and to withhold ruling on the government's request that their testimony be excluded pending the resolution of the letters rogatory issues. Jinhua's requested relief is justified for the four reasons set forth below.

    1.    Jinhua Had a Justifiable Concern Whether Jinhua's China-Based Witnesses Were Authorized to Provide Live Testimony Before this Court.

As detailed above, nearly a year before trial commenced, Jinhua sought and obtained what it believed in good faith to be proper approval from FJJD for all testimony in this action, whether in person in this Court or remotely from China. Given the recency of the ICJAL, coupled with the lack of official guidance on its procedures and protocols, Jinhua believed it had taken all necessary and proper steps once approval was received from the FJJD. The fundamental basis for its belief was that Jinhua interpreted the relevant regulations as not requiring the MLAA or letters rogatory process when the request to submit evidence was being made by a mainland Chinese company. Because the recent diplomatic notes have made clear that the Chinese competent authority is requiring the use of the MLAA or letters rogatory process for remote testimony even if it is requested by a Chinese

5

company, and based on Jinhua's discussions with the FJJD, it caused Jinhua to question whether the MLAA or letters rogatory process was also necessary for authorization for its witnesses to testify in the United States. Because Jinhua must comply with all Chinese laws and regulations and it did not want to expose the company, its board members, its management and, most importantly, the witnesses with potential liability for violating Chinese law, it was reasonable and prudent for Jinhua to seek additional guidance from the relevant Chinese authorities regarding the in-person testimony. Simply put, Jinhua did not want to make a consequential mistake by misinterpreting the situation.

Jinhua's concerns have now been borne out by its discussions with the FJJD. As discussed above, the FJJD informed Jinhua that, given the recent diplomatic notes from the Chinese Embassy and the central government, Jinhua must seek formal authorization through the MLAA or letters rogatory process for any testimony in this case, whether the witnesses testify remotely or in person in court in the United States. In light of that, and the United States' unwillingness to submit an MLAA request, with the Court's permission, Jinhua will be submitting a motion for the issuance of Letters Rogatory authorizing Jinhua's witnesses to testify in person later today, on June 21, 2022.

> 2. Jinhua Was Ready to Produce All Five Witnesses for Remote Testimony Prior to the Frenzy of Diplomatic Notes Triggered by the United States' April 29 Diplomatic Note.

Second, and relatedly, when considering Jinhua's request, the Court should take into account that Jinhua was ready to proceed with remote testimony until the government sent the first diplomatic note inviting response by the Chinese central government. (ECF No. 490.) But for the United States' note, Jinhua's five witness would have completed their testimony during the weeks of May 16 and May 23, 2022, and this trial would have been over weeks ago.

> 3. Delaying the Exclusion of You Zhenfu and Wu Junsheng, or Holding the Court's Anticipated Order in Abeyance Pending the Resolution of the Letters Rogatory Issue for Remote Testimony is Appropriate and Will Not Delay this Trial in Any Material Respect.

Third, granting this request will not delay the conclusion of the trial. This Court recently granted Jinhua's request to issue a letter rogatory for remote testimony which has a return date of August 1, 2022. (ECF No. 503.) As a result, this action will remain pending for six weeks, giving

6

JINHUA'S REQUEST REGARDING THE POTENTIAL
EXCLUSION OF CERTAIN DEFENSE WITNESSES

CASE NO.: 3:18-cr-00465-MMC

Jinhua time to file its new motion for a letter rogatory for Messrs. You and Wu, and seeking the same return date.  The testimony of Messrs. You and Wu is material, favorable, and non-cumulative, and it will likely only take two court days to complete.  And if Jinhua can confirm authorization for Messrs. You and Wu to testify before August 1, 2022, it will bring them to the United States to testify at the convenience of the Court before August 1, 2022.  As to Jinhua's prior letter rogatory, the Chinese competent authority has already received a copy of Jinhua's initial *Letter of Request for International Judicial Assistance to the Government of the People's Republic of China* on June 16, 2022, which aims to apply for Jinhua's five witnesses to testify remotely, from Jinhua's counsel. The Chinese competent authority indicated that they will proceed actively and respond timely after receiving the original copy delivered by the U.S. State Department through diplomatic channel. Accordingly, allowing Jinhua time to submit another letter rogatory to the Chinese competent authority would not result in any delay in the ultimate resolution of the trial.

    4.    Prematurely Excluding You Zhenfu and Wu Junsheng Would Deprive Jinhua of Key Witness, Who Are Material to Its Defense, and Severely Impair Jinhua's Due Process Rights to Mount an Effective Defense.

Fourth, principles of due process warrant granting Jinhua's request.  It is well established that a defendant's "right to present his own witnesses to establish a defense" is a "fundamental element of due process of law."  *Webb v. Texas*, 409 U.S. 95, 98 (1972) (quoting *Washington v. Texas*, 388 U.S. 14, 19 (1967)); *see also United States v. Leal-Del Carmen*, 697 F.3d 964, 969-970 (9th Cir. 2012)(setting forth a detailed two-part test for whether a constitutional violation exists); *United States v. Mostafa*, 14 F. Supp. 3d 515, 522 (S.D.N.Y. 2014)(noting the importance in our justice system of presenting "material and relevant evidence in . . . search for truth" and noting that remote testimony would further the interests of justice)(citing *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999)).  Here, Jinhua has established that Messrs. You and Wu would provide important, non-cumulative testimony that would be material to Jinhua's defense.

Due process and the interests of justice weigh strongly in favor of pausing on any decision relating to witness exclusion and allowing Jinhua additional time to procure the attendance of Messrs. You and Wu for live testimony through moving this Court to issue a new letter rogatory.

## IV.  CONCLUSION

For all these reasons, Jinhua respectfully requests that the Court hold in abeyance any decision relating to witness preclusion pending the resolution of the letter rogatory that this Court already issued to the Chinese authorities for remote testimony as well as Jinhua's soon-to-be filed motion for a second letter rogatory seeking authorization for Messrs. You and Wu to testify in person. In the alternative, the Court should, at the very least, find that its exclusion order is without prejudice to revisiting this issue when the Court receives a response to the letter rogatory it previously issued (ECF No. 503) as well as any future letters rogatory it may issue with respect to Messrs. You and Wu.

Dated: June 21, 2022

                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:       */s/ Jack P. DiCanio*
           JACK P. DICANIO
        Attorneys for Defendant
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.