JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
OSAMA ALKHAWAJA (SBN 334404)
Osama.Alkhawaja@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:      (650) 470-4500
Facsimile:      (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>        v.<br><br>UNITED MICROELECTRONICS CORPORATION, *et al.*,<br><br>                         Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S NOTICE OF MOTION AND MOTION FOR ISSUANCE OF A SECOND LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE; DECLARATION OF EMILY REITMEIER; AND [PROPOSED] ORDER**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 28, 2022 |

1

## NOTICE OF MOTION AND MOTION

2 TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that on June 23, 2022, or as soon thereafter as the parties may be

4 heard, before the Honorable Maxine M. Chesney, Judge, United States District Court for the

5 Northern District of California, in the San Francisco Division Courthouse, Courtroom 7, 450 Golden

6 Gate Avenue, San Francisco, CA 94102, Defendant Fujian Jinhua Integrated Circuit, Co., Ltd.

7 ("Jinhua") will bring for hearing this Motion for Issuance of a Second Letter of Request for

8 International Judicial Assistance ("Motion") pursuant to 28 U.S.C. § 1781.  Jinhua previously filed

9 a Motion for Issuance of a Letter of Request for International Judicial Assistance (ECF 494), which

10 this court granted on June 15, 2022 (ECF Nos. 497; 503).  This Motion is based on this Notice of

11 Motion and Motion, the arguments and authorities cited below, the Declaration of Emily Reitmeier

12 ("Reitmeier Dec."), the Letter of Request, any evidence or argument presented to the Court at the

13 hearing on this motion, if any, and such other papers, evidence, and arguments as may be submitted

14 to the Court.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION AND MOTION ........................................................................ i

TABLE OF CONTENTS ......................................................................................... ii

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ................................................................................................. 1

FACTUAL BACKGROUND AND ARGUMENT .......................................................... 1

     I.       BACKGROUND ..................................................................................... 1

           A.    Procedural Background ............................................................... 1

           B.    Witnesses and Anticipated Testimony ........................................ 2

                 1.    You Zhenfu (Jeff Yu) .................................................. 2

                 2.    Wu Junsheng .............................................................. 2

     II.     ARGUMENT ....................................................................................... 2

     III.    CONCLUSION .................................................................................... 5

1

## <u>TABLE OF AUTHORITIES</u>

2
Page(s)

3

## CASES

4
*Asis Internet Services v. Optin Global, Inc.*,
    No. C-05-05124 JCS, 2007 WL 1880369 (N.D. Cal. June 29, 2007) ................................... 3

5

6
*Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*,
    Cause No. 1:10-cv-1376-TWP-DKL, 2013 WL 12291616
    (S.D. Ind. Apr. 26, 2013) ........................................................................................................ 4

7

8
*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ................................................................................................................ 3

9
*Lantheus Medical Imaging, Inc. v. Zurich American Insurance Co.*, 841 F. Supp. 2d 769
10
    (S.D.N.Y. 2012) ............................................................................................................. 3, 4, 5

11
*In re Potash Antitrust Litigation*,
    161 F.R.D. 405 (D. Minn. 1995) ............................................................................................ 4

12

13
*United States v. Mejia*,
    448 F.3d 436 (D.C. Cir. 2006) ............................................................................................... 3

14

15
*United States v. Wedding*,
    No. CR 08-2386 JM (NLS), 2009 WL 1329146 (S.D. Cal. May 13, 2009) .......................... 3

16
*Viasat, Inc. v. Space Systems/Loral, Inc.*,
    Civil No. 12-CV-0260-H (WVG), 2013 WL 12061801 (S.D. Cal. Jan. 14, 2013) ............... 4

17

18
*Washington v. Texas*,
    388 U.S. 14 (1967) ................................................................................................................. 5

19

## STATUTES AND RULE

20
18 U.S.C. § 1831(a)(3) ................................................................................................................... 1

21
18 U.S.C. § 1831(a)(5) ................................................................................................................... 1

