# DECLARATION OF JINFU ZHENG
## [ENGLISH]

1  JACK P. DICANIO (SBN 138782)
   Jack.DiCanio@skadden.com
2  EMILY REITMEIER (SBN 305512)
   Emily.Reitmeier@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
4  Palo Alto, California 94301
   Telephone:    (650) 470-4500
5  Facsimile:    (650) 470-4570

6  MATTHEW E. SLOAN (SBN 165165)
   Matthew.Sloan@skadden.com
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
8  Los Angeles, California 90071-3144
   Telephone:    (213) 687-5000
9  Facsimile:    (213) 687-5600

10 *Attorneys for Defendant*
   FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

11

12

13                **IN THE UNITED STATES DISTRICT COURT**

14              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15                        **SAN FRANCISCO DIVISION**

16 | UNITED STATES OF AMERICA,                       | CASE NO.: 3:18-cr-00465-MMC |

17 |                              Plaintiff,          | **DECLARATION OF JINFU ZHENG REGARDING IN PERSON WITNESS TESTIMONY OF YOU ZHENFU AND WU JUNSHENG AND THE LETTERS ROGATORY PROCESS** |

18 |            v.                                    |

19 | FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., *et al.*, |

20 |                              Defendants.         | Judge: The Honorable Maxine M. Chesney
                                                        Trial Date: February 28, 2022 |

21

22

23

24

25

26

27

28

I, Jinfu Zheng, declare and state as follows:

1. I do not speak English fluently and therefore make this declaration in my native language of mandarin Chinese.

2. I am over twenty-one (21) years of age. I am a citizen of the People's Republic of China ("PRC"). This declaration is based on my personal knowledge and information found from publicly available sources. If called upon, I am fully competent to testify to the matters set forth herein.

3. I am a Vice President of Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua"). I am responsible for overseeing Jinhua's legal affairs, including this case.

4. I have been informed regarding the various diplomatic notes sent by the United States and Chinese governments regarding permission for Jinhua's witnesses to testify remotely at trial in this action. I have further been informed regarding the various hearings related to this issue, including the hearing conducted on June 21, 2022. This declaration supplements the information submitted in my June 17, 2022 declaration.

5. On or about June 7, 2022, I was told about the diplomatic note sent by the PRC's government which purportedly indicated that the Chinese competent authority believed that approvals needed to be obtained through the formal MLAA[1] or letters rogatory process for Jinhua's witnesses to provide remote testimony from China in this action. After reviewing the United States government's summary of the diplomatic note that was filed on PACER, I became concerned that the Chinese competent authority would apply the same reasoning, and therefore require the same procedural process, to Jinhua's intent to present Messrs. You and Wu for in-person testimony in the United States. My concern was based on the following:

6. It was my original understanding that the permission granted to Jinhua by the Chinese competent authority based on its application under the PRC International Criminal

---

[1] "MLAA" refers to the Agreement between the Government of the People's Republic of China and the Government of the United States of America on Mutual Legal Assistance in Criminal Matters.

Judicial Assistance Law ("ICJAL") applied to both in-person testimony in the United States and remote testimony in China.

7. However, the diplomatic notes summarized by the U.S. government in the public filings that I reviewed indicated that both the United States and Jinhua needed to obtain consent from the Chinese competent authority in order for Jinhua's witnesses to testify remotely. The Chinese competent authority did not distinguish between evidentiary requests made by the United States government and those made by mainland Chinese companies like Jinhua. Moreover, the ICJAL does not distinguish between live and remote testimony; it simply requires the approval of the Chinese competent authority whenever Chinese citizens or companies intend to present evidentiary materials in a foreign judicial proceeding. Based on the above, I became concerned that if the Chinese competent authority took the position that the MLAA or letter rogatory process were necessary for remote testimony, they may also take the position that it was necessary for in-person testimony in the United States.

8. I therefore consulted with our local counsel, King & Wood Mallesons, which advised me that it would be prudent for Jinhua to re-confirm the authority that Jinhua believed it had previously received before moving forward with the in-person testimony of Jinhua's employees.

