JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:   (650) 470-4500
Facsimile:   (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>UNITED MICROELECTRONICS CORPORATION, *et al.*,<br><br>                    Defendants. | CASE NO.: 3:18-CR-00465-MMC<br><br>**DEFENDANT FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.'S REPLY IN SUPPORT OF ITS SECOND MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 28, 2022 |

**TABLE OF CONTENTS**

Introduction ........................................................................................................................... 1

Argument .............................................................................................................................. 2

    I.     Jinhua Has Diligently Worked To Obtain Consent ...................................... 2

    II.    The ICJAL Regulates Who Can Testify On Behalf Of A PRC Company In A Criminal Case In The United States............................................................... 3

    III.   The PRC Has Actively Responded To Diplomatic Notes And Waiting Until August For A Response Will Cause No Undue Delay ................................. 4

    IV.   Jinhua Is Amenable To Altering The Language In Its Letter Of Request ................. 5

Conclusion ............................................................................................................................ 6

# INTRODUCTION

Defendant Fujian Jinhua Integrated Circuit, Co., Ltd. ("Jinhua") hereby submits this reply in further support of its Motion For Issuance Of A Second Letter Of Request For International Judicial Assistance. (*See* ECF 514 ("Motion" or "Mot.").) Jinhua believes that the Government's Opposition To Defendant's Motion For Issuance Of A Second Letter Of Request For Judicial Assistance (*see* ECF 515 ("Opposition" or "Opp.")) is legally and factually unavailing for three reasons.

*First*, the record does not reflect a lack of diligence on Jinhua's behalf. Rather, as detailed below, Jinhua has been more than diligent—from submitting its first application to the PRC competent authorities over fifteen months ago, to the countless meetings, phone calls, and communications Jinhua, its shareholder Fujian Electronics & Information Group Co, Ltd. ("FEIG") and its representatives have had with the Chinese competent authority. Jinhua had to navigate a novel issue: how a PRC company which was a defendant in a criminal case in the United States could provide evidence in its defense under the recently enacted International Criminal Judicial Assistance Law of the People's Republic of China ("ICJAL") before the PRC has provided any guidance or implemented regulations providing guidance on how it should be interpreted and applied in cases such as this. Jinhua reasonably thought it had done so, only to later learn through the diplomatic note process initiated by the United States government that additional authorization was needed and that it needed to be obtained by the United States government or this Court. Since that time, Jinhua has continued to work diligently to ensure that all necessary authorizations are obtained.

*Second*, the United States' professed concerns about the potential infringement on the United States' sovereignty, and the parade of horribles that could occur should this court issue letters rogatory are unwarranted. The government fails to appreciate that the ICJAL requires that companies or individuals within China obtain permission from the PRC government in very specific situations (such as when a PRC company wants to provide evidence in a criminal case abroad), and that as a matter of international comity and respect, this Court should not impede that process. Since the ICJAL pertains to the Chinese government's rules with respect to institutions, organizations, and individuals within the territory of the PRC, this in no way undermines the sovereignty of the United States.

*Third*, the Government's concern regarding a lack of response from the PRC is unpersuasive. The PRC has been actively engaged in the diplomatic note process and has previously stated it will respond to requests related to this matter in an active and timely manner.  This Court has already issued a letter of request for remote testimony, with trial scheduled to resume on August 22, 2022. Therefore, waiting until August to see if the PRC responds to the letter of request at issue in the present Motion will not cause any appreciable delay or prejudice to the government as the trial has already been continued until that time.

As such, Jinhua respectfully requests that this Court grant its Motion.

## ARGUMENT

### I. Jinhua Has Diligently Worked To Obtain Consent

As Jinhua has detailed for this Court in numerous filings and declarations, it worked diligently to obtain approval for its witnesses to testify in this matter.  The ICJAL, which governs the provision of evidence materials from the PRC in criminal actions, did not take effect until October 26, 2018.  (*See* ECF 454-1 ¶ 4.)  To date, no implementing rules, regulations, or other guidance have been issued by the PRC on how to comply with the ICJAL.  (*Id.*)  Moreover, there is little practical experience with witness testimony under the ICJAL, as the world has grappled with the COVID-19 pandemic for the majority of ICJAL's existence and international travel to and from the PRC during this period has been largely at a standstill.

