# Letter from Department of International Cooperation of the Ministry of Justice of the People's Republic of China

**Ministry of Justice, the People's Republic of China**

No. 6, Chaoyangmen Nandajie, Chaoyang District, Beijing, 100020, P.R.China   Fax: 86-10-65153065

Honorable Judge Maxine M. Chesney,

I am the Director General of the Department of International Cooperation of the Ministry of Justice of the People's Republic of China (hereinafter referred to as "Department of International Cooperation"), and I hereby make the following declarations regarding the matter of witness testimony in the case of Fujian Jinhua Integrated Circuit Co., Ltd. (Case No. 3:18-cr-00465-/MMC).

1. On June 20, 2022, the Department of International Cooperation replied to Jinhua's questions regarding its witnesses testifying in person in the United States through the Department of Justice of Fujian Province.

The main content of our June 20, 2022 response is as follows:

"Clause 3, Article 4 of the International Criminal Judicial Assistance Law (hereinafter referred to as "ICJAL") provides, 'Foreign institutions, organizations and individuals shall not conduct criminal proceedings under this Law, and the institutions, organizations, and individuals within the territory of the People's Republic of China shall not provide evidence materials and assistance provided in this Law to foreign countries, without the consent of the competent authority of the People's Republic of China.'

Regarding foreign countries requesting the PRC to arrange for witnesses to testify abroad, Clause 3, Article 36 of ICJAL provides, 'The requesting country shall make a written commitment regarding the content stipulated in Clause 1, Article 33 of this Law.  Clause 1, Article 33 of ICJAL states: The crimes committed by the witnesses or experts who come to the People's Republic of China to testify or assist in the investigation before the entry are not subject to prosecution before the departure; and their personal freedom shall not be restricted except being taken compulsory measures for committing crimes after the entry into the country.'

Clause 2, Article 11 of the Agreement between the Government of the United States of America and the Government of the People's Republic of China on Mutual Legal Assistance in Criminal Matters (hereinafter referred to as "MLAA") provides, 'The Requested Party may request the Requesting Party to make a commitment that a person who has been asked to be present in the territory of the Requesting Party according to this Article not be prosecuted, detained, subject to service of process or subject to any other restriction of personal liberty, for any acts or omissions or convictions which preceded such person's entry into the territory of the Requesting

Party, and that such person shall not be obliged to give evidence or assist in any investigation, prosecution or proceeding other than that to which the request relates, except with the prior consent of the Requested Party and such person. The person whose presence is requested may decline to comply with the request if the Requesting Party does not grant such assurances. If the Requesting Party grants assurances, it shall also specify the length of time and conditions under which such assurances shall apply.'

Based on the laws and agreement above, when foreign judicial or law enforcement authorities request, through a ruling, order, subpoena, etc., that witnesses who live or reside within the territory of China, testify abroad, the foreign judicial or law enforcement authorities shall submit a request for criminal judicial assistance to the PRC (through either the MLAA or the Letter Rogatory process), and provide assurances in the request to protect the lawful rights and interests of the witness. Based on the content of the previous two diplomatic notes sent by the U.S. Department of State, it is our understanding that the Court has granted permission for five of Jinhua's witnesses to testify remotely via video, and has issued a letter rogatory requesting the PRC to arrange for the five witnesses to testify remotely upon Jinhua's request. The U.S. government suggested You Zhenfu and Wu Junsheng, two witnesses within the territory of China, should testify in person in the United States, and the Court made an order as to whether live testimony in the United States is required. Therefore, we believe this is a circumstance where foreign judicial or law enforcement authorities are requesting witnesses who live or reside within the territory of China to testify abroad, and a request for criminal judicial assistance needs to be issued to the PRC."

The reason that we believe that a request for criminal judicial assistance is needed in this case is mainly because the effect of the Court's order extends to the witnesses who live or reside within the territory of the PRC, and based on the concern for protecting the lawful rights and interests of the witnesses and ensuring that they will testify truthfully. In this case, the Court in response to the U.S. government's suggestion issued an order on whether the witnesses, whom Jinhua claimed to us are to testify voluntarily, need to testify in person. We believe a request for criminal judicial assistance needs to be issued under this circumstance, and the request should state clearly the obligations to be assumed by the witnesses and the protection granted to them by law when they travel to the U.S. to testify.

2. The Department of International Cooperation has received a copy of the letter rogatory requesting the arrangement of five witnesses' video testimony issued by the Court on June 16, which was forwarded by Jinhua. As of today, the Department of International Cooperation has not received the original letter rogatory transmitted through diplomatic channels. Given the impact of the pandemic on mails and flights, we have suggested that the letter rogatory be delivered to the Chinese Embassy in the U.S. as soon as possible, which is the same manner that the two diplomatic notes were transmitted previously by the U.S. Department of State, to ensure that the letter rogatory is transmitted to the PRC in a timely manner. However, no materials have been received to date. To this end, we suggest that the Court request through

appropriate means the relevant U.S. government agencies transmit the letter rogatory promptly, so that we can respond promptly upon receipt.

