# Declaration of Jinfu Zheng

JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California, 94301
Telephone:   (650) 470-4500
Facsimile:   (650) 470-4570

MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California, 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

*Attorneys for Defendant*
FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., *et al.*,<br><br>Defendants. | CASE NO.: 3:18-cr-00465-MMC<br><br>**DECLARATION OF JINFU ZHENG TO SUPPLEMENT DEFENDANT JINHUA'S ARRANGEMENTS FOR IN PERSON WITNESS TESTIMONY OF YOU ZHENFU AND WU JUNSHENG**<br><br>Judge: The Honorable Maxine M. Chesney<br>Trial Date: February 28, 2022 |

I, Jinfu Zheng, declare and state as follows:

1. I do not speak English fluently and therefore make this declaration in my native language of mandarin Chinese.

2. I am over twenty-one (21) years of age. I am a citizen of the People's Republic of China ("PRC"). This declaration is based on my personal knowledge and information found from publicly available sources. If called upon, I am fully competent to testify to the matters set forth herein.

3. I am a Vice President of Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua"). I am responsible for overseeing Jinhua's legal affairs, including this case.

4. I have been informed that the Court requested that Jinhua provide further information on Jinhua's discussions with Messrs. Wu Junsheng and You Zhenfu relating to their testimony in the United States, which the Court had scheduled to commence on June 21, 2022. Both individuals are employees of Jinhua.

5. As I stated in my previous declarations, Jinhua believed that it had obtained approval from the relevant Chinese authorities to provide testimony in this action (*see* ECF 450-4, ¶¶18-19; ECF 454-1, ¶¶6-7 and Ex. A). However, the diplomatic notes summarized by the U.S. government in the public filings that I reviewed indicated that Jinhua needed to obtain consent from the Chinese competent authority in order for Jinhua's witnesses to testify remotely, both through its direct request to the Chinese competent authority and through either a request under the mutual legal assistance agreement between the United States and China or the letters rogatory process initiated by foreign judicial or law enforcement authorities. The Chinese competent authority did not distinguish between evidentiary requests made by the United States government and those made by mainland Chinese companies like Jinhua. Moreover, the International Criminal Judicial Assistance Law of the PRC ("ICJAL") does not distinguish between live and remote testimony; it requires the approval of the Chinese competent authority whenever Chinese citizens or companies intend to present evidentiary materials in a foreign judicial proceeding.

2

DECLARATION OF JINFU ZHENG TO SUPPLEMENT THE DEFENDANT JINHUA'S ARRANGEMENTS FOR IN PERSON WITNESS TESTIMONY OF YOU ZHENFU AND WU JUNSHENG                     Case No.: 3:18-cr-00465-MMC

Based on the above, I became concerned that if the Chinese competent authority took the position that the formal Agreement between the Government of the United States of America and the Government of the People's Republic of China on Mutual Legal Assistance in Criminal Matters ("MLAA") process or letter rogatory process were necessary for remote testimony, they may also take the position that it was necessary for in-person testimony in the United States. (*See* ECF 516-1, ¶7.) As explained in my prior declarations, in June 2022, Jinhua therefore asked the Ministry of Justice in Fujian Province ("FJJD") to confirm that Jinhua's witnesses could either (a) appear in person in the United States and testify live at trial or (b) testify remotely in other countries or regions close to mainland China. Jinhua did not receive a reply until June 17, and I was afraid the witnesses may be viewed as violating PRC law if they provided live testimony at trial without further affirmative consent of the FJJD (*see* ECF 505-1, ¶¶ 7-8).

6.   It is my understanding that Jinhua, the witnesses, and all Jinhua personnel involved in the decision-making process would be held responsible for not complying with the requirements of the ICJAL. Because of this, I felt obligated to share with Messrs. You and Wu my concerns regarding their in-person testimony. I did not believe it was appropriate to ask them to travel to the United States to testify when I had concerns about whether the relevant Chinese authorities would view that act as violating Chinese law thereby subjecting them to personal responsibility for an act taken on behalf of their employer. Asking them to go forward despite my concerns did not seem fair to them or the right thing to do under the circumstances.

7.   In order to address my concerns, and still comply with the Court's order, after the Court's June 13, 2022 order relating to the scheduling of the employees' testimony, Jinhua promptly submitted written reports to the Chinese competent authority to seek clarification on whether the witnesses could travel to the U.S. to testify by the date scheduled by the Court, and requested that the Chinese competent authority provide guidance as soon as possible.

