| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284)<br>United States Attorney |
| 2 | |
| 3 | THOMAS A. COLTHURST (CABN 99493)<br>Chief, Criminal Division |
| 4 | LAURA VARTAIN HORN (CABN 258485)<br>NICHOLAS WALSH (CABN 314290) |
| 5 | Assistant United States Attorneys |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 7 | Telephone: (415) 436-7200<br>Laura.Vartain@usdoj.gov |
| 8 | Nicholas.Walsh@usdoj.gov |
| 9 | NICHOLAS O. HUNTER (DCBN 1022355)<br>STEPHEN MARZEN (NYBN 2007094) |
| 10 | Trial Attorneys, National Security Division |
| 11 | 950 Pennsylvania Ave., NW<br>Washington, DC 20530 |
| 12 | Tel: (202) 353-3434<br>Fax: (202) 233-2146 |
| 13 | Nicholas.Hunter@usdoj.gov<br>Stephen.Marzen@usdoj.gov |
| 14 | |
| 15 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 18-CR-00465 MMC |
| Plaintiff, | ) | |
| | ) | UNITED STATES' STATUS UPDATE |
| v. | ) | |
| | ) | |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD, | ) | |
| | ) | The Honorable Maxine M. Chesney |
| Defendant. | ) | Courtroom 7, 19th Floor |

Ten months into the defense's mid-trial continuance, as the parties approach the one-year anniversary of the start of trial, the United States files this status update regarding (1) the absence of travel restrictions in the People's Republic of China ("PRC") and (2) the failure of the PRC to respond meaningfully to the two Letters Rogatory signed by this Court on June 16, 2022 (Dkt. 503, "first Letters Rogatory") and July 25, 2022 (Dkt. 534, "second Letters Rogatory").

**I.     The PRC has Ended Domestic and International Travel Restrictions**

Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") spent a considerable portion of 2022 claiming its witnesses could not travel as a result of the travel restrictions imposed by the PRC's "Zero Covid" policy in response to the COVID-19 pandemic. Those restrictions no longer exist.

As the United States has repeatedly pointed out, Jinhua's witnesses—had they wished to—could have travelled to the United States long ago. *See, e.g.*, Dkt. 546 (United States' Status Report and Motion to Set a Date for Closing Argument). Reinforcing that conclusion is the PRC's decision in December 2022 to end its "Zero COVID" policy by loosening travel restrictions that the PRC put in place at the start of the pandemic. With regard to domestic travel within the PRC, coronavirus tests and digital health codes are no longer required. Lockdown measures have been removed as well. People can freely move within China. *See, e.g.,* https://www.washingtonpost.com/world/2022/12/07/china-covid-easing-restrictions/. With regard to international travel, effective January 8, 2023, the PRC no longer requires a quarantine for international arrivals entering the PRC. *See* https://china.usembassy-china.org.cn/covid-19-information/ (last updated Jan. 27, 2023). PRC-bound travelers need only provide a negative COVID-19 test 48 hours before travel. *See* http://us.china-embassy.gov.cn/eng/zytz/202301/t20230117_11009464.htm (last accessed Feb. 13, 2023). Upon entry into the PRC, the negative test will be checked, there will be a health inspection for signs of being sick. *See id.* If no signs of sickness are discovered, no quarantine period is required. *See id.* Travelers into the PRC are no longer required to obtain health code from the Chinese Embassy or Consulates General in the United States before departure. *See id.*

Accordingly, the remaining limitations on Jinhua's witnesses testifying in San Francisco are the restrictions placed by the PRC government – owner of Jinhua and thus an interested party – and the willingness of the witnesses themselves to appear.

## II. The PRC Has Not Replied "Soon" and the Trial Should Resume

The last hearing on Jinhua's many mid-trial continuance motions was on October 19, 2022. At that hearing, the Court denied the United States' Motion to Set a Date for Closing Argument. Dkt. 546. As partial reason to deny the motion, the Court explained that progress on the two Letters Rogatory sent to the PRC was "not at a permanent standstill." Oct. 19, 2023 Tr. at 4. Just the morning of the hearing, the PRC had sent a letter to the Court. *See* Dkt. 554-1 (claiming "We will reply to you soon.").

Nothing has happened in the intervening four months with regard to the two Letters Rogatory except the accrual of further prejudice to the United States. The PRC has had the first Letters Rogatory for six and a half months (since July 29, 2022), and the second Letters Rogatory for six months (since August 17, 2022). Thus, as the United States has consistently made clear, neither an affirmative answer from the PRC is coming, nor are Jinhua's witnesses. Progress is at a "permanent standstill."

This trial commenced on February 28, 2022, one year ago. The last witness testimony was taken on April 6, 2022, over ten months ago. Jinhua should be required to produce its witnesses, and if it fails to do so, rest. Further delay prejudices the government.

## CONCLUSION

The United States respectfully requests that a binding date for notification of whether defense witnesses will appear should be set for February 28, 2023, the one-year anniversary of the start of trial, and that the date for any such testimony, or closing argument in the event of no further defense testimony, should be set for March 20, 2023. In no event should these proceedings linger beyond April 6, 2023, the one-year anniversary of the conclusion of the only defense witness' testimony.

Dated: February 14, 2023

Respectfully Submitted,

STEPHANIE M. HINDS
United States Attorney

    /s/
LAURA VARTAIN HORN
NICHOLAS WALSH
Assistant United States Attorneys

NICHOLAS O. HUNTER
STEPHEN MARZEN
Trial Attorneys, National Security Division