STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
NICHOLAS WALSH (CABN 314290)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Laura.Vartain@usdoj.gov
    Nicholas.Walsh@usdoj.gov

NICHOLAS O. HUNTER (DCBN 1022355)
STEPHEN MARZEN (NYBN 2007094)
Trial Attorneys, National Security Division

    950 Pennsylvania Ave., NW
    Washington, DC 20530
    Tel: (202) 353-3434
    Fax: (202) 233-2146
    Nicholas.Hunter@usdoj.gov
    Stephen.Marzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-00465 MMC |
|      Plaintiff, | UNITED STATES' NOTICE OF SUBMISSION OF THE UNITED STATES' RESPONSE TO THE PEOPLE'S REPUBLIC OF CHINA'S CORRESPONDENCE RESPECTING DEFENDANT'S LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE |
|   v. | |
| FUJIAN JINHUA INTEGRATED CIRCUIT CO., LTD., | |
|      Defendant. | AND [PROPOSED] CORRESPONDENCE |
| | The Honorable Maxine M. Chesney |
| | Courtroom 7, 19th Floor |
| | Status Hearing March 17, 2023, 10:00 a.m. |

1    On March 2, 2023, Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") filed with the

2    Court the latest correspondence from the People's Republic of China ("PRC") respecting the Court's

3    earlier Letter of Request. *See* Dkt. 567. That correspondence seeks to clarify whether the PRC would

4    grant permission for certain defense witnesses to travel to San Francisco to testify in this trial. *See id.* At

5    a hearing the next day, March 3, 2023, the parties and the Court discussed the best way to proceed, and

6    the Court requested that the parties consult with one another about a possible response.

7    After consultation with counsel for Jinhua, the United States hereby submits the following:

8    1)    Attached as Exhibit 1, United States' Response to the People's Republic of China's

9          Correspondence Respecting Defendant's Letter of Request for International Judicial

10         Assistance, which itself attaches as Exhibit A a refreshed "Safe Passage Letter;" and,

11   2)    Attached as Exhibit 2, [Proposed] Correspondence that the Court may wish to adopt

12         should the Court decide to reply to the PRC's most recent correspondence. This proposed

13         correspondence has been reviewed by counsel for Jinhua.

14   Once the Court has edited the proposed correspondence to meet the Court's requirements, the Court may

15   deliver the letter to Jinhua's counsel, who has agreed to translate and deliver the letter to the PRC.

16   The United States submits the above information without waiving its objections to the mid-trial

17   continuances sought by Jinhua, as they were based on a lack of due diligence by Jinhua to handle these

18   foreseeable issues in advance of trial, and to remote testimony by Jinhua witnesses *vel non* and in the

19   manner proposed.

20   Dated: March 8, 2023                    Respectfully submitted,

21                                           STEPHANIE M. HINDS
                                             United States Attorney
22

23                                           _____/s/_____

24                                           LAURA VARTAIN HORN
                                             NICHOLAS WALSH
25                                           Assistant United States Attorneys

26                                           NICHOLAS O. HUNTER
                                             STEPHEN MARZEN
27                                           Trial Attorneys, National Security Division

28

# Exhibit 1

1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  LAURA VARTAIN HORN (CABN 258485)
   NICHOLAS WALSH (CABN 314290)
5  Assistant United States Attorneys

6         450 Golden Gate Avenue, Box 36055
          San Francisco, California 94102-3495
7         Telephone: (415) 436-7200
          Laura.Vartain@usdoj.gov
8         Nicholas.Walsh@usdoj.gov

9  NICHOLAS O. HUNTER (DCBN 1022355)
   STEPHEN MARZEN (NYBN 2007094)
10 Trial Attorneys, National Security Division

11        950 Pennsylvania Ave., NW
          Washington, DC 20530
12        Tel: (202) 353-3434
          Fax: (202) 233-2146
13        Nicholas.Hunter@usdoj.gov
          Stephen.Marzen@usdoj.gov
14
   Attorneys for United States of America
15

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19
   UNITED STATES OF AMERICA,           )  CASE NO. 18-CR-00465 MMC
20                                     )
          Plaintiff,                   )  UNITED STATES' RESPONSE TO THE
21                                     )  PEOPLE'S REPUBLIC OF CHINA'S
      v.                               )  CORRESPONDENCE RESPECTING
22                                     )  DEFENDANT'S LETTER OF REQUEST FOR
   FUJIAN JINHUA INTEGRATED CIRCUIT    )  INTERNATIONAL JUDICIAL ASSISTANCE
23 CO., LTD.,                          )
                                       )  The Honorable Maxine M. Chesney
24        Defendant.                   )  Courtroom 7, 19th Floor
                                       )
25                                     )  Status Hearing March 17, 2023, 10:00 a.m.
                                       )
26 _____)

