IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FUJIAN JINHUA INTEGRATED CIRCUIT, CO. LTD.,<br><br>Defendant. | Case No. 18-cr-00465-MMC-2<br><br>**ORDER RE: JOINT SUBMISSION FOR ORDER AND GUIDANCE ON FILING UNDER SEAL CERTAIN EXHIBITS; DIRECTIONS TO PARTIES** |

Before the Court is the parties' Joint Submission, filed August 16, 2024, "for Order and Guidance on Filing Under Seal Certain Admitted Trial Exhibits." In their Joint Submission, the parties state that, as to 311 trial exhibits, they "disagree about what portions of documents should be redacted or whether documents should be sealed entirely" (see Joint Submission at 1:5-7), and seek the Court's guidance as to thirteen of those exhibits, with the expectation that, after the Court has ruled thereon, they will be able to agree on the status of the remaining exhibits or "present a modest number of exhibits" for further court review (see id. at 1:13-15).

Having read and considered the Joint Submission and the exhibits filed in connection therewith,[1] the Court rules as follows.

**1. Exhibit 1 (Trial Exhibit P0925)**

The parties jointly propose that pages P0925.0008 through P0925.0021 and

---

[1] Defendant Fujian Jinhua Integrated Circuit Co., Ltd. ("Jinhua") has filed the subject thirteen trial exhibits, which, for purposes of the Joint Submission, are denominated, respectively, Exhibits 1, 3, 5, 7, 9, 11, 13, 14, 15, 16, 18, 20, and 22, as well as redacted versions of ten of those exhibits, denominated, respectively, Exhibits 2, 4, 6, 8, 10, 12, 17, 19, 21, and 23. Each of those exhibits is attached to the Declaration of Emily Reitmeier, filed August 16, 2024, with the exception of Exhibit 9, which is attached to the Supplemental Declaration of Emily Reitmeier, filed August 29, 2024.

1  pages P0925.0024 through P0925.0033 be redacted, said pages setting forth detailed
2  information about the manufacture of DRAM.  The Court, having reviewed those pages,
3  agrees.
4       As to page P0925.0022, which only Jinhua proposes should be redacted,[2] the
5  Court finds said page is of similar character to the pages that will be redacted, and,
6  consequently, is properly redacted as well.

**2. Exhibit 3 (Trial Exhibit P1392T)**

8       The parties jointly propose that pages P1392T.0009 through P1392T.0028 be
9  redacted, said pages setting forth detailed information about the manufacture of DRAM.
10  The Court, having reviewed those pages, agrees.
11       Page P1392T.0001 of the exhibit is an email.  The parties jointly propose that, for
12  privacy reasons, the personal email address, i.e., the part of the email address to the left
13  of the @ symbol, be redacted, and the Court agrees.  As to the portions of said page as
14  to which a dispute exists, the Court finds the extension number of a work phone,
15  constituting an identifier specific to an employee of defendant United Microelectronics
16  Corporation ("UMC"), is properly redacted; the other disputed information, namely, the
17  work telephone number of said employee (i.e., absent the extension), the work email
18  address of an employee of a defendant, and the names of the sender and recipient of the
19  email, each of whom is or was an employee of a defendant, is not properly filed under
20  seal, there being no showing that the public disclosure of such information would reveal
21  what the parties characterize as "personally identifiable information ('PII')" or otherwise
22  cause a risk of harm to any individual or defendant.[3]
23  //

---

[2] In each instance in which the parties dispute whether an exhibit or portion thereof should be redacted, Jinhua is the party seeking the redaction.

[3] Although Jinhua asserts such information is properly redacted under the laws of the People's Republic of China, the Court applies federal law in determining whether exhibits used in a federal criminal trial should be filed under seal.

With respect to pages P1392T.0002 and P1392.T.0036, the Court finds the proposed redactions, each constituting the name of an UMC employee who authored a company report, are not proper.

With respect to page P1392T.0005, the Court finds the proposed redactions, constituting the names of five UMC employees who performed specified job duties, are not proper.[4]

With respect to page P1392T.0031, the Court finds, for privacy reasons, it is proper to seal the names of the individuals stated therein, each of whom was an individual UMC was seeking to recruit.

Lastly, with respect to pages P1392T.0039-40, the Court finds the proposed redactions, each constituting the name of the "primary inventor" of a specified patented device or method, are not proper, such information ordinarily being publicly available from the Patent and Trademark Office and not otherwise treated as private.