22
18 U.S.C. § 1832(a)(5) ................................................................................................................... 1

23
28 U.S.C. § 1781(b)(2) .................................................................................................................. 3

24
Fed. R. Civ. P. 26(b)(1) ................................................................................................................. 4

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## OTHER AUTHORITIES

Jones, *International Judicial Assistance: Procedural Chaos and a Program for Reform*,
    62 Yale L.J. 515 (1953) ....................................................................................................... 3

People's Republic of China, https://travel.state.gov/content/travel/en/legal/Judicial-
    Assistance-Country-Information/China.html (last visited June 13, 2022) .......................... 3

**INTRODUCTION**

Defendant Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua") respectfully submits this memorandum in support of Jinhua's Motion for the Issuance of a Second Letter of Request for International Judicial Assistance to the Appropriate Judicial Authority in the People's Republic of China (the "PRC") (the "Letter of Request").[1] Specifically, Jinhua seeks permission for live, in-person testimony from You Zhenfu (Jeff Yu) and Wu Junsheng who are critical to Jinhua's ability to present a full defense.  The proposed Letter of Request is attached to this Motion as Exhibit A.

**FACTUAL BACKGROUND AND ARGUMENT**

**I.     BACKGROUND**

The United States alleges that Jinhua violated: (1) 18 U.S.C. § 1831(a)(5), conspiracy to commit economic espionage; (2) 18 U.S.C. § 1832(a)(5), conspiracy to commit theft of trade secrets; and (3) 18 U.S.C. §§ 1831(a)(3) and 2, economic espionage (receiving and possessing stolen trade secrets).  In response, Jinhua has exercised its rights to put on a full and complete defense to the Government's allegations.  Critical to Jinhua's ability to present a defense is its ability to introduce testimony from its employees.  At the status conference in this case on June 13, 2022, the Court ordered Jinhua witnesses You Zhenfu (Jeff Yu) and Wu Junsheng to appear in person for trial on Tuesday, June 21, 2022, to testify live in this matter.  (ECF 493.)  The local branch of the Chinese Ministry of Justice ("MOJ"), however, recently informed Jinhua that authorization must be obtained either through the letters rogatory process or through the Agreement between the Government of the United States of America and the Government of the PRC on Mutual Legal Assistance in Criminal Matters (the "MLAA") in order for Mr. You and Mr. Wu to testify in person in this trial in the United States.  Because the United States has refused to submit an MLAA request, Jinhua requests that the Court issue letters rogatory for the in-person testimony of Messrs. You and Wu.

**A.     Procedural Background**

The Court is aware of the procedural background as recited in Jinhua's First Motion for a Letter of Request (ECF 494 at 2-4) and Jinhua's Request Regarding the Potential Exclusion of

---

[1]  The "Letter of  Request" is also referred to in this Motion as a "letters rogatory."

1    Certain Defense Witnesses (ECF No. 509), but provides the following additional facts for the Court's

2    consideration.  On June 19, 2022, the Fujian Provincial Justice Department ("FJJD") preliminarily

3    informed Jinhua that the Chinese competent authority believes that approval needs to be obtained

4    through the formal MLAA or letters rogatory process for Jinhua's witnesses to testify in person in

5    the United States, as well as for remote testimony.  (Reitmeier Dec. ¶ 3.)  Final confirmation of this

6    was provided on June 20. (*Id.*)

7             **B.    Witnesses and Anticipated Testimony**

8             The testimony of You Zhenfu (Jeff Yu) and Wu Junsheng is critical to Jinhua's defense.  The

9    witnesses' anticipated testimony is summarized below.