9. To the best of my recollection, Jinhua began its efforts to reconfirm Jinhua's authority to proceed with in-person testimony after it learned about the June 7 diplomatic note. Starting on or about June 10, 2022, I and others on behalf of Jinhua had a series of communications with Chinese government officials regarding the substance of the diplomatic notes, trial posture, and the implementation of the ICJAL. Among other things, Jinhua asked the local Fujian branch of the Chinese Ministry of Justice ("Fujian Provincial Justice Department") whether an approval needed to be obtained through the MLAA or letters rogatory process for Jinhua's witnesses to testify in-person in the United States.

10. On June 19, 2022, I was informed by the Fujian Provincial Justice Department that the preliminary view of the Chinese competent authority was that an approval needed to be

1  obtained through the formal MLAA or letters rogatory process. I received final, oral confirmation
2  of this view on June 20, 2022.

3

DECLARATION OF JINFU ZHENG RE IN PERSON WITNESS TESTIMONY OF
YOU ZHENFU AND WU JUNSHENG AND THE LETTERS ROGATORY PROCESS                    CASE NO.: 3:18-cr-00465-MMC

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 28th day of June 2022 in Jinjiang City, Fujian Province, China.

By: _____

Jinfu Zheng

4

DECLARATION OF JINFU ZHENG RE IN PERSON WITNESS TESTIMONY OF
YOU ZHENFU AND WU JUNSHENG AND THE LETTERS ROGATORY PROCESS          CASE NO.: 3:18-cr-00465-MMC

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

<div style="text-align:right">

*/s/ Jack P. DiCanio*
Jack P. DiCanio

</div>



5
DECLARATION OF JINFU ZHENG RE IN PERSON WITNESS TESTIMONY OF
YOU ZHENFU AND WU JUNSHENG AND THE LETTERS ROGATORY PROCESS         CASE NO.: 3:18-cr-00465-MMC

# DECLARATION OF JINFU ZHENG
## [CHINESE]

| | |
|---|---|
| 1 | JACK P. DICANIO (SBN 138782) |
|   | Jack.DiCanio@skadden.com |
| 2 | EMILY REITMEIER (SBN 305512) |
|   | Emily.Reitmeier@skadden.com |
| 3 | 世达律师事务所 |
|   | 大学街第 525 号 |
| 4 | 帕罗奥图，加利福尼亚州，94301 |
|   | 电话：(650) 470-4500 |
| 5 | 传真：(650) 470-4570 |

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
世达律师事务所
南大街第 300 号，3400 室
洛杉矶，加利福尼亚州，90071-3144
电话：(213) 687-5000
传真：(213) 687-5600

*被告律师*
福建省晋华集成电路有限公司

# 美国加利福尼亚州北区

## 联邦地区法院

### 旧金山分庭

| | |
|---|---|
| 美利坚合众国， | 案件号：3:18-cr-00465-MMC |
| 原告， | **郑进福关于被告证人尤振富、吴俊生的现场作证以及调查委托书程序的声明** |
| 诉 | 法官：尊敬的 Maxine M. Chesney |
| 福建省晋华集成电路有限公司 等， | 庭审日期：2022 年 2 月 28 日 |
| 被告。 | |

本人，郑进福，声明并作出以下陈述：

1. 我英语说得不流利，因此以我的母语中文普通话作出此声明。

2. 我已年满二十一（21）岁。 我是中华人民共和国（"中国"）公民。本声明基于我的个人所知及公开信息作出。如被传唤，我完全有能力为本声明所述事项作证。

3. 我是被告福建省晋华集成电路有限公司（"晋华"）的副总经理。我负责管理包括本案在内的晋华的法律事务。

4. 我已获知美国和中国政府之间就允许晋华证人在本案庭审中远程作证事宜发出的多封外交照会。我也获知了包括 2022 年 6 月 21 日听审会在内的本案法院就上述事宜召开的多次听审会。本声明对我在 2022 年 6 月 17 日提交声明中的信息进行补充。

5. 2022 年 6 月 7 日前后，我获知了中方发出的外交照会，据称该照会表示中方主管机关认为需要通过正式的中美刑事司法协定[1]或调查委托书程序获得批准，以使晋华的证人从中国在本案中提供远程证言。在审阅了检方通过法院档案系统提交的外交照会的内容总结后，我开始担心中方主管机关会在晋华拟安排尤先生和吴先生在美国现场作证的问题上，适用同样的思路以及因此要求相同的程序。我的担心基于以下理由：