In March 2021, one of Jinhua's shareholders, FEIG, submitted a request to the Fujian Provincial Justice Department ("FJJD") on Jinhua's behalf to seek approval to transmit evidence and testimony pursuant to the ICJAL.  (*See* ECF 454-1 ¶¶ 4-7.)  Jinhua was informed that that application was subsequently approved.  (*Id.* ¶ 7.)  As the government noted, Jinhua's Vice President, Jinfu Zheng, declared under oath that he believed Jinhua had authority for its witnesses to testify on behalf of Jinhua—both live and in person.  (ECF 450-4 ¶19.)  Jinhua then proceeded accordingly, fully believing it had obtained all necessary authorizations for its witnesses to testify in this action.

Despite Jinhua's representations relaying the authorization it had received from the FJJD, the United States sent a diplomatic note to the Chinese Embassy in Washington, D.C., on April 29, 2022, giving the PRC formal diplomatic notice of the procedures to be employed by this Court.  In response,

the PRC advised the United States by diplomatic note, dated May 13, 2022, that it was studying the issue and asked the U.S. government and this Court to postpone the witnesses' testimony. (ECF 482 at 2.) The PRC government subsequently advised the U.S. government in diplomatic notes dated May 19 and June 7, 2022, that it believed that under ICJAL, both the United States and Jinhua needed to obtain consent from the Chinese competent authority for Jinhua's witnesses to testify remotely. (ECF 516-1, ¶7.) The Chinese competent authority did not distinguish between evidentiary requests made in the United States government and those made by mainland Chinese companies like Jinhua. (*Id.*) Moreover, the ICJAL does not distinguish between live and remote testimony; it simply requires the approval of the Chinese competent authority whenever Chinese citizens or companies intend to present evidentiary materials in a foreign judicial proceeding. *(Id.; see also* ECF 482, 490.) This determination from the Chinese government, in turn, caused Jinhua to question whether the prior oral approval it had obtained was sufficient to permit it to elicit in-person testimony from You Zhenfu ("Jeff You") and Wu Junsheng in the United States. Accordingly, Jinhua promptly inquired once more with the FJJD, which subsequently informed Jinhua that the view of the Chinese competent authority, was that approval for Jinhua's witnesses to testify in person in the United States also needed to be obtained through either a formal MLAA request or a letters rogatory request. (*See* ECF 516-1 ¶¶ 7-10.)

Accordingly, each step of the way, Jinhua worked diligently and in good faith to obtain the necessary approvals to make its witnesses available to testify in this trial. After all, it was in Jinhua's interest to do just that. Its witnesses will be the only witnesses with first-hand knowledge of the events at issue. Perhaps that is why the government has fought so hard, and continues to attempt to erect obstacles, to prevent the court from hearing what those witnesses have to say. Regardless, there has been no lack of diligence on Jinhua's part in obtaining the requisite approvals.

## II.     The ICJAL Regulates Who Can Testify On Behalf Of A PRC Company In A Criminal Case In The United States.

While the government raises arguments about the authority of the United States court system (*see* Opp. at 5), it ignores one critical point: both Wu Junsheng and You Zhenfu work and reside in the PRC, and the PRC government has enacted laws providing oversight over obtaining evidence

3

1  from organizations and individuals located within the PRC for use in a criminal matter in a foreign
2  court.  The FJJD confirmed that the PRC is requesting a formal letter rogatory or MLAA request to
3  ensure that all proper processes are followed.  This does not "interfere[e] into the domestic affairs of
4  the United States of America."  (*Id.*)  The cases the government cites are not to the contrary.

5        The government's example of an FBI agent in Beijing who seeks to travel to the United States
6  to testify is wholly inapplicable.  Jinhua has never advocated for a reading of the ICJAL that would
7  require permission for U.S. or non-PRC organizations or individuals to provide testimony in a U.S.
8  criminal proceeding.  *Rather*, Article 4 of the ICJAL simply provides, according to the Chinese
9  legislature, that "institutions, organizations in the territory of the People's Republic of China shall
10 not provide evidentiary materials and assistance as provided for in this Law to foreign countries
11 without the consent of the competent authorities of the People's Republic of China."[1]  Therefore, the
12 government's example is off point, and has no bearing on the facts of this case.