The Department of International Cooperation of the Ministry of Justice of the People's Republic of China presents its compliment to the Court's respect for the PRC's judicial sovereignty in this case based on the principle of international comity.

DU Yaling

Director General of the Department of International Cooperation

Ministry of Justice of the People's Republic of China

July 8, 2022

中 华 人 民 共 和 国 司 法 部

Ministry of Justice, the People's Republic of China

No. 6, Chaoyangmen Nandajie, Chaoyang District, Beijing, 100020, P.R.China   Fax: 86-10-65153065

尊敬的 Maxine M. Chesney 法官：

我是司法部国际合作局的局长，现就福建晋华案（案件号：3:18-cr-00465-/MMC）相关证人作证事申明如下：

一、2022年6月20日，我局通过福建省司法厅就福建晋华公司咨询的证人赴美现场作证问题做出答复，主要内容如下：

"《中华人民共和国国际刑事司法协助法》第四条第三款规定：非经中华人民共和国主管机关同意，外国机构、组织和个人不得在中华人民共和国境内进行本法规定的刑事诉讼活动，中华人民共和国境内的机构、组织和个人不得向外国提供证据材料和本法规定的协助。

关于外国请求中华人民共和国协助安排证人出国作证，该法第三十六条第三款规定：请求国应当就本法第三十三条第一款规定的内容作出书面保证。第三十三条第一款规定：来中华人民共和国作证或者协助调查的证人、鉴定人在离境前，其入境前实施的犯罪不受追诉；除因入境后实施违法犯罪而被采取强制措施的以外，其人身自由不受限制。

1

《中美刑事司法协助协定》第十一条第二款规定：被请求方可要求请求方承诺，对于根据本条被要求到请求方境内的人员，不得因该人进入请求方境内之前的任何作为或不作为或定罪而予以起诉、羁押、发出传票或以其他形式限制其人身自由，也不应强制该人在该请求所未涉及的任何其他侦查、起诉或诉讼中作证或协助调查，除非事先取得被请求方和该人的同意。如果请求方不能作出上述保证，则被要求前往的人可以拒绝接受要求。如果请求方作出上述保证，则还应具体说明该项保证的适用期限与条件。

根据上述法律和协定的规定，如果存在外国司法、执法机关以裁定、命令、传票等方式要求中国境内的相关证人出国作证的情形，应当由相关外国司法执法机关向中方提出刑事司法协助请求（MLAA 或者 Letter Rogatory），并且在请求中作出相关承诺，以保障证人的合法权益。根据此前美国务院两次外交照会通报的内容，我们理解法官同意晋华公司的 5 名证人通过远程视频方式作证，并且法官也已经应晋华请求签发请求中方安排 5 名证人远程视频作证的调查委托书，检方建议尤振富、吴俊生 2 名中国境内证人现场作证，法官就是否需要现场作证作出裁定。因此，我们认为本案中存在外国司法、执法机关以裁定、命令、传票等方式要求中国境内的相关证人出国作证的情形，需要向中方提出刑事司法协助请求。"

2

　　我们之所以认为该案需要提出刑事司法协助请求，主要是因为您所作出裁定的效果及于中国境内的证人，基于保护证人合法权益、确保证人如实作证的考虑。本案中您在检方的建议下对晋华所称自愿为其作证的证人是否需要现场作证作出了裁定，我们认为这种情况下需要提出刑事司法协助请求，并在请求中对证人赴美作证应当承担的义务和法律给予证人的保护作出明确说明。

　　二、我局已经收到了晋华转交的您于6月16日签发的请求安排5名证人视频作证的调查委托书副本。截止目前，尚未收到通过外交渠道转交的调查委托书正本。考虑到疫情对邮寄和航班的影响，我们曾建议按照先前两次通过美国国务院发照会的方式，尽早将调查委托书发送给中国驻美国使馆，以保证调查委托书及时转递至中方，但至今仍未收到任何材料。为此，建议您通过适当方式要求美相关政府部门及时转交，以便我们收到后及时回复。

　　中国司法部国际合作局对您在该案中基于国际礼让原则对中国司法主权的尊重表示敬意。

杜亚玲
国际合作局局长
中华人民共和国司法部
2022年7月8日

3

# Certification of Accuracy

Re: Translation 20220708_1-MOJ Letter_EN_v7_clean

I, Lan Sung, hereby attest that I am a court interpreter certified by the Judicial Council of California for English and Mandarin (I.D. #367368), that I have reviewed the attached documents, and that to the best of my knowledge, ability, and belief this translation "20220708_1-MOJ Letter_EN_v7_clean" is a true, accurate, and complete translation of the original Chinese document "20220708 MOJ Letter_CN" that was provided to me.

*Lan Sung*
_____
SIGNATURE

*July 18th, 2022*
_____
DATE

Certification credentials may be verified online at www.atanet.org/verify.