8.   While we waited to hear back from the Chinese competent authority, Jinhua made efforts to arrange for the witnesses' travel. To that end, Jinhua immediately contacted travel

agents and inquired about air tickets from the PRC to San Francisco, California. I was told that direct flight tickets from Shanghai to San Francisco, California were available on June 16, 18, 19, and 20. If the witnesses took the flight on June 20, they would still be able to attend the June 21 trial. In addition, Mr. Wu, a Chinese national and an executive of Jinhua, filed a renewal application for approval to travel abroad (his original approval to attend the trial on February 28 had already expired) on June 10. I also note that Mr. You's travel authorization through the ESTA system was still valid (ECF No. 505-2, ¶ 3), so he did not need to take any further action to travel to the United States.

9. On June 19, 2022, Jinhua was informed by the FJJD that the view of Chinese competent authorities was that an approval needed to be obtained through either the MLAA or the letters rogatory process for the witnesses' in person testimony in the United States in this case (ECF No. 516-1 ¶ 10). The Chinese competent authority's final position on this issue was confirmed by the FJJD on June 20, 2022. Upon learning of the final decision from the Chinese competent authorities, I notified the employees, and Jinhua's U.S. counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 19th day of July 2022 in Jinjiang City, Fujian Province, China.

By:  (Signature)
Jinfu Zheng

4
DECLARATION OF JINFU ZHENG TO SUPPLEMENT THE DEFENDANT JINHUA'S
ARRANGEMENTS FOR IN PERSON WITNESS TESTIMONY
OF YOU ZHENFU AND WU JUNSHENG                                    CASE NO.: 3:18-CR-00465-MMC

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from any other signatory to this document.

                           /s/ *Jack P. DiCanio*
                           Jack P. DiCanio



5

DECLARATION OF JINFU ZHENG TO SUPPLEMENT THE DEFENDANT JINHUA'S
ARRANGEMENTS FOR IN PERSON WITNESS TESTIMONY
OF YOU ZHENFU AND WU JUNSHENG      CASE NO.: 3:18-CR-00465-MMC

1 | JACK P. DICANIO (SBN 138782)
Jack.DiCanio@skadden.com
2 | EMILY REITMEIER (SBN 305512)
Emily.Reitmeier@skadden.com
3 | 世达律师事务所
大学街第 525 号
4 | 帕罗奥图，加利福尼亚州，94301
电话：(650) 470-4500
5 | 传真：(650) 470-4570

6 | MATTHEW E. SLOAN (SBN 165165)
Matthew.Sloan@skadden.com
7 | 世达律师事务所
南大街第 300 号，3400 室
8 | 洛杉矶，加利福尼亚州，90071-3144
电话：(213) 687-5000
9 | 传真：(213) 687-5600

10 | *被告律师*
福建省晋华集成电路有限公司

美国加利福尼亚州北区

联邦地区法院

旧金山分庭

| | |
|---|---|
| 美利坚合众国， | 案件号：3:18-cr-00465-MMC |
| 原告， | 郑进福关于补充被告晋华对于尤振富和吴俊生的现场作证安排的声明 |
| 诉 | |
| 福建省晋华集成电路有限公司 等， | 法官：尊敬的 Maxine M. Chesney |
| 被告。 | 庭审日期：2022 年 2 月 28 日 |

本人，郑进福，声明并作出以下陈述：

1. 我英语说得不流利，因此以我的母语中文普通话作出此声明。

2. 我已年满二十一（21）岁。 我是中华人民共和国（"中国"）公民。本声明基于我的个人所知及公开信息作出。如被传唤，我完全有能力为本声明所述事项作证。

3. 我是被告福建省晋华集成电路有限公司（"晋华"）的副总经理。我负责管理包括本案在内的晋华的法律事务。

4. 我被告知，本案法院要求晋华提供进一步的信息，说明晋华与吴俊生先生和尤振富先生就他们在美国于本案法院原定的 2022 年 6 月 21 日开始作证所进行的讨论。 这两个人都是晋华的雇员。