27

28

On March 2, 2023, Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") filed with the Court the latest correspondence from the People's Republic of China ("PRC") respecting the Court's earlier Letter of Request.  *See* Dkt. 567.  That correspondence seeks to clarify whether the PRC would grant permission for two defense witnesses to travel to San Francisco to testify in this trial.  *See id.*  At a hearing the next day, March 3, 2023, the parties and the Court discussed the best way to proceed, and the Court requested that the parties consult with one another about a possible response.  The United States hereby submits the following additional information for the Court to incorporate into any correspondence the Court may wish to send to the PRC.

In the PRC's correspondence, *see* Dkt. 567, the PRC sought additional information from the Court through four separate questions.  The United States sets out its position as to each question below. The United States notes that the commitments in the March 8, 2023 Safe Passage Letter, provided with this response, and the below commitments and representations are limited to the United States Attorney for the Northern District of California ("USAO"), the Counterintelligence and Export Control Section of the National Security Division, and the Federal Bureau of Investigation ("FBI"), and do not reflect any commitment or representation by any other agency of the United States government or any state or local government in the United States.

**1.**   **In addition to the United States Attorney for the Northern District of California, the Counterintelligence and Export Control Section of the National Security Division, and the Federal Bureau of Investigation, whether other U.S. judicial or law enforcement institutions may prosecute, serve, arrest, detain, or take any other actions against the witnesses while they are in the United States.**

Today, March 8, 2023, the USAO, the Counterintelligence and Export Control Section of the National Security Division, and the FBI issued an updated safe passage letter, attached hereto as "Exhibit A."  As set forth in the safe passage letter, the USAO represents on behalf of itself and the Counterintelligence and Export Control Section of the National Security Division and the Federal Bureau of Investigation that there are no arrest warrants outstanding for the five PRC-based witnesses Jinhua wishes to call at trial (Lu Wensheng, Wu Junsheng, You Zhenfu, Wu Kunrong, and Ying Jiang (collectively, the "Jinhua Witnesses")) based on this case, and that they will not serve, arrest, detain, or otherwise take any action that would prevent the Jinhua Witnesses from freely leaving the United States based on their conduct that occurred prior to their entry into the United States while they are in the

UNITED STATES' RESPONSE TO JINHUA'S LETTER OF REQUEST
18-CR-00465 MMC                                                              1

1   United States for testimony in this case.  The USAO has further represented that it is unaware of any

2   other outstanding arrest warrants for the Jinhua Witnesses.

3   **2.      Without the prior consent of the China side and the witnesses, whether the witnesses, after entering into the United States as requested, could be forced to testify in any other cases, for any party involved in this case other than Jinhua or on any other matter not stated in the Letter Rogatory.**

5   The USAO has committed in the March 8, 2023 safe passage letter that it, along with the

6   Counterintelligence and Export Control Section of the National Security Division, and the Federal

7   Bureau of Investigation, will not serve the Jinhua Witnesses with a subpoena which would require their

8   testimony in any other case or action, and does not intend to subpoena them in this case.

9   Importantly, as noted above, the above commitment and representation is limited to the USAO,

10  the Counterintelligence and Export Control Section of the National Security Division, and the FBI, and

11  does not reflect any commitment or representation by any other agency of the United States government

12  or any state or local government in the United States. Thus, the agreement does not preclude other federal

13  government agencies, state or local government agencies, or private citizens or entities from attempting

14  to serve the Jinhua Witnesses with legal process during their stay in the United States.

15  **3.      The Letter Rogatory does not provide for specific duration and conditions of the witness protection assurance. As we understand it, such assurance shall apply from the date the witnesses enter into the territory of the United States for the purpose of testifying in this case, until the date the witnesses leave the territory of the United States or the 15th day from the date the testimony has been completed, unless the overstay is due to force majeure or other extraordinary reasons beyond their control.**

19  The March 8, 2023 safe passage letter states that the safe passage agreement will extend until

20  fifteen (15) days after the date that the testimony of the relevant witness has been completed, and

21  includes a provision to extend the safe-passage protections if a particular witness cannot leave the United

22  States because of health concerns or other reasons beyond the witness' control.

23  **4.      In case that the witnesses pass through a third country en route to the United States to testify in person or back to China after the testimony, whether the United States government would seek to serve, arrest, detain or otherwise restrict personal liberty of the witnesses by making a mutual legal assistance or extradition request to the third country?**

26  The USAO, the Counterintelligence and Export Control Section of the National Security

27  Division, and the FBI have issued the March 8, 2023 safe-passage letter in good faith and will not seek to

28  circumvent the safe-passage protections by seeking to serve, arrest, detain, or otherwise restrict personal

1    liberty of the Jinhua Witnesses based on their conduct that occurred prior to their entry into the United

2    States while they are in a third country during their travel to and from the United States for purposes of

3    testimony in this matter. As represented in the March 8, 2023 safe-passage letter, there are no outstanding

4    arrest warrants for the Jinhua Witnesses based on this case.