### 3. Exhibit 5 (Trial Exhibit P1518)

The parties jointly propose that pages P1518.0003 through P1392T.0009 be redacted, said pages setting forth detailed information about the manufacture of DRAM. The Court, having reviewed those pages, agrees.

### 4. Exhibit 7 (Trial Exhibit P0603T (Amended))

The first page of the exhibit is an email. The parties jointly propose that the personal email address should be redacted, and the Court agrees. With respect to the portions of said page as to which a dispute exists, the Court finds the cell phone number, i.e., the number beginning with 1, is properly filed under seal to protect the privacy interests of the sender; by contrast, the work and fax numbers of the sender, who is employed by Jinhua, the mailing address/postal code of the sender's office, and the name of one of the recipients of the email, who is employed by one of the

---

[4] The parties agree the document's description of the job duties is properly placed in the public record.

defendants,[5] are not properly filed under seal, there being no showing that the public disclosure of such information would reveal PII or otherwise cause a risk of harm to any individual or defendant.

The remaining disputed pages of the exhibit, namely, pages P0603T.0004 through P0603T.0022, constitute a Jinhua financial statement. The Court finds the following pages or portions of pages are not properly redacted, as they do not disclose the type of business information properly considered confidential: P0603T.0004 (entirety of page); P0603T.0006 (from beginning of page through phrase "Main costs include"); P0603T.0009 (entirety of page); P0603T.0010 (entirety of page); P0603T.0011 (from beginning of page through "VAT and other taxes;"); P0603T.0012 (from beginning of page through "(1) Preliminary"); P0603T.0013 (from "(6)" through "Foreign Exchange"), P0603T.0014 (from beginning of page through "reached" and from "(3)" through "transactions"); P0603T.0015 (entirety of page); P0603T.0016 (from beginning of page through "necessary" and from "4." through end of page); P0603T.0017 (entirety of page), P0603T.0021 (entirety of page); and P0603T.0022 (from beginning of page through "budgeted" and from "if the" through end of page). By contrast, the other disputed pages or portions of pages set forth detailed financial information or information about contracts or negotiations with non-parties, and, consequently, are properly redacted.

**5. Exhibit 9 (Trial Exhibit P1029T)**

The first portion of the exhibit is a six-page email string. The Court finds the only portions thereof that are properly redacted are the three instances in which the name of the Sina.com employee who communicated with UMC appears, specifically, said individual's name as set forth in his work email address, the salutation, and the closing.

//

---

[5] The parties agree that, to the extent this exhibit and other exhibits contain the name of any individual who testified at trial, the name should be placed in the public record. Although the above-referenced individual did not testify at trial, there is no showing that the mere fact that an individual did not testify constitutes sufficient cause to redact his or her name from the public record.

1    The second portion of the exhibit is an attachment to the email string.  The Court finds the disputed portions are properly redacted, as those portions consist of detailed financial information.

### 6. Exhibit 11 (Trial Exhibit P1418T (Amended))

The first page of the exhibit is an email.  The parties jointly propose the personal email address be redacted, and the Court agrees.  With respect to the portions of said page as to which a dispute exists, the Court finds no redactions are necessary, as those portions solely state the name of one UMC employee, without any PII included in connection therewith.

The remaining pages of the exhibit, as to which a dispute exists, consist of a report UMC prepared for a non-party.  The Court finds the entirety of page P1418T.0018 is properly redacted, as it discloses details about DRAM manufacturing.  As to the remaining portions of the report, however, the Court finds no redactions are appropriate, there being no showing those portions discuss any trade secret, confidential business information, PII, or any other properly redacted material.

### 7. Exhibit 13 (Trial Exhibit P0794T)

The first two pages of the exhibit consist of a two-page email string.  With respect to the first of those pages, the Court finds the personal email address, as well as the email addresses of two individuals employed by non-parties Sina.com and Feig.com, are properly redacted and, on the second page, the personal email address, the email address of an employee of Sina.com, and two cell phone numbers, are properly redacted.  The Court does not find any other portions of the email string are properly redacted, there being no showing those portions disclose any trade secret, confidential business information, PII, or any other properly redacted material.

The remaining pages of the exhibit consist of an attachment to the email string, which pages, the Court finds, are not properly redacted, there being no showing that said attachment discloses any trade secret, confidential business information, PII, or any other properly sealed material.

**8. Exhibit 14 (Trial Exhibit P1026T (Amended))**

The first page of the exhibit is an email. The Court finds the personal email address therein is properly redacted. The Court does not find any other portions of the email are properly redacted, there being no showing those portions disclose any trade secret, confidential business information, PII, or any other properly redacted material.