10                   1.    You Zhenfu (Jeff Yu)

11            Mr. You is Jinhua's Head of Human Resources and previously was a director of UMC's

12   Human Resources Department.  (*See* Reitmeier Dec. ¶4.)  Jinhua anticipates that he will testify

13   primarily about the "Talent Retention Bonus Program," including how the program came into

14   existence, who selected the participants, and that Jinhua did not treat the participants as employees

15   from a Human Resources standpoint.  (*See id.*)  Mr. You also attended the Chinese American

16   Semiconductor Professional Association ("CASPA") event and tool vendor meetings in October

17   2016 and can testify about what transpired at those events.  (*See id.*)

18                   2.    Wu Junsheng

19            Wu Junsheng is Jinhua's Finance Director.  (*See* Reitmeier Dec. ¶5.)  Jinhua anticipates that

20   he will testify primarily about the "Talent Retention Bonus Program," and that Jinhua did not treat

21   the individuals in that program as employees from a financial standpoint.  (*See id.*)  He will also

22   testify why Jinhua signed labor contracts with these individuals.  (*See id.*)

23                         *    *    *    *    *

24            As explained above, and in more detail below, the testimony of these witnesses is critical to

25   Jinhua's defense, and is a proper subject of the letters rogatory process.

26   **II.   ARGUMENT**

27            Letters rogatory are formal written letters of request sent by a domestic court to a foreign

28   court asking that a witness residing within that foreign court's jurisdiction provide evidence—in the

form of documents or testimony—for use in a pending action before the requesting court.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("'[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness.'") (alteration in original) (quoting Jones, *Int'l Judicial Assistance: Procedural Chaos and a Program for Reform*, 62 Yale L.J. 515, 519 (1953)); *see also Asis Internet Servs. v. Optin Global, Inc.*, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007).  "In the United States, Congress has empowered federal courts to issue and to enforce letters rogatory."  *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); *see also Asis Internet Servs.*, 2007 WL 1880369, at *3. Specifically, 28 U.S.C. § 1781(b)(2) expressly "authorize[s] federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party discovery from a foreign entity."  *Lantheus*, 841 F. Supp. 2d at 776.  Once a district court issues and transmits a letter of request to a foreign tribunal, the foreign tribunal will enforce the letter of request pursuant to its own laws or through treaties with the United States.  *See id.* at 777.

The power of a federal court to issue a letter rogatory "extends to requests from criminal defendants for international assistance to gather evidence in support of their defense." *United States v. Wedding*, 2009 WL 1329146, at *1 (S.D. Cal. May 13, 2009) (citing *United States v. Mejia*, 448 F.3d 436 (D.C. Cir. 2006)).  While the Federal Rules of Criminal Procedure do not offer explicit guidance on issuing a request for judicial assistance, Rule 57 permits a judge to "regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."  *Wedding* 2009 WL 1329146, at 1. Moreover, the U.S. Department of State explicitly references letters rogatory as the proper mechanism for defendants to obtain discovery from the PRC in a criminal matter.[2]

The International Criminal Judicial Assistance Law of the People's Republic of China ("ICJAL") provides that ". . . institutions, organizations and individuals within the territory of the People's Republic of China" must obtain "consent of the competent authority of the People's Republic of China" in order to provide "evidence materials and assistance provided in this Law to

---

[2] U.S. Department of State – Bureau of Consular Affairs, China People's Republic of China, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited June 13, 2022)

1   foreign countries,." (ECF 454-1 at 13, ¶ 4.)  The Chinese government has not implemented or issued

2   any rules that provide guidance to applicants on the specific process they must follow to comply with

3   the law, but, as indicated recently by the Chinese competent authority, one manner of complying

4   with the ICJAL is to obtain a letters rogatory.  The ICJAL covers general "evidence materials," which

5   includes a request for a witness to testify in person in the United States.

6           In addition, in the civil context, "courts apply the discovery principles contained in Rule 26"

7   when considering a request for international judicial assistance.  *Lantheus*, 841 F. Supp. at 776.