6. 我原来的理解是中方主管机关对于晋华基于《中华人民共和国刑事司法协助法》（"《刑协法》"）申请的批准适用于在美国现场作证和在中国远程作证。

7. 但是，我所审阅的检方在法院档案系统中所提交的外交照会的内容总结表明，美方和晋华均需获得中方主管机关的批准，以使晋华证人能够远程作证。中方主管机关并未区分由检方所提出的证据请求和中国大陆公司比如晋华所提出的证据请求。此外，《刑协法》并未区分现场作证和远程作证，该法仅要求无论何时当中国公民或者公司意图在外国司法程序中提交证据材料时，需得到中方主管机关的批准。基于以上，我开始担心如果中方主管机关采取了远程作证必须通过中美刑事司法协定或者调查委托书程序的立场，中方主管机关可能也会采取在美国现场作证同样必须通过中美刑事司法协定或者调查委托书程序的立场。

---

[1] "中美刑事司法协定"指的是《中华人民共和国政府和美利坚合众国政府关于刑事司法协助的协定》。

1

郑进福关于被告证人尤振富、吴俊生的现场作证以及
调查委托书程序的声明                                              案件号：3:18-cr-00465-MMC

| | |
|---|---|
| 1 | 8. 我因此咨询了晋华的中国法律顾问金杜律师事务所，他们建议我，谨慎的做法是在推进晋华员工现场作证事宜之前，晋华应重新确认其认为此前已经获得的授权。|
| 3 | 9. 就我记忆所及，在获知 6 月 7 日的外交照会后，晋华即开始努力重新确认关于证人现场作证的授权。大约从 2022 年 6 月 10 日开始，我以及其他晋华的代表与中国政府官员就外交照会的内容、庭审情况以及《刑协法》的实施等问题进行了一系列沟通。其中，晋华询问了中国司法部在福建省的下级机构（"福建省司法厅"）是否需要通过中美刑事司法协定或者调查委托书程序来获得批准，以使晋华证人得以在美国现场作证。|
| 8 | 10. 2022 年 6 月 19 日，福建省司法厅通知我，中方主管机关的初步意见是需要通过正式的中美刑事司法协定或调查委托书程序获得批准。我在 2022 年 6 月 20 日得到了这一初步意见的最终口头确认。|

1   8.    我因此咨询了晋华的中国法律顾问金杜律师事务所，他们建议我，谨慎的做
2  法是在推进晋华员工现场作证事宜之前，晋华应重新确认其认为此前已经获得的授权。
3   9.    就我记忆所及，在获知 6 月 7 日的外交照会后，晋华即开始努力重新确认关
4  于证人现场作证的授权。大约从 2022 年 6 月 10 日开始，我以及其他晋华的代表与中国政
5  府官员就外交照会的内容、庭审情况以及《刑协法》的实施等问题进行了一系列沟通。其
6  中，晋华询问了中国司法部在福建省的下级机构（"福建省司法厅"）是否需要通过中美
7  刑事司法协定或者调查委托书程序来获得批准，以使晋华证人得以在美国现场作证。
8   10.   2022 年 6 月 19 日，福建省司法厅通知我，中方主管机关的初步意见是需要
9  通过正式的中美刑事司法协定或调查委托书程序获得批准。我在 2022 年 6 月 20 日得到了
10 这一初步意见的最终口头确认。

2

郑进福关于被告证人尤振富、吴俊生的现场作证以及
调查委托书程序的声明                                                案件号：3:18-cr-00465-MMC

我理解加利福尼亚州法律以及美国法律中关于伪证罪的处罚，我声明上述内容真实无误。于 2022 年 6 月 28 日在中国福建省晋江市签署。

_____
郑进福

3

郑进福关于被告证人尤振富、吴俊生的现场作证以及
调查委托书程序的声明

案件号：3:18-cr-00465-MMC

|   |   |
|---|---|
| 1 | <div align="center">签名认证</div> |
| 2 | 　　根据《民事地方规则》第 5-1(h)(3)条，我证明本文件的任何其他签署人均已同意提 |
| 3 | 交本文件，如有伪证，我将接受处罚。 |

<div align="right">

_/s/ Jack P. DiCanio_
Jack P. DiCanio

</div>



---

4

郑进福关于被告证人尤振富、吴俊生的现场作证以及
调查委托书程序的声明                                        案件号：3:18-cr-00465-MMC