13       The key distinction here, particularly as it pertains to You Zhenfu, is that the entity on trial
14 here, Jinhua, is a PRC company.  Messrs. Wu and You reside in the PRC, are employees of a PRC
15 company which is facing criminal charges in the United States, and they are seeking to testify on
16 behalf of the PRC company in their roles as employees of that company in an effort to introduce
17 evidence in a criminal trial being conducted in a United States courtroom.  The relevant focus here
18 is on Jinhua, which is seeking to offer evidence on its behalf from its employees, and therefore must
19 seek approval from its government.  The United States' drug prosecution hypothetical is therefore
20 inapposite.

21 **III.  The PRC Has Actively Responded To Diplomatic Notes And Waiting Until August
        For A Response Will Cause No Undue Delay**
22

23       As this Court is well aware, the PRC has been actively engaged on this issue thus far.
24 Numerous filings have detailed the multiple back-and-forth responses from the PRC via diplomatic
25 notes with the United States Department of State.  (*See* ECF 492 at 6-7.)  While the Government
26 once again argues that PRC may not provide a response by August 2022, there would be no undue

---

[1] *See* Legislative History at http://www.npc.gov.cn/zgrdw/npc/xinwen/2018-10/26/content_2064519.htm (last accessed June 30, 2022).

4

**JINHUA'S REPLY ISO OF ITS SECOND MOTION FOR LETTER OF REQUEST**      **CASE NO.: 3:18-cr-00465-MMC**

harm or delay in providing Jinhua with an opportunity to pursue approval via the letters rogatory process. This Court has previously ordered the issuance of letters of request for remote testimony, with a requested return date of August 1, 2022. (*See* ECF 497.) This Court has also already ordered that trial resume on August 22, 2022. (*See* ECF 510.) Thus, there will be no delay to these proceedings in providing the PRC an opportunity to respond to the letter of request at issue in this Motion in that same timeframe.

The *Tao* case discussed by both the United States and Jinhua does not counsel otherwise. Far from ignoring the United States' MLAA request in that matter, the PRC government actively engaged with the United States government relating to its request. (*See* Exhibit C to the Declaration of Emily Reitmeier in Support of this Reply ("Reitmeier Decl.") (March 3, 2022 Transcript, *U.S. v. Tao*, Case No. 19-20052 (D. Kan.)) at 24:8-25:7.) Although the *Tao* case ultimately proceeded to trial before the process concluded, Jinhua is hopeful that due to the amount of previous exchanges it has had with the PRC government, which is now well aware of this case, and because the PRC government itself invited a letter rogatory or MLAA request, that process will conclude more swiftly here.

## IV. Jinhua Is Amenable To Altering The Language In Its Letter Of Request

As a last resort, the government proposes several edits to Jinhua's proposed letter of request. (*See* Opp. at 6-7.) Jinhua is amenable to including any edits that the Court believes are necessary to make all proper reservations, distinctions, or clarifications in the letter rogatory. Jinhua notes that it made the edits proposed by the Government, except for the edit proposed on page 8 line 16 of the Opposition, since that does not reflect what Jinhua was told by the Fujian Provincial Justice Department regarding the necessity of seeking a letters rogatory, and page 8 line 19 of the Opposition, since that does not accurately reflect what Jinhua is seeking in its Motion. However, Jinhua has attempted to take the Government's edit to consideration and made an alternative change to that clause. Attached as Exhibit A to the Reitmeier Declaration is a copy of a revised letter rogatory implementing the government's proposed changes with one minor revision. Attached as Exhibit B to the Reitmeier Declaration is a redline showing those changes in detail.

## CONCLUSION

For the foregoing reasons, Jinhua respectfully requests that this Court grant its Motion and issue the proposed letter of request for the live, the in-person testimony of Messrs. You and Wu in the trial of this matter.

Dated: July 1, 2022

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:    */s/ Jack P. DiCanio*
       JACK P. DICANIO
       Attorneys for Defendant
       FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.