5. 如本人在此前声明中所述，尽管晋华认为其已经获得了相关中方机关的批准以在本诉讼中提供证言（*参见* ECF 第 450-4 号文件，第 18-19 段；ECF 第 454-1 号文件，第 6-7 段以及附件 A），但是，我所审阅的检方在法院档案系统中所提交的外交照会的内容总结表明，晋华需获得中方主管机关的批准以使晋华证人能够远程作证，包括通过晋华直接向中方主管机关提出申请以及外国司法、执法机关基于中美刑事司法协助协定或者调查委托书程序提出的请求。中方主管机关并未区分由检方所提出的证据请求和中国大陆公司比如晋华所提出的证据请求。此外，《中华人民共和国刑事司法协助法》（"《刑协法》"）并未区分现场作证和远程作证，该法要求无论何时当中国公民或者公司意图在外国司法程序中提交证据材料时，需得到中方主管机关的批准。基于以上，我开始担心如果中方主管机关采取了远程作证必须通过《中华人民共和国政府和美利坚合众国政府关于刑事司法协助的协定》（"中美刑事司法协助协定"）程序或者调查委托书程序的立场，中方主管机关可能也会采取在美国现场作证同样必须通过中美刑事司法协助协定或者调查委托书程序的立场（*参见* ECF 第 516-1 号文件，第 7 段）。如本人在此前声明中所解释的，2022 年 6 月，晋华因此向福建省司法厅提出征询，以确认其证人是否可以 (a)前往美国出庭并现场作证，或(b)在中国大陆附近的其他国家或地区远程作证。截至 6 月 17 日，晋华尚未收到答复，我担心如果证人未经福建省司法厅进一步同意就在庭审中现场作证，我担心他们可能被视为违反中国法律（*参见* ECF 第 505-1 号文件，第 7-8 段）。

1

郑进福关于补充被告晋华
对于尤振富和吴俊生的现场作证安排的声明                                                              案件号：3:18-cr-00465-MMC

6. 我的理解是，晋华、晋华的证人以及所有参与决策过程的晋华人员都将为未遵守《刑协法》的要求而承担责任。因此，我觉得有义务与尤先生和吴先生分享我对他们现场作证的顾虑。我认为当我对于相关中方机关是否会认定证人赴美作证违反中国法律，从而使他们为代表其雇主的行为承担个人责任存在顾虑时，要求他们赴美作证是不合适的。在这种情况下，尽管存在顾虑但要求他们继续前往美国作证似乎对他们不公平，也不是正确的做法。

7. 为了解决我的顾虑，同时仍然遵守本案法院的裁定，在本案法院于2022年6月13日作出与晋华员工作证时间安排有关的裁定后，晋华迅速向中方主管机关提交了书面报告，要求澄清证人能否在本案法院裁定的日期前赴美作证，并请求中方主管机关尽快提供指导。

8. 在晋华等待中方主管机关答复的同时，晋华还在努力安排证人出行。为此，晋华立即联系了票务代理，询问从中国到加州旧金山的机票情况。我被告知，从上海到加州旧金山的直飞航班在6月16日、18日、19日和20日尚有余票。如果证人乘坐6月20日的航班，他们仍然能够参加6月21日的庭审。此外，作为中国公民和晋华高管，吴先生于6月10日提交了出国审批的续期申请（他原来参加2月28日庭审的审批已经过期）。我还注意到尤先生通过ESTA系统获得的出行授权依然有效（ECF第505-2号文件，第3段），因此他在赴美前无需采取另外的行动。

9. 2022年6月19日，福建省司法厅通知晋华，中方主管机关的初步意见是需要通过正式的中美刑事司法协助协定或调查委托书程序获得批准，以使证人赴美在本案中现场作证（ECF第516-1号文件，第10段）。福建省司法厅于2022年6月20日确认了中方主管机关在该问题上的最终立场。在得知中方主管机关的最终决定后，我通知了晋华雇员，以及晋华的美国律师。

我理解加利福尼亚州法律以及美国法律中关于伪证罪的处罚，我声明上述内容真实无误。于 2022 年 7 月 19 日在中国福建省晋江市签署。

*[签名]*

郑进福

<u>签名认证</u>

根据《民事地方规则》第 5-1(h)(3)条，我证明本文件的任何其他签署人均已同意提交本文件，如有伪证，我将接受处罚。

/s/ Jack P. DiCanio
Jack P. DiCanio



4

郑进福关于补充被告晋华
对于尤振富和吴俊生的现场作证安排的声明

案件号：3:18-cr-00465-MMC