5

6    Dated: March 8, 2023                              Respectfully submitted,

7                                                      STEPHANIE M. HINDS
                                                       United States Attorney
8

9                                                      _____/s/_____

10                                                     LAURA VARTAIN HORN
                                                       NICHOLAS WALSH
11                                                     Assistant United States Attorneys

12                                                     NICHOLAS O. HUNTER
                                                       STEPHEN MARZEN
13                                                     Trial Attorneys, National Security Division

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **Exhibit A**



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*11th Floor, Federal Building*          TEL: (415) 436-7200
*450 Golden Gate Ave., Box 36055*          FAX: (415) 436-7234
*San Francisco, CA 94102-3495*

March 8, 2023

**BY E-MAIL ONLY**

Jack P. DiCanio, Esq.
Emily A. Reitmeier, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Palo Alto, CA 94301
Jack.DiCanio@skadden.com
Emily.Reitmeier@skadden.com

Matthew E. Sloan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Matthew.Sloan@skadden.com

       Re:       *United States v. Fujian Jinhua Integrated Circuit Company, Ltd.., et al.,*
                        *Case No. 18-CR-00465 MMC – Safe Passage*

Dear Counsel:

      We write in response to your request to grant safe passage to five witnesses that you would like to call at trial in your case-in-chief – namely, Lu Wensheng, Wu Junsheng, You Zhenfu, Wu Kunrong, and Ying Jiang (collectively, the "Jinhua Witnesses").

      The United States Attorney for the Northern District of California, the Counterintelligence and Export Control Section of the National Security Division, and the Federal Bureau of Investigation (collectively, "the government") represent that there are no arrest warrants outstanding for the Jinhua Witnesses based on the above case.

      Further, the government agrees not to serve, arrest, detain, or otherwise take any action that would prevent a Jinhua Witness from freely leaving the United States for his or her conduct that occurred prior to his or her entry into the United States while the particular Jinhua Witness is

Page 2
March 8, 2023

in the United States for testimony in the above case.  The agreement expires fifteen days after a witness completes their testimony.[1]

       However, the United States reserves the right to arrest any of the Jinhua Witnesses at any time for his or her conduct beginning the moment he or she enters the United States, including for, but not limited to, perjury and obstruction of justice.

       Please let us know if you have any questions.

Very truly yours,

STEPHANIE M. HINDS
United States Attorney


        /s/
_____
LAURA VARTAIN HORN
NICHOLAS WALSH
Assistant United States Attorneys

NICHOLAS O. HUNTER
STEPHEN MARZEN
Trial Attorneys, National Security Division

cc:    FBI Palo Alto

---

[1] Should a Jinhua Witness be unable to leave the United States due to health concerns from COVID 19 or some other health-related or other reason beyond the witness' control, the immunity from arrest will extend until the witness is able to leave the United States.

# **<u>Exhibit 2</u>**

Date


Du Yaling
Director General of the Department of International Cooperation
Ministry of Justice of the People's Republic of China

Dear Honorable Director General Du,

Thank you for your recent letter regarding the Letters Rogatory in connection with the case of the *United States v. Fujian Jinhua Integrated Circuit Co. Ltd.* (Case No. 3:18-cr-00465-MMC) and for your continuing attention to this matter. I write with the following information that you may find relevant.

First, I have discussed your questions with the parties, and have received the attached response from the United States Attorney's Office for the Northern District of California.  That document provides direct answers to your questions and the actual "safe passage" agreement.

Second, as indicated in my prior rulings, please understand that the Court has not ordered the witnesses to testify in this proceeding. Rather, the Court has merely ruled that *if Jinhua chooses to call Wu Junsheng and You Zhenfu to testify at trial*, the witnesses must testify in-person at the United States District Court for the Northern District of California in San Francisco, California, because they have not claimed any health concerns that would interfere with their ability to travel.

I greatly appreciate your continuing attention to this matter and your thoughtful consideration of this Court's Letters Rogatory requesting assistance from the Ministry of Justice.

Sincerely,


Maxine M. Chesney
United States District Judge