With respect to the attachment to the email, namely, pages P1026T.0002 through P1026T.0007, the Court finds the entirety thereof is properly redacted, as the attachment is replete with detailed financial information, as well as details pertaining to contracts and/or negotiations with non-parties.[6]

**9. Exhibit 15 (Trial Exhibit P1503T)**

The first page of the exhibit is an email. The Court finds the cell phone number set forth therein is properly redacted. The Court does not find any other portions of the email are properly redacted, there being no showing those portions disclose any trade secret, confidential business information, PII, or any other properly redacted material.

With respect to the attachment to the email, namely, pages P1503T.0002 through P1503T.0016, the Court finds the following portions are properly redacted, as they include financial details: Pages P1503T.003 (dollar and Yuan figures in last partial paragraph); P1503T.0004 (percentages in first partial paragraph and Yuan amount in sentence beginning with "[t]he company will"); P1503T.0005 (word after "Group hired" to end of sentence); P1503T.0006 (dollar, Yuan, and RMB figures in second sentence of ¶ 4 and dollar/Yuan figures in last two sentences in ¶ 5); P1503T.0007 (first paragraph under "IV. Actual Project Implementation Process"); P1503T.0010 (first paragraph under "VI. Project Bidding Conditions and Bulk Material Procurement Management"); P1503T.0011 (last three names in paragraph beginning with "[s]et up"); P1503T.0013 (all text in subsection titled "VII. Capital Expenditure Budget, Investment Plan, and Fund

---

[6] Although a few portions could be placed in the public record, the Court does not find those portions would have any meaning in the abstract.

6

1  Availability"); and P1503T.0016 (from word after "June 30, 2017" to end of sentence).  No
2  showing has been made, however, that the other portions of said attachment disclose
3  any trade secret, confidential business information, PII, or any other properly redacted
4  material.

    **10.  Exhibit 16 (Trial Exhibit P0260)**

    The Court finds the exhibit, which consists of pictures taken at a job fair in California, does not contain any information properly redacted, as the fair occurred in a public place and no PII is included in the exhibit.

    **11.  Exhibit 18 (Trial Exhibit P1121T)**

    The first two pages of the exhibit consist of printouts of messages.  The Court finds the two extension numbers and the "Personnel Number" of each identified UMC employee are properly redacted, but not the names of those employees.  The Court also finds P1121T.0003, constituting a photo of a UMC employee, is properly redacted.

    **12.  Exhibit 20 (Trial Exhibit P1390)**

    The first page of the exhibit is an email.  The parties jointly propose the personal email address of one recipient be redacted, and the Court agrees.  With respect to the disputed portions of the email, the Court finds the extension number of the sender is properly redacted, and the other portions are not.

    Attached to the email are a number of resumes.  To protect the privacy of the applicants, the Court finds the names of the applicants, their telephone numbers, their email addresses, their dates of birth, any street address, and any photograph, are properly redacted.  With such identifying information redacted, the Court finds the remaining information in the resumes need not be redacted.

    **13.  Exhibit 22 (Trial Exhibit P1552T)**

    The exhibit is a listing of various employees and information about them.  The Court agrees with the parties' joint request that the information under the following columns be redacted:  "DOB," "Id. No.," "Domicile Address," "Current Residence," "Contact Phone," "Emergency Contact Name and Phone No.," "Bank Card Number," and

1  "Bank," as well as an untitled column under which personal email addresses are set forth.

2  The parties dispute whether the information under several other columns should
3  be redacted.  The Court finds such information is properly filed in the public record, with
4  the exception of the information under the following columns, which information the
5  Court finds is properly redacted to protect the privacy interests of the employees:
6  "[Employee] No.," "Age," "Hometown," "Political Status," "Family/Marital Status," and
7  "Remarks."

## CONCLUSION

For the reasons stated above:

1. The parties are hereby DIRECTED to file in the public record Trial Exhibit P0260, denominated, for purposes of the instant motion, Exhibit 16.

2. The parties are hereby DIRECTED to file under seal the remaining twelve trial exhibits discussed above, and, additionally, to file in the public record redacted versions thereof in conformity with the above rulings.

3.. No later than February 14, 2025, the parties shall meet and confer, and thereafter file by said date, a stipulation setting forth a single deadline by which the parties shall file (1) the thirteen exhibits discussed above, (2) all other trial exhibits the parties agree should be filed in the public record, and (3) any motion to file under seal any exhibit(s) the parties, whether jointly or separately, seek to have filed under seal.

Dated: January 22, 2025

MAXINE M. CHESNEY
United States District Judge