8   Under the broad standards of Rule 26, "[p]arties may obtain discovery regarding any nonprivileged

9   matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Thus, "the burden

10  of persuading the Court" in seeking "issu[ance] [of] a Letter of Request" is "not great," *Eli Lilly &*

11  *Co. v. Teva Parenteral Medicines, Inc.*, 2013 WL 12291616, at *3 (S.D. Ind. Apr. 26, 2013), and

12  "[c]ourts routinely issue letters rogatory where the movant makes a reasonable showing that the

13  evidence sought may be material, or may lead to the discovery of material evidence," *Viasat, Inc. v.*

14  *Space Sys./Loral, Inc.*, 2013 WL 12061801, at *3 (S.D. Cal. Jan. 14, 2013).  Indeed, issuing

15  "discovery through the use of letters rogatory is consistent with the liberal discovery provisions of

16  Rule 26." *Id.*  Here, because the relevant law authorizes letters rogatory as an appropriate method

17  for obtaining discovery from within the PRC, this Court should be satisfied that the PRC will extend

18  "the full faith and credit to [its] Letter of Request that they would expect [this] Court to extend to

19  theirs." *In re Potash Antitrust Litig.*, 161 F.R.D. 405, 410 (D. Minn. 1995).

20          As discussed above, the PRC has indicated in its diplomatic notes that it is open to receive

21  letters rogatory in this case in order to procure the testimony of Jinhua's witnesses at trial and this

22  Court has already granted a previous request for such a letter.  (ECF Nos. 497 503.)  Moreover,

23  Jinhua has been informed by the local branch of the Ministry of Justice that such a request is required

24  to obtain the live, in person testimony of Messrs. You and Wu.[3]

25          The discovery requested from witnesses located within the PRC in the present Motion is

26  crucial to the claims and defenses asserted in this action.  Among other things, these witnesses will

27

28  [3]  In the event that the Court grants Jinhua's motion and approves the language of Jinhua's proposed
letter rogatory, Jinhua will have the letter and all other necessary papers translated into Chinese.

4

1  testify about the origins, purpose and scope of the Talent Retention Bonus Program and will testify

2  that the participants in the program were never intended to be dual UMC/Jinhua employees.  The

3  witnesses will further testify that He Jianting ( JT Ho) never worked at or reported to anyone at

4  Jinhua and was never considered to be a Jinhua employee.

5          Jinhua's request is narrowly tailored to obtain this relevant information, *i.e.*, it only requests

6  testimony from a selected few witnesses and does not ask for any documents or other superfluous

7  information.  Moreover, there are no alternative sources for this information, as the witnesses are the

8  sole possessors of knowledge critical to Jinhua's ability to put forth a full and complete defense.  *See,*

9  *e.g.*, *Lantheus*, 841 F. Supp. 2d at 793-94 (explaining that comity supports granting a request for

10 letters rogatory when the origination factor is "counterbalance[d]" by the fact that the "the

11 information cannot be *easily obtained* through alternative means (alternation and emphasis in

12 original)).[4]

13         Finally, failure to grant Jinhua's request would undermine important interests of the United

14 States to ensure that the matters in its courts are fully and fairly adjudicated, as Jinhua has a "right

15 to offer the testimony of witnesses . . . .  This right is a fundamental element of due process of law."

16 *Washington v. Texas*, 388 U.S. 14, 19 (1967).  A denial of Jinhua's request would deprive it of

17 important testimony that is material to its defense, and thereby prevent Jinhua from presenting a

18 complete and robust defense against the charges brought against it.

19 **III.    CONCLUSION**

20         For the foregoing reasons, Jinhua respectfully requests that the Court grant Jinhua's Motion

21 and issue the requested Letter of Request.

22

23 Dated: June 23, 2022

24

25

26

27 _____

[4] Jinhua has requested an August 1, 2022 response date for the letter rogatory to ensure there is

28 enough time for the PRC to adequately respond to this request.  This is the same date set forth in
Jinhua's first letter rogatory, which this Court granted.  (*See* ECF No. 503.)

1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

2

3

By: _____ */s/ Jack P. DiCanio*

4
JACK P. DICANIO
Attorneys for Defendant

5
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28